JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

FRED A. WHITAKER

**DEFENDANTS** SUPERIOR COURTS OF ALAMEDA COUNTY AND COUNTY ELITY OF SAN FRANCISCO

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

ALAMEDA COUNTY

County of Residence of First Listed Defendant   ALAMEDA COUNTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

NONE IN PRO PER
FRED WHITAKER
872 69TH AVE
OAKLAND, 94621

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☒ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331

Brief description of cause: STATE COURTS VIOLATE PETITIONERS 1ST AMENDMENT DUE PROCESS & EQUAL PROTECTION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION   UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". NONE

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE   MARCH 26, 2008

SIGNATURE OF ATTORNEY OF RECORD   Fred A. Whitaker

*ORIGINAL*

**FILED**

Fred A. Whitaker
872 69th Avenue
Oakland, Ca. 94621
510-569-1343

MAR 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*NORTHERN DISTRICT OF*

UNITED STATES DISTRICT COURT
~~NINTH CIRCUIT~~ *CALIFORNIA*

Fred A. Whitaker          Petitioner

Vs

**E-filing**

Alameda Superior Court and County and
City Of San Francisco          Defendants

Real Party In Interest Judge Roesch,Judge
NorthRidge, Judge Morris & Judge Ballati
And Judge Hernandez

Case No. **CV 08 1618**

Civil Complaint For Declaratory
Relief 1060 Validity or Interpretation
of CCP 391 and Injunctive Relief
Under Civ Code 3368 Against
Presiding Judge of Alameda County;
and San Francisco County Superior

**BZ**

### FIRST CAUSE OF ACTION
### UNDER DECLARATORY RELIEF UNDER CCP 1060
### UNCONSTITUTIONALITY OF CCP 391 ON ITS FACE OR ITS APPLICATION
### TOWARDS PLAINTIFF

Plaintiff [Fred A. Whitaker] alleges;

**1.0** Plaintiff is now and at all times mentioned in this complaint has been an alleged Vexatious Litigant.

**2.0** Defendant at all times been a Presiding Judge  or a Judge within Alameda and or San Francisco County and deprives its legal authority as a state employee.

**3.0** In 1965 a State **CCP 391**  was passed by The California legislature and was declared constitutional by various Court ruling including Taliaferro V Hoogs 236 Cal.App.2d 521; Muller V tanner 2 Cal Rptr 738 ; Wolfgram V Wells Fargo Bank 61 Cal. Rptr2d 694. A copy of statue is attached as **Exhibit A** and is incorporated by reference and is in full force and effect at present.

**4.0** In 1975 Breadeau V Superior Court 121 Cal. Rptr 585 determined that All Statutes which have judicial procedures of taking a litigants property rights without a hearing on the merits was deemed unconstitutional.

**5.0** Breadeau V Superior Court 121 Cal. Rptr 593 specifically overturned Vinncome V State of California 172 Cal.app.2d at p 59 that had ruled **CCP 391 constitutional**.

**PLAINTIFF'S POSITIONN IS THAT DEFENDANT'S PROCEDURES ASSOCIATED WITH  CCP 391 HEARING  IS UNCONSTITUTION IN THAT IT VIOLATES PLAINTIFF'S FIRST AMENDMENT RIGHT; DUE PROCESS RIGHT; EQUAL PROTECTION RIGHT AND IS  DISCRIMINATORY AGAINST PLAINTIFF IN PARTICULAR AND ALL OTHER VEXATIOUS LITIGANTS IN GENERAL.**

**6.0** The Defendants Currently use A State Vexatious List to Determine Plaintiff's and any other name on that list of being a Vexatious Litigant without any evidence is a Violation of Plaintiff's Due Process; 1st amendment and My Equal Protection Legal rights.

**7.0** Defendants Current judicial procedures under **CCP 391.7 and or 391.3** makes no finding that Plaintiff is a Vexatious litigant under **CCP 391(B)(1)** by establishing by evidence of 5 adverse ruling within proceedings seven years is a violation of my Due Process and Equal Protection Rights.

**8.0** The Defendant Current judicial procedures under CCP **391.7** or **CCP 391.3** has no Hearing on The Merits of Plaintiffs Legal Complaint before or after the Court has determined that Plaintiff is a Vexatious Litigants. This is a Violation of My Due Process, 1st amendment and Equal Protection Rights.

**9.0** The Defendants Current judicial procedures under **CCP 391.4** are to take Plaintiff's **Property Rights** ( legal complaint) and all other alleged vexatious litigants without a hearing on the merits. This is a violation of my Due process, 1st amendment rights and Equal Protection Rights.

**10.0** The defendants Current judicial procedures under **CCP 391.3** is to determine that my complaints and all other Vexatious Litigants has no reasonable probability to prevail without a hearing on the merits ◄█████ to determine that each Cause of action is foreclosed as a matter of law is a violation of my 1st, amendment, Due Process and Equal Protection Rights.

**11.0** The defendants Current judicial procedure under **CCP 391** denies Plaintiff and all other alleged vexatious litigants of our right to informa paueris whereby both court costs and security bonding costs are waived. This is a violation of my 1st amendment, Due process and Equal protection rights.

**12.0** In 1975 Breadeau V Superior Court 121 Cal. Rptr 585 determined that All Statutes which have judicial procedures of taking a litigants **property rights** without a hearing on the merits was deemed unconstitutional.

**13.0** Breadeau V Superior Court 121 Cal. Rptr 593 specifically overturn Vinncome V State of California 172 Cal.app.2d at p 59 that had ruled **CCP 391 constitutional**

**14.0** Plaintiff has exhausted applicable hearing, motions before defendants to enforce my legal rights cited above.

**15.0** **A present and actual controversy exists between plaintiff and defendant regarding plaintiff's Constitutional rights under CCP 391.**

**Plaintiff contends that CCP 391 is unconstitutional, invalid and
unenforceable on its face and as applied to plaintiff as Follows:**
**ACTUAL CONTROVERSY NUMBER ONE**

**16.0    CCP 391(B)(1)** defines a vexatious litigant as an individual with 5 adverse
ruling with a proceedings seven year time period (See **Exhibit A 391
definitions)** .

**17.0    Defendants** in applying **CCP 391(B)(1)** uses a vexatious litigant list as a
determination of 5 adverse ruling. Case Law in **Holcomb V US Bank Nat.
Ass.'n Trust** 129 Cal.App.4[th] 1501 & Stoltz V Bank of America  Nat. trust
Sav. 19 Cal. Rptr at 19 Mandated that Court make a finding of 5 adverse
ruling by evidence.

**18.0**    Defendants' content that they can rely on Vexatious Litigant State List as
evidence of Vexatious Litigant determination. Plaintiff contents that
Defendants in making a Vexatious Litigant determination must be based on 5
adverse ruling in Court record within the proceedings seven years and not
the vexatious litigant list..

**19.0**    People in Levy 228 Cal.3[rd] 1423 Ruled That a State List (Police list of
Current warrants) to be valid must be verified as to each name on that list.
The same principle is applicable to **CCP 391** state list.

**20.0**    State Vexatious List is invalid on its face. My name was list as being a
Vexatious Litigant in 1991 and 1992 16 and 17 years ago. Vexatious Litigant
statute **CCP 391** defines vexatious litigant as 5 adverse ruling within
proceedings years not 16/17 years ago. Thus Vexatious Litigants list with
names more than proceedings seven years is void as a matter of law.

**21.0**    On the other hand all other vexatious litigants name who has not been
currently verified by Defendants is also void under case law and violates
**Evidence Code 352** and State and Federal Due Process and Equal
Protection Legal Rights.

**DEFENDANTS USE OF STATE OF CALIFORNIA'S VEXATIOUS LIST AS DETERMINATION OF VEXATIOUS LITIGATION VIOLATES PRINCIPLE OF STATUTE OF LIMITATIONS ON ITS FACE**

**22.0**    State Vexatious List is invalid on its face By Violating Statute of Limitations Principle of Law: **United States Supreme Court In Bowes V Russell 7 C.D.O.S. 6807-6811** Ruled that Statutory times limits are mandatory as established by legislative. **CCP 391** proceedings seven years is Statute of limitations. Therefore Defendants Violated Statutory and case law by relying on Vexatious Litigant List on 1991 and 1992  with my name as vexatious litigant determination of Plaintiff.

**23.0**   Defendants aforementioned procedure violates Plaintiffs 1st amendment, Due Process and Equal Protection Rights.

**ACTUAL CONTROVERSY NUMBER 2**

**24.0**   **Defendants** current policy/practice under **CCP 391.3 and 391.7**  makes a determination that Plaintiffs complaint lacks merit without a hearing on the merits.

**25.0**   Beaudreau V Superior Court of LA 121 bCal. Rptr. 590 Ruled That any claim constitute a **"Property Interest** if it is a bona fide and potentially meritious… and that all individuals are entitled under the constitution to a right to a hearing to provide an opportunity for a person to vindicate those claims **See Perry V Sindermann 408 US 593,; Board of Regents V Roth 408 US 564.**

**26.0**   **CCP 391** no reasonable probability to prevail under Case Law **Devereaux V Latham & Watkins 32 Cal.App.4th 1571** determined that no reasonable probability means that each and every one of plaintiffs causes of actions must be foreclosed as a matter of law by a prima facie legal standard **See North Georgia Finishing Inc. V Di Chem supra 419 US 606**

**27.0**   Defendant contents that it can make a determination of reasonable probability without an objective determination (Demurrer, Judgment on Pleading, Summary Judgment …etc)  Whereas Plaintiff contents Defendant is bound by Case law and Constitutional Law Due Process and Equal

protection to make a determination of merit of my complaint on basis that each and every one of my claims is foreclosed as a matter of law based by a prima facie legal standard.

### ACTUAL CONTROVERSY NUMBER THREE

**28.0** Defendants current policy/practice under **CCP 391 and 391.7** is that it can mandate that a vexatious litigant provide security bonding for alleged costs of defendant or have his legal complaint dismissed without a hearing on the merits **CCP 391.3 & 391.4.**

**29.0** Defendants current judicial procedures as to **CCP 391.4** hearing allow alleged vexatious litigants to proceed in forma pauperis for a waiver of only court costs.

**30.0** The United States Supreme Court in **Boddie V Connecticut 401 US 371 ; Harper V Virginia State Board of Elections 383 US 663, & California Supreme Court in Martin V Superior Court 176 Cal. 289; Ferguson V Heays 4 Cal.3rd 649; Connover V Hall 11 Cal.3rd 851 & Gonzales V Fox 68 Cal.App.3rd supp 17** Ruled that all litigants under The First Amendment and Common Law are allowed to proceed In Forma pauperis Thru out Judicial process by waiving court costs and security bonding fees.

**31.0** Defendants contend that in **CCP 391** procedures it can take plaintiffs property rights without a hearing on the merits without granting/considering Plaintiff's and all other Vexatious Litigants right to waive security bonding fees whereas Plaintiffs contend in **CCP 391** procedures it cannot take plaintiffs property rights without a hearing on the merits and a right of security bonding costs being waived by In Forma Pauperis.

### ACTUAL CONTERVERSY NUMBER FOUR

**32.0** Defendant in **CCP 391** hearing have a current policy/practice to not allow Plaintiff to challenge the reasonableness of the security bonding being sought by defendant.

**33.0** Defendant in **CCP 391** hearing have a current policy to rely on State Ruling In **Mccolm V WestWood Park Assn. 62 Cal.App.4th 1211** in sustaining a $ 25,000 security requirement of all litigants proceedings in

forma pauperis. As to appellants claim that they are unable to post security we need refer to the vexatious litigant statutes which nowhere mandates that the trial court have a hearing and evidence as to the amount of the undertaking will be provided as security.

**34.0**    Case Law under **Cohen V Beneficial Loan Corporation 337 US 541; Burt V Irvine 237 Cal.App.2d 868; Rhodes V Superior Court 14 Cal.3rd at 460; Beaudreau V Superior Court 121 Cal. Rptr. 585; Beyerbach V Juno Oil Co. C2d at 13 Note 10; Taliaferro V Hoggs 236 Ca2d at 529** all mandated that vexatious litigants had a legal right that a hearing on the merits included a finding on the merits and reasonableness of the expenses likely to be incurred by defendant.

**35.0**    Defendant contends that in **CCP 391**  hearing all Vexatious Litigants are not entitled to a determination of the reasonableness of the security bonding nor  a finding on the merits of Plaintiffs legal complaint whereas Plaintiff contends I am entitled to a determination of the reasonableness of the security bonding amount and a finding on the merits of my legal complaint..

**36.0**    Plaintiff desires a judicial determination and declaration of plaintiff's and defendant's rights and duties under **CCP 391** of the question whether **[a]** The Statute is constitutional as a matter of law **[b]** State vexatious litigant list can be used as a determination of vexatious litigation under **CCP 391(B)(1)** without any other evidence **[c]** Defendant cannot have a hearing on the merits prior to dismissing plaintiffs legal complaint without a legal determination that each cause of action is foreclosed as a matter of law **[d]** Defendants cannot take plaintiff's property rights (legal complaint) without a hearing or the merits and dismiss it if I fail to pay security bonding amount **[e]** Defendants can deny plaintiff a right to proceed in forma pauperis (waiver of court costs and Security Bonding Costs)  after it has determined security bonding amount without a hearing on the merits of plaintiff's legal complaint **[f]** Defendants cannot deny plaintiff and all other vexatious litigants of  a right to contest the reasonable amount of security bonding. .

**37.0**   Plaintiff seeks whether Defendant's activities constitute a violation of the 1st,amendment, Due Process and Equal Protection of the Federal and State of California's Constitutions.

**38.0**   Plaintiff seeks whether the acts of defendant as alleged are being applied to Plaintiff are unconstitutional, invalid and or Illegal Discriminatory by Being a Separate But Unequal **[a]** No Right To Hearing on Merits Non-Vexatious Litigants  have this Right **[b]** No Right To Have In Forma Pauperis status include waiver of Court costs and security bonding costs whereas Non Vexatious Litigants have this right **[c]** No right to have my Property Interest protected by Due Process –Hearing on merits prior to my Property interest being taken whereas non vexatious litigants have this right **[d]** No Right To factual determination supported by Evidence under **Evidence Code 352 (Basis of Vexatious Litigation) [e]** No Right to reasonableness of Security Bonding amount being determined by Defendant whereas Non vexatious litigants have right to reasonableness of Security Bonding expenses being awarded by the court. **[f]** No Right to apply Stare Decisis Principle of law in **CCP 391**  hearing whereas Non Vexatious litigants have this right.

**WHEREFORE PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

1. **CCP 391** is Unconstitutional in that  **[a]** Procedures Under it [**CCP 391.3 & 391.4**] Plaintiffs Property Rights are taken without a hearing on the merits  **[b]** It denies Plaintiff and all other vexatious litigant Due Process protection of **[1]** deprivation of protectible interest and **[2]** denial of adequate procedural protections [ Right to Hearing on the merits, Right to In Forma pauperis waiver of both security bonding costs and court costs, right to objective determination of merits [demurrer, judgment on pleading, summary judgment etc ] **[c] CCP 391** creates, maintains an Separate But Unequal Judicial Process Without meaningful Review – No Hearing on Merits, Right to In Forma Pauperis with waiver of both security bonding costs and court costs, right to objective determination of merits, Property Rights Taken without Hearing on Merits.

2. **CCP 391** is enforceable on its face and as it is applied to Plaintiff : **[a]** Defendant use of Vexatious Litigant List that on its face has alleged vexatious litigants in excess of seven proceedings years is void and invalid on its face.**[b]** Defendants use of Vexatious Litigant List without a verification as the date of hearing before court list  is not evidence under **Evidence Code 352. Defendants** on any Vexatious Litigant Hearing must comply with Stare decisis law and make a finding Under **CCP 391(B)(1) or 391(B)(2)** that litigant is a vexatious litigant  **[c]  CCP 391.2**  on its face that states no determination made by court in determining or ruling upon the motion shall be deemed or be deemed to be a determination of any issue in the litigation or the merits thereof . **[d]** No Objective determination that each cause of action is foreclosed as a matter of law [demurrer, judgment on pleading, summary judgment etc] **[e]**  Defendant failure to determine whether Plaintiff under In Forma Pauperis had a right to waive security bonding without a prior hearing on the merits **[f]** Defendant failure to determine reasonableness of security bonding amount without a prior hearing on the merits.

3. Plaintiff is entitled to all my past lawsuits filed as of 1992 and thereafter that were denied without a hearing on the merits and other procedures defendants engaged that this court has determined to be  unconstitutional or illegal judicial procedures as alleged in this complaint.

4. For costs incurred in this lawsuit and any other relief that the court deems appropriate under the circumstances.

---

**SECOND CAUSE OF ACTION**
**PRELIMNARY AND OR PERMANENT INJUNCTIVE RELIEF UNDER CIV CODE  3368 & 3422**

---

**39.0**    Plaintiff repeats and realleges each and every paragraph numbered **1 to 35** inclusive into this section by reference.

**40.0** Defendant has a present policy/procedure in **CCP 391 and 391.7** Hearing to use California Vexatious Litigant List as a determination that I am a Vexatious Litigant under **CCP 391(B)(1).**

**41.0** The law is clear that a state list must be properly verified to be applied **See Paragraph 17.** Defendant's judicial procedure is a violation of Case Law and Evidence Code 352. **See Paragraph(s) 17-19.**

**42.0** Defendants use of State Vexatious Litigant list to determine that I am a Vexatious Litigant under **CCP 391(B)(1)** is unconstitutional and Illegal under Case Law.**(See Paragraph 15).**

**43.0** Defendant has a present policy/procedure not to make a determination of the merits of My Legal complaint prior to taking my property interest. Under established constitutional law this Judicial Procedure is illegal **See Paragraphs 20-23.**

**44.0** Defendant has a present policy/procedure in **CCP 391** hearing not to have a hearing on the merits and then to take Plaintiff's and all other Vexatious Litigants Property rights without allowing Plaintiff a common right and a constitutional right to proceed in forma pauperis by waiving the security bonding costs. This is illegal by established law. **See Paragraphs 25 to 30.**

**45.0** Defendant has a present policy/procedure in **CCP 391** hearing not to allow Plaintiffs/ Vexatious Litigants to contest the reasonableness of the security bonding amount that it has determined without a prior hearing on the merits. This is violation of my Constitution and Stare Decisis Legal Rights **See Paragraphs 31-32.**

**46.0** Plaintiff has no adequate remedy at law in that compensation will be inadequate in that Defendants will continue in their unconstitutional and illegal judicial procedures alleged in this cause of action.

**47.0** A serious risk of irreparable harm exists in that Defendants denial of my right exists already. In a Probate Matter pertaining to My Uncle's estate I have been denied a right to be heard. A Current Hearing is set for April 9th, 2008. Defendant since February 13 08 when It alleged I was a Vexatious

Litigant without any grounds nor any hearing has refused to address this legal issue.

**48.0** In The Probate matter without my right to speak as a real Party In Interest under probate Code 48, 1040 and 1043 pertaining to a Person (Karoly W. Bailes) who has a alias name who has engaged in fraud, theft, perjury, . The Hospital made a determination that the Karolyb W. Bailes was declared not to be competent administrator when Kasier Personnel had knowledge that Karolyb W. Bailes had forgered a fake power of attorney and used that document to illegal take over $ 7000 dollars from the estate of My Uncle and over $ $ 241,000 dollars from his estate cannot be accounted for.

**49.0** The only party to oppose the aforementioned person is my mother who is 80 years of age and My uncle's adopted son Herman G. Scott.

**50.0** It is likely that I will prevail on the underlying controversy in that case law supports each of my causes of actions pertaining to Defendants.

**51.0** A comparison of the harm in issuing the preliminary/ permanent injunction versus the harm to defendant as to Plaintiff favors the plaintiff.

## WHEREFORE PLAINTIFF SEEKS FOLLOWING:

**1.0** Right to Speak at April 9th, 2008 Probate Hearing In Department 201 Alameda Superior Court. Which denied me of this right at 2 13 08 hearing.

**2.0** Defendant refrain from enforcing **CCP 391** until a Hearing on the merits can be heard before this Court.

**3.0** Preliminary or permanent injunction to prevent defendants from **[a]** using Vexatious Litigant list as a factual determination of petitioner and all other individuals as being a vexatious litigants more than seven proceedings years and all others on the list that were not currently verified of vexatious litigant under **CCP 391(B)(1)(2) [b]** denying Petitioner and all other alleged vexatious litigants from Having a hearing on the merits in **CCP 391** hearing **[c]** Defendants from not having a hearing on the merits for Petitioner and all other vexatious litigants **Property Rights** without a determination that each cause of action is foreclosed as a matter of law

**[d]** Denying Petitioner and all other vexatious litigants **Property Rights** from being taken by security bonding without a hearing on the merits **[e]** denying Petitioner and all others of In forma pauperis status whereby security bonding costs is not considered under state of California & Federal Law could be waived **[f]** denying Petitioner and all other alleged vexatious litigants to challenge the reasonableness of security bonding amounts determined after a hearing on the merits

**DATE: March 25th, 2008**                    *Fred Whitaker*

**MR. FRED A. WHITAKER**

to prohibit any act in turn barred by rules or regulations adopted pursuant to the Tuna Conventions Act. Such rules or regulations may include those to be enacted in the future as well as those presently issued. Whether or not the Legislature intended that the commission adopt prospective federal regulations, the state regulations have done just that. Section 108 of title 14 of the California Administrative Code declares that the state adopts the federal regulations at issue herein as they were then "and as such regulations may be revised or amended in the future." While existing statutes may be incorporated by reference, prospective incorporation has never been approved by a California court. The court in Brock v. Superior Court (1937) 9 Cal.2d 291, 297, 71 P.2d 209, 213 declared: "It is, of course, perfectly valid to adopt *existing* statutes, rules, or regulations of Congress or another state, by reference; but the attempt to make *future* regulations of another jurisdiction part of the state law is generally held to be an unconstitutional [2] delegation of legislative power." (Emphasis in the original.) (See 2 Marshall, State and Local Taxation (2d ed. 1969) § 671, pp. 234–236.) As the complaint charges defendant with a violation expressly based on the section (§ 108) which unconstitutionally delegates legislative power, and on title 50 of the Code of Federal Regulations (§ 280.7–b–2), the conviction is invalid.

ers is the power to regulate the taking or possession of fish.

[4] Finally, it should be observed that the defendnat was afforded no notice that his conduct was criminal. In fact, section 8374 of the Fish and Game Code declares that yellowfin tuna "may be taken at any time." Only by noting section 313 which grants power to the commission to prohibit such taking and then searching out the relevant prohibitory federal regulations can one know of his criminality. Even then he may not gain such knowledge because the regulation may have been adopted *after* he had checked the federal register. Surely such notice does not afford a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." (See Grayned v. City of Rockford (1972) 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222; Bouie v. Columbia (1964) 378 U.S. 347, 352, 84 S.Ct. 1697, 12 L.Ed.2d 894.)

The judgment is reversed.

ALARCON, J., concurred.

HOLMES, Presiding Judge.

I concur in the judgment of reversal on the ground that enforcement of the regulation which defendant is charged with violating is, in Judge Marshall's words, an infringement of a pre-empted area of law. I do not perceive the need for discussing nor concur in the majority's discussion of the issue of prospective adoption and would defer it to a more appropriate occasion.

2. Cal.Const., art. III.

BEAUDREAU v. SUPERIOR COURT OF LOS ANGELES COUNTY    **585**
14 Cal.3d 451    Cite as, Sup., 121 Cal.Rptr. 585

535 P.2d 713

14 Cal.3d 448

Joyce BEAUDREAU, a minor, etc., et al.,
Petitioners,

v.

The SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;

William J. JOHNSTON, Individually and as
Superintendent, etc., et al., Real Par-
ties in Interest.

**L. A. 30360.**

Supreme Court of California,
In Bank.
May 29, 1975.

Students and parents sought a writ of
mandate to compel Superior Court to per-
mit them to prosecute a pending action
against school district, district's governing
board, district's superintendent of schools,
and director of compensatory education
programs without filing an undertaking for
costs as prescribed by statutes. The Su-
preme Court, Sullivan, J., held that stat-
utes, which imposed on plaintiffs in actions
against public entities or public employees
a requirement of a written undertaking as
security for allowable costs, and which
made no provision for hearing on question
of merits of plaintiff's action or on recip-
rocal questions of necessity of an under-
taking for defendant's protection and the
reasonableness of its amount, constituted a
taking of property without due process of
law, and were unconstitutional.

Peremptory writ issued.

**1. Costs ⟻106**
Statutes imposing on plaintiffs in ac-
tions against public entities or public em-
ployees a requirement of a written under-
taking as security for allowable costs were
intended to protect public entities and pub-
lic employees against unmeritorious and
frivolous litigation. West's Ann.Gov.Code,
§§ 947, 951.

to relinquish an interest in his property for
benefit of another effectuate a "taking" of
property for due process purposes entitling
the former to prior procedural safeguards.

See publication Words and Phrases
for other judicial constructions and
definitions.

**3. Constitutional Law ⟻278(1)**
In every case involving a deprivation
of property within purview of due process
clause, the Constitution requires some form
of notice and a hearing. U.S.C.A.Const.
Amends. 5, 14; West's Ann.Const. art. 1,
§§ 7, 15.

**4. Constitutional Law ⟻317**
    Costs ⟻106
Statutes, which imposed on plaintiffs
in actions against public entities or public
employees a requirement of a written un-
dertaking as security for allowable costs,
and which made no provision for hearing
on question of merit of plaintiff's action or
on reciprocal questions of necessity of an
undertaking for defendant's protection and
the reasonableness of its amount, constitut-
ed a taking of property without due proc-
ess of law, and were unconstitutional.
West's Ann.Gov.Code, §§ 947, 951; U.S.C.
A.Const. Amends. 5, 14; West's Ann.
Const. art. 1, §§ 7, 15.

———◆———

Ernest L. Aubry, Los Angeles, for peti-
tioners.

No appearance for respondent.

John H. Larson, County Counsel, Grego-
ry L. James and Ronald J. Selgrath, Depu-
ty County Counsel, Los Angeles, for real
parties in interest.

SULLIVAN, Justice.

Petitioners seek a writ of mandate to
compel respondent superior court to permit
them to prosecute a pending action against
real parties in interest without filing an

late the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and article I, sections 7 and 15, of the California Constitution.

The proceedings giving rise to the present controversy may be briefly summarized. On May 23, 1974, petitioners (hereafter plaintiffs), consisting of 16 minors, suing as public school students, and 7 parents of students attending public schools, brought the underlying action against real parties in interest (hereafter defendants) in respondent superior court claiming a deprivation of rights in violation of the Elementary and Secondary Education Act of 1965 (20 U.S.C.A. § 241a et seq.). Defendants are the Los Angeles Unified School District (District), a public entity, seven members of the District's governing board (Los Angeles City Board of Education), the District's superintendent of schools (William J. Johnston), and the District's director of compensatory education programs (William Anton).

Defendants thereupon filed in said court and served upon plaintiffs seven documents demanding that they post undertakings in amounts totaling $25,700 as security for allowable costs which might be awarded against said plaintiffs. These demands were made without prior court order pursuant to sections 947[2] and 951,[3] which permit public entities and public employees or

former public employees to impose such a requirement in any action brought against them. Plaintiffs moved to quash these demands for the filing of undertakings on the following grounds: (1) That the amounts demanded by defendants exceeded the sums permitted by sections 947 and 951 without a showing of "good cause," no such showing having been made by defendants; (2) that said sections permit a summary taking of property in violation of the due process clauses of the United States and California Constitutions; and (3) that the sections create irrational classifications, violative of federal and state equal protection principles.

At the hearing the trial court upheld the statutes against both constitutional attacks,[4] but concluded that the amounts demanded by defendants exceeded statutory limitations absent a showing of good cause. Determining that sections 947 and 951 authorized defendants to require plaintiffs to post security in the aggregate amount of $20,900 as a condition to continuing prosecution of their lawsuit, the court ordered plaintiffs to file an undertaking in such amount within 20 days, stating that failure to do so would result in the dismissal of their action.

Plaintiffs thereupon filed the instant petition. They seek relief, however, only on

---

2. Section 947 provides in relevant part as follows: "(a) At any time after the filing of the complaint in any action against a public entity, the public entity may file and serve a demand for a written undertaking on the part of each plaintiff as security for the allowable costs which may be awarded against such plaintiff. The undertaking shall be in the amount of one hundred dollars ($100) for each plaintiff or in the case of multiple plaintiffs in the amount of two hundred dollars ($200), or such greater sum as the court shall fix upon good cause shown, with at least two sufficient sureties, to be approved by the court. Unless the plaintiff files such undertaking within 20 ....

employee or former public employee, if a public entity undertakes to provide for the defense of the action. the attorney for the public employee may file and serve a demand for a written undertaking on the part of each plaintiff as security for the allowable costs which may be awarded against such plaintiff. The undertaking shall be in the amount of one hundred dollars ($100), or such greater sum as the court shall fix upon good cause shown, with at least two sufficient sureties, to be approved by the court. Unless the plaintiff files such undertaking within 20 days after service of the demand therefor, his action shall be dismissed."

the ground of denial of due process.[5] We issued an alternative writ of mandate, having determined that " 'there is no adequate remedy in the ordinary course of law and that [this] case is a proper one for the exercise of our original jurisdiction.' (Citations.)" (Brooks v. Small Claims Court (1973) 8 Cal.3d 661, 663, 105 Cal.Rptr. 785, 786, 504 P.2d 1249, 1250.)

[1] Turning to the merits of plaintiffs' claim, we first consider the purpose and function of the two statutes. The Legislature enacted sections 947 and 951 in 1963 for the avowed purpose of protecting public entities and public employees against unmeritorious and frivolous litigation.[6]

[453] In imposing on plaintiffs in actions against public entities or public employees a requirement for an undertaking for costs not generally imposed on plaintiffs in actions against private persons or corporations, the Legislature apparently determined that in the first type of actions

there exists a greater likelihood of unmeritorious litigation. Thus, sections 947 and 951 were purportedly designed "to deter litigation-prone persons from instituting unfounded litigation," (see fn. 6 *ante*) against public entities and employees, while at the same time imposing "no unreasonable burden  .  .  . upon a person who has a meritorious cause of action." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) Cal.Law Rev.Com. Comment re § 947, p. 785.)

However, the procedure prescribed by these statutes to effectuate such purpose does not distinguish between the classes of plaintiffs on the basis of the merit of the actions brought by them. Rather "in *any* action" (§§ 947, 951, italics added; see fns. 2 and 3 *ante*) brought against a public entity, public employee or former public employee, such defendants are given the absolute right to demand an undertaking for costs as specified by the respective sections.

---

5. Plaintiffs have abandoned the argument that these statutes violate the equal protection clauses of the federal and state Constitutions.

6. Defendants urge us to consider the Law Revision Commission comments in determining the legislative purpose underlying the adoption of these statutes. These comments are fully set forth in Van Alstyne, California Government Tort Liability (Cont.Ed.Bar 1964), pages 784–786 and pages 801–802, and state in relevant part: "The Commission has concluded that all public entities are entitled to protection against unmeritorious litigation, since local public entities are as likely as the State to be subjected to such actions. At the same time, however, no unreasonable burden should be imposed upon a person who has a meritorious cause of action.

"The Commission recommends, therefore, that all public entities be authorized, in their discretion, to require the plaintiff to file an undertaking for costs in any action against a public entity. There is no need to require an undertaking for counsel fees since the pro-

motor vehicles, since it is expected that the discretion vested in the public entities will be judiciously exercised. To further assure that no unreasonable burden is placed upon a meritorious litigant, the minimum amount of the undertaking should be fixed at $100, and, while the court on motion should have authority to require an undertaking in excess of this minimum, the public entity should have the burden of showing good cause for increasing the amount of the required undertaking.

.    .    .    .    .

"The Commission further recommends that the protection which would be afforded public entities under this recommendation [§ 947] be extended to actions brought against public employees where the public entity furnishes the defense. This will discourage a plaintiff from bringing an action against the employee alone (instead of against the public entity) merely to avoid the undertaking. Moreover, unmeritorious litigation against public employees should be discouraged to the same extent as litigation against the public entity itself is discouraged."

(See also County of Sutter v. Superior

If a defendant limits his demand to the amount automatically allowable by statute ($200 total in the case of multiple plaintiffs under § 947, and $100 per plaintiff under § 951), no prior or subsequent judicial approval is required. However, each **[454]** statute additionally provides that upon application of the defendant (apparently ex parte) and upon "good cause shown," the court may fix undertakings in greater amounts. (See, e. g., Fuller v. State of California (1969) 1 Cal.App.3d 664, 671, 82 Cal.Rptr. 78.) Yet even in this instance neither section makes any provision for a hearing on the questions of "good cause" or a reasonably greater amount. Nor do the statutes fix a maximum for such court-ordered undertaking or establish standards by which the court's determination should be made. Finally, it is provided that unless the plaintiff files the undertaking within 20 days after service of the demand therefor, the court is required to dismiss his action.[7]

It is convenient to note at this point that under applicable decisional law the plaintiff, upon motion for relief from an undertaking requirement, is entitled to a hearing so that it may be determined whether or not the plaintiff qualifies to proceed in forma pauperis[8] (Conover v. Hall (1974) 11 Cal.3d 842, 850–853, 114 Cal.Rptr. 642, 523 P.2d 682; County of Sutter v. Superior Court, supra, 244 Cal.App.2d 770, 773–775, 53 Cal.Rptr. 424) or the defendant's demand exceeds the amount authorized by statute or the defendant is a public entity or public employee within the meaning of

the sections or the legislation itself is valid.

The statutes now before us make no provision for a hearing on the question of the merit of the plaintiff's action or on the reciprocal questions of the necessity of an undertaking for the defendant's protection and the reasonableness of its amount. If the plaintiff is not indigent and if the defendant public entity or public employee makes a demand within the scope of the statute, the court has no discretion to dispense with the undertaking requirement. The plaintiff must then file the undertaking for costs or suffer dismissal of his action.

As previously indicated, plaintiffs contend that sections 947 and 951 violate due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United **[455]** States Constitution and article I, sections 7 and 15 of the California Constitution. Their position is that the statutes deprive them of property without a hearing and therefore constitute a taking of property without due process of law.

Recently in Brooks v. Small Claims Court, supra, 8 Cal.3d 661, 105 Cal.Rptr. 785, 504 P.2d 1249, we were called upon to determine the constitutionality in the light of due process principles of the requirement of an undertaking as a precondition for an appeal by a defendant from an adverse judgment entered in a small claims court. We began by observing that the concept of a "taking" of property has been extended significantly and that "[b]eginning with the United States Supreme Court

---

7. Each statute provides that: "Unless the plaintiff files such undertaking within 20 days after service of a demand therefor, his action *shall* be dismissed." (Italics added.) It has been held that "the filing of the . . . [undertaking] is not jurisdictional. The trial court should use a broad discre-

8. In Conover v. Hall, *supra,* 11 Cal.3d at pp. 850–853, 114 Cal.Rptr. 642, 523 P.2d 682, we held that a court granting an injunction had the discretion to relieve the plaintiff upon the ground of indigency from the requirement of an injunction bond under section 529 of the Code of Civil Procedure despite

ruling in Sniadach v. Family Finance Corp. (1969) 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, and continuing with California decisions interpreting *Sniadach,* this concept has been held to include even temporary deprivations of property." (*Id.,* at p. 666, 105 Cal.Rptr. at p. 788, 504 P.2d at p. 1252.) We thereupon reviewed our decisions in detail to the end of emphasizing that "[t]his court has consistently applied the rationale of *Sniadach* to strike down summary procedures which deprive persons of their property pending a hearing." (*Id.,* 8 Cal.3d at p. 666, 105 Cal.Rptr. at p. 788, 504 P.2d at p. 1252.)

Holding the requirement of an undertaking in *Brooks* to be a denial of due process of law, we said: "In view of these decisions, it is manifest that the requirement of an undertaking in connection with an appeal from a judgment entered in a small claims court constitutes a taking of property prior to a due process hearing with right to counsel. The first opportunity for representation by counsel arises at the trial de novo after appeal. But the appeal is conditioned on the filing of an undertaking or the depositing of money in lieu thereof. If the defendant should secure an undertaking or bond [pursuant to Code of Civil Procedure section 117*l*] from a corporate surety [pursuant to Code of Civil Procedure section 1056], he would be deprived of the nonrefundable premium. Further, additional collateral is often required in order to qualify for a bond; although this can be recovered if defendant prevails on

appeal, he is nevertheless deprived of its use in the meantime. Under *Sniadach* and its progeny (*McCallop* (v. Carberry, 1 Cal.3d 903, 83 Cal.Rptr. 666, 464 P.2d 122), *Cline* (v. Credit Bureau of Santa Clara Valley (1970) 1 Cal.3d 908, 83 Cal.Rptr. 669, 464 P.2d 125), *Blair* (v. Pitchess (1971), 5 Cal.3d 258, 96 Cal.Rptr. 42, 486 P.2d 1242), *Randone* (v. Appellate Department (1971), 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13), and *Fuentes* (v. Shevin (1972), 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556)), this of course is a taking. If the defendant instead deposits money in lieu of an undertaking [pursuant to Code of Civil Procedure section 117*ll*] the same result follows. This deprivation is indeed a taking, in spite of its temporary nature." (8 Cal.3d at p. 667, 105 Cal.Rptr. at p. 789, 504 P.2d at p. 1253.) [9]

Subjecting the statutes now before us to the spotlight of the foregoing rationale, we are convinced that they involve a two-fold taking of property. To put it another way, a plaintiff is deprived of his property whether he complies with the statute and files the demanded undertaking or refuses to comply and incurs dismissal of his action. If he takes the former course and secures his undertaking from a corporate surety (see Code Civ.Proc., § 1056) [10] as we pointed out in *Brooks* (see fn. 9 *ante* and accompanying text) he will at least be deprived of his nonrefundable premium; if he deposits money in court in lieu of an undertaking, he will be deprived of its use during the pendency of the action. [11]

9. We also quoted from Fuentes v. Shevin (1972) 407 U.S. 67, 86, 92 S.Ct. 1983, 32 L. Ed.2d 556: " 'Any significant taking of property by the State is within the purview of the Due Process Clause. While the length and consequent severity of a deprivation may be another factor to weigh in determining the appropriate form of hearing, it is not

any corporate or reciprocal insurer, possessing a certificate of authority from the Insurance Commissioner authorizing it to write surety insurance defined in Section 105 of the Insurance Code may become and shall be accepted as security or as sole and sufficient surety upon such undertaking or bond, and such corporate surety shall be subject

If the plaintiff takes the latter course and incurs dismissal of his action, he will also have suffered a "taking" of his property, since his claim against a public entity or public employee—assuming that it is bona fide and potentially meritorious—is a "property interest" within the meaning of the due process clause. In Board of Regents v. Roth (1972) 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, the United States Supreme Court observed that property interests safeguarded by procedural due process may take many forms. Explicating this concept, the court stated: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." [12] (*Id.* at pp. 576, 577, 92 S.Ct. at p. 2709; see also Perry v. Sindermann (1972) 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570.) A meritorious action against a public entity or public employee clearly connotes a "legitimate claim of entitlement" within the meaning of *Roth.*

[2] In sum, our conclusion that the operation of sections 947 and 951 results in a

"taking" of property within the meaning of established due process principles is in harmony with all of the recent decisions of this court. We have repeatedly recognized that statutes providing a procedure according to which one litigant can be forced to relinquish an interest in his property for the benefit of another effectuate a "taking" of property, entitling the former to prior procedural safeguards. Accordingly we have held accountable to the principles of procedural due process California statutes dealing with wage garnishment (McCallop v. Carberry (1970) 1 Cal.3d 903, 83 Cal.Rptr. 666, 464 P.2d 122), claim and delivery (Blair v. Pitchess (1971) 5 Cal.3d 258, 96 Cal.Rptr. 42, 486 P.2d 1242), prejudgment attachment (Randone v. Appellate Department (1971) 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13), and small claims appeals (Brooks v. Small Claims Court, *supra,* 8 Cal.3d 661, 105 Cal.Rptr. 785, 504 P.2d 1249).

The statutes under attack in the case at bench effectuate a similar "taking" which falls within the reach of due process protection. Pursuant to their provisions, a plaintiff may be required to relinquish property either by filing an undertaking or by suffering dismissal of his action. The professed purpose to be served by subjecting him to this burden is the protection of his adversary against the costs of defending unmeritorious lawsuits. (See fn. 6 *ante.*) Unlike filing fees which are exact-

---

and several liability on the entire principal of $20,900, securing this amount by assignment to the surety company during the pendency of the action of a savings account showing a balance equal to the above principal amount. A deposit of said sum with the clerk of the court as an alternative would not be interest bearing.

For other cases expressly or impliedly held

1011, 25 L.Ed.2d 287), in the continuation of their driving privileges (Bell v. Burson, *supra,* 402 U.S. at p. 539, 91 S.Ct. 1586; Rios v. Cozens (1972) 7 Cal.3d 792, 103 Cal.Rptr. 299, 496 P.2d 979, vacated sub nom. Dept. Motor Vehicles of California v. Rios (1973) 410 U.S. 425, 93 S.Ct. 1019, 35 L.Ed. 2d 398, new dec. Rios v. Cozens (1973) 9

ed by the state as a payment for a service it provides, the requirement of sections 947 and 951 affords no reciprocal benefit to the plaintiff; these sections help only the defendant. (Conover v. Hall, *supra,* 11 Cal.3d at p. 851, 114 Cal.Rptr. 642, 523 P. 2d 682.) Nor is the result under these two statutes any less offensive to due process principles or immune from their reach because in this situation, as distinguished from that in our previous decisions, the "taking" is suffered by the plaintiff rather than the defendant.

**[3]** Having concluded that sections 947 and 951 effectuate a taking of property, we proceed to determine what procedural safeguards are required under the particular circumstances. We start with the basic proposition that in every case involving a deprivation of property within the purview of the due process clause, the Constitution requires some form of notice and a hearing. (North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); Mitchell v. W. T. Grant Co. (1974) 416 U.S. 600, 624, 94 S.Ct. 1895, 40 L.Ed.2d 406; concurring opn. Justice Powell; Mullane v. Central Hanover Bank & Trust Co. (1950) 339 U.S. 306, 313, 70 S. Ct. 652, 94 L.Ed. 865; Adams v. Department of Motor Vehicles (1974) 11 Cal.3d 146, 151–152, 113 Cal.Rptr. 145, 520 P.2d 961.) Absent extraordinary circumstances justifying resort to summary procedures, this hearing must take place *before* an individual is deprived of a significant property interest. (Adams v. Department of Motor Vehicles, *supra,* 11 Cal.3d at p. 155, 113 Cal.Rptr. 145, 520 P.2d 961; Brooks v. Small Claims Court, *supra,* 8 Cal.3d at pp. 667, 669, 105 Cal.Rptr. 785, 504 P.2d 1249·

vation hearing does not satisfy constitutional requirements. "[A] temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment, and . . . must be preceded by a fair hearing." (Brooks v. Small Claims Court, *supra,* 8 Cal.3d at p. 667, 105 Cal.Rptr. at p. 789, 504 P.2d at p. 1253.)

"The formality and procedural requisites for the hearing can vary" (Boddie v. Connecticut (1971) 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113), and are determined largely by balancing the interests of the state against the private interest affected by governmental action. (Goldberg v. Kelly, *supra,* 397 U.S. at p. 263, 90 S.Ct. 1011; Cafeteria Workers v. McElroy (1961) 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230.) However, in every case, "[t]he hearing required by the Due Process Clause must be 'meaningful,' Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L.Ed.2d 62 (1965) and 'appropriate to the nature of the case.' Mullane v. Central Hanover Bank & Trust Co., supra, 339 U.S. at 313, 70 S.Ct. at 657. It is a proposition which hardly seems to need explication that a hearing which excludes consideration of an element essential to the decision . . . does not meet this standard." (Bell v. Burson, supra, 402 U.S. at pp. 541–542, 91 S.Ct. at p. 1591.)

Applying this analysis in Bell v. Burson, *supra,* 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90, the United States Supreme Court struck down as unconstitutional a Georgia statute providing for suspension of the driver's license of an uninsured motorist involved in an accident unless he posted security for the amount of damage claimed by an aggrieved party, without a prior hearing on the question of his responsibili-

possibility of judgments in the amounts claimed being rendered against the licensee. . . . [¶] In cases where there is no reasonable possibility of a judgment being rendered against a licensee, Georgia's interest in protecting a claimant from the possibility of an unrecoverable judgment is not, within the context of the State's fault-oriented scheme, a justification for denying the process due its citizens." [13] (Bell v. Burson, *supra*, 402 U.S. at p. 540, 91 S.Ct. at p. 1590.)

Similarly, we have held that a statute may not under ordinary circumstances authorize prejudgment attachment, garnishment, or replevin of a debtor's property without prior notice and a hearing on the probable validity of the creditor's claim. (Randone v. Appellate Department, *supra*, 5 Cal.3d at p. 547, 96 Cal.Rptr. 709, 488 P.2d 13; Blair v. Pitchess, *supra*, 5 Cal.3d at p. 283, 96 Cal.Rptr. 42, 486 P.2d 1242; McCallop v. Carberry, *supra*, 1 Cal.3d at p. 907, 83 Cal.Rptr. 666, 464 P.2d 122.)

In Nork v. Superior Court, *supra*, 33 Cal.App.3d 997, 109 Cal.Rptr. 428, a case substantially similar to the one at bench, it was held that the plaintiff claiming exemplary damages in a malpractice action could not be required to post security for costs and attorney fees likely to be incurred by the defendant with respect to such claim without prior notice and a hearing on the questions of the merit of the claim, the reasonable amount of the bond, and the ability of plaintiff to furnish it. *(Id.,* at pp. 1000–1001, 109 Cal.Rptr. 428.) In *Nork,* as in the instant case, the purpose of the statute (Code Civ.Proc., § 1029.6, subd. (e)) imposing the requirement of an undertaking was to protect the defendant against reckless and frivolous claims for exemplary damages. Yet under the statutory scheme, *every* plaintiff requesting

in a minimum amount of $2,500 upon the ex parte motion of the defendant. Upon the plaintiff's failure to do so, it was mandatory upon the court to strike that portion of plaintiff's complaint. While not disputing the proffered legislative purpose of discouraging reckless and frivolous charges against medical practitioners through claims for exemplary damages, the *Nork* court concluded that even the most cursory examination of the statute showed that the statute had "constitutionally fatal deficiencies" (*id.* at p. 1001, 109 Cal.Rptr. 428) in violation of the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution.

Turning to the case at bench, we similarly conclude that sections 947 and 951 cannot withstand constitutional attack. Under the fundamental notions of due process heretofore discussed, the taking to which a plaintiff is subjected under the above statutes must be preceded by a hearing in the particular case in order to determine whether the statutory purpose is promoted by the imposition of the undertaking requirement. As these statutes are purportedly designed to protect public entities and public employees against the cost of defending frivolous lawsuits, a due process hearing would necessarily inquire into the merit of the plaintiff's action as well as into the reasonableness of the amount of the undertaking in the light of the defendant's probable expenses.

The statutes before us make no provision for such a hearing. Every plaintiff who sues a public entity or public employee may be forced either to file an undertaking as security for the defendant's costs or to forego the prosecution of his claim. Absent proof of indigency, the court is given no discretion to dispense with the undertaking requirement if demanded by a quali-

the plaintiff's lawsuit. Furthermore, the legislation specifies no standards for determining the reasonable amount of such undertaking. If the defendant is satisfied to limit its demand to the statutory minimum, judicial approval is not required; if the defendant seeks a greater amount, he must show "good cause." Yet the statutes do not purport to define "good cause" and do not provide that the plaintiff has a right to be heard on this matter. Thus any hearing which the plaintiff may receive on the issue of good cause necessarily "excludes consideration of . . . element[s] essential to the decision . . . ." (Bell v. Burson, *supra*, 402 U.S. at p. 542, 91 S.Ct. at p. 1591.) It would not be a "meaningful" hearing, "appropriate to the nature of the case" and as such would not meet due process standards. (Armstrong v. Manzo, *supra*, 380 U.S. at p. 552, 85 S.Ct. 1187; Mullane v. Central Hanover Bank & Trust Co., *supra*, 339 U.S. at p. 313, 70 S.Ct. 652.)

We do not dispute that the state has a legitimate interest in protecting public entities and their employees against frivolous lawsuits. Nor do we necessarily find fault with the statutory classification distinguishing between plaintiffs on the basis of whether the parties they sue are public entities or public employees rather than private persons. The Legislature may have had reason to believe that there exists a greater danger of unfounded actions against public, rather than private parties. (See Vinnicombe v. State of California, *supra*, 172 Cal.App.2d at p. 59, 341 P.2d 705.) We do not say that the requirement of an undertaking is an improper method of effectuating this purpose. We do hold, however, that since this method subjects the plaintiff to a taking of his property, it must satisfy due process principles. This

a public entity or public employee as a "privilege" conferred by statute, which "privilege," it is urged, may be conditioned by the government in any manner it chooses. The fact that the condition imposed is one which offends due process is not, in defendants' view, grounds for its invalidation. This argument, which purports to distinguish between "rights" and "privileges" and to limit due process protection to the former, has been considered and rejected by this court as well as by the United States Supreme Court in a number of cases. (See, e. g., Goss v. Lopez, *supra*, 419 U.S. 565, 95 S.Ct. 729; Perry v. Sindermann, *supra*, 408 U.S. at p. 601, 92 S.Ct. 2694; Board of Regents v. Roth, *supra*, 408 U.S. at p. 571, 92 S.Ct. 2701; Bell v. Burson, *supra*, 402 U.S. at p. 539, 91 S.Ct. 1586; Goldberg v. Kelly, *supra*, 397 U.S. at pp. 262–263, 90 S.Ct. 1011.) "While the legislature may elect not to confer a property interest . . . , it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." (Arnett v. Kennedy (1974) 416 U.S. 134, 167, 94 S.Ct. 1633, 1650, 40 L.Ed.2d 15; concurring opn., Justice Powell.) Since California in recognition of a broader scope of governmental tort liability (see Tort Claims Act of 1963, Gov.Code, Div. 3.6, § 810 et seq.) has clearly conferred the right to bring actions against public entities and public employees, it may not interfere with the property interest in a meritorious cause of action by subjecting the plaintiff to an unconstitutional "taking" of his claim as a condition to the prosecution of his suit.

Nor are we persuaded by defendants' argument that California and federal courts have upheld the constitutional validity of statutes authorizing takings by means of procedures similar to that before us in the instant case. Defendants designate Corpo-

Ed. 1528.[14] However, even a cursory examination of section 834 reveals that it is devoid of the constitutional defects which plague sections 947 and 951.

In section 834, subdivision (b), of the Corporations Code the Legislature undertook to discourage frivolous derivative stockholders' suits by authorizing the imposition of a security for costs requirement upon shareholders bringing such actions. However, in sharp contrast to the statutes here under attack, section 834 hedges this requirement with provisions for notice, an evidentiary hearing and findings on such issues as the merit of the plaintiff's action and the reasonableness of the expenses likely to be incurred by the defendant. These factors undoubtedly persuaded the Court of Appeal in Nork v. Superior Court, *supra*, 33 Cal.App.3d 997, 109 Cal.

Rptr. 428, to recommend section 834 as a possible model for a requirement of security for costs designed to deter unmeritorious litigation against particular defendants. (*Id.* at pp. 1003–1004, 109 Cal.Rptr. 428.)

As a final argument, defendants urge that we follow the current trend of United States Supreme Court decisions which indicate a retreat from the court's former position of requiring a *prior* hearing in all cases involving the deprivation of a property interest absent emergency circumstances. In particular, defendants direct our attention to two recent opinions in which the court upheld the constitutional validity of statutory procedures permitting a temporary deprivation of property without a *prior* due process hearing.[15] Quite apart from the fact that we rest our deci-

---

14. In Cohen v. Beneficial Industrial Loan Corporation, *supra*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the United States Supreme Court upheld the constitutional validity of a New Jersey statute authorizing a corporation to require minority shareholders bringing a derivative action to post security for the reasonable expenses, including counsel fees, likely to be incurred by the corporation in the litigation. Although it does not appear that the New Jersey statute expressly provided for notice and a hearing before the court required the derivative action, the *Cohen* decision is not determinative of the question before us in the instant case.

The plaintiff in *Cohen* did not raise, and thus the court did not decide, the question of whether the statute's failure to provide for prior notice and hearing violated *procedural* due process. Rather, the high court upheld the statute against a *substantive* due process attack, thereby determining only that the state's imposition of a security for costs requirement to prevent frivolous derivative shareholder's suits was within the state's "plenary power over this type of litigation" (*id.* at p. 550, 69 S.Ct. at p. 1227) and was not totally " 'arbitrary, capricious and unreasonable.' " (*Id.* at p. 551, 69 S.Ct. at p. 1221.)

951, the New Jersey statute impliedly provided for a case-by-case judicial determination of the reasonable amount of the security required and in effect protected those parties on whose behalf the derivative suit was prosecuted (i. e., the shareholders), rather than the adverse litigant (i. e., the management). In light of these numerous distinctions between *Cohen* and the matter before us, we find defendants' reliance thereon misplaced.

15. In Mitchell v. W. T. Grant Co., *supra*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406, the court upheld a Louisiana statute which authorized a state trial judge to order sequestration of the personal property of a debtor on the ex parte application of a creditor who proved by affidavit that he had a vendor's lien on the property and that the debtor had defaulted in making payments due under a conditional sales contract. The creditor was also required to file a sufficient bond to protect the debtor in the event the sequestration proved to have been wrongful. Under the terms of the statute, the debtor could immediately thereafter move to dissolve the sequestration. At the subsequent adversary hearing on the matter, the creditor had the burden of proving the grounds upon which the writ issued and the existence of the debt

sion on the due process provisions of the California Constitution as well as on those of the United States Constitution, we decline defendants' invitation. As we proceed to explain, we find significant distinctions between the questions resolved in defendants' cited cases and the question now before us which satisfy us that we are not under compulsion to apply the rationale of those authorities.

First of all, the statutes approved by the Supreme Court provided various pre-deprivation procedural safeguards which "minimize[d] the risk of error in the initial removal decision . . . ." (Arnett v. Kennedy, *supra*, 416 U.S. at p. 170, 94 S. Ct. at p. 1652; *concurring opn.* Justice Powell; Mitchell v. W. T. Grant Co., *supra*, 416 U.S. at pp. 605–606, 94 S.Ct. 1895.) In contrast, sections 947 and 951 effectuate a "taking" upon the mere demand of the defendant, without requiring prior judicial approval or proof of any kind. Second, the procedures upheld by the court in both cases operated in circumstances which might necessitate prompt action, so that a prior hearing could frustrate legitimate interests of the state or of another individual. (Arnett v. Kennedy, *supra*, 416 U.S. at p. 168, 94 S.Ct. 1633; concurring opn. Justice Powell; Mitchell v. W. T. Grant Co., *supra*, 416 U.S. at pp. 608–609, 94 S.Ct. 1895.) This is clearly not a consideration in the case at bench. The delay occasioned by a prior due process hearing would not interfere with the state's interest in deterring unmeritorious litigation, as the hearing would be designed

to bring to light actions lacking merit and to require the plaintiff to furnish the specified undertaking before proceeding further with them. As a matter of fact, the procedure as it currently operates tends to frustrate the state's express goal of assuring that "no unreasonable burden is placed upon a meritorious litigant." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) Cal.Law Rev.Com. Comment re § 947, p. 785; see also, Boyer v. County of Contra Costa, *supra*, 235 Cal. App.2d at p. 117, 45 Cal.Rptr. 58.) Third, the statutory schemes validated by the high court provided for prompt post-deprivation due process hearings. (Arnett v. Kennedy, *supra*, 416 U.S. at p. 145, 94 S.Ct. 1633; Mitchell v. W. T. Grant Co., *supra*, 416 U. S. at p. 610, 94 S.Ct. 1895.) On the other hand, sections 947 and 951 prohibit such a hearing, since a trial court has no discretion to dispense with the requirement on the grounds that the plaintiff's lawsuit is meritorious. Fourth, the Supreme Court noted that the party subjected to the "taking" was entitled to compensation in the event that it proved wrongful. (*Arnett*, *supra*, 416 U.S. at p. 170, 94 S.Ct. 1633; concurring opn., Justice Powell; *Mitchell*, *supra*, 416 U.S. at p. 606, 94 S.Ct. 1895.) No such provision protects the plaintiff under the statutes now before us.

Finally, we believe it is significant to point out that *Mitchell* has particular relevance to the matter before us, since both cases involve a procedure by which property is taken pursuant to state law from one litigant for the protection of another.

---

utation, for the humiliation suffered and for attorney's fees.

In Arnett v. Kennedy, *supra*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15, the court upheld against due process attack the constitutional validity of the provisions of the Lloyd-LaFollette Act (5 U.S.C.A. § 7501) reg-

that before a nonprobationary employee could be removed, he was entitled to 30 days advance written notice of the charges against him and the opportunity to examine the materials upon which the charges are based, a reasonable time within which to answer the charges, either orally or in writing (with

**596**    121 **CALIFORNIA REPORTER**    14 Cal.3d 464

(See fn. 15, *ante.*) Yet there is one major distinction. In *Mitchell* the party who suffered the taking as well as the party who benefitted thereby had "current, real interests in the property." The high court emphasized that the "[r]esolution of the due process question must take account not only of the interests of the buyer of the property but those of the seller as well." (*Mitchell* v. W. T. Grant Co., *supra,* 416 U.S. at p. 604, 94 S.Ct. at p. 1898.) We, too, have recognized the need to accommodate competing interests of two parties in the same property when determining the constitutional requisites for a valid taking. (See, e. g., Adams v. Department of Motor Vehicles, *supra,* 11 Cal.3d at pp. 154–155, 113 Cal.Rptr. 145, 520 P.2d 961.) Unlike the statute in *Mitchell,* the statutes now before us deprive the plaintiff of property in which the defendant has no competing interest.

These differences between the procedures approved by the United States Supreme Court in *Mitchell* and *Arnett* and <sub>465</sub> the statutory scheme prescribed by sections 947 and 951 are of distinct significance in light of that court's most recent decisions in the area of procedural due process. (See North Georgia Finishing, Inc. v. Di-Chem, Inc., *supra,* 419 U.S. 601, 95 S.Ct. 719; Goss v. Lopez, *supra,* 419 U.S. 565, 95 S.Ct. 729.) The case of North Georgia Finishing, Inc. v. Di-Chem, Inc., *supra,* in particular, establishes that where state law authorizes one litigant to take the property of his adversary, the due process clause of the United States Constitution at the least requires judicial participation in the initial taking decision and "an early hearing" at which the party imposing the taking demonstrates probable cause to justify it. (*Id.,* 419 U.S. 601, 95 S.Ct. 719.) In the instant case, such probable cause would consist of a prima facie showing on the issues of lack

of property without due process of law, each of said statutes is unconstitutional as being violative of the Fifth and Fourteenth Amendments to the United States Constitution and of article I, sections 7 and 15, of the California Constitution.

Let a peremptory writ of mandate issue as prayed.

WRIGHT, C. J., and McCOMB, TO-BRINER, MOSK, CLARK and RICH-ARDSON, JJ., concur.



535 P.2d 724

14 Cal.3d 517

<sub>517</sub> **In re Ronald R. Silverton on Disbarment.**

**Ronald R. SILVERTON, Petitioner,**

**v.**

**The STATE BAR of California,
Respondent.**

**L. A. 30359, 30370.**

Supreme Court of California,

In Bank.

June 3, 1975.

Rehearing Denied July 3, 1975.

An attorney sought review of recommendations of the Disciplinary Board of the State Bar that he be disbarred. The Supreme Court held that conviction of soliciting another to commit or join in commission of grand theft, and of conspiracy to obtain money by false pretenses and to present a fraudulent insurance claim merits disbarment.

Attorney disbarred.

**I. Attorney and Client ⚖53(1)**

In disbarment proceedings, although record of attorney's conviction was conclu-

propriate discipline. West's Ann.Bus. & Prof.Code, §§ 6101, 6102.

**2. Attorney and Client ⊜53(1)**

Burden is on petitioner to show that recommendation of Disciplinary Board of State Bar is erroneous or unlawful.

**3. Attorney and Client ⊜58**

Conviction of attorney of soliciting another to commit or join in commission of grand theft and of conspiring to obtain money by false pretenses and to present fraudulent insurance claim merits disbarment. Cal. Rules of Court, rules 955, 955(a, c).

———————————

Ronald R. Silverton, in pro. per.

Herbert M. Rosenthal and Ronald W. Stovitz, San Francisco, for respondent.

|519 |BY THE COURT.

This is a proceeding to review recommendations of the Disciplinary Board of the State Bar (Board) in L.A. No. 30359 that petitioner be disbarred and in L.A. No. 30370 that he be suspended from the practice of law for six months.

In April 1972 petitioner was convicted of one count of conspiracy to obtain money by false pretenses and to present a fraudulent insurance claim and one count of soliciting another to commit or join in the commission of grand theft. His conviction was affirmed by the Court of Appeal in an unpublished opinion; and thereafter, on November 9, 1972, upon a finding that the crimes involved moral turpitude, this court suspended him from the practice of law.

The local administrative committee, after a hearing, recommended that petitioner be suspended from the practice of law for five years, retroactive to December 10, 1972, and that two years of the suspension be stayed upon compliance with stated conditions. The board, however, upon an in-

was filed in the latter part of January 1972. Three codefendants were charged with petitioner. The codefendants were a chiropractor (Dr. Stavish) a nonlawyer employee of petitioner's law corporation (Ralph Johnson), and a part-time "investigator" for petitioner's law corporation (Betty Rose). All defendants except Johnson were held to answer. Subsequently, the cause against petitioner was submitted on the transcript of the preliminary hearing by a stipulation designated an "anti-Mosely" stipulation so that it would not be regarded equivalent to a guilty plea. (See In re Mosely, 1 Cal.3d 913, 924, fn. 9, 83 Cal.Rptr. 809, 464 P.2d 473, cert. den. Mosley v. California, 400 U.S. 905, 91 S. Ct. 144, 27 L.Ed.2d 142.) Petitioner was found guilty of the two offenses hereinabove referred to. In addition to his unsuccessful appeal, petitioner attacked his conviction without success by collateral proceedings in the federal court.

[1] The record of petitioner's conviction is conclusive evidence of his guilt. (Bus. & Prof.Code, § 6101.) However, although it was therefore unnecessary that proof be presented in these proceedings that he committed the crimes, the facts and circumstances relating thereto are relevant in determining the appropriate discipline. (See Bus. & Prof.Code, § 6102; In re Bo- |520 gart, 9 Cal.3d 743, 748(2), 108 Cal.Rptr. 815, 511 P.2d 1167.) Under the circumstances, evidence thereof was properly received.

Such evidence shows that on December 24, 1971, Laurence A. Rooker, an investigator in the office of the District Attorney of Los Angeles County, was in an automobile accident, in which his Toyota was rear-ended by a Cadillac. There was substantial damage to Rooker's automobile ($366.60), and he received a settlement from his insurance company for the amount thereof less a $100 deductible.