Fred A. Whitaker
872 69th Avenue
Oakland, Ca. 94621
510-569-1343



FILED
APR 30 PM 12: 02
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fred A. Whitaker                     Case No. C08-1618 BZ

          Plaintiff's            Plaintiff's Opposition To Court Order
                                 To Show Cause
V
                                 May 15, 2008

Alameda County Superior Court
Et al              Defendant's


Date: April 30, 2008                    _Fred Whitaker_
                                        Mr. Fred Whitaker

## DECLARATION

1.0 I Fred A. Whitaker declare;

2.0 In 1990 I filed a legal complaint. I Appealed that Lawsuit in State Court to The Court of Appeal where I raised issue that **CCP 391** was unconstitutional on basis That 5 adverse ruling did not **a fortiori mean that current lawsuit was without merit** therefore Court had no legal right to dismiss my lawsuit. I raised aforementioned issue before California Supreme Court and The United States Supreme Court without being reviewed.

3.0 In 1991 I was again declared a vexatious litigant and my Bart Complaint was denied without a hearing on The merits. A Demurrer was Filed and Court upheld various of my Complaint's Causes of actions. Court ruled I was a Vexatious Litigant and set Security bonding costs. I failed to raise Security Bonding costs. I filed a appeal raising the same issues as I had in 1990 because my appeal process had not finally been resolved by United States Supreme Court.

4.0 In is my recollection that my case in United States Northern California District Court I raised **CCP 391** was unconstitutional. Court Ruled that **CCP 391** had been determined by State law citing Taliaferro V Hoogs Ca.2nd 521 **Supra 528** Citing Vinncombe V State of California 172 CA.2nd 54…etc

5.0 I declare under the penalty that the above statements are true and correct as executed in Oakland, California.

6.0 Date April $3^0$, 2008

*Fred Whitaker*

Mr. Fred A. Whitaker

## GROUNDS WHY THIS CASE IS NOT FRIVOLOUS

**LEGAL ARGUMENT#1:** This Case In Challenging **CCP 391** Constitutionality and or Declaratory Relief is Based On Factual and Legal Arguments That Were Not Before This Court in 1992.

7.0 Plaintiff repeats each and every paragraph numbers 1 thru 6 into this section by reference.

**8.0** In 1992 only factual issues before this Court was whether **CCP 391** was Unconstitutional on legal principle that a vexatious litigant's complaint before a court is of a fortiori being frivolous did not apply. Therefore 5 adverse ruling did not a fortiori make any Vexatious Litigant's complaint before the trial court to be frivolous. Therefore it was unconstitutional to dismiss my complaint without a hearing on the merits.

**THE LEGAL COMPLAINT RAISES ENTIRELY NEW AND DIFFERENT LEGAL ISSUES THAN THOSE RAISED IN 1991 BEFORE THIS COURT AS FOLLOWS**

**[1]** Plaintiff's Complaint Raises Issue of Declaratory Relief That Was Not Raised In 1992. This Declaratory Relief Seeks Unconstitutionality of **CCP 391** on basis of 1st amendment, Due Process Violation and Equal Protection Rights in it engages in Discrimination Against Plaintiff in Particular and all other Vexatious Litigants in general.

**LEGAL ISSUES THAT BREADEAU V SUPERIOR COURT 121 CAL. RPTR. 585 BY CALIFORNIA SUPREME COURT IS BINDING ON TRIAL COURT AND THAT SHERPARDIZE PROCESS FAILS TO IDENTIFY BREADEAU V SUPERIOR COURT 121 CAL. RPTR. 585 AS STARE DECISI RULING WAS NEVER RAISED IN 1992.**

- Plaintiff's in complaint before Court raises issue That under 1st, amendment, Due Process and Equal Protection **CCP 391** Cannot Take My Property Rights without a Hearing on The merits. Plaintiff sites **Breadeau V Superior Court 121 Cal. Rptr 593** Overruled V Vinncome V State of California 172 Cal.App.2nd at p 59 as legality of **CCP 391**.
- Given that legality of **CCP 391** in 1992 was based on Taliaferro V Hoogs 236 CA2nd 521 supra at 528 relying on **Vinncombe V State of California 172 CA2nd at p 59 MY COMPLAINT IN 2008 RAISES LEGAL ISSUE THAT WAS NOT BEFORE THIS COURT IN 1992.**
- Plaintiff's Complaint before this Court in 2008 raised issue that **Breadeau V Superior Court 121 Cal. Rptr at 585** Ruled that all Statues that have

judicial procedures of taking a litigants **"property Rights"** without a hearing on the merits was deemed **Unconstitutional** in making declaration of rights. <u>In 1992 issue of **Breaudeau 121 Cal. Rptr at 585 Note 4** never was raised before this court concerning this legal point.</u>
**VIOLATION OF DUE PROCESS BY SPECIFICALLY OVERTURNING VIINCOMBE V STATE OF CALIFORNIA 172 CAL.APP.2ND AT P. 59 IN 1985 BY BREADEAU 121 CAL. RPTR. 593.**

- **Special Note:** If one Sherpardizes **CCP 391** one will not find **Breadeau V Superior Court 121 Cal. Rptr. 585** as applying to **CCP 391**. **Breadeau V Superior Court 121 Cal. Rptr. 585** was concerning Government Code 947 & 951 no reference to **CCP 391** therefore when shepardizing **CCP 391** it would not show up. **The Supreme Court in Elder V Holloway 510 US 510 supra at 516** Ruled that whether a legal right exists is not based on legal facts but must be resolved de novo on appeal by a court of review using it's full knowledge of its own and other relvant precedents **See Davis 468 US at 192 n. 9. THE ISSUE OF WHETHER BREADEAU V SUPERIOR 121 CAL. RPTR. 585 CALIFORNIA SUPREME COURT BINDING ON TRIAL COURT WAS NEVER RAISED IN 1992 which is being raised in 2008.**

- **PLAINTIFF'S** 2008 COMPLAINT RAISES ISSUE THAT STARE DECISIS RULING IN HOLCOMB V US BANK NAT. ASS.N TRUST 129 Cal.App.4th 1502 & STOLTZ V BANK OF AMERICA NAT. TRUST SAV. 19 CAL. RPTR.2ND AT 19 MANDATE OF 5 ADVERSE RULING UPON TRIAL COURT NOT RAISED IN 1992 AS DECLARATORY RELIEF.

- **Plaintiff** in 2008 raised issue That Trial Court Had No Legal Right To Rely on State Vexatious Litigant List **Under** Evidence Code and **People V Levy 228 Cal.3rd 1423** that Ruled **State List** Must be verified as Current To be enforced which **Vexatious Litigant State List** fails to do and is Void on it's Face [ Litigants who Vexatious Litigant determination More than 7 proceedings years or no Current verification of 5 adverse ruling as

required by Stare decisis law] . This issue never raised in 1992 and is being raised in 2008 for first time.

- **Plaintiff** in 1992 never raised issue that **CCP 391** requires seven proceedings years with 5 adverse ruling. **Plaintiff** in 2008 raises that **CCP 391(B)(1)** is bound by **Statute of Limitations** principle in Bowes V Russell **7 C.D.O.S. 6807-6811. Therefore** Trial Court Cannot rely on Vexatious Litigant list on 1991 and 1992 and all other dates on vexatious litigant list that is in excess of seven proceedings years. **ISSUE NEVER RAISED IN 1991.**

- **PLAINTIFF** in 1992 raised issue of hearing merits based on principle of a fortiori. **Plaintiff** in 2008 raised **Property interest** by United States Supreme Court applies to **CCP 391** trials /hearing **See Perry V Sindermann 408 US 593; Board of Regents V Roth 408 US 564.** The legal standard of no reasonable probability in 2008 is stated as that each and every one of plaintiff's causes of actions must be foreclosed as a matter of law by a prima facie standard citing **Devereaux V Latham & Watkins 32 Cal.App.4th 1571 etc. THE ISSUE OF DECLARATORY RELIEF WAS NEVER RAISED IN 1992 NOR WAS CCP 391 FAILED TO COMPLY WITH LEGAL STANDARD OF NO REASONABLE PROBABILITY BY FAILING TO ENFORCE –DEMURRER, JUDGMENT ON PLEADING, SUMMARY JUDMENT…ETC] AS COMPLAINT FORECLOSED AS A MATTER OF LAW.**

- Plaintiff in 1992 never raised issue that **CCP 391's** failure to allow In Forma Pauperis by waiving both Court Costs and Security Bonding costs . Plaintiff in 2008 raised issue that In forma pauperis status under Stare decisis Ruling In **Boddie V Connecticut 401 US 371 …etc** Includes a right to proceed in Forma Pauperis by waiving both court costs and security bonding costs. **THIS DECLARATORY RELIEF RIGHT WAS NEVER ADDRESSED IN 1992.**

- Plaintiff in 1992 never raised issue that Plaintiff was entitled to contest reasonableness of security amounts. Plaintiff in 2008 is raising this issue

that was not before this court citing various cases **Cohen V Beneficial Loan Corporation 337 US 541 ; Burt V Irvine 237 Cal.App.2nd 868;..etc**

**LEGAL ARGUMENT#2:** Plaintiff in 2008 Complaint raises Issue of Preliminary and Permanent Injunctive Relief Under Civ. Cod 3368 & 3422 That Was Never Raised In 1992 and Has Merit.

[2] **Plaintiff** in 1992 never raised issue that certain rights under State and Federal Constitutions I and other vexatious Litigants are entitled to.

[3] **Plaintiff** in 2008 raises issues that Defendants had no legal right to

- [a] use **Vexatious Litigant List** more than seven proceedings years or those that fail to currently verify a litigants **Vexatious Litigants Status Under CCP 391(B)(1)** by factual determinations of 5 adverse ruling within proceedings seven years without relying on State of California Vexatious List and apply the Statute of limitations principle of law of 5 adverse ruling within proceedings seven year time period for **CCP 391(B)(1).**
- [b] **Deny** Plaintiff and all other alleged vexatious litigants legal complaint right under informa pauperis to waiver of both court costs and waiver of security bonding
- [c] **Deny** Plaintiff and all other alleged vexatious litigants Right To a hearing on the merits by a factual determination of our legal complaints on a legal standard that each cause of action is foreclosed as a matter of law ie demurrer, Judgment on pleading, summary Judgment..etc
- [d] **Deny** Plaintiff and all alleged vexatious litigants of our right to a hearing to determine reasonableness of security bonding if court has determined complaint lacks merit

> **LEGAL ARGUMENT#3: LAW MANDATES THAT COURT CANNOT RELY ON FACTS NOT UPON THE COURT RECORD. THUS COURT WHICH MAKES OBJECTIVE UNREASONABLE FACTUAL DETERMINATIONS IS A VIOLATION OF A LITIGANTS CONSTITUTIONAL RIGHT. THEREFORE TRIAL COURT'S FAILURE TO MAKE OBJECTIVE UNREASONABLE FACTUAL DETERMINATION OF VEXATIOUS LITIGANT UNDER CCP 391(b)(1) MAKES TRIAL JUDGES WHICH RELY ON OBJECTIVE UNREASONABLE FACTUAL DETERMINATIONS RULING UNCONSTITUTIONAL.**

[4] California Trial Court Judges which rely on Vexatious Litigant state list without making an determination of 5 adverse ruling within proceedings seven years and that a Vexatious Litigant has no right to informa papueris status to waive security bonding costs are objective unreasonable factual determinations of **Vexatious Litigants.** See **Torres V Millen 317 F3rd 1145-1151; Taylor V Maddox 366 F3rd at 1008** mandates that unreasonable factual determinations must be set aside. Therefore Trial Judges who engage in unreasonable factual determinations must be set aside as a matter of law.

[5] Plaintiff is seeking a declaratory relief as to those judicial procedures which give rise to objective unreasonable factual determinations by Trial Court Judges in both Alameda and San Francisco County Superior Courts. <u>Therefore This complaint of mine has merit and is the best interest of protecting the Constitutional legal rights of mine and all vexatious litigants under the 1st, 5th and 14th amendments which we have been deprived of for a period of more than 30 years since 1975 when California Supreme Court ruling upon Breadeau V Superior Court 121 Cal. Rptr. 585 as applicable to CCP 391.</u>

DATE: April 30, 2008                     *Fred Whitaker*

                                                             **Mr. Fred Whitaker**