1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM BLAKE
   Deputy Attorney General
3  State Bar No. 51885
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA 94102-3664
     Telephone: (415) 703-5506
5  Fax: (415) 703-5480
     Email: tom.blake@doj.ca.gov
6  Attorneys for Defendants, The Honorable David
   Ballati; The Honorable Yolanda Northridge; The
7  Honorable Frank Roesch; the Honorable Carl Morris;
   The Honorable George C. Hernandez, Jr.; Superior
8  Court of California, County of Alameda; Superior
   Court of California, County of San Francisco

9

                    IN THE UNITED STATES DISTRICT COURT

10

                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

                          SAN FRANCISCO DIVISION

12

13  **FRED A. WHITAKER,**                      CV08 1618 BZ

14                              Plaintiff,     **NOTICE OF HEARING; MOTION
                                                TO DISMISS COMPLAINT [RULE
                                                12(B) F.R.C.P.]; MEMORANDUM
15          v.                                  OF POINTS AND AUTHORITIES
                                                IN SUPPORT; REQUEST FOR
16  **THE HONORABLE DAVID BALLATI; THE          JUDICIAL NOTICE**
    HONORABLE YOLANDA NORTHRIDGE;
17  THE HONORABLE FRANK ROESCH; THE
    HONORABLE CARL MORRIS; THE                  Date:        August 20, 2008
18  HONORABLE GEORGE C. HERNANDEZ,              Time:        10:00 a.m.
    JR.; SUPERIOR COURT OF CALIFORNIA,          Dept.:       Courtroom G (15th
19  COUNTY OF ALAMEDA; SUPERIOR                               Floor)
    COURT OF CALIFORNIA, COUNTY OF**
20  **SAN FRANCISCO,**                          Contemporaneously filed: Notice of
                                                Hearing; Motion for Pre-filing Review;
21                              Defendants.     Memo of Points and Authorities in
                                                Support Thereof
22

23

24      PLEASE TAKE NOTICE that on August 20, 2008, at 10:00 a.m. or as soon thereafter as

25  counsel may be heard in Courtroom G (15th Floor) of the above entitled court, located at 450

26  Golden Gate Avenue, San Francisco, California 95102, the above-captioned defendants will move

27  this court for an order under Rule 12(b), Federal Rules of Civil Procedure, dismissing the complaint

28  and each of the causes of action alleged therein as to moving defendants on the grounds that the

1   complaint fails to state a claim upon which relief can be granted against the State of California and

2   its judicial agencies and officers.

3        This motion will be based on this motion and notice of motion; the memorandum of points and

4   authorities in support thereof, and the exhibits thereto; the pleadings, papers, and documents on file

5   herein; and such oral and documentary evidence as shall be introduced at the time of the hearing.

6                                    **MOTION TO DISMISS**

7        Defendants move to dismiss the complaint on file herein on the specific grounds that the

8   complaint fails to state a claim upon which relief can be granted against the moving defendants.

9        WHEREFORE, moving defendants pray as follows:

10       1.  That the complaint on file herein and each claim for relief alleged therein be dismissed as

11  against moving defendants, and

12       2.  That plaintiff be ordered to take nothing from moving defendants, and

13       3.  That judgment be entered in favor of the moving defendants.

14          Dated:  June 18, 2008

15                        Respectfully submitted,

16

17                        /s/
                          _____

18                        TOM BLAKE
                          Deputy Attorney General

19                        Attorneys for Defendants the Honorable David Ballati; the
                          Honorable Yolanda Northridge; the Honorable Frank Roesch; the
20                        Honorable Carl Morris; the Honorable George C. Hernandez, Jr.;
                          Superior Court of California, County of Alameda; Superior Court
21                        of California, County of San Francisco.

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

Plaintiff seeks to invoke the jurisdiction of this Court to obtain relief from a state court judgment that he is a vexatious litigant within the meaning of California Code of Civil Procedure § 391.  Plaintiff has previously sued some of the same defendants, in this same Court, asking for the same relief.

In 1991, the Superior Court of California, County of Alameda,  found pro se plaintiff Whitaker to be a vexatious litigant as defined in  California Code of Civil Procedure § 391.[1]  The Superior Court entered a prefiling order pursuant to § 391.7, prohibiting him from filing  new lawsuits in the courts of California in propria persona without first obtaining leave of court.  (*See* Ex. A, *Whitaker v. Bay Area Rapid Transit*, No. 687320-0 (Cal. Super. Ct. Nov. 22, 1991) (order granting motion for prefiling order).)  In 1992, in a separate action, the California Court of Appeal held that plaintiff is a vexatious litigant and entered a prefiling review order. (*See* Exs. B & C, *In re Whitaker* (1992) 6 Cal.App.4th 54, 55.)

Plaintiff now again alleges that § 391 *et seq*. (see Ex. D) is unconstitutional  (Compl. ¶ 36.0.), and asks this Court to enjoin the Superior Court of California and its judges from including his name on the list of vexatious litigants and from maintaining the prefiling orders against him. (Compl. ¶ 51.3; *see also* Exs. A & B.)  Plaintiff's complaint should be dismissed because it is it well established that § 391 *et seq*. is constitutional, and in any event  this Court is without jurisdiction to review the order of the Superior Court.

It is uncontested that plaintiff is on the list of vexatious litigants.  (*See* Exs. A, B & C; Compl. ¶ 1.0.)  He was placed on the list in 1991 by a judge of the Alameda Superior Court after he had an opportunity to submit written and oral opposition.  (*See* Ex. A, *Whitaker v. Bay Area Rapid Transit*, No. 687320-0 (superior court order granting prefiling review).)

In the 1992 action, the plaintiff was put on the vexatious litigant list by the California Court

---

1.  Statutory references hereafter are to the California Code of Civil procedure unless otherwise stated.

1   of Appeal.  The state appellate court noted:

2           Our attention was first drawn by the fact that the primary emphasis
            of Whitaker's briefs was a challenge to the constitutionality of the
3           vexatious litigant statutes, an argument identical to one rejected by
            this court in an unrelated appeal only last year.
4

5   (See Exs. B & C, *In re Whitaker,* 6 Cal.App.4th at 55 (citing *Whitaker v. Bay Area Rapid*

6   *Transit District*, A049779, nonpub. opn. filed April 23, 1991).)  The appellate court had

7   issued an order to Whitaker to show cause why the motion for a prefiling order should

8   not be granted; the matter was set for hearing at which Whitaker appeared and submitted

9   arguments.  *Id.*  In its partially published opinion, the state Court of Appeal held that

10  plaintiff had misused the courts of California:

11          . . .Whitaker is again contending that the vexatious litigant statutes
            are unconstitutional, an argument we expressly rejected in one of his
12          cases only last year. This identical argument has also been rejected
            by other divisions of this court in cases in which he was a party. By
13          coming forward again with this argument, Whitaker is engaging in
            frivolous conduct.

14  *Id.*  The court also noted that, since 1985, Whitaker had filed at least twenty-four (24)

15  unsuccessful actions in the Alameda Superior Court and no less than thirty-five (35)

16  writs and appeals in the state Court of Appeal.  *Id.* The court held that "Fred A. Whitaker

17  is a vexatious litigant within the meaning of section 391" and ordered that "Fred A.

18  Whitaker may not file any litigation in the courts of this state in propria persona without

19  first obtaining leave of the presiding judge . . ." *Id.*

20      Simultaneous to his state court lawsuits, Whitaker brought actions in federal court,

21  challenging both the constitutionality of the vexatious litigant statute and the correctness

22  of the state court judgments enforcing it as to him.

23      In November 1991, this Court dismissed plaintiff's action against the Superior

24  Court, and the Ninth Circuit affirmed. (See Exs. E & F; *Whitaker v. Alameda County*

25  *Superior Court*, 972 F.2d 1348 (9th Cir. 1992) (dismissing and ordering sanction in the

26  amount of $250), *aff'g* No. C-91-2425, *cert. denied*, 507 U.S. 932 (1993).)

27      In August 1992, this Court dismissed plaintiff's suit against the California Court of

28  Appeal and issued an order to the clerk not to file any further complaints from Plaintiff

1  without a prior judicial determination that they are not frivolous. The Ninth Circuit

2  affirmed.  (See Exs. E & G; *Whitaker v. Alameda County Superior Court*, 12 F.3d 1111

3  (9th Cir. 1993), *aff'g* No. C-92-1821 EFL (N.D. Cal. Aug. 22, 1992) (order dismissing

4  with prejudice and entering prefiling order), *cert. denied*, 513 U.S. 846 (1994).)

5      In this case, plaintiff returns to this Court again challenging the constitutionality of

6  the California vexatious litigant statute.  The state-court decision to designate Plaintiff

7  a vexatious litigant was a judicial decision, made by both a judge of the Superior Court

8  of California and a panel of the California Court of Appeal. (Exs. A, B & C).  The judge

9  making that decision[2/] and the judges enforcing that decision enjoy absolute judicial

10 immunity. Further, federal district courts do not have jurisdiction to review state court

11 decisions, including vexatious litigant orders.  The decision that plaintiff is a vexatious

12 litigant subject to prefiling review cannot be appealed in this Court.

13                              **ARGUMENT**

14                                  **I.**

15   **CALIFORNIA'S VEXATIOUS LITIGANT LAW, CODE OF**
     **CIVIL PROCEDURE SECTIONS 391 ET SEQ., IS**
16   **CONSTITUTIONAL.**

17     Whitaker's complaint alleges that §§ 391 *et seq.* is unconstitutional, (Compl. ¶¶ 6,

18 8, 10, 37, 38.1),  in particular because "defendant's current judicial procedures under

19 CCP 391.4 are to take plaintiff's property rights (legal complaint) . . . without hearing

20 on the merits."  (Compl. ¶ 9, 12.)

21     Neither the California Supreme Court nor the U.S. Supreme Court have ruled on the

22 vexatious litigant statutes, but California courts have uniformly upheld their validity.

23 *Taliaferro v. Hoogs*, 236 Cal.App.2d 521, 527-30 (1965); *First Western Development*

24 *Corp.* v. *Super. Ct. (Andrisani)* 212 Cal.App.3d 860, 868 (1989).  In *First Western*

25 *Development Corp.*, the state Court of Appeal explained:

26

27 _____

28     2.  This action does not name the trial court judge who decided that the vexatious litigant
     provisions are appropriate.

1

2

3

4

5

6

7

8

9

> In discussing the provisions of subdivision (b)(2) of section 391, the *Taliaferro* court held:  "The constant suer for himself becomes a serious problem to others than the defendant he dogs.  By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts. . . .
>
> . . . .
>
> Constitutional challenges to the statutory scheme were disposed of in *Taliaferro v. Hoogs*, in which the court held (1) the vexatious litigant statutes do not unlawfully discriminate against litigants proceeding in propria persona; (2) the statutes do not operate to deprive a litigant of due process of law; and (3) the requirement that security must be furnished by one found a vexatious litigant if there is no reasonable probability he will prevail is not vague or uncertain.

10    *First Western Development Corp.*, 212 Cal.App.3d at 868 (citation omitted).

11    Nothing in the concept of reasonably limiting a private person's power to

12    involuntarily involve others in judicial proceedings is foreign to American constitutional

13    principles.

14    Plaintiff mistakenly relies on *Beaudreau v. Superior Court of Los Angeles* (1975)

15    14 Cal.3d 448 (hereafter *Beaudreau*) (See Ex. H.), to support this contention. (Compl.

16    ¶¶ 4, 5, 13, 25, 51.3(c), (d).)  Plaintiff's reliance on *Beaudreau* is misplaced.  Contrary

17    to Plaintiff''s assertions, §§ 391 et seq. satisfies the constitutional requirements set out

18    in *Beaudreau*.  In *Beaudreau*, the California Supreme Court held that the fundamental

19    notions of due process require that a taking of a person's "right to file a bona fide and

20    potentially meritorious legal claim "must be preceded by a hearing in the particular case

21    in order to determine whether the statutory purpose is promoted by the imposition of the

22    [taking]." *See Beaudreau v. Super. Ct. of Los Angeles,* 14 Cal.3d. at 460. Where the

23    purpose of the statute is to prevent frivolous lawsuits, "a due process hearing would

24    necessarily inquire into the merit of the plaintiff''s action . . ." *Id.* Section 391 *et seq.*

25    does just that.

26    Although plaintiff''s complaint repeatedly alleges that §§ 391 et seq. takes his

27    "property rights without a hearing on the merits," and thus violates the holding in

28    *Beaudreau,* (Compl. ¶¶ 4, 5, 13, 25), Plaintiff plainly misstates the statutory language

of §§ 391 et seq., which, "explicitly provides for notice and opportunity to be heard

before the plaintiff is subjected to any adverse effects of the statute." *Wolfe v. George*,

385 F. Supp. 1004, 1010 (N.D. Cal. 2005), *aff''d*, 2007 U.S. App. LEXIS 9908 (9th Cir.

Apr. 30, 2007).  As Judge Armstrong held in the *Wolfe* case:

> Moreover, even when a prefiling order has been entered, there is never a "blanket" prohibition on further filings; a plaintiff deemed to be a vexatious litigant may always file a new action so long as the presiding judge determines that the litigation has merit and has not been filed for the purpose of harassment or delay. Cal. Code Civ. Proc. § 391.7(b). Such determinations are appropriately made on a case-by-case basis. *Id.* If the plaintiff believes that he has been wrongly denied of the opportunity to pursue meritorious litigation, relief by way of mandamus is immediately available to challenge the presiding judge's abuse of discretion. Cal. Code Civ. Proc. § 1085.

*Wolfe v. George,* 385 F. Supp. at 1010.

Thus, §§ 391 et seq. provides every individual alleged to be a vexatious litigant with

both:

1) an opportunity for a hearing both before he is declared a vexatious litigant who

should be subject to prefiling review and,

2) a judicial determination as to each proposed lawsuit by the prefiling review. *See*

Code Civ. Proc. §§ 391 *et seq.*  No person subject to the state vexatious litigant

provisions is denied the opportunity to commence any non-frivolous litigation without

due process. *See Wolfe v. George*, 385 F. Supp. at 1010; Code Civ. Proc. §§ 391 *et seq.*

The *Beaudreau* case arose from the application of Government Code, §§ 947 and

951, which pertained to a since-repealed requirement that plaintiffs suing a public entity

post undertakings as security for costs which might be awarded. The plaintiffs in

*Beaudreau* claimed that Gov. Code, §§ 947, 951, by requiring plaintiffs to file an

undertaking or suffer dismissal of their claim, affected a deprivation of property without

a hearing, and therefore violated due process.  *Beaudreau v. Super. Ct. of Los Angeles*,

14 Cal.3d at 454-55.  The California Supreme Court agreed with the *Beaudreau* plaintiffs

on two grounds. *Id.* at 456-60. First, the court found that a legal claim or grievance,

***assuming that it is bona fide and potentially meritorious***, constitutes a "property

1  interest" within the meaning of the due process clause. *Id.* at 456.  Second, the court held

2  that since the statutory procedures subjected the plaintiffs to a taking of  property, the

3  statute must satisfy due process by providing for "some form of notice and a hearing"

4  before the requiring of  an undertaking on pain of  dismissal of the claim.  *Id.* at 458.

5  Gov. Code § 947 was repealed by the Legislature in 1980.  Cal. Gov. Code § 947

6  (repealed 1980).

7       Contrary to plaintiff's assertions, §§ 391 *et seq.* satisfies the constitutional limits

8  set out in *Beaudreau*.  *See id.* at 460.  Although plaintiff's complaint repeatedly alleges

9  that §§ 391 *et seq.* takes plaintiff's "property rights without a hearing on the merits," and

10  thus violates the holding in *Beaudreau*, (Compl. ¶¶ 4, 5, 13, 25), plaintiff plainly

11  misstates the statutory language of §§ 391 *et seq.*, which, "explicitly provides for notice

12  and opportunity to be heard before the plaintiff is subjected to any adverse effects of the

13  statute."  *Wolfe v. George*, 385 F. Supp. 1004, 1010 (N.D. Cal. 2005), *aff'd*, 2007 U.S.

14  App. LEXIS 9908 (9th Cir. Apr. 30, 2007); see  Cal. Civ.  Proc. Code § 391.3 (judge

15  may only require plaintiff to post a security or order dismissal after finding that there is

16  "no reasonable probability that [the plaintiff] will prevail in the litigation against the

17  moving defendant").

18       California courts have consistently held that the state's vexatious litigant scheme

19  is "constitutional and [does] not deprive a litigant of due process of law."  *Bravo v.*

20  *Ismaj*, 99 Cal.App.4th 211, 222 (2002).  Plaintiff's as-applied challenge is precluded by

21  the *Rooker-Feldman* doctrine, *see infra*, because he is seeking relief from a prior state

22  court vexatious litigant order.  *See Bianchi v. Rylaarsdam,* 334 F.3d 895, 900-01 (9th

23  Cir. 2003) (*Rooker-Feldman* doctrine "precludes review of all 'state court decisions in

24  particular cases arising out of judicial proceedings even if those challenges allege that

25  the state court's action was unconstitutional.'")(citation omitted).

26

27

28

**II.**

**UNDER THE ROOKER-FELDMAN DOCTRINE,
THE DISTRICT COURT LACKS JURISDICTION
TO REVIEW STATE COURT JUDGMENTS AND
ORDERS.**

Plaintiff petitions this Court to enjoin the Superior Court of California from maintaining him on the list of litigants subject to the prefiling provisions that the Legislature has enacted for the protection of the public (See Compl. ¶ 51.3). However, plaintiff has been found to be a vexatious litigant after a contested hearing at which he submitted written opposition and had an opportunity to be heard. (Exs. A & B.) To entertain Plaintiff's prayer for relief in this action would be, in effect, to review the merits of the California Superior Court judgment. Such a review by this Court would violate a basic precept that federal district courts are not appellate tribunals.

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983), the U.S. Supreme Court held that district courts may exercise only original jurisdiction. The U.S. Supreme Court has exclusive jurisdiction to review state decisions. *Id.* at 486; *see also* 28 U.S.C. § 1257. The instant complaint asks this Court to review the state court's conduct of litigation there, but the district court is powerless to do so. See *Barry v. Brower*, 864 F.2d 294, 300 (3d Cir. 1988) ("principles of federalism preclude a federal court's direct interference with a state court's conduct of state court litigation").

The Court should dismiss this action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the relief plaintiff seeks is "inextricably intertwined" with the state court proceedings. *D.C. Court of Appeals v. Feldman,* 460 U.S. at 486-87.

The federal district courts are not appellate tribunals to review state court actions for alleged errors. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). A federal court has no jurisdiction over issues that are "inextricably intertwined" with allegations underlying the judgment of a state court. *D. C. Court of Appeals v. Feldman,* 460 U.S. at 486-87. The federal district courts lack jurisdiction to review state court judgments. *Allah v. Super. Ct. of the State of*

1  *California*, 871 F.2d 887, 890-91(9th Cir. 1989); *Rooker v. Fidelity Trust Co.,* 263 U.S.
2  413, 415 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. at 486-87.

3      District courts lack jurisdiction to review final state court determinations even when
4  the challenge to the state court decision involves federal constitutional issues. *Branson*
5  *v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805
6  F.2d 888, 890-891 (9th Cir. 1986). Characterizing this action as a general constitutional
7  challenge is of no avail to plaintiff; district courts have no jurisdiction where it appears
8  on the face of the complaint that the action seeks, in effect,"a review of the merits of a
9  state court action." A district court may, *sua sponte*, even sanction such a frivolous and
10  abusive use of judicial process by awarding attorney fees under 42 U.S.C. §1988.
11  *Branson v. Nott,* 62 F.2d at 292. As the court noted in *Louis v. Supreme Ct. of Nevada*,
12  490 F. Supp. 1174, 1179 (D. Nev. 1980):

13          If the constitutional issues had been raised in the State Supreme
            Court and decided erroneously, appeal to the United States Supreme
14          Court would have been the only available procedure to correct the
            error; ***the jurisdiction of the U.S. District Courts is original only,***
15          ***and not appellate.***

16  *Louis v. Supreme Ct. of Nevada,* 490 F. Supp. at 1179 (citing *Rooker v. Fidelity Trust*
    *Co.*, 263 U.S. 413) (emphasis added).

17                                      **III.**

18      **ABSOLUTE JUDICIAL QUASI-IMMUNITY BARS THIS**
19      **SUIT AGAINST THE STATE OF CALIFORNIA'S JUDICIAL**
        **BRANCH.**

20      The justices and judges of the state's judicial branch are immune from suit because
21  they enjoy absolute and unqualified immunity for the judicial acts that the complaint
22  alleges. The U.S. Supreme Court long ago established the rule that judges are immune
23  from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*,
24  502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Indeed, "it is a general
25  principle of the highest importance to the proper administration of justice that a judicial
26  officer, in exercising the authority vested in him, shall be free to act upon his own
27  conviction, without apprehension of personal consequences to himself." *Bradley v.*
28

Notice of hearing; Motion to Dismiss [Rule 12(b); Points and Authorities - CV08 1618 BZ

*Fisher*, 80 U.S. 335, 346 (1872).  Judges are absolutely immune from liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman,* 435 U.S.  at 356; *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)   In *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990), the Ninth Circuit cites *Stump v. Sparkman* for the proposition that, in this context, jurisdiction is to be broadly construed.  In the instant case, plaintiff does not, and cannot truthfully, allege anything other than that the judges he is suing have applied the state's vexatious litigant provisions, as is their duty.

## IV.

### THE ELEVENTH AMENDMENT IS A FURTHER BAR TO THIS SUIT AGAINST THE STATE AND ITS JUDICIARY.

The State, its agencies and its judicial officers in their official capacities are immune from suit in this Court by reason of the Eleventh Amendment of the United States Constitution. The Eleventh Amendment bars such suits in federal court unless the defendant has waived immunity or Congress has exercised its power under the Fourteenth Amendment to override that immunity.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1967).  The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.

The Eleventh Amendment bar applies to suits seeking injunctive or declaratory relief against a state or its agencies as well as to suits seeking damages.  *Alabama v. Pugh,* 438 U.S. 781, 782 (1973).  In *Alabama v. Pugh*, the State of Alabama and its Department of Corrections maintained that a mandatory injunction against them was unconstitutional because the Eleventh Amendment prohibits federal courts from entertaining suits against states and their agencies.  *Id.*

The Eleventh Amendment bars suits that seek either damages or injunctive relief

against a state, an arm of a state, or a state's instrumentalities or agencies. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). Thus, the State, the state courts, and the judges of the state courts in their official capacities are entitled to Eleventh Amendment immunity. *Austin v. State Indus. Insur. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991); *Franseschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1994); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). The amendment clearly prohibits actions for damages against an official's office, for they are in reality suits against the state. *Stivers v. Pierce*, 71 F.3d. 732, 749 (9th Cir. 1995).

In *O'Connor* v. *Nevada,* 507 F.Supp. 546, 550 (D.Nev., 1981), *aff'd* 686 F.2d 749 (9th Cir. 1982), *cert. denied* 459 U.S. 1071 (1982), the Nevada Supreme Court was recognized as an arm of the state itself and dismissed on Eleventh Amendment grounds. The Courts of California are similarly an arm of the state itself under the California Constitution, and therefore, immune from this lawsuit.

## CONCLUSION

The complaint does not state a claim upon which relief can be granted. This Court is without jurisdiction to hear what is, in effect, plaintiff's delayed appeal from a state court judgment. The constitutionality of §§ 391 *et seq.* has been decided by this Court and others. Nothing in the complaint gives reason to believe that it could be amended to state a claim, and it therefore should be dismissed without leave to amend.

Dated: June 18, 2008

Respectfully submitted,

/s/

TOM BLAKE
Deputy Attorney General

Attorneys for Defendants, The Honorable David Ballati; The Honorable Yolanda Northridge; The Honorable Frank Roesch; the Honorable Carl Morris; The Honorable George C. Hernandez, Jr.; Superior Court of California, County of Alameda; Superior Court of California, County of San Francisco

# EXHIBIT A

1 | ALAMEDA-CONTRA COSTA TRANSIT DISTRICT
LEGAL DEPARTMENT
2 | CAROL G. BABINGTON, INTERIM GENERAL COUNSEL
STEVEN C. NOGUERA, ESQ.
3 | 1600 FRANKLIN STREET, 6TH FLOOR
OAKLAND, CA 94612
4 | (510) 891-4827

5 | ATTORNEYS FOR DEFENDANT AC TRANSIT

6

7 | SUPERIOR COURT - STATE OF CALIFORNIA

8 | IN AND FOR THE COUNTY OF ALAMEDA

9

10 | FRED A. WHITAKER, et al.,                 )        NO. 687320-0
                                            )
11 |                   Plaintiffs,           )        ORDER GRANTING MOTION
                                            )        TO REQUIRE PLAINTIFF
12 | vs.                                      )        TO OBTAIN A PREFILING
                                            )        ORDER IN FUTURE
13 | BAY AREA RAPID TRANSIT                    )        LITIGATION PURSUANT TO
    DISTRICT, et al.,                        )        CCP SECTION 391.7
14 |                                          )        Date: Nov. 21, 1991
                  Defendants.               )        Time: 9:00 a.m.
15 |                                          )        Dept: 1

16

17 |        The motion of defendant Alameda-Contra Costa Transit

18 | District (hereinafter "AC Transit") for an order pursuant to CCP

19 | section 391.7, requiring plaintiff to obtain a prefiling order

20 | from the Presiding Judge before filing a complaint in future

21 | litigation came on regularly for hearing on November 21, 1991 in

22 | Department 1 of the above-entitled court.  The plaintiff appeared

23 | in propria persona.  Defendant AC Transit was represented by

24 | Steven Noguera, Esq.

25 |        The court, having considered both the moving and the

26 | opposition papers, and particularly the evidence upon the motion,

27 | ///

28

1   and having heard oral argument, finds that the plaintiff is a

2   vexatious litigant.

3          GOOD CAUSE APPEARING, IT IS ORDERED THAT:

4          1.  The motion of defendant AC Transit be, and hereby

5   is, granted;

6          2.  Plaintiff shall be required in future litigation to

7   obtain a prefiling order from the presiding judge of the court

8   where the proposed litigation is to be filed.

9          3.  Disobedience of this order by the plaintiff may be

10  result in plaintiff being held in contempt of court.

11

12          Dated:  November 22, 1991.

13

14                                  Judge of the Superior Court

15

16

17

18

19

20

21

22

23

24  (whitaker6)sh

25

26

27

28

2

202-680

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA

DEPT. One

Date: Nov. 26, 1991  Hon. HOWARD L. SCHWARTZ  Judge  Cathy Mills
Deputy Sheriff S. Adams

Deputy Clerk
Reporter

FRED A. WHITAKER, et al.

Counsel appearing
for Plaintiff    No appearance

Plaintiff

vs.

Counsel appearing
for Defendant    No appearance

BAY AREA RAPID TRANSIT
DISTRICT, et al

Defendant

RECEIVED
DEC 2 1991

ADMINISTRATIVE OFFICE
OF THE COURTS (S.F.)

NATURE OF PROCEEDINGS: PROOF OF SERVICE TO JUDICIAL
COUNCIL

ACTION No. 687320-0

The above entitled action is placed on calendar this day by
order of Court.

Pursuant to rules of Court a copy of an Prefiling Order must
be served on Judicial Council pursuant to CCP 391.7 subdivision
(a).

ENDORSED
FILED
NOV 2 6 1991

RENE C. DAVIDSON, County Clerk
By CATHY MILLS, Deputy

By _____ Deputy Clerk

CLERK''S CERTIFICATE OF SERVICE BY MAIL
CCP 1013 a (3)

No. 687320-0

I certify that: Cathy Mills

I am the Clerk of the Superior Court of the County of Alameda and am not a party

to the within action. I served the foregoing certified copy of an

ORDER GRANTING MOTION TO REQUIRE PLAINTIFF TO OBTAIN A PREFILING ORDER
IN FUTURE LITIGATION PURSUANT TO CCP SECTION 391
by depositing a true copy thereof in the United States mail in Oakland, California,

on November 26, 1991           in a sealed envelope with postage fully prepaid

addressed to:   CHAIR JUDICIAL COUNCIL OF CALIFORNIA
                ADMINISTRATIVE OFFICE OF THE COURTS
                303 Second Street, South Tower
                San Francisco, California  94107

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   November 26, 1991     at Oakland, California

                              RENE C. DAVIDSON
                              Clerk of the Superior Court

                          By Cathy Mills
                                          Deputy

# EXHIBIT B



COPY

RECEIVED

92 MAY 6  P 4:06

ADMINISTRATIVE OFFICE
OF THE COURTS

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

In re Finding of FRED A. WHITAKER    A057347

    as a Vexatious Litigant.

FILED

MAY - 6 1992

Court of Appeal First App. Dist.

     Today, we take one small step to eliminate an obvious waste of judicial resources.  We hold that Fred A. Whitaker comes within the statutory definitions of a vexatious litigant.  (Code Civ. Proc., § 391, subd. (b); statutory references hereafter are to this code.)  We further hold that Whitaker, not having been deterred by numerous determinations to the same effect by the Alameda Superior Court, shall henceforth be required to obtain the permission of the presiding judge or justice for any court of this state in which he proposes to commence any litigation.

     This matter arose when we began work on Whitaker's latest appeal (<u>Whitaker</u> v. <u>Department of Social Services of Alameda County</u>, A055479).  That action ended in the trial court with a dismissal after Whitaker failed to furnish security as required by

---

   *  Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of all footnotes.

1.

an order declaring him a vexatious litigant. Our attention was first drawn by the fact that the primary emphasis of Whitaker's briefs was a challenge to the constitutionality of the vexatious litigant statutes, an argument identical to one rejected by this court in an unrelated appeal only last year. (Whitaker v. Bay Area Rapid Transit District, A049779, nonpub. opn. filed April 23, 1991.) We also noted that the respondent on Whitaker's latest appeal specifically requested issuance of a so-called "prefiling order" authorized by section 391.7 and first used by an appellate court in In re Luckett (1991) 232 Cal.App.3d 107. Following the procedure pioneered by Division Three of the Fourth District in Luckett, we issued an order to Whitaker to show cause why the relief requested by respondent should not be granted. The matter was set for a hearing, at which time Whitaker appeared and submitted arguments.

One of the statutory definitions of a vexatious litigant is "a person who . . . [i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd. (b)(1).)

The records before us show that since 1985 Whitaker has filed at least twenty-four actions in the Alameda Superior Court. In five of these actions a demurrer was sustained without leave to

2.

amend.*1  In one a defense motion for summary judgment was granted.*2  Another had the trial court granting a defense motion to strike Whitaker's complaint.*3  In yet another, the court ended one action when it denied Whitaker leave to file an untimely claim against a governmental entity.*4  Two actions involved complaints filed by Whitaker in 1986 which did not get off the ground because Whitaker never effected service on the intended opposing parties.*5  In one case a dismissal with prejudice was entered against Whitaker.*6  In another, Whitaker lost in something like a default situation.*7  In no less than thirteen of the actions Whitaker was ordered to furnish security as required by orders finding him to be a vexatious litigant.*8  The bottom line is that

---

* See footnote ante, page 1.

1.  Whitaker v. Downtown Plasma Center, Ala. Super. Ct. 603373-0; Whitaker v. State of California, Ala. Super. Ct. 603567-5; Whitaker v. Polaroid Corp., Ala. Super. Ct. 606089-9; Whitaker v. Small Claims Court, Ala. Super. Ct. 601918-3; Whitaker v. The New Tread, Ala. Super. Ct. 601086-7.

2.  Whitaker v. Western Rentset, Ala. Super. Ct. 606982-3.

3.  Whitaker v. Zimmerman, Ala. Super. Ct. 602328-1.

4.  Whitaker v. City of Oakland, Ala. Super. Ct. 615695-6.

5.  Whitaker v. Turnquist, Ala. Super. Ct. 614606-3; Whitaker v. Johnson, Ala. Super. Ct. 617286-4.

6.  Whitaker v. Highland Hospital, Ala. Super. Ct. 602281-7.

7.  Whitaker v. Emby Foods, Ala. Super. Ct. 601176-3.

8.  Whitaker v. County of Alameda, Ala. Super. Ct. 673479-6 (Lambden, J.); Whitaker v. Board of Supervisors, Ala. Super. Ct. 660536-0 (Kawaichi, J.); Whitaker v. Salvation Army, Ala. Super. Ct. 660536-0(A) (Kawaichi, J.); Whitaker v. County of Alameda, Ala. Super. Ct. 639968-1 (McKibben, J.); Whitaker v. Pascarella,

3

Whitaker has not won any of the actions he began in the Alameda
Superior Court.

In this court Whitaker's score is only minusculely better.
He has filed 35 writ and appeal proceedings. Of his 19 petitions
for extraordinary writs, 2 were dismissed for procedural defects,*9
and 17, including 6 generated by a single superior court action,
were summarily denied.*10 With respect to Whitaker's 16 appeals,

---

* See footnote ante, page 1

Footnote 8 continued:
Ala. Super. Ct. 617979-5 (Travis, J.); Whitaker v. Pascarella,
Ala. Super. Ct. 603795-4 (Travis, J.); Whitaker v. Southland
Corp., Ala. Super. Ct. 603795-5 (Travis, J.); Whitaker v. Dept. of
Social Services, Ala. Super. Ct. 678001-8 (Lambden, J.); Whitaker
v. Bay Area Rapid Transit Dist., Ala. Super. Ct. 641237-5
(Ballachey, J.); Whitaker v. Wells Fargo Bank, Ala. Super. Ct.
621587-5 (Kawaichi, J.); Whitaker v. Bay Area Rapid Transit Dist.,
Ala. Super. Ct. 687320-0 (Schwartz, J.); Whitaker v. For Eyes
Optical Co., Ala. Super. Ct. 686873-8 (Agretelis, J.); Whitaker v.
Lake Merritt Lodge, Ala. Super. Ct. 681594-7 (Agretelis, J.).

9. Whitaker v. W.C.A.B., A034427; Whitaker v. Superior Court
(BART), A056829.

10. Whitaker v. Superior Court (Pascarella), A038147; Whitaker
v. Superior Court (Zimmerman), A038209; Whitaker v. Superior
Court (Department of Social Services), A045032; Whitaker v.
Superior Court (Pascarella), A045190; Whitaker v. Superior Court
(Pascarella), A045256; Whitaker v. Superior Court (Pascarella),
A045698; Whitaker v. Superior Court (Pascarella), A045699;
Whitaker v. Superior Court (BART), A045861; Whitaker v. Superior
Court (BART), A047717; Whitaker v. Superior Court (Department of
Social Services), A049286; Whitaker v. Superior Court
(Pascarella), A050017; Whitaker v. Superior Court (Salvation
Army), A052926; Whitaker v. Superior Court (AC Transit), A052927;
Whitaker v. Municipal Court (AC Transit), A054100; Whitaker v.
Superior Court (AC Transit), A054102; Whitaker v. Superior Court
(For Eyes Optical Co.), A056540; Whitaker v. Superior Court
(BART), A056829.

4

7 were dismissed,[11] 8 were affirmed,[12] and only one was reversed.[13]  That the reversal involved only a pretrial matter in a case subsequently resolved against Whitaker.[14]

Another of the statutory definitions of a vexatious litigant is "a person who . . . . [i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers . . . . or engages in other tactics that are frivolous . . . ."  (§ 391, subd. (b)(3).).

As previously mentioned, Whitaker is again contending that the vexatious litigant statutes are unconstitutional, an argument we expressly rejected in one of his cases only last year.  This identical argument has also been rejected by other divisions of this court in cases in which he was a party.[15]  By

---

* See footnote ante, page 1.

11. Whitaker v. Western Rents, A036600; Whitaker v. Zimmerman, A038857; Whitaker v. Pascarella, A045584; Whitaker v. Bay Area Rapid Transit Dist., A045878; Whitaker v. Department of Social Services, A054954; Whitaker v. Bay Area Rapid Transit Dist., A056825; Whitaker v. Department of Social Services, A055479.

12. Whitaker v. State of California, A035209; Whitaker v. The New Tread, A038973; Whitaker v. Pascarella, A045330; Whitaker v. Bay Area Rapid Transit Dist., A049779; Whitaker v. Wells Fargo Bank, A050642; Whitaker v. County of Alameda, A050722; Whitaker v. AC Transit, A053007; Whitaker v. Salvation Army, A053121.

13. Whitaker v. Pascarella, A038109.

14. Whitaker v. Pascarella, A045584.

15. Whitaker v. Pascarella, A045330 (Div. 1); Whitaker v. Wells Fargo Bank, A050642 (Div. 3); Whitaker v. County of Alameda, A053007 (Div. 5); Whitaker v. County of Alameda, A050722 (Div. 5); Whitaker v. Salvation Army, A053121 (Div. 5).

5.

coming forward again with this argument, Whitaker is engaging in frivolous conduct. (See City of Bell Gardens v. County of Los Angeles (1991) 231 Cal.App.3d 1563 [appeal is frivolous if it involves claim previously rejected by same court]; Hummel v. First National Bank (1987) 191 Cal.App.3d 489 [same].)

Obviously Whitaker has repeatedly misused the courts of this state. What we have said with regard to the consequences of frivolous appeals is equally pertinent in this context: "Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources." (Finnie v. Town of Tiburon (1988) 199 Cal.App.3d 1, 17 [citation omitted].)

In light of his extensive history of frivolous filings, this court finds that Fred A. Whitaker is a vexatious litigant within the meaning of section 391, subdivisions (b)(1) and (b)(3). Less drastic remedies having failed, we order that henceforth Fred A. Whitaker may not file any litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court in which the litigation is proposed to be filed. (§ 391.7, subd. (a).)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (d).) Copies shall also be provided to the presiding judges of the Alameda County Superior Court and each branch of the municipal

6.

courts in Alameda County.

_____
                                        Poché, J.

WE CONCUR:

_____
Anderson, P.J.

_____
Reardon, J.

In re Finding of Whitaker
A057347

-7-

**EXHIBIT C**

Westlaw.

6 Cal.App.4th 54                                                                                    Page 1
6 Cal.App.4th 54, 8 Cal.Rptr.2d 249
(Cite as: 6 Cal.App.4th 54, 8 Cal.Rptr.2d 249)

**H**In re Whitaker
Cal.App. 1 Dist.,1992.

Court of Appeal, First District, Division 4, California.
In re Finding of Fred A. WHITAKER as a Vexatious
Litigant.
No. A057347.

May 6, 1992.
Certified For Partial Publication [FN*]

FN* Pursuant to California Rules of Court, rules
976(b) and 976.1, this opinion is certified for
publication with the exception of all footnotes.
Review Denied July 22, 1992.

Show cause order was issued to person alleged to be a
vexatious litigant. The Court of Appeal, Poché, J., held
that litigant was vexatious and would be required to
obtain leave of court before filing any litigation in propria
persona.

Ordered accordingly.

West Headnotes

[1] Injunction 212 ⟝26(4)

212 Injunction
    212II Subjects of Protection and Relief

212II(A) Actions and Other Legal Proceedings
        212k26 Commencement and Prosecution of
Civil Actions
            212k26(4) k. Prevention of Multiplicity of
Suits or Circuity of Action. Most Cited Cases
Vexatious litigant statutes are not unconstitutional. West's
Ann.Cal.C.C.P. § 391(b).

[2] Injunction 212 ⟝26(4)

212 Injunction
    212II Subjects of Protection and Relief
        212II(A) Actions and Other Legal Proceedings
            212k26 Commencement and Prosecution of
Civil Actions
                212k26(4) k. Prevention of Multiplicity of
Suits or Circuity of Action. Most Cited Cases
Litigant who had filed at least 24 actions in superior court
in the past seven years, who had been required to furnish
security in 13 of the actions, who had not won any of the
actions, who had filed 35 writ and appeal proceedings,
with two of the petitions being dismissed for procedural
defects and 17 being summarily denied, was a vexatious
litigant and, less drastic remedies having failed, court
would order that he could not file any litigation in propria
persona without first obtaining leave of the presiding
judge of the court in which litigation was proposed to be
filed. West's Ann.Cal.C.C.P. § 391.7.

**\*55\*\*249 POCHÉ, Associate Justice.**
Today, we take one small step to eliminate an obvious
waste of judicial resources. **\*\*250** We hold that Fred A.
Whitaker comes within the statutory definitions of a
vexatious litigant. (Code Civ.Proc., § 391, subd. (b);
statutory references hereafter are to this code.) We further
hold that Whitaker, not having been deterred by numerous
determinations to the same effect by the Alameda

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

6 Cal.App.4th 54                                                                                                      Page 2
6 Cal.App.4th 54, 8 Cal.Rptr.2d 249
(Cite as: 6 Cal.App.4th 54, 8 Cal.Rptr.2d 249)

Superior Court, shall henceforth be required to obtain the permission of the presiding judge or justice for any court of this state in which he proposes to commence any litigation.

This matter arose when we began work on Whitaker's latest appeal (*Whitaker v. Department of Social Services of Alameda County,* A055479). That action ended in the trial court with a dismissal after Whitaker failed to furnish security as required by an order declaring him a vexatious litigant. Our attention was first drawn by the fact that the primary emphasis of Whitaker's briefs was a challenge to the constitutionality of the vexatious litigant statutes, an argument identical to one rejected by this court in an unrelated appeal only last year. (*Whitaker v. Bay Area Rapid Transit District,* A049779, nonpub. opn. filed April 23, 1991.) We also noted that the respondent on Whitaker's latest appeal specifically requested issuance of a so-called "prefiling order" authorized by section 391.7 and first used by an appellate court in *In re Luckett* (1991) 232 Cal.App.3d 107, 283 Cal.Rptr. 312. Following the procedure pioneered by Division Three of the Fourth District in *Luckett,* we issued an order to Whitaker to show cause why the relief requested by respondent should not be granted. The matter was set for a hearing, at which time Whitaker appeared and submitted arguments.

One of the statutory definitions of a vexatious litigant is "a person who ... [i]n the immediately preceding seven-year period has commenced, *56 prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd. (b)(1).)

The records before us show that since 1985 Whitaker has filed at least twenty-four actions in the Alameda Superior

Court. In five of these actions a demurrer was sustained without leave to amend.[FN**1] In one a defense motion for summary judgment was granted.[**2] Another had the trial court granting a defense motion to strike Whitaker's complaint.[**3] In yet another, the court ended one action when it denied Whitaker leave to file an untimely claim against a governmental entity.[**4] Two actions involved complaints filed by Whitaker in 1986 which did not get off the ground because Whitaker never effected service on the intended opposing parties.[**5] In one case a dismissal with prejudice was entered against Whitaker.[**6] In another, Whitaker lost in something like a default situation.[**7] In no less than thirteen of the actions Whitaker was ordered to furnish security as required by orders finding him to be a vexatious litigant.[**8] The bottom line is that Whitaker has not won any of the actions he began in the Alameda Superior Court.

FN** See footnote * *ante.*

In this court Whitaker's score is only minuscusely better. He has filed 35 writ and appeal proceedings. Of his 19 petitions for extraordinary writs, 2 were dismissed for procedural defects,[**9] and 17, including 6 generated by a single superior court action, were summarily denied.[**10] With respect to Whitaker's 16 appeals, 7 were dismissed,[**11] 8 were affirmed,[**12] and only one was reversed.[**13] That the reversal involved only a pretrial matter in a case subsequently resolved against Whitaker.[**14]

Another of the statutory definitions of a vexatious litigant is "a person who ... [i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers ... or engages in other tactics that are frivolous...." (§ 391, subd. (b)(3).)

[1] As previously mentioned, Whitaker is again

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

6 Cal.App.4th 54                                                       Page 3
6 Cal.App.4th 54, 8 Cal.Rptr.2d 249
(Cite as: 6 Cal.App.4th 54, 8 Cal.Rptr.2d 249)

contending that the vexatious litigant statutes are unconstitutional, an argument**251 we expressly rejected in one of his cases only last year. This identical argument has also been rejected by other divisions of this court in cases in which he was a party."*[15] By coming forward again with this argument, Whitaker is engaging in frivolous conduct. (See *City of Bell Gardens v. County of Los Angeles* (1991) 231 Cal.App.3d 1563, 283 Cal.Rptr. 91 [appeal is frivolous if it involves claim previously rejected by same court]; *Hummel v. First National Bank* (1987) 191 Cal.App.3d 489, 236 Cal.Rptr. 449 [same].)

**\*57** Obviously Whitaker has repeatedly misused the courts of this state. What we have said with regard to the consequences of frivolous appeals is equally pertinent in this context: "Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 17, 244 Cal.Rptr. 581 [citation omitted].)

[2] In light of his extensive history of frivolous filings, this court finds that Fred A. Whitaker is a vexatious litigant within the meaning of section 391, subdivisions (b)(1) and (b)(3). Less drastic remedies having failed, we order that henceforth Fred A. Whitaker may not file any litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court in which the litigation is proposed to be filed. (§ 391.7, subd. (a).)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (d).) Copies shall also be provided to the presiding judges of the Alameda County Superior Court and each branch of the municipal courts in Alameda County.

ANDERSON, P.J., and REARDON, J., concur.
Cal.App. 1 Dist.,1992.
In re Whitaker
6 Cal.App.4th 54, 8 Cal.Rptr.2d 249

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw Delivery Summary Report for BLAKE,THOMAS A 1404025

| | |
|---|---|
| Your Search: | fred /2 whitaker & DA(AFT 1991 & BEF 1993) |
| Date/Time of Request: | Wednesday, June 11, 2008 14:50 Pacific |
| Client Identifier: | WHITAKER |
| Database: | CTA9-ALL |
| Citation Text: | 6 Cal.App.4th 54 |
| Lines: | 135 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

# EXHIBIT  D

CALIFORNIA CODES
CODE OF **CIVIL PROCEDURE**
SECTION **391-391.7**


**391.**  As used in this title, the following terms have the following
meanings:
    (a) "Litigation" means any **civil** action or proceeding, commenced,
maintained or pending in any state or federal court.
    (b) "Vexatious litigant" means a person who does any of the
following:
    (1) In the immediately preceding seven-year period has commenced,
prosecuted, or maintained in propria persona at least five
litigations other than in a small claims court that have been (i)
finally determined adversely to the person or (ii) unjustifiably
permitted to remain pending at least two years without having been
brought to trial or hearing.
    (2) After a litigation has been finally determined against the
person, repeatedly relitigates or attempts to relitigate, in propria
persona, either (i) the validity of the determination against the
same defendant or defendants as to whom the litigation was finally
determined or (ii) the cause of action, claim, controversy, or any of
the issues of fact or law, determined or concluded by the final
determination against the same defendant or defendants as to whom the
litigation was finally determined.
    (3) In any litigation while acting in propria persona, repeatedly
files unmeritorious motions, pleadings, or other papers, conducts
unnecessary discovery, or engages in other tactics that are frivolous
or solely intended to cause unnecessary delay.
    (4) Has previously been declared to be a vexatious litigant by any
state or federal court of record in any action or proceeding based
upon the same or substantially similar facts, transaction, or
occurrence.
    (c) "Security" means an undertaking to assure payment, to the
party for whose benefit the undertaking is required to be furnished,
of the party's reasonable expenses, including attorney's fees and not
limited to taxable costs, incurred in or in connection with a
litigation instituted, caused to be instituted, or maintained or
caused to be maintained by a vexatious litigant.
    (d) "Plaintiff" means the person who commences, institutes or
maintains a litigation or causes it to be commenced, instituted or
maintained, including an attorney at law acting in propria persona.
    (e) "Defendant" means a person (including corporation,
association, partnership and firm or governmental entity) against
whom a litigation is brought or maintained or sought to be brought or
maintained.


**391.1.**  In any litigation pending in any court of this state, at any
time until final judgment is entered, a defendant may move the
court, upon notice and hearing, for an order requiring the plaintiff
to furnish security.  The motion must be based upon the ground, and
supported by a showing, that the plaintiff is a vexatious litigant
and that there is not a reasonable probability that he will prevail
in the litigation against the moving defendant.


**391.2.**  At the hearing upon such motion the court shall consider
such evidence, written or oral, by witnesses or affidavit, as may be
material to the ground of the motion.  No determination made by the
court in determining or ruling upon the motion shall be or be deemed
to be a determination of any issue in the litigation or of the merits

thereof.

391.3.  If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix.

391.4.  When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished.

391.6.  When a motion pursuant to Section 391.1 is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof.  When a motion pursuant to Section 391.1 is made at any time thereafter, the litigation shall be stayed for such period after the denial of the motion or the furnishing of the required security as the court shall determine.

391.7.  (a) In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.  Disobedience of the order by a vexatious litigant may be punished as a contempt of court.
   (b) The presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay.  The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3.
   (c) The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding judge permitting the filing.  If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a).  The filing of the notice shall automatically stay the litigation.  The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in subdivision (b).  If the presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.
   (d) For purposes of this section, "litigation" includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order.
   (e) The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a).  The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state.

# EXHIBIT E

FILED

AUG 27 1992

CLERK, U. S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED A. WHITAKER,                    )
                                     )
                Plaintiff,           )    No. C-92-1821 EFL
                                     )
        vs.                          )         ORDER
                                     )
ALAMEDA COUNTY SUPERIOR              )
COURT, et al.,                       )
                                     )
                Defendants.          )
_____)

Plaintiff has filed a motion for a new trial in the above-captioned matter. Additionally, plaintiff seeks a directed verdict, a judgment notwithstanding the verdict and a rehearing. The above-captioned matter was never, in fact, tried. The matter was, however, dismissed with prejudice following the denial of plaintiff's motion for a preliminary injunction on July 14, 1992.

Additionally, the Court notes that this suit (against the state appellate court) is almost identical to a suit dismissed by this Court on November 14, 1991 (against the state trial court). Each of these suits stems from plaintiff's contention that the state vexatious litigant statute is unconstitutional. The Ninth Circuit affirmed this Court's earlier dismissal, and sanctioned plaintiff in the amount of $250.

COPIES MAILED TO
PARTIES OF RECORD

At the time this case was dismissed with prejudice, this Court took great pains to explain to Mr. Whitaker that his sole remedy, should he disagree with this Court's ruling, is to take an appeal, and not to continue filing papers or to sue this Court. Mr. Whitaker has not heeded this warning.

Accordingly, as plaintiff's current motion is not only patently frivolous but has already been ruled upon, it must be DENIED. This case was previously DISMISSED WITH PREJUDICE, and will not be revisited.

Additionally, the Court HEREBY ORDERS the Clerk of the Court not to file any further complaints from Mr. Whitaker without a prior determination that they are not frivolous. Mr. Whitaker has exhausted this Court's patience and resources, as well as those of the defendants who have been forced to repeatedly seek dismissals of matters already adjudicated.

### Conclusion

1. Plaintiff's motion is DENIED.

2. The Clerk of the Court is HEREBY ORDERED not to file any more complaints from Mr. Whitaker until a Judge of this Court has reviewed them, and determined that they are not patently frivolous.

IT IS SO ORDERED.

DATED: August 20, 1992.

EUGENE F. LYNCH
United States District Judge

2.

# EXHIBIT F

Westlaw.

972 F.2d 1348                                                                 Page 1
972 F.2d 1348, 1992 WL 184334 (C.A.9 (Cal.))
**(Cite as: 972 F.2d 1348, 1992 WL 184334 (C.A.9 (Cal.)))**

**H**Whitaker v. Alameda County Superior Court
C.A.9 (Cal.),1992.
NOTICE: THIS IS AN UNPUBLISHED
OPINION.(The Court's decision is referenced in a
"Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTA9 Rule
36-3 for rules regarding the citation of unpublished
opinions.)
United States Court of Appeals, Ninth Circuit.
Fred A. WHITAKER, Plaintiff-Appellant,
v.
ALAMEDA COUNTY SUPERIOR COURT, et al.,
Defendants-Appellees.
**Nos. 91-16866, 92-15002.**

Submitted July 27, 1992.FN*
Decided Aug. 4, 1992.

Appeal from the United States District Court for the
Northern District of California, No. CV 91-2425-
WDB; Eugene F. Lynch, District Judge, Presiding.
N.D.Cal.

AFFIRMED.

Before WRIGHT, FARRIS and BEEZER, Circuit
Judges.

MEMORANDUM FN**

*1 Fred A. Whitaker appeals pro se the district court's
dismissal of his complaint, which alleged that
California's vexatious litigant statutes, Cal.Civ.Proc.
§ 391 et seq., are unconstitutional. We affirm.

The preclusive effect of a state court decision is
determined by the law of that state. 28 U.S.C. § 1738;
Marrese v. American Academy of Orthopedic
Surgeons, 470 U.S. 373, 379-82 (1985). Under
California law, a prior decision will preclude
relitigation of an issue if: (1) the identical issue was
necessarily decided in the prior proceeding; (2) the
decision was a final judgment on the merits; and (3)
the party against whom issue preclusion is asserted
was a party to or in privity with a party to the prior
proceeding. People v. Sims, 651 P.2d 321, 331

(Cal.1982).

The district court correctly dismissed Whitaker's
complaint. In In re Finding of Fred A. Whitaker as a
Vexatious Litigant, 8 Cal.Rptr.2d 249, 250-51
(Cal.Ct.App.1992), the court described Whitaker's
litigious history and noted:

Whitaker is again contending that the vexatious
litigant statutes are unconstitutional, an argument we
expressly rejected in one of his cases only last year.
[i.e., Whitaker v. Bay Area Rapid Transit District,
No. A049779 (Cal.Ct.App. Apr. 23, 1991)
(unpublished opinion), cert. denied,--- U.S. ----, 112
S.Ct. 385 (1991).] This identical argument has also
been rejected by other divisions of this court in cases
in which he was a party.

The primary emphasis of Whitaker's briefs is that the
vexatious litigant statutes are unconstitutional. We
have carefully reviewed the record. Whitaker's claims
have been fully litigated in the state courts and
therefore cannot be relitigated in federal district
court.

We exercise our discretion to impose damages on
Whitaker as a sanction for raising frivolous issues on
appeal. SeeFed.R.App.P. 38; Wilcox v. Commissioner
of Internal Revenue, 848 F.2d 1007, 1008-09 (9th
Cir.1988). Whitaker's argument that he is not
precluded from relitigating the constitutionality of the
vexatious litigant statutes is wholly without merit.
We award sanctions in the amount of $250 as a
judgment against Whitaker and in favor of Alameda
County.

AFFIRMED.

> FN* Pursuant to Ninth Circuit Rule 34-4,
> the panel unanimously finds this case
> suitable for disposition without oral
> argument.

> FN** This disposition is not appropriate for
> publication and may not be cited to or by the
> courts of this Circuit except as provided by
> Ninth Circuit Rule 36-3.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

972 F.2d 1348                                                                    Page 2
972 F.2d 1348, 1992 WL 184334 (C.A.9 (Cal.))
**(Cite as: 972 F.2d 1348, 1992 WL 184334 (C.A.9 (Cal.)))**


C.A.9 (Cal.),1992.
Whitaker v. Alameda County Superior Court
972 F.2d 1348, 1992 WL 184334 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT  G**

Westlaw.

12 F.3d 1111                                                                          Page 1
12 F.3d 1111, 1993 WL 497962 (C.A.9 (Cal.))
**(Cite as: 12 F.3d 1111, 1993 WL 497962 (C.A.9 (Cal.)))**

**H**Whitaker v. Alameda County Superior Court
C.A.9 (Cal.),1993.
NOTICE: THIS IS AN UNPUBLISHED
OPINION.(The Court's decision is referenced in a
"Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTA9 Rule
36-3 for rules regarding the citation of unpublished
opinions.)
United States Court of Appeals, Ninth Circuit.
Fred A. WHITAKER, Plaintiff-Appellant,
v.
ALAMEDA COUNTY SUPERIOR COURT,
Defendant-Appellee.
**No. 92-17001.**

Submitted Nov. 17, 1993.[FN*]
Decided Dec. 1, 1993.

Appeal from the United States District Court for the
Northern District of California; No. CV-92-01821-
EFL, Eugene F. Lynch, District Judge, Presiding.
N.D.Cal.

AFFIRMED.

Before: SCHROEDER, D.W. NELSON, and
THOMPSON, Circuit Judges.

MEMORANDUM [FN**]

*1 Fred A. Whitaker appeals pro se the district court's
denial of his motion for a temporary restraining order
and preliminary injunction against the California
Court of Appeals. Whitaker also appeals the district
court's denial of his motion to disqualify the district
court judge. We affirm.

I

Preliminary Injunction

Whitaker contends the district court erred by denying
his motion for a preliminary injunction. This
contention lacks merit.

We have jurisdiction to review the denial of a
preliminary injunction. See28 U.S.C. § 1292(a)(1).[FN1]
We will reverse a district court's denial of a
preliminary injunction only if the district court
abused its discretion or based its decision on an
erroneous legal standard. Senate of California v.
Mosbacher, 968 F.2d 974, 975 (9th Cir.1992).

In determining whether to grant a preliminary
injunction, the district court considers the
likelihood of success on the merits and the relative balance of
potential hardships to the plaintiff, defendant, and
public. Alaska v. Native Village of Venetie, 856 F.2d
1384, 1389 (9th Cir.1988). Under the Rooker-
Feldman doctrine, a district court is prohibited from
reviewing a state court decision. District of Columbia
Court of Appeals v. Feldman, 460 U.S. 462, 482
(1983). Under the doctrine, a district court may
exercise only original jurisdiction, and the United
States Supreme Court has exclusive jurisdiction to
review state appellate decisions. Id. at 486.See also28
U.S.C. § 1257.

Here, Whitaker sought a preliminary injunction
enjoining the California Court of Appeals from
upholding the constitutionality of Calif.Code
Civ.Proc. § 391, which requires a vexatious litigant to
post a security bond before proceeding with any
further actions. Whitaker requested the district court
to overturn a California Court of Appeals order
declaring Whitaker a vexatious litigant on the ground
that Cal.Code Civ.Proc. § 391 is unconstitutional.

The district court properly held that it lacked
jurisdiction to review the California Court of
Appeals' decision. See id. Thus, the district court did
not base its decision on an erroneous legal standard
and properly denied Whitaker's motion for
preliminary injunction. See Mosbacher, 968 F.2d at
975.

II

Denial of Motion to Disqualify Judge Lynch

Whitaker contends the district court abused its
discretion by denying his motion to disqualify Judge

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

12 F.3d 1111
12 F.3d 1111, 1993 WL 497962 (C.A.9 (Cal.))
**(Cite as: 12 F.3d 1111, 1993 WL 497962 (C.A.9 (Cal.)))**

Lynch. This contention lacks merit.

We have jurisdiction to review the district court's denial of Whitaker's motion to disqualify the judge. *See*Fed.R.App.P. 3(b). We review a district judge's refusal to disqualify himself under 28 U.S.C. § 144 or § 455 for abuse of discretion. *E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1294 (9th Cir.1992)* (section 144); *Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987)* (section 455). A judge is required to recuse himself if he has a personal bias or prejudice against a party. *Gonzales v. Parks, 830 F.2d 1033, 1037 (9th Cir.1987)*. A motion to disqualify under section 144 requires the party to file a legally sufficient affidavit alleging facts supporting the claim that the judge is biased or prejudiced against him. *United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980)*. If the affidavit is legally insufficient or unsupported by a factual basis, then the court must deny the motion. *Id.* at 868.

**\*2** Here, Whitaker's affidavit merely stated that "Honorable Judge Lynch ... is prejudice[d] and or bias[ed] against the plaintiff or the interest of the plaintiff so that plaintiff believes that he cannot receive a fair and impartial trial/hearing...." This declaration is not legally sufficient and does not set forth the facts upon which Whitaker claims bias or prejudice. Thus, the district court judge did not abuse his discretion by denying the disqualification motion. *See id.* Moreover, the district court judge did not err by failing sua sponte to recuse himself pursuant to section 455. *See id.*

### III

### Appellee's Request for Sanctions

Appellee requests that we sanction Whitaker $1,000 for filing this appeal. We have discretion to impose sanctions against an appellant for filing a frivolous appeal. Fed.R.App.P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988)*. Although we find Whitaker's appeal to be frivolous, in the exercise of our discretion, we decline to impose sanctions.[FN2] Nevertheless, we caution Whitaker that he may be subject to sanctions if he files any additional frivolous appeals in this court.[FN3]

AFFIRMED.

FN* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Whitaker's request for oral argument.

FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.

FN1. We lack jurisdiction to review the district court's denial of Whitaker's motion for a temporary restraining order and dismiss his appeal as to this decision. *See Religious Tech. Ctr., Church of Scientology v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989)*.

FN2. We also deny Whitaker's request that we impose sanctions in the amount of $100,000 against appellee.

FN3. We note that this court previously sanctioned Whitaker $250 for filing a frivolous appeal of a district court dismissal of a complaint alleging that Cal.Code Civ.Proc. § 391 is unconstitutional. *See Whitaker v. Alameda Superior Court,* Nos. 91-16866, 92-15002 (9th Cir. Aug. 4, 1992).

C.A.9 (Cal.),1993.
Whitaker v. Alameda County Superior Court
12 F.3d 1111, 1993 WL 497962 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT  H

Westlaw.

535 P.2d 713                                                                              Page 1
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
**(Cite as: 14 Cal.3d 448)**

**C**Beaudreau v. Superior Court of Los Angeles
County
Cal.
JOYCE BEAUDREAU, a Minor, etc., et al.,
Petitioners,
v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent; WILLIAM J. JOHNSTON,
Individually and as Superintendent, etc., et al., Real
Parties in Interest
**L.A. No. 30360.**

Supreme Court of California
May 29, 1975.

SUMMARY

In an action against a school district and public
employees brought by students and parents of
students who alleged a deprivation of rights in
violation of the Elementary and Secondary Education
Act of 1965 (20 U.S.C. § 241a et seq.), defendants,
pursuant to Gov. Code, §§ 947, 951, demanded that
plaintiffs post undertakings in an amount
approximating $25,000 as security for costs which
might be awarded against plaintiffs. At a hearing on
plaintiffs' motion to quash defendants' demands, the
trial court upheld the state statutes against due
process and equal protection attacks, concluded that
the amount of defendants' demands exceeded
statutory limitations absent a showing of good cause,
determined that the statutes authorize defendants to
require security in an amount approximating $20,000,
and ordered the filing of such an undertaking within
20 days on penalty of dismissal.

On defendants' application for relief on the ground of
denial of due process, the Supreme Court issued a
writ of mandate. Initially addressing itself to the
question whether the operation of the state statutes
results in a taking within due process concepts, the
court concluded that a plaintiff is deprived of his
property by the statutes whether he complies or
refuses to comply. Next, the court looked into the
question of whether this taking satisfies due process
principles as outlined in the general rules that a

deprivation of property, within the due process
clauses, requires a notice and hearing which must be
meaningful and appropriate and which, absent
extraordinary circumstances, must be held before the
taking. Applying these rules to the challenged
statutes, the court held the provisions unconstitutional
as violating due process rights under the U.S. Const.,
5th and 14th Amends., and Cal. Const., art. I, §§ 7,
15, in failing to provide for a hearing to determine
whether the statutory purpose is promoted by
imposition of the undertaking requirement, and to
inquire into the merit of the litigation and the
reasonableness of the amount of the undertaking
demanded.

In Bank. (Opinion by Sullivan, J., expressing the
unanimous view of the court.)

HEADNOTES

Classified to California Digest of Official Reports

**(1)** Costs § 4--Security for Costs--Action Against
Public Entity or Public Employee--Purpose of
Statute.
Gov. Code, §§ 947, 951, relating to the filing of an
undertaking by plaintiff in an action against a public
entity or public employee, were enacted to protect
such entities and employees against unmeritorious
and frivolous litigation.

**(2)** Costs § 4--Security for Costs--Hearing.
On motion for relief from an undertaking
requirement, plaintiff is entitled to a hearing to
determine whether he qualifies to proceed in forma
pauperis, whether defendant's demand as to the
undertaking exceeds the amount authorized by
statute, whether defendant is a public entity or public
employee within applicable statutes, or whether such
statutes are valid.

**(3)** Costs § 4--Security for Costs--Taking of Property.
The operation of Gov. Code, §§ 947, 951, relating to
the filing of an undertaking by plaintiff in an action
against a public entity or a public employee, results
in a taking of property within the meaning of due
process principles.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
**(Cite as: 14 Cal.3d 448)**

Page 2

**(4)** Constitutional Law § 109--Procedural Due Process--Hearing.
In every case involving a deprivation of property within the purview of the due process clause, the Constitution requires some form of notice and a hearing. Absent extraordinary circumstances justifying resort to summary procedures, the hearing must take place *before* an individual is deprived of a significant property interest. The fact that he may later recover the property by prevailing at a post-deprivation hearing does not satisfy constitutional requirements. The formality and procedural requisites for the hearing may vary and are largely determined by balancing the state's interests against the private interest affected by governmental action. However, the hearing must be meaningful and appropriate to the nature of the case.

**(5a, 5b)** Costs § 4--Security for Costs--Constitutionality of Statutes.
Gov. Code, §§ 947, 951, relating to the filing of an undertaking by plaintiff in an action against a public entity or a public employee, are unconstitutional as violating due process rights under the U.S. Const., 5th and 14th Amends. and Cal. Const., art. I, §§ 7, 15, in that the statutes fail to provide for a hearing to determine whether the statutory purpose is promoted by imposition of the undertaking requirement, and to inquire into the merit of plaintiff's action, as well as into the reasonableness of the amount of the undertaking in the light of defendant's probable expenses.
[See **Cal.Jur.3d,** Constitutional Law, § 359; **Am.Jur.2d,** Constitutional Law, § 572.]
**(6)** Constitutional Law § 104--Due Process--Operation and Scope--"Rights" and "Privileges."
Failure of Gov. Code, §§ 947, 951, relating to the filing of an undertaking by plaintiff in an action against a public entity or a public employee, to satisfy due process requirements, cannot be justified under the theory that bringing such an action is a privilege, rather than a right, and, as such, not subject to due process requirements.

COUNSEL
Ernest L. Aubry for Petitioners.
No appearance for Respondent.
John H. Larson, County Counsel, Gregory L. James and Ronald J. Selgrath, Deputy County Counsel, for Real Parties in Interest.

SULLIVAN, J.
Petitioners seek a writ of mandate to compel respondent superior court to permit them to prosecute a pending action against **\*451** real parties in interest without filing an undertaking for costs as prescribed by Government Code sections 947 and 951. [FN1] Petitioners contend that these statutes violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and article I, sections 7 and 15, of the California Constitution.

> FN1 Hereafter, unless otherwise specified, all section references are to the Government Code.

The proceedings giving rise to the present controversy may be briefly summarized. On May 23, 1974, petitioners (hereafter plaintiffs), consisting of 16 minors, suing as public school students, and 7 parents of students attending public schools, brought the underlying action against real parties in interest (hereafter defendants) in respondent superior court claiming a deprivation of rights in violation of the Elementary and Secondary Education Act of 1965 (20 U.S.C.A. § 241a et seq.). Defendants are the Los Angeles Unified School District (District), a public entity, seven members of the District's governing board (Los Angeles City Board of Education), the District's superintendent of schools (William J. Johnston), and the District's director of compensatory education programs (William Anton).

Defendants thereupon filed in said court and served upon plaintiffs seven documents demanding that they post undertakings in amounts totaling $25,700 as security for allowable costs which might be awarded against said plaintiffs. These demands were made without prior court order pursuant to sections 947 [FN2] and 951, [FN3] which permit public entities and public employees or former public employees to impose such a requirement in any action brought against them. Plaintiffs moved to **\*452** quash these demands for the filing of undertakings on the following grounds: (1) That the amounts demanded by defendants exceeded the sums permitted by sections 947 and 951 without a showing of "good cause," no such showing having been made by defendants; (2) that said sections permit a summary taking of property in violation of the due process clauses of the United States and California Constitutions; and (3)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
(Cite as: 14 Cal.3d 448)

Page 3

that the sections create irrational classifications, violative of federal and state equal protection principles.

FN2 Section 947 provides in relevant part as follows: "(a) At any time after the filing of the complaint in any action against a public entity, the public entity may file and serve a demand for a written undertaking on the part of each plaintiff as security for the allowable costs which may be awarded against such plaintiff. The undertaking shall be in the amount of one hundred dollars ($100) for each plaintiff or in the case of multiple plaintiffs in the amount of two hundred dollars ($200), or such greater sum as the court shall fix upon good cause shown, with at least two sufficient sureties, to be approved by the court. Unless the plaintiff files such undertaking within 20 days after service of a demand therefor, his action shall be dismissed."

FN3 Section 951 similarly provides in relevant part: "(a) At any time after the filing of the complaint in any action against a public employee or former public employee, if a public entity undertakes to provide for the defense of the action, the attorney for the public employee may file and serve a demand for a written undertaking on the part of each plaintiff as security for the allowable costs which may be awarded against such plaintiff. The undertaking shall be in the amount of one hundred dollars ($100), or such greater sum as the court shall fix upon good cause shown, with at least two sufficient sureties, to be approved by the court. Unless the plaintiff files such undertaking within 20 days after service of the demand therefor, his action shall be dismissed."

At the hearing the trial court upheld the statutes against both constitutional attacks, [FN4] but concluded that the amounts demanded by defendants exceeded statutory limitations absent a showing of good cause. Determining that sections 947 and 951 authorized defendants to require plaintiffs to post security in the aggregate amount of $20,900 as a condition to continuing prosecution of their lawsuit, the court

ordered plaintiffs to file an undertaking in such amount within 20 days, stating that failure to do so would result in the dismissal of their action.

FN4 In rejecting the due process attack on these statutes, the court stated that plaintiffs in fact had been given a hearing before they were required to post a bond.

Plaintiffs thereupon filed the instant petition. They seek relief, however, only on the ground of denial of due process. [FN5] We issued an alternative writ of mandate, having determined that "'there is no adequate remedy in the ordinary course of law and that [this] case is a proper one for the exercise of our original jurisdiction.' [Citations.]" (*Brooks v. Small Claims Court* (1973) 8 Cal.3d 661, 663 [105 Cal.Rptr. 785, 504 P.2d 1249].)

FN5 Plaintiffs have abandoned the argument that these statutes violate the equal protection clauses of the federal and state Constitutions.

(1) Turning to the merits of plaintiffs' claim, we first consider the purpose and function of the two statutes. The Legislature enacted sections 947 and 951 in 1963 for the avowed purpose of protecting public entities and public employees against unmeritorious and frivolous litigation. [FN6]*453

FN6 Defendants urge us to consider the Law Revision Commission comments in determining the legislative purpose underlying the adoption of these statutes. These comments are fully set forth in Van Alstyne, California Government Tort Liability (Cont.Ed.Bar 1964), pages 784-786 and pages 801-802, and state in relevant part: "The Commission has concluded that all public entities are entitled to protection against unmeritorious litigation, since local public entities are as likely as the State to be subjected to such actions. At the same time, however, no unreasonable burden should be imposed upon a person who has a meritorious cause of action.
"The Commission recommends, therefore, that all public entities be authorized, in their discretion, to require the plaintiff to file an undertaking for costs in any action against a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
(Cite as: 14 Cal.3d 448)

Page 4

public entity. There is no need to require an undertaking for counsel fees since the protection afforded public entities by an undertaking for costs is sufficient to deter litigation-prone persons from instituting unfounded litigation. Moreover, making the undertaking for costs entirely discretionary eliminates any need for an exception like that found in Section 647 for certain actions involving motor vehicles, since it is expected that the discretion vested in the public entities will be judiciously exercised. To further assure that no unreasonable burden is placed upon a meritorious litigant, the minimum amount of the undertaking should be fixed at $100, and, while the court on motion should have authority to require an undertaking in excess of this minimum, the public entity should have the burden of showing good cause for increasing the amount of the required undertaking.
"
. . . . .

"The Commission further recommends that the protection which would be afforded public entities under this recommendation [§ 947] be extended to actions brought against public employees where the public entity furnishes the defense. This will discourage a plaintiff from bringing an action against the employee alone (instead of against the public entity) merely to avoid the undertaking. Moreover, unmeritorious litigation against public employees should be discouraged to the same extent as litigation against the public entity itself is discouraged."
(See also, *County of Sutter v. Superior Court* (1966) 244 Cal.App.2d 770, 775 [53 Cal.Rptr. 424]; *Bover v. County of Contra Costa* (1965) 235 Cal.App.2d 111, 117 [45 Cal.Rptr. 58]; *Vinnicombe v. State of California* (1959) 172 Cal.App.2d 54, 58 [341 P.2d 705].)

In imposing on plaintiffs in actions against public entities or public employees a requirement for an undertaking for costs not generally imposed on plaintiffs in actions against private persons or corporations, the Legislature apparently determined that in the first type of actions there exists a greater likelihood of unmeritorious litigation. Thus, sections

947 and 951 were purportedly designed "to deter litigation-prone persons from instituting unfounded litigation," (see fn. 6 *ante*) against public entities and employees, while at the same time imposing "no unreasonable burden ... upon a person who has a meritorious cause of action." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) Cal. Law Rev. Com. Comment re § 947, p. 785.)

However, the procedure prescribed by these statutes to effectuate such purpose does not distinguish between the classes of plaintiffs on the basis of the merit of the actions brought by them. Rather "in *any* action" (§§ 947, 951, italics added; see fns. 2 and 3 *ante*) brought against a public entity, public employee or former public employee, such defendants are given the absolute right to demand an undertaking for costs as specified by the respective sections.

If a defendant limits his demand to the amount automatically allowable by statute ($200 total in the case of multiple plaintiffs under § 947, and $100 per plaintiff under § 951), no prior or subsequent judicial approval is required. However, each statute additionally *454 provides that upon application of the defendant (apparently ex parte) and upon "good cause shown," the court may fix undertakings in greater amounts. (See, e.g., *Fuller v. State of California* (1969) 1 Cal.App.3d 664, 671 [82 Cal.Rptr. 78].) Yet even in this instance neither section makes any provision for a hearing on the questions of "good cause" or a reasonably greater amount. Nor do the statutes fix a maximum for such court-ordered undertaking or establish standards by which the court's determination should be made. Finally, it is provided that unless the plaintiff files the undertaking within 20 days after service of the demand therefor, the court is required to dismiss his action. [FN7]

> FN7 Each statute provides that: "Unless the plaintiff files such undertaking within 20 days after service of a demand therefor, his action *shall* be dismissed." (Italics added.) It has been held that "the filing of the ... [undertaking] is not jurisdictional. The trial court should use a broad discretion in permitting the ... [undertaking] to be filed late, if the defendant has not been prejudiced by such filing." (*Boyer v. County of Contra*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Costa, supra*, 235 Cal.App.2d 111, 117; see also *Hayward Unified Sch. Dist. v. Superior Court* (1965) 233 Cal.App.2d 737, 741-742 [43 Cal.Rptr. 895].)

(2) It is convenient to note at this point that under applicable decisional law the plaintiff, upon motion for relief from an undertaking requirement, is entitled to a hearing so that it may be determined whether or not the plaintiff qualifies to proceed in forma pauperis [FN8] (*Conover v. Hall* (1974) 11 Cal.3d 842, 850-853 [114 Cal.Rptr. 642, 523 P.2d 682]; *County of Sutter v. Superior Court, supra*, 244 Cal.App.2d 770, 773-775) or the defendant's demand exceeds the amount authorized by statute or the defendant is a public entity or public employee within the meaning of the sections or the legislation itself is valid.

> FN8 In *Conover v. Hall, supra*, 11 Cal.3d at pages 850-853, we held that a court granting an injunction had the discretion to relieve the plaintiff upon the ground of indigency from the requirement of an injunction bond under section 529 of the Code of Civil Procedure despite the fact that the plaintiff did not proceed formally in forma pauperis and that the court did not conduct a formal inquiry into the plaintiff's assets where it could reasonably conclude from the facts before it that the plaintiff was poor and could not afford to post the bond.

The statutes now before us make no provision for a hearing on the question of the merit of the plaintiff's action or on the reciprocal questions of the necessity of an undertaking for the defendant's protection and the reasonableness of its amount. If the plaintiff is not indigent and if the defendant public entity or public employee makes a demand within the scope of the statute, the court has no discretion to dispense with the undertaking requirement. The plaintiff must then file the undertaking for costs or suffer dismissal of his action.

As previously indicated, plaintiffs contend that sections 947 and 951 violate due process of law as guaranteed by the Fifth and Fourteenth *455 Amendments to the United States Constitution and article I, sections 7 and 15 of the California Constitution. Their position is that the statutes deprive them of property without a hearing and

therefore constitute a taking of property without due process of law.

Recently in *Brooks v. Small Claims Court, supra*, 8 Cal.3d 661, we were called upon to determine the constitutionality in the light of due process principles of the requirement of an undertaking as a precondition for an appeal by a defendant from an adverse judgment entered in a small claims court. We began by observing that the concept of a "taking" of property has been extended significantly and that "[b]eginning with the United States Supreme Court ruling in *Sniadach v. Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], and continuing with California decisions interpreting *Sniadach*, this concept has been held to include even temporary deprivations of property." (*Id.* at p. 666.) We thereupon reviewed our decisions in detail to the end of emphasizing that "[t]his court has consistently applied the rationale of *Sniadach* to strike down summary procedures which deprive persons of their property pending a hearing." (*Id.* at p. 666.)

Holding the requirement of an undertaking in *Brooks* to be a denial of due process of law, we said: "In view of these decisions, it is manifest that the requirement of an undertaking in connection with an appeal from a judgment entered in a small claims court constitutes a taking of property prior to a due process hearing with right to counsel. The first opportunity for representation by counsel arises at the trial de novo after appeal. But the appeal is conditioned on the filing of an undertaking or the depositing of money in lieu thereof. If the defendant should secure an undertaking or bond [pursuant to Code of Civil Procedure section 117*l*] from a corporate surety [pursuant to Code of Civil Procedure section 1056], he would be deprived of the nonrefundable premium. Further, additional collateral is often required in order to qualify for a bond; although this can be recovered if defendant prevails on appeal, he is nevertheless deprived of its use in the meantime. Under *Sniadach* and its progeny (*McCallop, Cline, Blair, Randone* and *Fuentes*), this of course is a taking. If the defendant instead deposits money in lieu of an undertaking [pursuant to Code of Civil Procedure section 117*ll*] the same result follows. This deprivation is indeed a taking, in spite of its temporary nature." (8 Cal.3d at p. 667.) [FN9]*456

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713                                                                                               Page 6
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
(Cite as: 14 Cal.3d 448)

FN9 We also quoted from *Fuentes v. Shevin (1972) 407 U.S. 67, 86 [32 L.Ed.2d 556, 573, 92 S.Ct. 1983]*: "'Any significant taking of property by the State is within the purview of the Due Process Clause. While the length and consequent severity of a deprivation may be another factor to weigh in determining the appropriate form of hearing, it is not decisive of the basic right to a prior hearing of some kind.'" (*8 Cal.3d at pp. 667-668.*)

Subjecting the statutes now before us to the spotlight of the foregoing rationale, we are convinced that they involve a two-fold taking of property. To put it another way, a plaintiff is deprived of his property whether he complies with the statute and files the demanded undertaking or refuses to comply and incurs dismissal of his action. If he takes the former course and secures his undertaking from a corporate surety (see *Code Civ. Proc., § 1056*) [FN10] as we pointed out in *Brooks* (see fn. 9 *ante* and accompanying text) he will at least be deprived of his nonrefundable premium; if he deposits money in court in lieu of an undertaking, he will be deprived of its use during the pendency of the action. [FN11]

FN10 *Section 1056 of the Code of Civil Procedure* provides: "In all cases where an undertaking or bond, with any number of sureties is authorized or required by any provision of this code, or of any law of this State, any corporate or reciprocal insurer, possessing a certificate of authority from the Insurance Commissioner authorizing it to write surety insurance defined in *Section 105 of the Insurance Code* may become and shall be accepted as security or as sole and sufficient surety upon such undertaking or bond, and such corporate surety shall be subject to all the liabilities and entitled to all the rights of natural persons' sureties."

FN11 Plaintiffs state that the approximate charge for the undertaking demanded in the instant case would be 1 percent of the principal amount ($20,900) or $209 per annum. Furthermore, it is urged that it would be necessary for all plaintiffs to assume joint and several liability on the entire principal of $20,900, securing this

amount by assignment to the surety company during the pendency of the action of a savings account showing a balance equal to the above principal amount. A deposit of said sum with the clerk of the court as an alternative would not be interest bearing.

For other cases expressly or impliedly holding that the requirement of an undertaking constitutes a taking of "property," see *Bell v. Burson (1971) 402 U.S. 535, 539 [29 L.Ed.2d 90, 94, 91 S.Ct. 1586]*, and *Nork v. Superior Court (1973) 33 Cal.App.3d 997, 1002 [109 Cal.Rptr. 428]*.

If the plaintiff takes the latter course and incurs dismissal of his action, he will also have suffered a "taking" of his property, since his claim against a public entity or public employee - assuming that it is bona fide and potentially meritorious - is a "property interest" within the meaning of the due process clause. In *Board of Regents v. Roth (1972) 408 U.S. 564 [33 L.Ed.2d 548, 92 S.Ct. 2701]*, the United States Supreme Court observed that property interests safeguarded by procedural due process may take many forms. Explicating this concept, the court stated: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. ... He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." [FN12] (

FN12 Thus, it has been held that a person has a property interest in welfare benefits they are receiving pursuant to statute (*Goldberg v. Kelly (1970) 397 U.S. 254, 261 [25 L.Ed.2d 287, 295, 90 S.Ct. 1011]*), in the continuation of their driving privileges (*Bell v. Burson, supra, 402 U.S. at p. 539; Rios v. Cozens (1972) 7 Cal.3d 792 [103 Cal.Rptr. 299, 499 P.2d 979]*, vacated sub nom. *Dept. Motor Vehicles of California v. Rios (1973) 410 U.S. 425 [35 L.Ed.2d 398, 93 S.Ct. 1019]*, new dec. *Rios v. Cozens (1973) 9 Cal.3d 454 [107 Cal.Rptr. 784, 509 P.2d 696]*), and in the continuation of public

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

employment, where the position is held pursuant to tenure provisions prohibiting dismissal absent cause (*Board of Regents v. Roth, supra,* 408 U.S. at pp. 576-577 [33 L.Ed.2d at pp. 560-561]), or where state officials have "promulgated and fostered" rules and understandings which have led the employee to reasonably believe that his contract will be renewed absent sufficient cause (*Perry* v. *Sindermann, supra,* 408 U.S. at pp. 602-603 [33 L.Ed.2d at pp. 580-581]).*457*Id.* at pp. 576, 577 [33 L.Ed.2d at pp. 560, 561]; see also *Perry* v. *Sindermann* (1972) 408 U.S. 593, 601 [33 L.Ed.2d 570, 579-580, 92 S.Ct. 2694].) A meritorious action against a public entity or public employee clearly connotes a "legitimate claim of entitlement" within the meaning of *Roth.*

(3) In sum, our conclusion that the operation of sections 947 and 951 results in a "taking" of property within the meaning of established due process principles is in harmony with all of the recent decisions of this court. We have repeatedly recognized that statutes providing a procedure according to which one litigant can be forced to relinquish an interest in his property for the benefit of another effectuate a "taking" of property, entitling the former to prior procedural safeguards. Accordingly we have held accountable to the principles of procedural due process California statutes dealing with wage garnishment (*McCallop* v. *Carberry* (1970) 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122]), claim and delivery (*Blair v. Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]), prejudgment attachment (*Randone v. Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]), and small claims appeals ( *Brooks v. Small Claims Court, supra,* 8 Cal.3d 661).

The statutes under attack in the case at bench effectuate a similar "taking" which falls within the reach of due process protection. Pursuant to their provisions, a plaintiff may be required to relinquish property either by filing an undertaking or by suffering dismissal of his action. The professed purpose to be served by subjecting him to this burden is the protection of his adversary against the costs of defending unmeritorious lawsuits. (See fn. 6

*ante.*)Unlike filing fees which are exacted by the state as a payment for a service it provides, the requirement of sections 947 and 951 affords no reciprocal benefit to the plaintiff; these sections help only the defendant. ( *Conover v. Hall, supra,* 11 Cal.3d at p. 851.) Nor is the result under these two statutes any less offensive to due process principles or immune from their reach because in this situation, as distinguished from that in our previous decisions, the "taking" is suffered by the plaintiff rather than the defendant. *458*

Having concluded that sections 947 and 951 effectuate a taking of property, we proceed to determine what procedural safeguards are required under the particular circumstances. (4) We start with the basic proposition that in every case involving a deprivation of property within the purview of the due process clause, the Constitution requires some form of notice and a hearing. (*North Georgia Finishing, Inc.* v. *Di-Chem, Inc.* (1975) 419 U.S. 601 [42 L.Ed.2d 751, 95 S.Ct. 719]; *Goss v. Lopez* (1975) 419 U.S. 565 [42 L.Ed.2d 725, 95 S.Ct. 729]; *Mitchell v. W. T. Grant Co.* (1974) 416 U.S. 600, 624 [40 L.Ed.2d 406, 423, 94 S.Ct. 1895]; concurring opn. Justice Powell; *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 313 [94 L.Ed. 865, 872-873, 70 S.Ct. 652]; *Adams v. Department of Motor Vehicles* (1974) 11 Cal.Rptr. 145, 520 P.2d 961].) Absent extraordinary circumstances justifying resort to summary procedures, this hearing must take place *before* an individual is deprived of a significant property interest. ( *Adams v. Department of Motor Vehicles, supra,* 11 Cal.3d at p. 155;*Brooks v. Small Claims Court, supra,* 8 Cal.3d at pp. 667-668;*Randone v. Appellate Department, supra,* 5 Cal.3d at p. 547;*Blair v. Pitchess, supra,* 5 Cal.3d at p. 278;*McCallop v. Carberry, supra,* 1 Cal.3d at p. 907.) The fact that the individual may later recover the property if he prevails at a post-deprivation hearing does not satisfy constitutional requirements. "[A] temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment, and ... must be preceded by a fair hearing." ( *Brooks v. Small Claims Court, supra,* 8 Cal.3d at p. 667.)

"The formality and procedural requisites for the hearing can vary" (*Boddie v. Connecticut* (1971) 401 U.S. 371, 378 [28 L.Ed.2d 113, 119, 91 S.Ct. 780]), and are determined largely by balancing the interests

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713                                                                          Page 8
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
**(Cite as: 14 Cal.3d 448)**

of the state against the private interest affected by governmental action. (_Goldberg v. Kelly, supra_, 397 U.S. at p. 263 [25 L.Ed.2d at p. 296]; _Cafeteria Workers v. McElroy_ (1961) 367 U.S. 886, 895 [6 L.Ed.2d 1230, 1236, 81 S.Ct. 1743].) However, in every case, "[t]he hearing required by the Due Process Clause must be 'meaningful,' _Armstrong v. Manzo_, 380 U.S. 545, 552 (1965) and 'appropriate to the nature of the case.' _Mullane v. Central Hanover Bank & Trust Co., supra_, at 313. It is a proposition which hardly seems to need explication that a hearing which excludes consideration of an element essential to the decision ... does not meet that standard." (_Bell v. Burson supra_, 402 U.S. at pp. 541-542 [29 L.Ed.2d at p. 96].)

Applying this analysis in _Bell v. Burson, supra_, 402 U.S. 535, the United States Supreme Court struck down as unconstitutional a Georgia \*459 statute providing for suspension of the driver's license of an uninsured motorist involved in an accident unless he posted security for the amount of damage claimed by an aggrieved party, without a prior hearing on the question of his responsibility for the accident. The high court reasoned: "Since the only purpose of the provisions before us is to obtain security from which to pay any judgments against the licensee resulting from the accident, we hold that procedural due process will be satisfied by an inquiry limited to the determination whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee. ... [¶] In cases where there is no reasonable possibility of a judgment being rendered against a licensee, Georgia's interest in protecting a claimant from the possibility of an unrecoverable judgment is not, within the context of the State's fault-oriented scheme, a justification for denying the process due its citizens."[FN13] (_Bell v. Burson, supra_, 402 U.S. at p. 540 [29 L.Ed.2d at p. 95].)

> FN13 Relying upon the California Constitution, we determined that the uninsured motorist is entitled to be personally present at such a hearing, review the evidence against him, and present his own evidence to establish his claim of nonculpability. ( _Rios v. Cozens, supra_, 7 Cal.3d 792, vacated sub nom. _Dept. Motor Vehicles of California v. Rios_ (1973) 410 U.S. 425, new dec. _Rios v. Cozens_ (1973) 9

Cal.3d 454.)

Similarly, we have held that a statute may not under ordinary circumstances authorize prejudgment attachment, garnishment, or replevin of a debtor's property without prior notice and a hearing on the probable validity of the creditor's claim. ( _Randone v. Appellate Department, supra_, 5 Cal.3d at p. 547; _Blair v. Pitchess, supra_, 5 Cal.3d at p. 283; _McCallop v. Carberry, supra_, 1 Cal.3d at p. 907.)

In _Nork v. Superior Court, supra_, 33 Cal.App.3d 997, a case substantially similar to the one at bench, it was held that the plaintiff claiming exemplary damages in a malpractice action could not be required to post security for costs and attorney fees likely to be incurred by the defendant with respect to such claim without prior notice and a hearing on the questions of the merit of the claim, the reasonable amount of the bond, and the ability of plaintiff to furnish it. ( _Id._ at pp. 1000-1001.) In _Nork_, as in the instant case, the purpose of the statute (Code Civ. Proc., § 1029.6, subd. (e)) imposing the requirement of an undertaking was to protect the defendant against reckless and frivolous claims for exemplary damages. Yet under the statutory scheme, _every_ plaintiff requesting such damages was required to post a bond in a minimum amount of $2,500 upon the ex parte motion of the defendant. Upon the plaintiff's failure to do so, it was mandatory upon the court to strike that portion of plaintiff's complaint. While not disputing the proffered legislative purpose of \*460 discouraging reckless and frivolous charges against medical practitioners through claims for exemplary damages, the _Nork_ court concluded that even the most cursory examination of the statute showed that the statute had "constitutionally fatal deficiencies" ( _id._ at p. 1001) in violation of the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution.

(5a) Turning to the case at bench, we similarly conclude that sections 947 and 951 cannot withstand constitutional attack. Under the fundamental notions of due process heretofore discussed, the taking to which a plaintiff is subjected under the above statutes must be preceded by a hearing in the particular case in order to determine whether the statutory purpose is promoted by the imposition of the undertaking requirement. As these statutes are purportedly designed to protect public entities and public

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
**(Cite as: 14 Cal.3d 448)**

Page 9

employees against the cost of defending frivolous lawsuits, a due process hearing would necessarily inquire into the merit of the plaintiff's action as well as into the reasonableness of the amount of the undertaking in the light of the defendant's probable expenses.

The statutes before us make no provision for such a hearing. Every plaintiff who sues a public entity or public employee may be forced either to file an undertaking as security for the defendant's costs or to forego the prosecution of his claim. Absent proof of indigency, the court is given no discretion to dispense with the undertaking requirement if demanded by a qualifying defendant, regardless of the merit of the plaintiff's lawsuit. Furthermore, the legislation specifies no standards for determining the reasonable amount of such undertaking. If the defendant is satisfied to limit its demand to the statutory minimum, judicial approval is not required; if the defendant seeks a greater amount, he must show "good cause." Yet the statutes do not purport to define "good cause" and do not provide that the plaintiff has a right to be heard on this matter. Thus any hearing which the plaintiff may receive on the issue of good cause necessarily "excludes consideration of ... element[s] essential to the decision ...." (*Bell v. Burson, supra,* 402 U.S. at p. 542 [29 L.Ed.2d at p. 96].) It would not be a "meaningful" hearing, "appropriate to the nature of the case" and as such would not meet due process standards. (*Armstrong v. Manzo, supra,* 380 U.S. at p. 552 [14 L.Ed.2d at pp. 66-67]; *Mullane v. Central Hanover Tr. Co., supra,* 339 U.S. at p. 313 [94 L.Ed. at pp. 872-873].)

We do not dispute that the state has a legitimate interest in protecting public entities and their employees against frivolous lawsuits. Nor do we necessarily find fault with the statutory classification distinguishing *461 between plaintiffs on the basis of whether the parties they sue are public entities or public employees rather than private persons. The Legislature may have had reason to believe that there exists a greater danger of unfounded actions against public, rather than private parties. (See *Vinnicombe v. State of California, supra,* 172 Cal.App.2d at p. 59.) We do not say that the requirement of an undertaking is an improper method of effectuating this purpose. We do hold, however, that since this method subjects the plaintiff to a taking of his property, it must satisfy

due process principles. This it fails to do so.

We reject as devoid of merit the various arguments advanced by defendants to uphold the statutes under attack. (6) Their first contention is essentially an attempt to denominate the bringing of an action against a public entity or public employee as a "privilege" conferred by statute, which "privilege," it is urged, may be conditioned by the government in any manner it chooses. The fact that the condition imposed is one which offends due process is not, in defendants' view, grounds for its invalidation. This argument, which purports to distinguish between "rights" and "privileges" and to limit due process protection to the former, has been considered and rejected by this court as well as by the United States Supreme Court in a number of cases. (See, e.g., *Goss v. Lopez, supra,* 419 U.S. at pp. 572-576 [42 L.Ed.2d at pp. 733-736]; *Perry v. Sindermann, supra,* 408 U.S. at p. 601; *Board of Regents v. Roth, supra,* 408 U.S. at p. 571 [33 L.Ed.2d at p. 557]; *Bell v. Burson, supra,* 402 U.S. at p. 539; *Goldberg v. Kelly, supra,* 397 U.S. at pp. 262-263 [25 L.Ed.2d at pp. 295-296].) "While the legislature may elect not to confer a property interest ..., it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." (*Arnett v. Kennedy* (1974) 416 U.S. 134, 167 [40 L.Ed.2d 15, 40-41, 94 S.Ct. 1633]; concurring opn., Justice Powell.) Since California in recognition of a broader scope of governmental tort liability (see Tort Claims Act of 1963, Gov. Code, div. 3.6, § 810 et seq.) has clearly conferred the right to bring actions against public entities and public employees, it may not interfere with the property interest in a meritorious cause of action by subjecting the plaintiff to an unconstitutional "taking" of his claim as a condition to the prosecution of his suit.

Nor are we persuaded by defendants' argument that California and federal courts have upheld the constitutional validity of statutes authorizing takings by means of procedures similar to that before us in the instant case. Defendants designate Corporations Code section 834 as an example and assert that a comparable provision was upheld against due *462 process attack by the United States Supreme Court in *Cohen v. Beneficial Loan Corp.* (1949) 337 U.S. 541 [93 L.Ed. 1528, 69 S.Ct. 1221].[FN14] However, even a cursory examination of section 834 reveals that it is devoid of the constitutional defects which plague

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
(Cite as: 14 Cal.3d 448)

sections 947 and 951.

FN14 In *Cohen v. Beneficial Loan Corp., supra, 337 U.S. 541,* the United States Supreme Court upheld the constitutional validity of a New Jersey statute authorizing a corporation to require minority shareholders bringing a derivative action to post security for the reasonable expenses, including counsel fees, likely to be incurred by the corporation in the litigation. Although it does not appear that the New Jersey statute expressly provided for notice and a hearing before the court required the security, the *Cohen* decision is not determinative of the question before us in the instant case.

The plaintiff in *Cohen* did not raise, and thus the court did not decide, the question of whether the statute's failure to provide for prior notice and hearing violated *procedural* due process. Rather, the high court upheld the statute against a *substantive* due process attack, thereby determining only that the state's imposition of a security for costs requirement to prevent frivolous derivative shareholder's suits was within the state's "plenary power over this type of litigation" ( *id.* at p. 550 [93 L.Ed. at p. 1538]) and was not totally "'arbitrary, capricious and unreasonable.'" ( *Id.* at p. 551 [93 L.Ed. at p. 1539].) Furthermore, the *Cohen* court did not decide whether the New Jersey provision violated the *state* constitution ( *id.* at p. 547 [93 L.Ed. at pp. 1536-1537]), thereby recognizing that compliance with federal due process principles did not insure satisfaction of state constitutional requirements. Finally, unlike sections 947 and 951, the New Jersey statute impliedly provided for a case-by-case judicial determination of the reasonable amount of the security required and in effect protected those parties on whose behalf the derivative suit was prosecuted (i.e., the shareholders), rather than the adverse litigant (i.e., the management). In light of these numerous distinctions between *Cohen* and the matter before us, we find defendants' reliance thereon misplaced.

In *section 834,* subdivision (b), of the Corporations Code the Legislature undertook to discourage frivolous derivative stockholders' suits by authorizing the imposition of a security for costs requirement upon shareholders bringing such actions. However, in sharp contrast to the statutes here under attack, *section 834* hedges this requirement with provisions for notice, an evidentiary hearing and findings on such issues as the merit of the plaintiff's action and the reasonableness of the expenses likely to be incurred by the defendant. These factors undoubtedly persuaded the Court of Appeal in *Nork v. Superior Court, supra, 33 Cal.App.3d 997,* to recommend *section 834* as a possible model for a requirement of security for costs designed to deter unmeritorious litigation against particular defendants. ( *Id.* at pp. 1003-1004.)

As a final argument, defendants urge that we follow the current trend of United States Supreme Court decisions which indicate a retreat from the court's former position of requiring a *prior* hearing in all cases involving the deprivation of a property interest absent emergency circumstances. In particular, defendants direct our attention to two recent opinions in which the court upheld the constitutional validity of *463 statutory procedures permitting a temporary deprivation of property without a *prior* due process hearing.[FN15] Quite apart from the fact that we rest our decision on the due process provisions of the California Constitution as well as on those of the United States Constitution, we decline defendants' invitation. As we proceed to explain, we find significant distinctions between the questions resolved in defendants' cited cases and the question now before us which satisfy us that we are not under compulsion to apply the rationale of those authorities.

FN15 In *Mitchell v. W. T. Grant Co., supra, 416 U.S. 600,* the court upheld a Louisiana statute which authorized a state trial judge to order sequestration of the personal property of a debtor on the ex parte application of a creditor who proved by affidavit that he had a vendor's lien on the property and that the debtor had defaulted in making payments due under a conditional sales contract. The creditor was also required to file a sufficient bond to protect the debtor in the event the sequestration proved to have been wrongful. Under the terms of the statute, the debtor

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713                                                                                                      Page 11
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
**(Cite as: 14 Cal.3d 448)**

could immediately thereafter move to dissolve the sequestration. At the subsequent adversary hearing on the matter, the creditor had the burden of proving the grounds upon which the writ issued and the existence of the debt, lien and delinquency. If he failed to establish this prima facie case, the court ordered the property returned to the debtor and assessed damages in his favor, including compensation for the period he was deprived of the use of the property as well as compensation for injury to his social standing or reputation, for the humiliation suffered and for attorney's fees.

In *Arnett v. Kennedy, supra,* 416 U.S. 134, the court upheld against due process attack the constitutional validity of the provisions of the Lloyd-LaFollette Act (5 U.S.C.A. § 7501 [5 U.S.C.S. § 7501]) regulating removal or suspension without pay of a nonprobationary government employee, who under the terms of the statute could be removed "only for such cause as will promote the efficiency of the service." The removal procedure prescribed by this statute and the regulations promulgated thereunder provided that before a nonprobationary employee could be removed, he was entitled to 30 days advance written notice of the charges against him and the opportunity to examine the materials upon which the charges are based, a reasonable time within which to answer the charges, either orally or in writing (with affidavits) before the officer who makes the removal decision, and written notice of an adverse decision, on or before its effective date. Thereafter, the employee could appeal from the decision and was entitled to an evidentiary trial-type hearing. If reinstated, the employee was to receive full back pay.

First of all, the statutes approved by the Supreme Court provided various pre-deprivation procedural safeguards which "minimize[d] the risk of error in the initial removal decision ...." (*Arnett v. Kennedy, supra,* 416 U.S. at p. 170 [40 L.Ed.2d at p. 42]; concurring opn., Justice Powell; *Mitchell v. W. T. Grant Co., supra,* 416 U.S. at pp. 605-606 [40 L.Ed.2d at pp. 412-413].) In contrast, sections 947 and 951 effectuate a "taking" upon the mere demand of the defendant, without requiring prior judicial

approval or proof of any kind. Second, the procedures upheld by the court in both cases operated in circumstances which might necessitate prompt action, so that a prior hearing would frustrate legitimate interests of the state or of another individual. (*Arnett v. Kennedy, supra,* 416 U.S. at p. 168 [40 L.Ed.2d at p. 41]; concurring opn., *464 Justice Powell; *Mitchell v. W. T. Grant Co., supra,* 416 U.S. at pp. 608-609 [40 L.Ed.2d at p. 414].) This is clearly not a consideration in the case at bench. The delay occasioned by a prior due process hearing would not interfere with the state's interest in deterring unmeritorious litigation, as the hearing would be designed to bring to light actions lacking merit and to require the plaintiff to furnish the specified undertaking before proceeding further with them. As a matter of fact, the procedure as it currently operates tends to frustrate the state's express goal of assuring that "no unreasonable burden is placed upon a meritorious litigant." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) Cal. Law Rev. Com. Comment re § 947, p. 785; see also, *Boyer v. County of Contra Costa, supra,* 235 Cal.App.2d at p. 117.) Third, the statutory schemes validated by the high court provided for prompt post-deprivation due process hearings. (*Arnett v. Kennedy, supra,* 416 U.S. at p. 145 [40 L.Ed.2d at p. 28]; *Mitchell v. W. T. Grant Co., supra,* 416 U.S. at p. 610 [40 L.Ed.2d at p. 415].) On the other hand, sections 947 and 951 prohibit such a hearing, since a trial court has no discretion to dispense with the requirement on the grounds that the plaintiff's lawsuit is meritorious. Fourth, the Supreme Court noted that the party subjected to the "taking" was entitled to compensation in the event that it proved wrongful. *Arnett, supra,* (416 U.S. at p. 170 [40 L.Ed.2d at p. 42]; concurring opn., Justice Powell; *Mitchell, supra,* 416 U.S. at p. 606 [40 L.Ed.2d at pp. 412-413].) No such provision protects the plaintiff under the statutes now before us.

Finally, we believe it is significant to point out that *Mitchell* has particular relevance to the matter before us, since both cases involve a procedure by which property is taken pursuant to state law from one litigant for the protection of another. (See fn. 15, *ante.*)Yet there is one major distinction. In *Mitchell* the party who suffered the taking as well as the party who benefitted thereby had "current, real interests in the property." The high court emphasized that the "[r]esolution of the due process question must take account not only of the interests of the buyer of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

535 P.2d 713
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585
**(Cite as: 14 Cal.3d 448)**

Page 12

property but those of the seller as well." (*Mitchell v. W. T. Grant Co., supra,* 416 U.S. at p. 604 [40 L.Ed.2d at p. 412].) We, too, have recognized the need to accommodate competing interests of two parties in the same property when determining the constitutional requisites for a valid taking. (See, e.g., *Adams v. Department of Motor Vehicles, supra,* 11 Cal.3d at pp. 154-155.) Unlike the statute in *Mitchell,* the statutes now before us deprive the plaintiff of property in which the defendant has no competing interest.

These differences between the procedures approved by the United States Supreme Court in *Mitchell* and *Arnett* and the statutory scheme *465 prescribed by sections 947 and 951 are of distinct significance in light of that court's most recent decisions in the area of procedural due process. (See *North Georgia Finishing, Inc. v. Di-Chem, Inc., supra,* 419 U.S. 601; *Goss v. Lopez, supra,* 419 U.S. 565.) The case of *North Georgia Finishing, Inc.* v. *Di-Chem, Inc., supra,* in particular, establishes that where state law authorizes one litigant to take the property of his adversary, the due process clause of the United States Constitution at the least requires judicial participation in the initial taking decision and "an early hearing" at which the party imposing the taking demonstrates probable cause to justify it. ( *Id.* at p. 607 [42 L.Ed.2d at p. 757].) In the instant case, such probable cause would consist of a prima facie showing on the issues of lack of merit and potential costs.

(5b) To recapitulate, we hold that since the requirement of a written undertaking as security for allowable costs prescribed by sections 947 and 951 constitutes a taking of property without due process of law, each of said statutes is unconstitutional as being violative of the Fifth and Fourteenth Amendments to the United States Constitution and of article I, sections 7 and 15, of the California Constitution.

Let a peremptory writ of mandate issue as prayed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Clark, J., and Richardson, J., concurred. *466
Cal.
Beaudreau v. Superior Court
14 Cal.3d 448, 535 P.2d 713, 121 Cal.Rptr. 585

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT I

# Select A Case

**This person is a party in 19 cases.**

| | | | |
|---|---|---|---|
| [3:01-cv-00030-MEJ](#) | Whitaker v. Commissioner of S.S. | filed 01/04/01 | closed 01/14/02 |
| [3:08-cv-01618-BZ](#) | Whitaker v. Alameda County Superior Court et al | filed 03/26/08 | |
| [3:86-cv-05973-MHP](#) | Whitaker v. Pascarella | filed 10/17/86 | closed 03/03/87 |
| [3:91-cv-02425-EFL](#) | Whitaker v. Alameda County Super, et al | filed 08/02/91 | closed 11/19/91 |
| [3:92-cv-01821-EFL](#) | Whitaker v. 1st Appellate Court, et al | filed 05/20/92 | closed 07/14/92 |
| [3:92-cv-03006-JPV](#) | Whitaker v. Big T Supermarkets, et al | filed 08/03/92 | closed 09/30/92 |
| [3:94-mc-00023-DLJ](#) | Whitaker v. Alameda County Super | filed 02/17/94 | closed 02/17/94 |
| [3:95-cv-00617-SI](#) | Whitaker v. State of California, et al | filed 02/22/95 | closed 11/16/95 |
| [3:95-cv-00759-CAL](#) | Mack, et al v. Miles, Inc., et al | filed 03/03/95 | closed 07/16/96 |
| [3:97-cv-00803-VRW](#) | Whitaker, et al v. Tandy Corp | filed 03/06/97 | closed 10/31/97 |
| [4:00-mc-04006-DLJ](#) | Whitaker v. Social Security Comm | filed 12/26/00 | closed 12/26/00 |
| [4:95-mc-04009-SBA](#) | Whitaker, et al v. Miles, Inc., et al | filed 01/13/95 | closed 01/13/95 |

Case 3:08-cv-01618-PJH    Document 18-3    Filed 06/18/2008    Page 33 of 37

| | | | |
|---|---|---|---|
| 4:95-mc-04039-DLJ | Whitaker v. Walgreens | filed 05/04/95 | closed 05/04/95 |
| 4:95-mc-04045-DLJ | Whitaker v. State of California, et al | filed 08/30/95 | closed 08/30/95 |
| 4:97-mc-04002-CW | Whitaker, et al v. Tandy Corporation | filed 01/27/97 | closed 01/27/97 |
| 4:97-mc-04004-SBA | Whitaker v. Grand Metropolitan, et al | filed 05/29/97 | closed 05/29/97 |
| 4:97-mc-04005-SBA | Whitaker v. Circuit City Inc, et al | filed 05/29/97 | closed 05/29/97 |
| 4:97-mc-04006-SBA | Whitaker v. Smart & Final, et al | filed 05/30/97 | closed 05/30/97 |
| 4:98-mc-04002-CW | Whitaker v. Sarkisian, et al | filed 01/30/98 | closed 01/30/98 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/13/2008 11:05:59 | | | |
| **PACER Login:** | of0134 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Whitaker First Name: Fred Middle Name: A |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# Select A Case

**This person is a party in 4 cases.**

3:04-cv-04694-PJH    Whitaker v. Smart & Final Corporation Inc.    filed 11/05/04    closed 12/17/04

3:04-cv-04695-MMC    Whitaker v. Safeway Corporation Inc    filed 11/05/04    closed 12/10/04

3:04-cv-04737-MJJ    Whitaker v. Albertson Corporation    filed 11/09/04    closed 01/07/05

3:04-cv-04992-MMC    Whitaker et al v. Walgreen Corporation, Inc et al    filed 11/24/04    closed 12/13/04

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/13/2008 11:05:42 | | | |
| **PACER Login:** | of0134 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Whitaker First Name: Fred Middle Name: A |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# EXHIBIT J

Westlaw.

115 S.Ct. 1446                                                                                                    Page 1
514 U.S. 208, 115 S.Ct. 1446, 131 L.Ed.2d 324, 63 USLW 3752
**(Cite as: 514 U.S. 208, 115 S.Ct. 1446)**

C Whitaker v. Superior Court of California, San Francisco County (Merrill Reese, Inc.)
U.S.,1995.

Supreme Court of the United States
Fred A. WHITAKER
v.
SUPERIOR COURT OF CALIFORNIA, SAN FRANCISCO COUNTY (Merrill Reese, Inc., Real Party in Interest).
No. 94-7743.

April 17, 1995.

Pro se civil litigant petitioned for writ of certiorari and requested leave to proceed in forma pauperis (IFP). The Supreme Court held that: (1) litigant was not entitled to proceed in forma pauperis on frivolous petition, and (2) clerk of the court would be directed not to accept any further petitions for writs of certiorari in noncriminal matters unless litigant paid the required docketing fee and submitted his petition in compliance with rule governing printing requirements.

Stevens, Justice, dissented and filed opinion.

West Headnotes

**[1] Federal Courts 170B €═509**

170B Federal Courts
     170BVII Supreme Court
          170BVII(E) Review of Decisions of State Courts
               170Bk509 k. Mode of Review and Proceedings. Most Cited Cases
Pro se civil litigant was not entitled to proceed in forma pauperis with regard to frivolous petition for writ of certiorari. U.S.Sup.Ct.Rules 39, 39.8, 28 U.S.C.A.

**[2] Injunction 212 €═26(1)**

212 Injunction

212II Subjects of Protection and Relief
     212II(A) Actions and Other Legal Proceedings
          212k26 Commencement and Prosecution of Civil Actions
               212k26(1) k. In General. Most Cited Cases
Clerk of court would be directed not to accept any further petitions for writs of certiorari submitted without required docketing fee by a pro se civil litigant who had, within the past eight years, filed 24 petitions for relief, all of which had been denied without recorded dissent; however, as litigant's abuse of petitions for certiorari had occurred only in noncriminal cases, sanction would be limited accordingly. U.S.Sup.Ct.Rules 33, 38, 39, 39.8, 28 U.S.C.A.

**[3] Federal Courts 170B €═509**

170B Federal Courts
     170BVII Supreme Court
          170BVII(E) Review of Decisions of State Courts
               170Bk509 k. Mode of Review and Proceedings. Most Cited Cases
So called petition for writ of "certiorari" was more akin to petition for extraordinary writ, where petitioner sought review of state Supreme Court's denial of his petition for review of intermediate appellate court order denying petition for writ of mandate or prohibition in which he sought to compel state trial judge to make particular ruling in civil action which he had filed.

**\*\*1446\*208 PER CURIAM.**
[1][2]*Pro se* petitioner Fred Whitaker has filed a petition for writ of certiorari and requests leave to proceed *in forma pauperis* under Rule 39 of this Court. Pursuant to Rule 39.8, we deny petitioner's request to proceed *in forma pauperis*.FN* Petitioner is allowed until May 8, 1995, to pay the docketing fees required by Rule 38 and to submit his petition in compliance with this Court's Rule 33. For the reasons explained below, we also direct the Clerk of the Court not to \*209 accept any further petitions for certiorari from petitioner in noncriminal matters unless he pays the docketing fees required by Rule 38

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

115 S.Ct. 1446                                                         Page 2
514 U.S. 208, 115 S.Ct. 1446, 131 L.Ed.2d 324, 63 USLW 3752
**(Cite as: 514 U.S. 208, 115 S.Ct. 1446)**

and submits his petition in compliance with Rule 33.

> FN* Rule 39.8 provides: "If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis* ."

Petitioner is a prolific filer in this Court. Since 1987, he has filed 24 petitions for relief, including 6 petitions for extraordinary relief and 18 petitions for certiorari. Fifteen of the twenty-four petitions have been filed in the last four Terms, and we have denied all 24 petitions without recorded dissent. We also have denied petitioner leave to proceed *in forma pauperis* pursuant to Rule 39.8 of this Court for the last three petitions in which he has sought extraordinary relief. See *In re Whitaker,* 513 U.S. 1, 115 S.Ct. 2, 130 L.Ed.2d 1 (1994); *In re Whitaker,* 511 U.S. 1105, 114 S.Ct. 2098, 128 L.Ed.2d 661 (1994); *In re Whitaker,* 506 U.S. 983, 113 S.Ct. 489, 121 L.Ed.2d 428 (1992). And earlier this Term, we directed the Clerk of the Court "not to accept any further petitions for extraordinary writs from petitioner in noncriminal matters unless he pays the docketing fee required by Rule 38(a) and submits his petition**1447 in compliance with Rule 33." 513 U.S., at 2, 115 S.Ct., at 3. Though we warned petitioner at that time about his "frequent filing patterns with respect to petitions for writ of certiorari,"*ibid.,* we limited our sanction to petitions for extraordinary writs.

[3] We now find it necessary to extend that sanction to petitions for certiorari filed by petitioner. In what appears to be an attempt to circumvent this Court's prior order, petitioner has labeled his instant petition a "petition for writ of certiorari" even though it would seem to be more aptly termed a "petition for an extraordinary writ": He argues that the California Supreme Court erred in denying his petition for review of a California Court of Appeals order which denied his petition for writ of mandate/prohibition seeking to compel a California trial judge to make a particular ruling in a civil action filed by petitioner. And the legal arguments petitioner makes in his instant "petition for writ of certiorari" are, just as those made in his previous 18 petitions*210 for certiorari, frivolous. As we told petitioner earlier this Term, "[t]he goal of fairly dispensing justice ... is

compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Ibid.* (internal quotation marks and citation omitted).

Petitioner's abuse of petitions for certiorari has occurred only in noncriminal cases, and we limit our sanction accordingly. This order therefore will not prevent petitioner from filing a petition for certiorari to challenge criminal sanctions that might be imposed upon him. But like other similar orders we have issued, see *In re Sassower,* 510 U.S. 4, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993); *Day v. Day,* 510 U.S. 1, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993); *Demos v. Storrie,* 507 U.S. 290, 113 S.Ct. 1231, 122 L.Ed.2d 636 (1993); *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992), this order will allow the Court to devote its limited resources to the claims of petitioners who have not abused our process.

*It is so ordered.*

Justice STEVENS, dissenting.
A simple denial would adequately serve the laudable goal of conserving the Court's "limited resources." *Ante,* at 1447. See generally *In re Whitaker,* 513 U.S. 1, 3, 115 S.Ct. 2, 3, 130 L.Ed.2d 1 (1994) (STEVENS, J., dissenting).

I respectfully dissent.

U.S.,1995.
Whitaker v. Superior Court of California, San Francisco County
514 U.S. 208, 115 S.Ct. 1446, 131 L.Ed.2d 324, 63 USLW 3752

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.