1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   TOM BLAKE
    Deputy Attorney General
3   State Bar No. 51885
      455 Golden Gate Avenue, Suite 11000
4     San Francisco, CA 94102-3664
      Telephone: (415) 703-5506
5     Fax: (415) 703-5480
      Email: tom.blake@doj.ca.gov
6
    Attorneys for Defendants, The Honorable David
7   Ballati; The Honorable Yolanda Northridge; The
    Honorable Frank Roesch; the Honorable Carl Morris;
8   The Honorable George C. Hernandez, Jr.; Superior
    Court of California, County of Alameda; Superior
9   Court of California, County of San Francisco

10                  IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13  **FRED A. WHITAKER**                  CASE NO. CV08 1618 PJH

14                 **Plaintiff,**         **NOTICE OF HEARING; MOTION
                                          FOR PRE-FILING REVIEW;**
15        **v.**                          **REQUEST FOR JUDICIAL
                                          NOTICE; MEMORANDUM OF**
16                                        **POINTS AND AUTHORITIES IN**
    **THE HONORABLE DAVID BALLATI;   THE  SUPPORT THEREOF**
17  **HONORABLE YOLANDA NORTHRIDGE;
    THE HONORABLE FRANK ROESCH; THE**
18  **HONORABLE CARL MORRIS;  THE
    HONORABLE GEORGE C.  HERNANDEZ,**     Date:      July 30, 2008
19  **JR.; SUPERIOR COURT OF CALIFORNIA,  Time:      9:00 a.m.
    COUNTY OF ALAMEDA; SUPERIOR**         Dept.:     Courtroom 3, 17th Floor
20  **COURT OF CALIFORNIA, COUNTY OF
    SAN FRANCISCO,**                      Contemporaneously filed:
21                                        Motion to Dismiss [Rule 12(b) F.R.C.P.]
                   **Defendants.**
22

23        **PLEASE TAKE NOTICE** that on July 30, 2008, at 9:00 a.m. or as soon thereafter as

24  counsel may be heard in Courtroom 3 (17th Floor) of the above entitled court, located at 450 Golden

25  Gate Avenue, San Francisco, California 94102, the above-captioned defendants will move for an

26  order requiring pre-filing review and approval by the Court of any future actions in propria persona

27  by plaintiff.

28        **PLEASE TAKE FURTHER NOTICE** that judicial notice is requested of the court

                                         1

decisions, records and other matters attached as exhibits hereto and to the contemporaneously-filed motion to dismiss.

**THIS MOTION WILL BE BASED** on this motion and notice of motion, the memorandum of points and authorities filed in support thereof, the accompanying request for judicial notice and exhibits, on such oral and documentary evidence as shall be introduced at the time of the hearing, and on all papers and pleadings on file herein.

### MOTION FOR PRE-FILING REVIEW

Defendants move that plaintiff be prohibited from filing any new litigation in this Unites States District Court in propria persona without first obtaining leave of court.

WHEREFORE, moving defendants pray as follows:

1.   That plaintiff be required to obtain pre-filing approval of the Court before filing any future federal actions in propria persona (in pro se), and

2.  For such other relief as the court deems just.

Dated: June 25, 2008

Respectfully submitted,


EDMUND G. BROWN JR.,
    Attorney General of the State of California
TOM BLAKE,
    Deputy Attorney General



By:____/s/ Tom Blake_____
        TOM BLAKE

Attorneys for Defendants the Honorable David Ballati; the Honorable Yolanda Northridge; the Honorable Frank Roesch; the Honorable Carl Morris; the Honorable George C. Hernandez, Jr.; Superior Court of California, County of Alameda; Superior Court of California, County of San Francisco.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff is a vexatious litigant of long standing.  He has the distinction of being sanctioned by the no less than the U.S. Supreme Court for "abusing our process" in prior litigation challenging California's statutory provisions for controlling vexatious litigation. *Whitaker v. Superior Court of California, San Francisco County*, 514 U.S. 208, 210 (1995)[1].  This motion is brought by defendants, the Superior Court of California and five of its judges, contemporaneously with their motion to dismiss yet another challenge by plaintiff to the state's vexatious litigant law.

Lower Federal courts have recognized plaintiff as a vexatious litigant since at least August 1992, and the California state courts have so recognized him as such since at least November 1991.  (Exs. A, B & E.)  As shown in Exhibit I, Mr. Whitaker has brought no less than twenty-two (22) non-meritorious actions in this Court since 1986.  Of these twenty-two actions:

• Plaintiff has never won, having never obtained a money judgment or equitable relief;

• Eight (8) of his cases were dismissed with prejudice;[2]

• Three (3) of his cases were terminated by an order that the Clerk not file the complaint, followed by denial of a motion for reconsideration;[3]

• Five (5) of his cases were filed without leave of court, whereupon plaintiff either failed to obtain leave to file or otherwise pursue the action;[4]

---

**1.**  The Supreme Court opinion is attached as Ex. E to the contemporaneous Motion to Dismiss.  All further references herein to Exhibits are to exhibits to the accompanying motion to dismiss.

**2.**  *Whitaker v. Pascarella*, 3:86-cv-05973-MHP; *Whitaker v. Alameda County Superior, et al*, 3:91-cv-02425-EFL*; Whitaker v. First Appellate Court, et al*, 3:92-cv-01821-EFL; *Whitaker v. Big T Supermarkets, et al*, 3:92-cv-03006-JPV; *Whitaker v. State of California, et al*, 3:95-cv-00617-SI; *Mack, et al v. Miles, Inc., et al*, 3:95-cv-00759-CAL; *Whitaker, et al v. Tandy Corp.*, 3:97-cv-00803-VRW;  *Whitaker, et al v. Miles, Inc., et al*, 4:95-mc-04009-SBA.

**3.**  *Whitaker v. Alameda County Superior, et al*, 3:94-cv-00023-DLJ; *Whitaker v. Walgreens*, 4:95-mc-04039-DLJ; *Whitaker v. Sarkisian, et al*, 4:98-mc-04002-CW.

**4.**  *Whitaker v. Social Security Commissioner*, 4:00-mc-04006-DLJ; *Whitaker, et al v. Tandy Corporation*, 4:97-mc-04002-CW;  *Whitaker v. Grand Metropolitan, et al*, 4:97-mc-04004-SBA; *Whitaker v. Circuit City Inc., et al*, 4:97-mc-04005-SBA; *Whitaker v. Smart & Final, et al*, 4:97-mc-04006-SBA.

1

- One (1) complaint was followed by a motion alleging judicial bias, whereupon the judicial bias motion was terminated and the action apparently not pursued further ;[5]

- Four (4) of his complaints were filed in state court, removed to this Court by defendants, and remanded back to state court;[6] and

- One (1) case involved Social Security litigation which was terminated and remanded.[7]

### History of Vexatious Federal Litigation

As seen in the list above, plaintiff has a long history of abusive filings in the courts of the United States, including the United States Supreme Court. *Whitaker v. Superior Court of California, San Francisco County, supra*, 514 U.S. 208.

This Court previously has been declared a vexatious litigant requiring pre-filing review to conserve limited judicial resources, and that decision was affirmed by the Ninth Circuit. (See Exs. E & G, *Whitaker v. Alameda County Superior Court*, No. 92-17001, 1993 WL 497962 (C.A.9 (Cal.) Dec. 1, 1993); *aff'g* No. C-92-1821 EFL (order dismissing with prejudice and entering pre-filing order), *cert. denied*, 513 U.S. 846 (1994)).

Plaintiff has repeatedly brought collateral attacks on state court judgments in the federal courts, an improper tribunal for appeal under the *Rooker-Feldman* doctrine.[8]  Plaintiff should be well-acquainted with the *Rooker-Feldman* concept after so many unsuccessful actions; but despite many adverse decisions, plaintiff is not dissuaded and returns to this Court again and again.  In August 1992, Judge Lynch, United States District Judge of this Court, entered an order requiring pre-filing review.  (*See* Ex. E, *Whitaker v. Alameda County Superior Court*, No. C-92-1821-EFL (N.D. Cal. Aug. 27, 1992)  Plaintiff did not comply with that order before filing the lawsuit that underlies

---

5.  *Whitaker v. State of California, et al*, 4:95-mc-04045-DLJ.

6.  *Whitaker v. Smart & Final Corporation Inc.*, 3:04-cv-04694-PJH; *Whitaker v. Safeway Corporation Inc.,* 3:04-cv-04695-MMC; *Whitaker v. Albertson Corporation*, 3:04-cv-04737-MJJ; *Whitaker et al v. Walgreen Corporation, Inc., et al*, 3:04-cv-04992-MMC.

7.  *Whitaker v. Commissioner of Social Security*, 3:01-cv-00030-MEJ.

8.  See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).

this motion..[9/]   Perhaps because Judge Lynch's order was made before the current electronic docket system, the Clerk accepted the instant complaint for filing.  Although entirely without merit (see the contemporaneous motion to dismiss), this complaint has required the attention of the defendants, the Superior Courts of two California counties and five California Superior Court judges, as well as this Court.  Such squandering of judicial resources should be abated.

### History of Vexatious State-Court Litigation

Under California's vexatious litigant statutes, which have been repeatedly tested and found constitutional (see *infra*), plaintiff has been determined to be a vexatious litigant by both the California Superior Court and the California Court of Appeal. (Compl. ¶ 1.0; *see* Ex. A, B & C.)  On November 22, 1991, the Alameda Superior Court entered an order under California Code of Civil Procedure § 391.7 requiring plaintiff to obtain a pre-filing approval before filing new propria persona litigation in the state courts.  The Superior Court considered both the moving and opposition papers, heard oral argument and found the plaintiff to be a vexatious litigant within the meaning of the California vexatious litigant law. (*See* Ex. A, *Whitaker v. Bay Area Rapid Transit et al.*, No. 687320-0 (Cal. Super. Ct. Nov. 21, 1991) ("The court, having considered both the moving and the opposition papers, and particularly the evidence upon the motion, and having heard oral argument, finds that the plaintiff is a vexatious litigant."); Calif. Code of Civil Pro. § 391 *et seq.*).

Separately, on May 6, 1992, plaintiff appealed a  state trial court dismissal of another of his lawsuits.  The trial court dismissed that matter on grounds that plaintiff had failed to furnish security ordered by the state court pursuant to §§ 391.1 - 391.4.  (*See* Exs. B & C: *In re Whitaker* (1992) 6 Cal.App.4th 54, 55; *see also* Cal. Civ. Proc. Code § 391.3 [if, after hearing evidence, court determines that plaintiff is a vexatious litigant and there is no reasonable probability that plaintiff will prevail in the litigation against the moving defendant, court may order the plaintiff to furnish security].)

On appeal, ruling on a motion for a pre-filing order, the California Court of Appeal stated:

---

**9.**  A magistrate judge of this Court did review the instant complaint, apparently without being made aware of the 1992 pre-filing order. Given the limited record then before him, the magistrate judge reserved decision as to whether this lawsuit was frivolous (see Docket No. 9).

"Today, we take one small step to eliminate an obvious waste of judicial resources." (*See* Exs. B & C, *In re Whitaker,* 6 Cal.App.4th at 55.) The California appellate court observed that Whitaker was *again* challenging the constitutionality of the vexatious litigant law, an argument urged and rejected in the previous year; that since 1985, plaintiff had filed at least 24 actions, all unsuccessful, in the Alameda Superior Court; and, that plaintiff had filed 35 writ and appeal proceedings in the state court of appeal. (*See id.* at 55.) Although plaintiff appeared at the hearing and submitted arguments in opposition to the request for a pre-filing order, the Court noted plaintiff's history of frivolous appeals and held that: "Fred. A Whitaker comes within the statutory definitions of a vexatious litigant," and ordered that he "shall henceforth be required to obtain the permission of the presiding judge or justice for any court of this state in which he proposes to commence any litigation." (*See id.* at 55.)

Defendants respectfully request that the Court renew the 1992 pre-filing order and direct the Clerk not to file any further complaints from plaintiff without a prior determination by a judge of this Court that they are not frivolous.

## ARGUMENT

### I.

### THE COURT HAS THE INHERENT AUTHORITY AS WELL AS THE DUTY TO CURTAIL ABUSE OF THE JUDICIAL SYSTEM AND CONSERVE JUDICIAL RESOURCES.

Statutory and case law authorize the federal courts to control vexatious litigants. *See* Fed. R. Civ. P. 11(b)(1-2). A federal court is under a continuing duty to dismiss a case whenever it appears the action is "frivolous or malicious," or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i)-(ii). *See Neitzek v. Williams*, 490 U.S. 319, 325 (1989); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). A complaint is frivolous if it has no arguable basis in law or fact. *Neitzek v. Williams*, 490 U.S. at 325.

Under 28 U.S.C. § 1915, even *pro se* complaints must contain at least a minimum of factual support, and plaintiffs may not proceed in *forma pauperis* if their claims are either lacking in specific facts or based on an "indisputably meritless legal theory." *Richmond v. Cagle*, 920 F. Supp 955, 957 (E.D. Wis. 1996).

In addition to ordering dismissal of a frivolous complaint, district courts have the inherent

power to issue restrictive pre-filing orders against litigants with histories of abusive and lengthy litigation. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Such pre-filing orders may enjoin the litigant from filing further actions or papers unless the litigant meets certain criteria, such as first obtaining leave of court or filing declarations that support the merits of the case. *See Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (approving order prohibiting pro se plaintiff from filing further complaints against certain specified defendants without prior approval of district court); *Galeska v. Duncan*, 894 F. Supp. 1375, 1377 (C.D. Cal. 1995) (enjoining petitioner from filing further habeas petitions unless petitioner submitted declaration outlining facts in support of claim).

## II.

### PLAINTIFF IS PROPERLY SUBJECT TO APPROPRIATE MEASURES TO PREVENT FURTHER ABUSE OF THE JUDICIAL PROCESS.

Measures to curtail vexatious litigation should be tailored to achieve that goal without unduly circumscribing the right of access to the courts. For instance, in sanctioning this very plaintiff's frivolous filings, the U.S. Supreme Court, limited its sanctions (requiring the payment of filing fees). Contemplating the possibility that plaintiff's continued vexatious conduct could lead to *criminal* sanctions against him, and noting that his filings to date had been non-criminal petitions, the Supreme Court limited its sanction to future non-criminal filings by plaintiff:

> Petitioner's abuse of petitions for certiorari has occurred only in noncriminal cases, and we limit our sanction accordingly. ***This order therefore will not prevent petitioner from filing a petition for certiorari to challenge criminal sanctions that might be imposed upon him.***

*Whitaker v. Superior Court of California, San Francisco County, supra*, 514 U.S. 208; emphasis added.

The Ninth Circuit set out four factors that district courts should consider when imposing a pre-filing order on a vexatious litigant in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long v. Hennessey*, 912 F.2d at 1144). The *Molski* factors are (1) notice and an opportunity to be heard, (2) the creation of an adequate record, (3) findings of frivolousness or harassment, and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior. Here, all four requirements for a pre-filing order are abundantly met:

The first requirement, that plaintiff receive fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him, is satisfied in that this noticed motion affords him that opportunity. Civil L.R. 7-1 et seq. This Court will, as a matter of course, allow plaintiff an opportunity to oppose the motion in writing, but an oral hearing is not required. "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue . . . . [T]he opportunity to brief the issue fully satisfies due process requirements." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000).

The second requirement is for ". . . a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1058. Here, that listing includes those cases noted above, including the following cases in which plaintiff has previously sued some of the same defendants, in this same Court, for the same relief:

- *Whitaker v. Alameda County Superior Court*, Nos. 91-16866, 92-15002, 1992 WL 184334 (C.A.9 (Cal.) Aug. 4, 1992) (dismissing and ordering sanction in the amount of $250), *aff'g* No. C-91-2425-WDB, *cert. denied*, 507 U.S. 932 (1993). (*See* Ex. F & E.)

- *Whitaker v. Alameda County Superior Court*, No. 92-17001, 1993 WL 497962 (C.A.9 (Cal.) Dec. 1, 1993); *aff'g* No. C-92-1821-EFL (order dismissing with prejudice and entering pre-filing order), *cert. denied*, 513 U.S. 846 (1994); (*See* Ex. G & E.)

- *Whitaker v. Superior Court of California, San Francisco County*, 514 U.S. 208 (1995) (directing the Clerk of the Court not to accept further petitions for certiorari from petitioner in noncriminal matters unless he pays docketing fees required by Rule 38 and submits his petition in compliance with Rule 33 and reiterating its prior warning to Whitaker about his "frequent filing patterns"). (*See* Ex. J.)

Plaintiff has filed no less than *twenty (20)* actions in this Court since the 1992 pre-filing order was entered against him. Those cases are listed in the attached PACER report. (*See* Ex. I.)

The third requirement is that the district court "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1059 (citations omitted). In the present case, plaintiff raises the exact same claims that

6

have been repeatedly rejected in this and other courts.    His claim that §§ 391 *et seq*. is

unconstitutional is "indisputably meritless." *See Richmond v. Cagle*, *supra*, 920 F. Supp. at 957.

Many courts have told Mr. Whitaker specifically that the California law is constitutional. *Whitaker*

*v. Alameda County Superior Court*, 972 F.2d 1348; *Whitaker v. Alameda County Superior Court*, 12

F.3d 1111; *Whitaker v. Superior Court of California, San Francisco County*, 514 U.S. 208; *In re*

*Whitaker*, 6 Cal.App.4th 54.

Plaintiff has been sanctioned by the United States Supreme Court.   In 1995, the United States

Supreme Court, taking note of the number of writs and petitions filed by plaintiff, directed the Clerk

of the  High Court not to accept further petitions for certiorari from plaintiff in noncriminal matters

without payment of docketing fees under Rule 38 and submission of his petition under Rule 33.  *(See*

*Ex. J; Whitaker v . Superior Court of California, San Francisco County,*  514 U.S. at 208.)  The U.S.

Supreme Court explained:

> Petitioner is a prolific filer in this Court. Since 1987, he has filed 24 petitions for
> relief, including 6 petitions for extraordinary relief and 18 petitions for certiorari.
> Fifteen of the twenty-four petitions have been filed in the last four Terms, and we
> have denied all 24 petitions without recorded dissent. We also have denied petitioner
> leave to proceed in forma pauper is pursuant to Rule 39.8 of this Court for the last
> three petitions in which he has sought extraordinary relief. (*Id.* at 209.)
> . . .
>
> [T]he legal arguments petitioner makes in his instant "petition for writ of certiorari"
> are, just as those made in his previous 18 petitions for certiorari, frivolous. As we
> told petitioner earlier this Term, "[t]he goal of fairly dispensing justice . . . is
> compromised when the Court is forced to devote its limited resources to the
> processing of repetitious and frivolous requests."

*Whitaker v . Superior Court of California, San Francisco County, supra,* 514 U.S. at 208.

In *Whitaker v. Alameda County Superior Court*, 12 F.3d 1111 (9th Cir. 1993), the Ninth

Circuit affirmed the pre-filing order entered by District Court Judge Lynch.  In the order that the

appellate court affirmed, Judge Lynch held that:

> . . . [T]he Court notes that this suit (against state appellate court) is almost identical
> to a suit dismissed by this court on November 14, 1991 (against the state trial court).
> Each of these suits stems from plaintiff's contention that the state vexatious litigant
> statute is unconstitutional.  The Ninth circuit affirmed this Court's earlier dismissal,
> and sanctioned plaintiff in the amount of $250.
>
> . . .
>
> At the time this case was dismissed with prejudice, this Court took great pains to
> explain to Mr. Whitaker that his sole remedy . . . is to take an appeal, and not to

7

continue filing papers or to sue this Court.  Mr. Whitaker has not heeded this warning.

*Whitaker v. Alameda County Superior Court,* No. C-92-1821-EFL (unpublished order, Ex. E).

Judge Lynch having found plaintiff's motion "patently frivolous," the Court ordered the Clerk of this Court not to file any further complaints from plaintiff without a prior determination that they are not frivolous.  *Id.*

The fourth requirement is that the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior.  In *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990), this Court held that an order requiring a plaintiff to obtain leave of court to file any suit was overly broad when the plaintiff had only been highly litigious against one group of defendants.  Although plaintiff has been highly litigious as to the California state judiciary, many of his lawsuits have been implicated other defendants (Ex. I) and, given the wide variety of the ways in which plaintiff has styled his filings, there is no practical way for the Clerk's office to discern the nature of his possible future filings.  It is therefore reasonable to require pre-filing review of all of plaintiff's future filings in the manner of the 1992 pre-filing order, which the Ninth Circuit affirmed in *Whitaker v. Alameda County Superior Court, supra*, 12 F.3d 1111.

Because the requirements for issuance of a pre-filing order set out by the Ninth Circuit in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1057are met and the 1992 Whitaker pre-filing order has been affirmed by the Court of Appeals, defendants respectfully ask this Court to renew that 1992 pre-filing review order.

## CONCLUSION

The long litany of plaintiff's harassing and wasteful lawsuits clearly requires a pre-filing order to relieve the state and federal judiciary, and the public, of vexatious litigation.  Plaintiff's vexatious litigation should be curtailed by re-issuing the 1992 pre-filing order to assure pre-filing review and

//

//

//

//

1  //

2  //

3  //

4

5  by imposing such financial sanctions as the Court finds appropriate to deter and stigmatize this

6  abusive conduct.

7      Dated: June 25, 2008

8                              Respectfully submitted,

9                              EDMUND G. BROWN JR.,
                                 Attorney General of the State of California
10                             TOM BLAKE,
                                 Deputy Attorney General

11

12                             By:_____/s/ Tom Blake_____
                                      TOM BLAKE
13

14                             Attorneys for Defendants the Honorable David Ballati; the
                               Honorable Yolanda Northridge; the Honorable Frank Roesch;
15                             the Honorable Carl Morris; the Honorable George C.
                               Hernandez, Jr.; Superior Court of California, County of
16                             Alameda; Superior Court of California, County of San
                               Francisco.

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Hearing; Motion for Pre-filing Review; Req. for Jud. Notice; P&A's in Support        CV08 1618 PJH