**EXHIBIT A**

ALAMEDA-CONTRA COSTA TRANSIT DISTRICT
LEGAL DEPARTMENT
CAROL G. BABINGTON, INTERIM GENERAL COUNSEL
STEVEN C. NOGUERA, ESQ.
1600 FRANKLIN STREET, 6TH FLOOR
OAKLAND, CA 94612
(510) 891-4827

ATTORNEYS FOR DEFENDANT AC TRANSIT

SUPERIOR COURT - STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

FRED A. WHITAKER, et al.,              ) NO. 687320-0
                                       )
              Plaintiffs,              ) ORDER GRANTING MOTION
                                       ) TO REQUIRE PLAINTIFF
vs.                                    ) TO OBTAIN A PREFILING
                                       ) ORDER IN FUTURE
BAY AREA RAPID TRANSIT                 ) LITIGATION PURSUANT TO
DISTRICT, et al.                       ) CCP SECTION 391.7
                                       ) Date: Nov. 21, 1991
              Defendants.              ) Time: 9:00 a.m.
                                       ) Dept: 1

The motion of defendant Alameda-Contra Costa Transit District (hereinafter "AC Transit") for an order pursuant to CCP section 391.7, requiring plaintiff to obtain a prefiling order from the Presiding Judge before filing a complaint in future litigation came on regularly for hearing on November 21, 1991 in Department 1 of the above-entitled court. The plaintiff appeared in propria persona. Defendant AC Transit was represented by Steven Noguera, Esq.

The court, having considered both the moving and the opposition papers, and particularly the evidence upon the motion,

///

1 | and having heard oral argument, finds that the plaintiff is a
2 | vexatious litigant.
3 |     GOOD CAUSE APPEARING, IT IS ORDERED THAT:
4 |     1. The motion of defendant AC Transit be, and hereby
5 | is, granted;
6 |     2. Plaintiff shall be required in any future litigation to
7 | obtain a prefiling order from the presiding judge of the court
8 | where the proposed litigation is to be filed.
9 |     3. Disobedience of this order by the plaintiff may be
10 | result in plaintiff being held in contempt of court.

    Dated: November 22, 1991.

                          /s/ H. Schwartz
                          Judge of the Superior Court

(whitaker6)sh

202-680

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA

DEPT. One

Date: Nov. 26, 1991  Hon. HOWARD L. SCHWARTZ, Judge  Cathy Mills, Deputy Clerk
Deputy Sheriff S. Adams  , Reporter

FRED A. WHITAKER, et al.,

Counsel appearing for Plaintiff   No appearance

Plaintiff

vs.

BAY AREA RAPID TRANSIT DISTRICT, et al.,

Counsel appearing for Defendant   No appearance

Defendant

RECEIVED
DEC - 2 1991
ADMINISTRATIVE OFFICE
OF THE COURTS (S.F.)

NATURE OF PROCEEDINGS: PROOF OF SERVICE TO JUDICIAL COUNCIL

ACTION No. 687320-0

The above entitled action is placed on calendar this day by order of Court.

Pursuant to rules of Court a copy of an Prefiling Order must be served on Judicial Council pursuant to CCP 391.7 subdivision (a).

ENDORSED
FILED
NOV 2_ 1991
RENE C. DAVIDSON, County Clerk
By CATHY MILLS, Deputy

By _____Cathy Mills_____ Deputy Clerk

CLERK'S CERTIFICATE OF SERVICE BY MAIL
CCP 1013 a (3)

No. 687320-0

I certify that: Cathy Mills

I am the Clerk of the Superior Court of the County of Alameda and am not a party to the within action. I served the foregoing certified copy of an ORDER GRANTING MOTION TO REQUIRE PLAINTIFF TO OBTAIN A PREFILING ORDER IN FUTURE LITIGATION PURSUANT TO CCP SECTION 391.7 by depositing a true copy thereof in the United States mail in Oakland, California, on November 26, 1991, in a sealed envelope with postage fully prepaid addressed to:    CHAIR JUDICIAL COUNCIL OF CALIFORNIA
ADMINISTRATIVE OFFICE OF THE COURTS
303 Second Street, South Tower
San Francisco, California  94107

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   November 26, 1991   at Oakland, California.

RENE C. DAVIDSON
Clerk of the Superior Court

By  *Cathy Mills*
Deputy

EXHIBIT B



RECEIVED
92 MAY 6 P 4:06
ADMINISTRATIVE OFFICE
OF THE COURTS

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

In re Finding of FRED A. WHITAKER          A057347

as a Vexatious Litigant.

FILED
MAY - 6 1992

Court of Appeal - First App. Dist.

    Today, we take one small step to eliminate an obvious waste of judicial resources. We hold that Fred A. Whitaker comes within the statutory definitions of a vexatious litigant. (Code Civ. Proc., § 391, subd. (b); statutory references hereafter are to this code.) We further hold that Whitaker, not having been deterred by numerous determinations to the same effect by the Alameda Superior Court, shall henceforth be required to obtain the permission of the presiding judge or justice for any court of this state in which he proposes to commence any litigation.

    This matter arose when we began work on Whitaker's latest appeal (Whitaker v. Department of Social Services of Alameda County, A055479). That action ended in the trial court with a dismissal after Whitaker failed to furnish security as required by

---

\* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of all footnotes.

1.

an order declaring him a vexatious litigant. Our attention was first drawn by the fact that the primary emphasis of Whitaker's briefs was a challenge to the constitutionality of the vexatious litigant statutes, an argument identical to one rejected by this court in an unrelated appeal only last year. (<u>Whitaker</u> v. <u>Bay Area Rapid Transit District</u>, A049779, nonpub. opn. filed April 23, 1991.) We also noted that the respondent on Whitaker's latest appeal specifically requested issuance of a so-called "prefiling order" authorized by section 391.7 and first used by an appellate court in <u>In re Luckett</u> (1991) 232 Cal.App.3d 107. Following the procedure pioneered by Division Three of the Fourth District in <u>Luckett</u>, we issued an order to Whitaker to show cause why the relief requested by respondent should not be granted. The matter was set for a hearing, at which time Whitaker appeared and submitted arguments.

One of the statutory definitions of a vexatious litigant is "a person who . . . [i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd (b)(1).)

The records before us show that since 1985 Whitaker has filed at least twenty-four actions in the Alameda Superior Court. In five of these actions a demurrer was sustained without leave to

2.

amend.*1  In one a defense motion for summary judgment was granted.*2  Another had the trial court granting a defense motion to strike Whitaker's complaint.*3  In yet another, the court ended one action when it denied Whitaker leave to file an untimely claim against a governmental entity.*4  Two actions involved complaints filed by Whitaker in 1986 which did not get off the ground because Whitaker never effected service on the intended opposing parties.*5  In one case a dismissal with prejudice was entered against Whitaker.*6  In another, Whitaker lost in something like a default situation.*7  In no less than thirteen of the actions Whitaker was ordered to furnish security as required by orders finding him to be a vexatious litigant.*8  The bottom line is that

---

* See footnote ante, page 1.

1. Whitaker v. Downtown Plasma Center, Ala. Super. Ct. 603373-0; Whitaker v. State of California, Ala. Super. Ct. 603567-5; Whitaker v. Polaroid Corp., Ala. Super. Ct. 606089-9; Whitaker v. Small Claims Court, Ala. Super. Ct. 601918-3; Whitaker v. The New Tread, Ala. Super. Ct. 601086-7.

2. Whitaker v. Western Rentset, Ala. Super. Ct. 606982-3.

3. Whitaker v. Zimmerman, Ala. Super. Ct. 602328-1.

4. Whitaker v. City of Oakland, Ala. Super. Ct. 615695-6.

5. Whitaker v. Turnquist, Ala. Super. Ct. 614606-3; Whitaker v. Johnson, Ala. Super. Ct. 617286-4.

6. Whitaker v. Highland Hospital, Ala. Super. Ct. 602281-7.

7. Whitaker v. Emby Foods, Ala. Super. Ct. 601176-3.

8. Whitaker v. County of Alameda, Ala. Super. Ct. 673479-6 (Lambden, J.); Whitaker v. Board of Supervisors, Ala. Super. Ct. 660536-0 (Kawaichi, J.); Whitaker v. Salvation Army, Ala. Super. Ct. 660536-0(A) (Kawaichi, J.); Whitaker v. County of Alameda, Ala. Super. Ct. 639968-1 (McKibben, J.); Whitaker v. Pascarella,

Whitaker has not won any of the actions he began in the Alameda Superior Court.

In this court Whitaker's score is only minusculely better. He has filed 35 writ and appeal proceedings. Of his 19 petitions for extraordinary writs, 2 were dismissed for procedural defects,[*9] and 17, including 6 generated by a single superior court action, were summarily denied.[*10] With respect to Whitaker's 16 appeals,

---

\* See footnote ante, page 1.

Footnote 8 continued:
Ala. Super. Ct. 617979-5 (Travis, J.); Whitaker v. Pascarella, Ala. Super. Ct. 603795-4 (Travis, J.); Whitaker v. Southland Corp., Ala. Super. Ct. 603795-5 (Travis, J.); Whitaker v. Dept. of Social Services, Ala. Super. Ct. 678001-8 (Lambden, J.); Whitaker v. Bay Area Rapid Transit Dist., Ala. Super. Ct. 641237-5 (Ballachey, J.); Whitaker v. Wells Fargo Bank, Ala. Super. Ct. 621587-5 (Kawaichi, J.); Whitaker v. Bay Area Rapid Transit Dist., Ala. Super. Ct. 687320-0 (Schwartz, J.); Whitaker v. For Eyes Optical Co., Ala. Super. Ct. 686873-8 (Agretelis, J.); Whitaker v. Lake Merritt Lodge, Ala. Super. Ct. 681594-7 (Agretelis, J.).

9. Whitaker v. W.C.A.B., A034427; Whitaker v. Superior Court (BART), A056829.

10. Whitaker v. Superior Court (Pascarella), A038147; Whitaker v. Superior Court (Zimmerman), A038209; Whitaker v. Superior Court (Department of Social Services), A045032; Whitaker v. Superior Court (Pascarella), A045190; Whitaker v. Superior Court (Pascarella), A045256; Whitaker v. Superior Court (Pascarella), A045698; Whitaker v. Superior Court (Pascarella), A045699; Whitaker v. Superior Court (BART), A045861; Whitaker v. Superior Court (BART), A047717; Whitaker v. Superior Court (Department of Social Services), A049286; Whitaker v. Superior Court (Pascarella), A050017; Whitaker v. Superior Court (Salvation Army), A052926; Whitaker v. Superior Court (AC Transit), A052927; Whitaker v. Municipal Court (AC Transit), A054100; Whitaker v. Superior Court (AC Transit), A054102; Whitaker v. Superior Court (For Eyes Optical Co.), A056540; Whitaker v. Superior Court (BART), A056829.

7 were dismissed,*11 8 were affirmed,*12 and only one was reversed.*13 That the reversal involved only a pretrial matter in a case subsequently resolved against Whitaker.*14

Another of the statutory definitions of a vexatious litigant is "a person who . . . [i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous . . . ." (§ 391, subd. (b)(3).)

As previously mentioned, Whitaker is again contending that the vexatious litigant statutes are unconstitutional, an argument we expressly rejected in one of his cases only last year. This identical argument has also been rejected by other divisions of this court in cases in which he was a party.*15 By

---

* See footnote ante, page 1.

11. Whitaker v. Western Rents, A036600; Whitaker v. Zimmerman, A038857; Whitaker v. Pascarella, A045584; Whitaker v. Bay Area Rapid Transit Dist., A045878; Whitaker v. Department of Social Services, A054954; Whitaker v. Bay Area Rapid Transit Dist., A056825; Whitaker v. Department of Social Services, A055479.

12. Whitaker v. State of California, A035209; Whitaker v. The New Tread, A038973; Whitaker v. Pascarella, A045330; Whitaker v. Bay Area Rapid Transit Dist., A049779; Whitaker v. Wells Fargo Bank, A050642; Whitaker v. County of Alameda, A050722; Whitaker v. AC Transit, A053007; Whitaker v. Salvation Army, A053121.

13. Whitaker v. Pascarella, A038109.

14. Whitaker v. Pascarella, A045584.

15. Whitaker v. Pascarella, A045330 (Div. 1); Whitaker v. Wells Fargo Bank, A050642 (Div. 3); Whitaker v. County of Alameda, A053007 (Div. 5); Whitaker v. County of Alameda, A050722 (Div. 5); Whitaker v. Salvation Army, A053121 (Div. 5).

coming forward again with this argument, Whitaker is engaging in frivolous conduct. (See City of Bell Gardens v. County of Los Angeles (1991) 231 Cal.App.3d 1563 [appeal is frivolous if it involves claim previously rejected by same court]; Hummel v. First National Bank (1987) 191 Cal.App.3d 489 [same].)

Obviously Whitaker has repeatedly misused the courts of this state. What we have said with regard to the consequences of frivolous appeals is equally pertinent in this context: "Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources." (Finnie v. Town of Tiburon (1988) 199 Cal.App.3d 1, 17 [citation omitted].)

In light of his extensive history of frivolous filings, this court finds that Fred A. Whitaker is a vexatious litigant within the meaning of section 391, subdivisions (b)(1) and (b)(3). Less drastic remedies having failed, we order that henceforth Fred A. Whitaker may not file any litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court in which the litigation is proposed to be filed. (§ 391.7, subd. (a).)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (d).) Copies shall also be provided to the presiding judges of the Alameda County Superior Court and each branch of the municipal

courts in Alameda County.

_____
Poché, J.

WE CONCUR:

_____
Anderson, P.J.

_____
Reardon, J.

In re Finding of Whitaker
A057347

7