UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED A. WHITAKER,

    Plaintiff,

v.

ALAMEDA SUPERIOR COURT, et al.,

    Defendants.

_____/

No. C 08-1618 PJH

**ORDER OF DISMISSAL**

Before the court is defendants' motion to dismiss the above-entitled action for failure to state a claim and for lack of subject matter jurisdiction. Plaintiff filed no written opposition to the motion. Having read defendants' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

In view of plaintiff's failure to file a written opposition by the July 9, 2008, deadline set by the Civil Local Rules of this court, and the court's determination that the motion is appropriate for decision without oral argument, the hearing on the motion, previously noticed for July 30, 2008, is hereby VACATED.[1]

---

[1] Plaintiff's request for a continuance of the hearing date, filed on July 17, 2008, is DENIED, for failure to state good cause.

## BACKGROUND

Plaintiff Fred A. Whitaker filed this action on March 26, 2008, against defendants Alameda County Superior Court; Superior Court of the County of San Francisco; David Ballati, Judge of the Superior Court of California, County of San Francisco; and Yolanda Northridge, Frank Roesch, Carl Morris, and George C. Hernandez, Jr., Judges of the Superior Court of California, County of Alameda. Plaintiff challenges the procedures followed by the California courts in declaring him a vexatious litigant, and also challenges the constitutionality of California's Vexatious Litigant Statute.

Under the Vexatious Litigant Statute, California Code of Civil Procedure § 391, et seq., a defendant in state court may move the court to require a pro se plaintiff to provide security if the defendant can make a showing that the plaintiff is a vexatious litigant and there is not a reasonable probability that the plaintiff will prevail in the litigation against the moving party. Cal. Civ. P. Code §§ 391.1, 391.3.

The Vexatious Litigant Statute defines "vexatious litigant" as a person who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Civ. P. Code § 391(b).

Once a plaintiff has been declared a vexatious litigant within the meaning of the statute, the court may also enter an order prohibiting the plaintiff from filing new state court litigation[2] absent leave of the presiding judge where the litigation is proposed to be filed. Id. § 391.7(a). This order is known as a "prefiling order." The clerk is not permitted to file any litigation presented by a vexatious litigant who is subject to a prefiling order unless the litigant first obtains an order from the presiding judge permitting such filing. Id. § 391.7(c). The judge may condition the filing of the litigation on the furnishing of security for the benefit of the defendants, as provided in § 391.3. Id. § 391.7(b).

Parties subject to prefiling orders in California state courts are placed on a statewide list – the "Vexatious Litigant List" – maintained by the Judicial Council of California and disseminated to the clerks of the state courts. Id. § 391.7(e). The Vexatious Litigant Statute has survived several constitutional challenges in California courts. See Wolfe v. Strankman, 392 F.3d 358, 361 (9th Cir. 2004).

In recent years, plaintiff has filed numerous lawsuits in both state and federal court. In 1991, the Superior Court of California, County of Alameda, found plaintiff to be a vexatious litigant within the meaning of California Code of Civil Procedure § 391.2. On November 22, 1991, the Alameda County Superior Court issued an order pursuant to Code of Civil Procedure § 391.7, requiring plaintiff to obtain a prefiling order in any future litigation in any court of the State of California. On November 26, 1991, the clerk notified the Judicial Council of the entry of the prefiling order.

In 1992, in a separate action, the California Court of Appeal also found plaintiff to be a vexatious litigant within the meaning of Code of Civil Procedure § 391(b)(1) and (b)(3), and entered a prefiling review order. See In re Whitaker, 6 Cal. App. 4th 54 (1992). The Court of Appeal noted that since 1985, plaintiff had filed more than 24 unsuccessful actions in the Alameda County Superior Court, and no fewer than 35 writs and appeals in the Court

---

[2] "Litigation" as defined under the statute includes "any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order." Id. § 391.7(d).

3

of Appeal. Id.

Along with the state court lawsuits, plaintiff has filed numerous actions in federal court, including at least 22 actions in this court. A number of those actions were brought for the purpose of challenging both the constitutionality of California's Vexatious Litigant Statute, and the correctness of the state court judgments enforcing it as to him.

In 1991, following the initial order by the Superior Court declaring him a vexatious litigant, plaintiff filed an action in the Northern District of California, challenging the constitutionality of the Vexatious Litigant Statute. See Whitaker v. Alameda County Superior Court, No. C-91-2425 EFL.

The action was dismissed with prejudice on November 14, 1991, and the dismissal was affirmed on appeal, in an unpublished decision. See Whitaker v. Alameda County Superior Court, 972 F.2d 1348, 1992 WL 184334 (9th Cir., Aug. 4, 1992). The Ninth Circuit found that plaintiff's claims had been fully litigated in the state courts, "and therefore cannot be relitigated in federal district court." Id. The Ninth Circuit also imposed sanctions on plaintiff for filing a frivolous appeal.

In May 1992, plaintiff filed another action in the Northern District of California, Whitaker v. Alameda County Superior Court, No. C-92-1821 EFL, which the court found "almost identical to [the] suit dismissed by this Court on November 14, 1991 (against the state trial court)." See Order, filed August 27, 1992. The court noted that "[e]ach of these suits [referring to C-91-2425 and C-92-1821] stems from plaintiff's contention that the state vexatious litigant statute is unconstitutional." Id.

Plaintiff sought an order enjoining the California Court of Appeal from upholding the constitutionality of the requirement that a vexatious litigant post a security bond before proceeding with further actions. He requested the district court to overturn a California Court of Appeal order declaring him a vexatious litigant on the ground that § 391 is unconstitutional. Plaintiff sought a temporary restraining order, which was denied on May 20, 1992; moved for an order disqualifying the assigned district judge, which was denied on June 29, 1992; and then moved for a preliminary injunction, which was denied on July 14,

4

1992.

The court dismissed the case with prejudice, also on July 14, 1992.  Plaintiff moved for "a new trial," and that motion was denied in the August 27, 1992 order.  The court found the suit "patently frivolous," and ordered the Clerk of the Court "not to file any more complaints from Mr. Whitaker until a Judge of this Court has reviewed them, and determined that they are not patently frivolous."  See Order, filed August 27, 1992.

On appeal, the Ninth Circuit affirmed the denial of the motion for preliminary injunction, noting that "[t]he district court properly held that it lacked jurisdiction to review the [Court of Appeal's] decision."  Whitaker v. Alameda County Superior Court, 12 F.3d 1111, 1993 WL 497962 (9th Cir., Dec. 1, 1993).  "Under the Rooker-Feldman doctrine, a district court is prohibited from reviewing a state court decision.  Under the doctrine, a district court may exercise only original jurisdiction, and the United States Supreme Court has exclusive jurisdiction to review state appellate decisions."  Id. (citations omitted).  On October 3, 1994, the United States Supreme Court denied plaintiff's petition for a writ of certiorari.  Whitaker v. Superior Court of California, Alameda County, 513 U.S. 846 (1994).

Previously that same year, after noting that plaintiff had filed 23 claims for relief in the previous seven years, including 18 petitions for certiorari and five petitions for extraordinary writs, the United States Supreme Court had taken the unusual step of directing the Clerk of the Court not to accept any further petitions for extraordinary writs from plaintiff in non-criminal matters, unless plaintiff paid the docketing fee.  In re Fred Whitaker, 513 U.S. 1 (1994).  In 1995, noting plaintiff's persistence in filing frivolous petitions and his continuing abuses of the judicial system, the Court directed the Clerk of the Court not to accept even petitions for writ of certiorari in non-criminal matters, unless plaintiff paid the docketing fee.  Whitaker v. Superior Court of California, San Francisco County, 514 U.S. 208 (1995).

**DISCUSSION**

A.  Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

5

sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). However, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id.

B.      Defendants' Motion to Dismiss

Defendants seek an order dismissing the case, arguing that California's Vexatious Litigant Statute has been found to be constitutional by the courts, and that plaintiff therefore cannot state a claim; that federal district courts do not have jurisdiction to review state court decisions, including vexatious litigant orders; that the state court decision to declare plaintiff a vexatious litigant was a judicial decision, and that the defendant Superior Court Judges and Judges of the Court of Appeal have absolute judicial immunity from suits arising out of the exercise of their judicial functions; and that state courts and state court judges are immune from suit under the Eleventh Amendment to the United States Constitution.

Plaintiff's complaint purports to assert a claim against the Judges and the Superior Court of Alameda and San Francisco Counties for placing and maintaining his name on the state Vexatious Litigant List; and for requiring him under Civil Procedure Code §§ 391.3 and 391.7 to provide security bonding before any case can be heard, and not permitting

him to challenge the reasonableness of the security bonding.  However, plaintiff's real challenge is to the state court decision(s) finding him a vexatious litigant – absent those orders, there could have been no requirement by the court that he post a security bond as a condition to maintaining a lawsuit in state court.

Plaintiff seeks a judicial declaration that the Vexatious Litigant Statute is unconstitutional, and also seeks an order requiring the Superior Court to permit him to appear in a probate matter in which he claims to hold an interest.  Thus, the relief plaintiff seeks is "inextricably intertwined" with the state court proceedings.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); but see Wolfe, 392 F.3d at 363 (Rooker-Feldman did not bar jurisdiction, as "there was no vexatious litigant order entered against [plaintiff] at the time he filed in district court," and therefore "no state court judgment from which he could have been seeking relief").

Plaintiff alleges no basis upon which to challenge the validity of the Vexatious Litigant Statute, which has repeatedly been held constitutional by both state and federal courts.  See, e.g., Wolfe v. George, 486 F.3d 1120 (9th Cir. 2007); Bravo v. Ismaj, 99 Cal. App. 4th 211 (2002).  Plaintiff's only challenge is to the action of the Superior Court in finding him a vexatious litigant, and in requiring that the post a security bond.

The court finds that the motion must be GRANTED, because the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, which bars federal district courts from "exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004); see also Wolfe, 392 F.3d at 363.

As a further basis for dismissal, the court finds that Eleventh Amendment to the United States Constitution bars the claims against the Superior Court.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156,1161 (9th Cir. 2003).  Moreover, the Superior Court judges are not proper defendants in a suit challenging their actions in adjudicating cases pursuant to state statutes.  See Wolfe, 392 F.3d at 365-66; Grant v. Johnson, 15 F.3d 146, 147-48 (9th Cir. 1994).

**CONCLUSION**

In accordance with the foregoing, the court finds that defendants' motion must be GRANTED.

**IT IS SO ORDERED.**

Dated: July 22, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRED A WHITAKER,

        Plaintiff,

  v.

ALAMEDA SUPERIOR COURT et al,

        Defendants.
                                      /

Case Number: CV08-01618 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred A. Whitaker
872 69th Ave
Oakland, CA 94621

Dated: July 22, 2008

                                      Richard W. Wieking, Clerk
                                      By: Nichole Heuerman, Deputy Clerk