UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED A. WHITAKER,

    Plaintiff,

    v.

ALAMEDA SUPERIOR COURT, et al.,

    Defendants.
_____/

No. C 08-1618 PJH

**PREFILING ORDER**

    Before the court is defendants' motion for an order requiring prefiling review and approval by the court of any future actions filed by plaintiff in propria persona. Plaintiff filed no written opposition to the motion. Having read defendants' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

    In view of plaintiff's failure to file a written opposition by the July 9, 2008, deadline set by the Civil Local Rules of this court, and the court's determination that the motion is appropriate for decision without oral argument, see Civil L.R. 7-1(b); Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991), the hearing on the motion, previously noticed for July 30, 2008, is hereby VACATED.[1]

---

[1] Plaintiff's request for a continuance of the hearing date, filed on July 17, 2008, is DENIED for failure to state good cause.

**BACKGROUND**

Plaintiff Fred A. Whitaker filed this action on March 26, 2008, against defendants Alameda County Superior Court; Superior Court of the County of San Francisco; David Ballati, Judge of the Superior Court of California, County of San Francisco; and Yolanda Northridge, Frank Roesch, Carl Morris, and George C. Hernandez, Jr., Judges of the Superior Court of California, County of Alameda. Plaintiff challenges the procedures followed by the California courts in declaring him a vexatious litigant, and also challenges the constitutionality of California's Vexatious Litigant Statute, California Code of Civil Procedure § 391, et seq.

In recent years, plaintiff has filed numerous lawsuits in both state and federal court. In 1991, the Superior Court of California, County of Alameda, found plaintiff to be a vexatious litigant within the meaning of California Code of Civil Procedure § 391.2. On November 22, 1991, "having considered the moving and opposition papers, . . . and having heard oral argument," the Alameda County Superior Court issued an order pursuant to Code of Civil Procedure § 391.7, requiring plaintiff to obtain a prefiling order in any future litigation in any court of the State of California. Whitaker v. Bay Area Rapid Transit, No. 687320-0 (Cal. Sup. Ct., Nov. 21, 1991). On November 26, 1991, the clerk notified the Judicial Council of the entry of the prefiling order.

In 1992, plaintiff appealed the dismissal of another state court suit. The trial court had dismissed the case on the ground that plaintiff had failed to furnish the security ordered by the court pursuant to Code of Civil Procedure § 391.1, et seq. The California Court of Appeal noted that plaintiff was "again contending that the vexatious litigant statutes are unconstitutional, an argument we expressly rejected in one of his cases only last year. This identical argument has also been rejected by other divisions of this court in cases in which he was a party." In re Whitaker, 6 Cal. App. 4th 54, 56 (1992).

The court observed further that since 1985, plaintiff had filed more than 24 unsuccessful actions in the Alameda County Superior Court, and no fewer than 35 writs and appeals in the Court of Appeal. See id. The court found plaintiff to be a vexatious

litigant within the meaning of Code of Civil Procedure § 391(b)(1) and (b)(3), and entered a prefiling review order. Id. at 55.

Along with the state court lawsuits, plaintiff has filed numerous actions in federal court, including at least 22 actions in this court. A number of those actions were brought for the purpose of challenging both the constitutionality of California's Vexatious Litigant Statute, and the correctness of the state court judgments enforcing it as to him.

In 1991, following the initial order by the Superior Court declaring him a vexatious litigant, plaintiff filed an action in the Northern District of California, challenging the constitutionality of the Vexatious Litigant Statute. See Whitaker v. Alameda County Superior Court, No. C-91-2425 EFL.

The action was dismissed with prejudice on November 14, 1991, and the dismissal was affirmed on appeal, in an unpublished decision. See Whitaker v. Alameda County Superior Court, 972 F.2d 1348, 1992 WL 184334 (9th Cir., Aug. 4, 1992). The Ninth Circuit found that plaintiff's claims had been fully litigated in the state courts, "and therefore cannot be relitigated in federal district court." Id. The Ninth Circuit also imposed monetary sanctions on plaintiff for filing a frivolous appeal. On February 22, 1993, the United States Supreme Court denied plaintiff's petition for a writ of certiorari. See Whitaker v. Alameda County Superior Court, 507 U.S. 932 (1993).

Meanwhile, in May 1992, plaintiff filed another action in the Northern District of California, Whitaker v. Alameda County Superior Court, No. C-92-1821 EFL, which the district court found "almost identical to [the] suit dismissed by this Court on November 14, 1991 (against the state trial court)." See Order, filed August 27, 1992. The court noted that "[e]ach of these suits [referring to C-91-2425 and C-92-1821] stems from plaintiff's contention that the state vexatious litigant statute is unconstitutional." Id.

Plaintiff sought an order enjoining the California Court of Appeal from upholding the constitutionality of the requirement that a vexatious litigant post a security bond before proceeding with further actions. He requested the district court to overturn a California Court of Appeal order declaring him a vexatious litigant on the ground that § 391 is

3

unconstitutional. Plaintiff sought a temporary restraining order, which was denied on May 20, 1992; moved for an order disqualifying the assigned judge, which was denied on June 29, 1992; and then moved for a preliminary injunction, which was denied on July 14, 1992.

The court dismissed the case with prejudice, also on July 14, 1992. Plaintiff moved for "a new trial," and that motion was denied in the August 27, 1992 order. The court found the suit "patently frivolous," and ordered the Clerk of the Court "not to file any more complaints from Mr. Whitaker until a Judge of this Court has reviewed them, and determined that they are not patently frivolous." See Order, Whitaker v. Alameda County Superior Court, No. C-92-1821 ELF (N.D. Cal., August 27, 1992).

On appeal, the Ninth Circuit affirmed the denial of the motion for preliminary injunction, noting that "[t]he district court properly held that it lacked jurisdiction to review the [Court of Appeal's] decision." Whitaker v. Alameda County Superior Court, 12 F.3d 1111, 1993 WL 497962 (9th Cir., Dec. 1, 1993). "Under the Rooker-Feldman doctrine, a district court is prohibited from reviewing a state court decision. Under the doctrine, a district court may exercise only original jurisdiction, and the United States Supreme Court has exclusive jurisdiction to review state appellate decisions." Id. (citations omitted). On October 3, 1994, the United States Supreme Court denied plaintiff's petition for a writ of certiorari. Whitaker v. Superior Court of California, Alameda County, 513 U.S. 846 (1994).

Previously that same year, after noting that plaintiff had filed 23 claims for relief in the previous seven years, including 18 petitions for certiorari and five petitions for extraordinary writs, the United States Supreme Court had taken the unusual step of directing the Clerk of the Court not to accept any further petitions for extraordinary writs from plaintiff in non-criminal matters, unless plaintiff paid the docketing fee. In re Fred Whitaker, 513 U.S. 1 (1994). On April 17, 1995, noting plaintiff's ongoing insistence on filing frivolous petitions and his continuing abuses of the judicial system, the Supreme Court directed the Clerk of the Court not to accept even petitions for writ of certiorari in non-criminal matters, unless plaintiff paid the docketing fee. Whitaker v. Superior Court of California, San Francisco County, 514 U.S. 208 (1995).

**DISCUSSION**

A.  Legal Standard

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts "have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). However, the Ninth Circuit has advised that courts should be cautious in entering prefiling orders because of the possibility that "such sanctions can tread on a litigant's due process right of access to the courts." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).

In this Circuit, before declaring a litigant vexatious, the court (1) must provide the plaintiff with an opportunity to oppose entry of the order; (2) must provide an adequate record for review, showing that the litigant's filings were numerous or abusive; (3) must find that the filings were frivolous or harassing; and (4) must narrowly tailor the order to prevent the litigant's abusive behavior. DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).

The Ninth Circuit also suggests that in evaluating the two substantive factors (factors three and four), district courts should consider (1) the litigant's history of litigation, and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive – whether the litigant has an objective good faith expectation of prevailing in the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has imposed an unnecessary burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. Molski, 500 F.3d at 1058 (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986)).

B.  Defendants' Motion

Defendants assert that this court should enter a prefiling order, based on plaintiff's long history as a recognized vexatious litigant in the state courts, and also based on the prefiling order issued by Judge Lynch of this court in August 1992. In addition, defendants assert that the four DeLong factors are satisfied, as (1) plaintiff has received fair notice of

the possibility that he might be declared a vexatious litigant and have a prefiling order entered against him; (2) defendants have identified the cases and motions that warrant issuance of the prefiling order, including the August 4, 1992, and December 1, 1993, orders issued by the Ninth Circuit, and the April 17, 1995, order issued by the Supreme Court (all described above); (3) there is no dispute that plaintiff raises claims in the present action that are identical to those that have been repeatedly rejected by this court and other courts; and (4) the prefiling order requested is as narrowly tailored as possible, as there is no other practical way to weed out plaintiff's frivolous complaints before they are filed in this court.

The court finds that the motion must be GRANTED. The court finds that entry of a prefiling order is warranted under the DeLong factors, for the reasons argued by defendants. In addition, as set forth above and in the Order of Dismissal, filed contemporaneously with the present order, plaintiff's challenge to the constitutionality of the Vexatious Litigant Statute has been fairly and fully litigated, and plaintiff has been apprised of that fact by numerous courts. Thus, the present action is patently frivolous.

The court also notes that the prefiling order entered by Judge Lynch on August 27, 1992, in Case No. C-92-1821 remains in effect. Because Judge Lynch's dismissal of that action with prejudice was affirmed by the Ninth Circuit, and because the Ninth Circuit subsequently affirmed the dismissal, pursuant to the prefiling order, of other actions filed by plaintiff, see e.g., Whitaker v. Alameda County Superior Court, No. 95-17024 (9th Cir., Feb. 9, 1996) (aff'g Whitaker v. Alameda County Superior Court, No. Misc. 94-0023-DLJ (N.D. Cal., Oct. 3, 1995); Whitaker v. Walgreens, No. 97-17305 (9th Cir., Oct. 26, 1998) (aff'g Whitaker v. Walgreens, No. C-95-4039-DLJ (N.D. Cal., Sept. 11, 1997), the court sees no need to engage in an exhaustive analysis of the relevant factors.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS the motion. From this date, the clerk of the court is hereby ORDERED not to accept any complaint presented for filing by plaintiff Fred A. Whitaker in propria persona, until a judge of this court (typically the

6

general duty judge) has reviewed such complaint and has determined that it is not patently frivolous.

**IT IS SO ORDERED.**

Dated: July 22, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRED A WHITAKER,

          Plaintiff,

  v.

ALAMEDA SUPERIOR COURT et al,

          Defendants.
                                              /

Case Number: CV08-01618 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred A. Whitaker
872 69th Ave
Oakland, CA 94621

Dated: July 22, 2008

                                      Richard W. Wieking, Clerk
                                      By: Nichole Heuerman, Deputy Clerk