1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM BLAKE
   Deputy Attorney General
3  State Bar No. 51885
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA 94102-3664
     Telephone: (415) 703-5506
5    Fax: (415) 703-5480
     Email: tom.blake@doj.ca.gov
6
   Attorneys for Defendants, the Honorable David
7  Ballati; the Honorable Yolanda Northridge; the
   Honorable Frank Roesch; the Honorable Carl Morris;
8  the Honorable George C. Hernandez, Jr.; the Superior
   Court of California, County of Alameda; and the
9  Superior Court of California, County of San Francisco

10                  IN THE UNITED STATES DISTRICT COURT

11                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13
   FRED A. WHITAKER,                              CV08 1618 PJH
14
                              Plaintiff,          OPPOSITION TO MOTION TO
15                                                SET ASIDE JUDGMENT AND
             v.                                   ORDER OF DISMISSAL;
16                                                MEMORANDUM OF POINTS AND
   THE HONORABLE DAVID BALLATI; THE               AUTHORITIES
17 HONORABLE YOLANDA NORTHRIDGE;
   THE HONORABLE FRANK ROESCH; THE                Date:  September 10, 2008
18 HONORABLE CARL MORRIS; THE                     Time:  9:00 a.m.
   HONORABLE GEORGE C. HERNANDEZ,                 Dept.: Courtroom 3, 17th Floor
19 JR.; SUPERIOR COURT OF CALIFORNIA,
   COUNTY OF ALAMEDA; SUPERIOR
20 COURT OF CALIFORNIA, COUNTY OF
   SAN FRANCISCO,
21
                              Defendants.
22

23     Defendants the Honorable David Ballati; the Honorable Yolanda Northridge; the Honorable

24 Frank Roesch; the Honorable Carl Morris; the Honorable George C. Hernandez, Jr.; the Superior

25 Court of California, County of Alameda; and the Superior Court of California, County of San

26 Francisco oppose plaintiff's motion to set aside the Court's Judgment and Order of Dismissal.

27

28

Opposition to Motion to Set Aside; Points and Authorities                    Case No. CV08 1618 PJH

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants are five California judges and the state trial courts of two counties. These state judicial entities were defendants in the most recent of plaintiff's long line of non-meritorious pro se lawsuits, the history of which are detailed in the defendants' motions for dismissal and pre-filing review.

Defendants' first responsive pleading was a motion to dismiss, which was filed within the required 20 days of personal service. Document 18 Filed 06/18/2008. That motion, necessarily filed before the pending reassignment to a district judge, noticed a hearing date late in August in anticipation of reassignment.

On June 25, 2008, the defendants re-noticed the motions for hearing before the assigned district judge on July 30, 2008. Document 26 Filed 06/25/2008, Page 1 of 12.

Plaintiff telephonically obtained defense counsel's agreement to a request for continuance, prepared a stipulation to that end (Document 30, Filed 07/17/2008) and, according to his own declaration, received it back from defense counsel within "a week approximately." Declaration of Whitaker, pg. 1, para. 3.0. The stipulation was signed by defense counsel on July 2, 2008. Document 30 Filed 07/17/2008, pg. 4 of 6. However, plaintiff did not file his request for continuance that included the stipulation until July 17, 2008. Document 30 Filed 07/17/2008.

The Court considered the continuance request and denied it; the Court held, in the Order of Dismissal, at footnote 1:

> Plaintiff's request for a continuance of the hearing date, filed on July 17, 2008, is DENIED, for failure to state good cause.

(Document 32, Filed 07/22/2008. fn 1.)

On July 22, 2008, the Court entered an order of dismissal, gave judgment for defendants, and reinstated a 1992 order requiring pre-filing review of plaintiff's pro se filings. (Documents 32, 33, 34, Filed 07/22/2008.) Plaintiff now seeks to set aside the Court's judgment and orders on the grounds that he did not have the opportunity to be heard.

Opposition to Motion to Set Aside; Points and Authorities    Case No. CV08 1618 PJH

1

## POINTS AND AUTHORITIES

On July 22, 2008, this Court properly denied plaintiff's continuance request for lack of a showing of good cause. Document 32, *supra*, fn 1. Because the operative moving papers gave timely notice of a July 30, 2008 hearing, plaintiff's opposition was required to be filed 21 days earlier, or by July 9. Northern District Local Rule 7-3(a). Thus, when plaintiff did file his request for continuance, his opposition was already eight (8) days overdue.[1]

The plaintiff's request for continuance constituted a Motion for Administrative Relief pursuant to Civil L.R. 7-11. Local Rule 7-11(a) requires such motions to "specifically" set forth the "reasons supporting the motion."[2] Plaintiff is a very experienced pro se litigator with an extensive history of motion practice, albeit in non-meritorious actions; the failure to offer more convincing grounds for a continuance can only be construed as indicating the non-existence of more compelling grounds.

Whether a denial of a continuance constitutes an abuse of discretion depends on a consideration of the facts of each case. *Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 976 (9th Cir. 1996). The decision to grant or deny a continuance is reviewed for an abuse of discretion. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).

The district court has broad discretion to manage its own calendar. *U.S. v. Batiste*, 868 F.2d 1089, 1092, fn 4 (9th Cir. 1989). In *F.T.C. v. Gill*, 265 F.3d 944 (9th Cir. 2001), the district court granted summary judgment and issued a permanent injunction on Federal Trade Commission claims against the operator of a "credit repair" organization. The Ninth Circuit, citing *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir.1998), held that "[T]he decision to grant or deny a continuance is in the sound discretion of the trial court and will not be overturned except upon a showing of clear abuse." *Id*, 654-55.

---

1. And, as plaintiff's declaration makes it clear (at pg. 1, para. 3.0) that he orally requested a stipulation only approximately a week earlier, it appears that plaintiff did not initiate the continuance request process until about the time his opposition papers were due.

2. To the extent that plaintiff's allegation is that the stipulation was somehow delayed by the defense, Civil L.R. 7-11(a) also authorizes, in lieu of a stipulation, an statement of why a stipulation could not be obtained. In point of fact, however, the stipulation was submitted to defense counsel through the U.S. mail and returned to plaintiff without delay through the same means.

# CONCLUSION

In this instance, plaintiff apparently did not even begin the process of requesting a continuance until his opposition papers were over-due or nearly over-due, and even then the reasons he advanced for further protracting this already protracted were vague and not compelling. The instant motion therefore should be denied.

Dated: July 30, 2008

Respectfully submitted,

TOM BLAKE
Deputy Attorney General

Attorneys for Defendants, the Honorable David Ballati; the Honorable Yolanda Northridge; the Honorable Frank Roesch; the Honorable Carl Morris; the Honorable George C. Hernandez, Jr.; the Superior Court of California, County of Alameda; and the Superior Court of California, County of San Francisco

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **WHITAKER, Fred A. v. Alameda County Superior Court, et al.**

No.:   **C-08-1618-PJH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 31, 2008, I served the attached OPPOSITION TO MOTION TO SET ASIDE JUDGMENT AND ORDER OF DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Fred A. Whitaker
872 69th Avenue
Oakland, CA 94621

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 31, 2008, at San Francisco, California.

|  |  |
|---|---|
| Lorraine Smith | *Lorraine Smith* (signature) |
| Declarant | Signature |

40269776.wpd