

RECEIVED

JUL 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fred A. Whitaker
872 69ᵗʰ Avenue
Oakland, Ca. 94621
510-569-1343

### UNITED STATES DISTRICT COURT
### NINTH CIRCUIT

Fred A. Whitaker          Petitioner

Vs

Alameda Superior Court and County and
City Of San Francisco Judges Roesch
 Yolanda Northridge, Morris,Ballati
Hernandez and Does 1-50
 Judge Hernandez   and Does 1-50

Case No. CV08 1618 PJH
**AMENDED**
Civil Complaint For Declaratory
Relief 1060 Validity or Interpretation
of CCP 391 and Injunctive Relief
Under Civ Code 3368 Against
Presiding Judge of Alameda County;
and San Francisco County Superior
And  Violation of My Constitutional
Rights Under 42 USC 1983 & 1981
And Compensatory & Punitive And
Damages

### FIRST CAUSE OF ACTION
### UNDER DECLARATORY RELIEF UNDER CCP 1060
### UNCONSTITUTIONALITY OF CCP 391 ON ITS FACE OR ITS APPLICATION
### TOWARDS PLAINTIFF

Plaintiff [Fred A. Whitaker] alleges;

**1.0** Plaintiff is now and at all times mentioned in this complaint has been an alleged Vexatious Litigant.

**2.0 Defendants (**cover of complaint) at all times been a Presiding Judge  or a Judge within Alameda and or San Francisco County and deprives its legal authority as a state employee.

**3.0** In 1965 a State **CCP 391**  was passed by The California legislature and was declared constitutional by various Court ruling including Taliaferro V Hoogs 236 Cal.App.2d 521; Muller V tanner 2 Cal Rptr 738 ; Wolfgram V Wells Fargo Bank 61 Cal. Rptr2d 694. A copy of statue is attached as **Exhibit A** and is incorporated by reference and is in full force and effect at present.

**4.0** In 1975 Breadeau V Superior Court 121 Cal. Rptr 585 determined that All Statutes which have judicial procedures of taking a litigants property rights without a hearing on the merits was deemed unconstitutional.

**5.0** Breadeau V Superior Court 121 Cal. Rptr 593 specifically overturned Vinncome V State of California 172 Cal.app.2d at p 59 that had ruled **CCP 391 constitutional**.

**PLAINTIFF'S POSITIONN IS THAT DEFENDANT'S PROCEDURES ASSOCIATED WITH  CCP 391 HEARING  IS UNCONSTITUTION IN THAT IT VIOLATES PLAINTIFF'S FIRST AMENDMENT RIGHT; DUE PROCESS RIGHT; EQUAL PROTECTION RIGHT AND IS  DISCRIMINATORY AGAINST PLAINTIFF IN PARTICULAR AND ALL OTHER VEXATIOUS LITIGANTS IN GENERAL.**

**6.0** The Defendants Currently use A State Vexatious List to Determine Plaintiff's and any other name on that list of being a Vexatious Litigant without any

evidence is a Violation of Plaintiff's Due Process; 1st amendment and My Equal Protection Legal rights.

**7.0**   Defendants Current judicial procedures under **CCP 391.7 and or 391.3** makes no finding that Plaintiff is a Vexatious litigant under **CCP 391(B)(1)** by establishing by evidence of 5 adverse ruling within proceedings seven years is a violation of my Due Process and Equal Protection Rights.

**8.0**   The Defendant Current judicial procedures under CCP **391.7** or **CCP 391.3** has no Hearing on The Merits of Plaintiffs Legal Complaint before or after the Court has determined that Plaintiff is a Vexatious Litigants. This is a Violation of My Due Process, 1st amendment and Equal Protection Rights.

**9.0**   The Defendants Current judicial procedures under  **CCP 391.4**  are to take Plaintiff's **Property Rights** ( legal complaint) and all other alleged vexatious litigants without a hearing on the merits. This is a violation of my Due process, 1st amendment rights and Equal Protection Rights.

**10.0**   The defendants Current judicial procedures under **CCP 391.3**  is to determine that my complaints and all other Vexatious Litigants has no reasonable probability to prevail without a hearing on the merits merit to determine that each Cause of action is foreclosed as a matter of law  is a violation of my 1st, amendment, Due Process and Equal Protection Rights.

**11.0**   The defendants Current judicial procedure under  **CCP 391** denies Plaintiff and all other alleged vexatious litigants of our right to informa paueris whereby both court costs and security bonding costs are waived. This is a violation of my 1st amendment, Due process and Equal protection rights.

**12.0**   In 1975 Breadeau V Superior Court 121 Cal. Rptr 585 determined that All Statutes which have judicial procedures of taking a litigants **property rights** without a hearing on the merits was deemed unconstitutional.

**13.0**   Breadeau V Superior Court 121 Cal. Rptr 593 specifically overturn Vinncome V State of California 172 Cal.app.2d at p 59 that had ruled **CCP 391 constitutional**

**14.0**   Plaintiff has exhausted applicable hearing, motions before defendants to enforce my legal rights cited above.

2

**15.0   A present and actual controversy exists between plaintiff and defendant regarding plaintiff's Constitutional rights under CCP 391. Plaintiff contends that CCP 391 is unconstitutional, invalid and unenforceable on its face and as applied to plaintiff as Follows:**

## ACTUAL CONTROVERSY NUMBER ONE

**16.0   CCP 391(B)(1)** defines a vexatious litigant as an individual with 5 adverse ruling with a proceedings seven year time period (See **Exhibit A 391 definitions) .**

**17.0   Defendants** in applying **CCP 391(B)(1)** uses a vexatious litigant list as a determination of 5 adverse ruling. Case Law in **Holcomb V US Bank Nat. Ass.'n Trust** 129 Cal.App.4[th] 1501 & Stoltz V Bank of America  Nat. trust Sav. 19 Cal. Rptr at 19 Mandated that Court make a finding of 5 adverse ruling by evidence.

**18.0   Defendants'** content that they can rely on Vexatious Litigant State List as evidence of Vexatious Litigant determination. **Plaintiff** contents that Defendants in making a Vexatious Litigant determination must be based on 5 adverse ruling in Court record within the proceedings seven years and not on the vexatious litigant list..

**19.0**   People in Levy 228 Cal.3[rd] 1423 Ruled That a State List (Police list of Current warrants) to be valid must be verified as to each name on that list. The same principle is applicable to **CCP 391** state list.

**20.0**   State Vexatious List is invalid on its face. My name was list as being a Vexatious Litigant in 1991 and 1992 16 and 17 years ago. Vexatious Litigant statute **CCP 391** defines vexatious litigant as 5 adverse ruling within proceedings years not 16/17 years ago. Thus Vexatious Litigants list with names more than proceedings seven years is void as a matter of law.

**21.0**   On the other hand all other vexatious litigants name who has not been currently verified by Defendants is also void under case law and violates **Evidence Code 352** and State and Federal Due Process and Equal Protection Legal Rights.

## DEFENDANTS USE OF STATE OF CALIFORNIA'S VEXATIOUS LIST AS DETERMINATION OF VEXATIOUS LITIGATION VIOLATES PRINCIPLE OF STATUTE OF LIMITATIONS ON ITS FACE

**22.0**    State Vexatious List is invalid on its face By Violating Statute of Limitations Principle of Law: **United States Supreme Court In Bowes V Russell 7 C.D.O.S. 6807-6811** Ruled that Statutory times limits are mandatory as established by legislative.  **CCP 391** proceedings seven years is Statute of limitations. Therefore Defendants Violated Statutory and case law by relying on Vexatious Litigant List on 1991 and 1992  with my name as vexatious litigant determination of Plaintiff.

**23.0**   Defendants aforementioned procedure violates Plaintiffs 1st amendment, Due Process and Equal Protection Rights.

### ACTUAL CONTROVERSY NUMBER 2

**24.0**   **Defendants** current policy/practice under **CCP 391.3 and 391.7**  makes a determination that Plaintiffs complaint lacks merit without a hearing on the merits.

**25.0**   Beaudreau V Superior Court of LA 121 bCal. Rptr. 590 Ruled That any claim constitute a **"Property Interest** if it is a bona fide and potentially meritious... and that all individuals are entitled under the constitution to a right to a hearing to provide an opportunity for a person to vindicate those claims **See Perry V Sindermann 408 US 593,; Board of Regents V Roth 408 US 564.**

**26.0**   **CCP 391** no reasonable probability to prevail under Case Law **Devereaux V Latham & Watkins 32 Cal.App.4th 1571** determined that no reasonable probability means that each and every one of plaintiffs causes of actions must be foreclosed as a matter of law by a prima facie legal standard **See North Georgia Finishing Inc. V Di Chem supra 419 US 606**

**27.0**   **Defendant** contents that it can make a determination of reasonable probability without an objective determination (Demurrer, Judgment on Pleading, Summary Judgment ...etc) that forecloses each cause of action Whereas **Plaintiff** contents Defendant is bound by Case law and

Constitutional Law Due Process and Equal protection to make a
determination of merit of my complaint on basis that each and every one of
my claims is foreclosed as a matter of law based by a prima facie legal
standard.

## ACTUAL CONTROVERSY NUMBER THREE

**28.0**   Defendants current policy/practice under **CCP 391 and 391.7** is that it can
mandate that a vexatious litigant provide security bonding for alleged costs
of defendant or have his legal complaint dismissed without a hearing on the
merits **CCP 391.3 & 391.4.**

**29.0**   Defendants current judicial procedures as to **CCP 391.4**  hearing allow
alleged vexatious litigants to proceed in forma pauperis for a waiver of only
court costs.

**30.0**   The United States Supreme Court in **Boddie V Connecticut 401 US 371 ;
Harper V Virginia State Board of Elections 383 US 663, & California
Supreme Court in Martin V Superior Court 176 Cal. 289; Ferguson V
Heays 4 Cal.3rd 649; Connover V Hall 11 Cal.3rd 851 & Gonzales V Fox
68 Cal.App.3rd supp 17** Ruled that all litigants under The First Amendment
and Common Law are allowed to proceed In Forma pauperis Thru out
Judicial process by waiving court costs and security bonding fees.

**31.0**   **Defendants** contend that in **CCP 391** procedures it can take plaintiffs
property rights without a hearing on the merits without granting/considering
Plaintiff's and all other Vexatious Litigants right to waive security bonding
fees whereas **Plaintiffs** contend in **CCP 391** procedures it cannot take
plaintiffs property rights without a hearing on the merits and a right of
security bonding costs being waived by In Forma Pauperis.

## ACTUAL CONTERVERSY NUMBER FOUR

**32.0**   Defendant in **CCP 391** hearing have a current policy/practice to not allow
Plaintiff to challenge the reasonableness of the security bonding being
sought by defendant.

**33.0**   Defendant in **CCP 391** hearing have a current policy to rely on State
Ruling In **Mccolm V WestWood Park Assn. 62 Cal.App.4th 1211** in

5

sustaining a $ 25,000 security requirement of all litigants proceedings in forma pauperis. As to appellants claim that they are unable to post security we need refer to the vexatious litigant statutes which nowhere mandates that the trial court have a hearing and evidence as to the amount of the undertaking will be provided as security.

34.0    Case Law under **Cohen V Beneficial Loan Corporation 337 US 541; Burt V Irvine 237 Cal.App.2d 868; Rhodes V Superior Court 14 Cal.3[rd] at 460; Beaudreau V Superior Court 121 Cal. Rptr. 585; Beyerbach V Juno Oil Co. C2d at 13 Note 10; Taliaferro V Hoggs 236 Ca2d at 529** all mandated that vexatious litigants had a legal right that a hearing on the merits included a finding on the merits and reasonableness of the expenses likely to be incurred by defendant.

35.0    **Defendants** contends that in **CCP 391** hearing all Vexatious Litigants are not entitled to a determination of the reasonableness of the security bonding nor a finding on the merits of Plaintiffs legal complaint whereas **Plaintiff** contends I am entitled to a determination of the reasonableness of the security bonding amount and a finding on the merits of my legal complaint..

36.0    Plaintiff desires a judicial determination and declaration of plaintiff's and defendant's rights and duties under **CCP 391** of the question whether **[a]** The Statute is constitutional as a matter of law **[b]** State vexatious litigant list can be used as a determination of vexatious litigation under **CCP 391(B)(1)** without any other evidence **[c]** Defendant cannot have a hearing on the merits prior to dismissing plaintiffs legal complaint without a legal determination that each cause of action is foreclosed as a matter of law **[d]** Defendants cannot take plaintiff's property rights (legal complaint) without a hearing or the merits and dismiss it if I fail to pay security bonding amount **[e]** Defendants can deny plaintiff a right to proceed in forma pauperis (waiver of court costs and Security Bonding Costs) after it has determined security bonding amount without a hearing on the merits of plaintiff's legal complaint **[f]** Defendants cannot deny plaintiff and all other vexatious litigants of a right to contest the reasonable amount of security bonding. .

6

**37.0**   Plaintiff seeks whether Defendant's activities constitute a violation of the 1st,amendment, Due Process and Equal Protection of the Federal and State of California's Constitutions.

**38.0**   Plaintiff seeks whether the acts of defendant as alleged are being applied to Plaintiff are unconstitutional, invalid and or Illegal Discriminatory by Being a Separate But Unequal **[a]** No Right To Hearing on Merits Non-Vexatious Litigants  have this Right **[b]** No Right To Have In Forma Pauperis status include waiver of Court costs and security bonding costs whereas Non Vexatious Litigants have this right **[c]** No right to have my Property Interest protected by Due Process —Hearing on merits prior to my Property interest being taken whereas non vexatious litigants have this right **[d]** No Right To factual determination supported by Evidence under **Evidence Code 352 (Basis of Vexatious Litigation) [e]** No Right to reasonableness of Security Bonding amount being determined by Defendant whereas Non vexatious litigants have right to reasonableness of Security Bonding expenses being awarded by the court. **[f]** No Right to apply Stare Decisis Principle of law in **CCP 391**  hearing whereas Non Vexatious litigants have this right.

**WHEREFORE PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

1. **CCP 391**  is Unconstitutional in that  **[a]** Procedures Under it [**CCP 391.3 & 391.4**] Plaintiffs Property Rights are taken without a hearing on the merits  **[b]** It denies Plaintiff and all other vexatious litigant Due Process protection of **[1]** deprivation of protectible interest and **[2]** denial of adequate procedural protections [ Right to Hearing on the merits, Right to In Forma pauperis waiver of both security bonding costs and court costs, right to objective determination of merits [demurrer, judgment on pleading, summary judgment etc ] **[c] CCP 391** creates, maintains an Separate But Unequal Judicial Process Without meaningful Review – No Hearing on Merits, Right to In Forma Pauperis with waiver of both security bonding costs and court costs, right to objective determination of merits, Property Rights Taken without Hearing on Merits.

2. **CCP 391** is enforceable on its face and as it is applied to Plaintiff : **[a]** Defendant use of Vexatious Litigant List that on its face has alleged vexatious litigants in excess of seven proceedings years is void and invalid on its face.**[b]** Defendants use of Vexatious Litigant List without a verification as the date of hearing before court list  is not evidence under **Evidence Code 352. Defendants** on any Vexatious Litigant Hearing must comply with Stare decisis law and make a finding Under **CCP 391(B)(1) or 391(B)(2)** that litigant is a vexatious litigant  **[c]  CCP 391.2**  on its face that states no determination made by court in determining or ruling upon the motion shall be deemed or be deemed to be a determination of any issue in the litigation or the merits thereof . **[d]** No Objective determination that each cause of action is foreclosed as a matter of law [demurrer, judgment on pleading, summary judgment etc] **[e]**  Defendant failure to determine whether Plaintiff under In Forma Pauperis had a right to waive security bonding without a prior hearing on the merits **[f]** Defendant failure to determine reasonableness of security bonding amount without a prior hearing on the merits.

3. Plaintiff is entitled to all my past lawsuits filed as of 1992 and thereafter that were denied without a hearing on the merits and other procedures defendants engaged that this court has determined to be  unconstitutional or illegal judicial procedures as alleged in this complaint.

4. For costs incurred in this lawsuit and any other relief that the court deems appropriate under the circumstances.

---

**SECOND CAUSE OF ACTION
PRELIMNARY AND OR PERMANENT INJUNCTIVE RELIEF UNDER CIV
CODE  3368 & 3422**

---

**39.0**   Plaintiff repeats and realleges each and every paragraph numbered **1 to 38** inclusive into this section by reference.

**40.0**    Defendant has a present policy/procedure in **CCP 391 and 391.7** Hearing to use California Vexatious Litigant List as a determination that I am a Vexatious Litigant under **CCP 391(B)(1).**

**41.0**    The law is clear that a state list must be properly verified to be applied **See Paragraph 17.** Defendant's judicial procedure is a violation of Case Law and Evidence Code 352. **See Paragraph(s) 17-19.**

**42.0**    Defendants use of State Vexatious Litigant list to determine that I am a Vexatious Litigant under  **CCP 391(B)(1)** is unconstitutional and Illegal under Case Law.**(See Paragraph 15).**

**43.0**    Defendant has a present policy/procedure not to make a determination of the merits of My Legal complaint prior to taking my property interest. Under established constitutional law this Judicial Procedure is illegal **See Paragraphs 20-23.**

**44.0**    Defendant has a present policy/procedure in **CCP 391** hearing not to have a hearing on the merits and then to take Plaintiff's and all other Vexatious Litigants  Property rights without allowing Plaintiff a common right and a constitutional right to proceed in forma pauperis by waiving the security bonding costs. This is illegal by established law. **See Paragraphs 25 to 30.**

**45.0**    Defendant has a present policy/procedure in  **CCP 391** hearing not to allow Plaintiffs/ Vexatious Litigants to contest the reasonableness of the security bonding amount that it has determined without a prior hearing on the merits. This is violation of my Constitution and Stare Decisis Legal Rights **See Paragraphs 31-32.**

**46.0**    Plaintiff has no adequate remedy at law in that compensation will be inadequate in that Defendants will continue in their unconstitutional and illegal judicial procedures alleged in this cause of action.

**47.0**    A serious risk of irreparable harm exists in that Defendants denial of my right exists already. In a Probate Matter pertaining to My Uncle's estate I have been denied a right to be heard. A Current Hearing is set for April 9th, 2008. Defendant since February 13 08 when It alleged I was a Vexatious

Litigant without any grounds nor any hearing has refused to address this legal issue.

**48.0**   In The Probate matter without my right to speak as a real Party In Interest under probate Code 48, 1040 and 1043 pertaining to a Person (Karoly W. Bailes)  who has a alias name who has  engaged in fraud, theft, perjury, . The Hospital made a determination that the Karolyb W. Bailes was declared not to be competent administrator when Kasier Personnel had knowledge that Karolyb W. Bailes had forgered a fake power of attorney and used that document to illegal take over $ 7000 dollars from the estate of My Uncle and over $ $ 241,000 dollars from his estate cannot be accounted for.

**49.0**   The only party to oppose the aforementioned person is my mother who is 80 years of age and My uncle's adopted son Herman G. Scott.

**50.0**   It is likely that I will prevail on the underlying controversy in that case law supports each of my causes of actions pertaining to Defendants.

**51.0**   A comparison of the harm in issuing the preliminary/ permanent injunction versus the harm to defendant as to Plaintiff favors the plaintiff.

**WHEREFORE PLAINTIFF SEEKS FOLLOWING:**

**1.0** Right to Speak at April 9th, 2008 Probate Hearing In Department 201 Alameda Superior Court. Which denied me of this right at 2 13 08 hearing.

**2.0** Defendant refrain from enforcing **CCP 391** until a Hearing on the merits can be heard before this Court.

**3.0** Preliminary or permanent injunction  to prevent defendants from **[a]** using Vexatious Litigant list as a factual determination of petitioner and all other individuals as being a vexatious litigants more than seven proceedings years and all others on the list that were not currently verified of vexatious litigant under **CCP 391(B)(1)(2) [b]** denying Petitioner and all other alleged vexatious litigants from Having a hearing on the merits in **CCP 391** hearing **[c]**  Defendants from not having a hearing on the merits for Petitioner and all other vexatious litigants **Property Rights** without a determination that each cause of action is foreclosed as a matter of law

**[d]** Denying Petitioner and all other vexatious litigants **Property Rights** from being taken by security bonding without a hearing on the merits **[e]** denying Petitioner and all others of In forma pauperis status whereby security bonding costs is not considered under state of California & Federal Law could be waived **[f]** denying Petitioner and all other alleged vexatious litigants to challenge the reasonableness of security bonding amounts determined after a hearing on the merits

**PLAINTIFF'S LEGAL COMPLAINT FOR DAMAGES**

**FEDERAL JURISDICTION STATEMENT**

**.00.** Each and every Defendant and the Plaintiff at all times During the relevant time Period of this complaint were citizens within the state of California.

**.01** During the relevant time period of this complaint **defendants** (named individuals on the cover of the complaint) violated plaintiff's 1st, 5th and 14th Federally Constitution and California Article 1 & Number 7 & 15

**.02. Defendants** at all times During the relevant time Period lacked legal jurisdiction over Plaintiff Under **CCP 391(B)(1)..**

**.03 Defendants** at all times During the relevant time Period **STATUTE (CCP 391(B)(1))** did not conferred subject matter and personal jurisdiction over plaintiff

I

**BACKGROUND FACTS**

**1.0** The term **DURING THE RELEVANT TIME PERIOD** of this complaint is from **(**1975 –To date of this complaint. till date of this complaint.**)**

**2.0** At all times during **THE RELEVANT TIME PERIOD** of this complaint Plaintiff was a resident of Alameda County and a citizen of the state of California.

**3.0** At all times during **THE RELEVANT TIME PERIOD** of this complaint **Defendants** were **[a]** An employee of the State of California **[b]** Acting in their Judicial Capacity as an officer of the Court under the Color of State law and **[c]** An Citizen within the state of California.

**4.0 CCP 391 AFTER 1963 BY COURT RULING WAS DETERMINED TO BE CONSTITUTIONAL ON FOLLOWING BASIS:**

- **CCP 391** had a right Under Equal Protection (Vinncombe V State of California 172 Cal.App.2nd at p 59) to seek security bonding based on No Reasonable Probability without a determination of the merits .

- **CCP 391** had a right under Equal Protection ((Vinncombe V State of California 172 Cal.App.2nd at p 59) to Dismiss any alleged Vexatious Litigant's Property Rights (legal complaint) if they refused to pay security bonding amount without a hearing on the merits. **CCP.391.4**

- **CCP 391** was mandated to provide all vexatious litigants a right to In Forma Pauperis status which included a waiver of security bonding costs if a conflict exists between no reasonable probability to prevail and a right to proceed in forma pauperis.

- **CCP 391** was mandated to make a determination of merits of all alleged vexatious litigants legal complaint and reasonableness of security bonding being sought.

- **Defendant** has burden of proof to determine that plaintiff is a vexatious litigant Under CCP 391 and that no reasonable probability exists.

- No Reasonable Probability standard cannot be established by defendant with a statement that No Reasonable Probability does not exists

- **Defendants'** have burden of proof under **CCP 391(B)(1)** to establish evidence of 5 adverse ruling within proceedings seven years.

- **Defendants'** have burden of proof under **CCP 391.3** to find that a an alleged vexatious litigant has no reasonable probability to prevail as grounds for security bonding against **Plaintiff** and ithers.

**5.0 CALIFORNIA SUPREME COURT IN BEAUDREAU V SUPERIOR COURT OF LA COUNTY 14 CAL.3RD 451 & 121 Cal. RPTR. 585   AFTER NOVEMBER 1975 RULED THAT CERTAIN JUDICIAL PROCEDURES APPLICABLE TO CCP 391  WERE UNCONSTITUTIONAL AS A PRINCIPLE OF LAW AS FOLLOWS:**

- All statutes which require a written undertaking as security for allowable costs and which make no provision for hearing on question of merit of plaintiff's action or reciprocal questions of necessity of an undertaking for defendant's protection and the reasonableness of it's amount constituted a taking of property without due process were unconstitutional by violating 5th and 14th amendment and California Constitutional article # 7,15

- All statutes providing a procedure according to which one litigant can be forced to relinquish their interest in their property (legal complaint) for the benefit of another effectuate a taking of property for due process purposes entitling the former to prior procedural safeguards.

- California Supreme Court In Beaudreau V Superior Court of LA County 14 Cal.3[rd] 461; 121 Cal. Rptr. At 596 overruled Vinncombe V State of California 172 Cal.App.2[nd] at p 59 as violating Due Process.

- Court ruled that due process mandates an inquire into the merit of plaintiff's action as well as into the reasonableness of the amount of the undertaking in the light of the defendant's probable expenses.

- Court ruled where a statute authorizes one litigant to take property of another the due process clauses of the Federal constitutional mandates probable cause standard is prima facie legal standard of lack of merit and potential costs.

- Court is given no discretion to dispense with security bonding regardless of the merits of plaintiff's lawsuit violates due process and equal protection.

## 6.0 OTHER APPLICABLE COURT RULING AFTER 1965 TO PRESENT THAT MAKE CCP 391 UNCONSTITUTIONAL AS A MATTER OF LAW

- All statutes which deny access to judicial system based on litigant's ability to pay are unconstitutional (Poll Taxes, security bonding,etc)

- In forma Pauperis Status includes both a waiver of court costs and security bonding.

- No Reasonable Probability to prevail is an objective standard of law prima facie ie a demurrer, summary judgment, summary judgment, etc.or that each cause of action is foreclosed as a matter of law.

**7.0 DEFENDANTS' JUDICIAL PROCEDURES THEY HAVE ENGAGED AS A POLICY/PRACTICE AGAINST PLAINTIFF AND OTHER ALLEGED VEXATIOUS LIYIGANTS SINCE 1995 TO PRESENT AS FOLLOWS:**

- **Defendant's** had a policy /practice not make a factual determine that Plaintiff and others  was a Vexatious Litigant under **CCP 391(B)(1).  Defendants** rely on  Current state Vexatious Litigant listing  which identifies me as a vexatious litigant of -1991/1992 which **Defendants'** consider is evidence of My being a Vexatious Litigant .
- **Defendants** had a policy/practice not to have a hearing on the merits (Demurrer, Judgment on Pleading, Summary Judgment, default etc)  against Plaintiff and others in **CCP 391** hearing.
- **Defendants** had a policy/practice  to determine No Reasonable Probability against Plaintiff and others by a mere statement that No Reasonable Probability exists.
- **Defendants** had a policy/practice as a legal standard for no reasonable probability not to engage in demurrer, judgment on pleading, Summary judgment, default and that each cause of action is foreclosed as a matter of law as to Plaintiff and other alleged vexatious litigants.
- **Defendants** had a policy/practice to grant security bonding without a hearing on the merits, by not having a standard of no reasonable probability that each cause of action is foreclosed as a matter of law.
- **Defendants** had a policy/practice to deny Plaintiff and others to contest the reasonableness of security bonding amount being sought by **Defendants .**

- **Defendants** had a policy/practice to deny Plaintiff and others a right to Informa Pauperis which included a waiver of court costs and security bonding costs.

- **Defendants** had a policy/practice to deny Plaintiff and others a right to proceed in forma Pauperis where **Defendants** had determined no reasonable probability to prevail based on that aforementioned statement by **Defendants'** in **CCP 391** proceeding..

- **Defendants** had a policy/practice to dismiss plaintiff's complaint without a hearing on the merits (Each cause of action foreclosed as a matter of law) for a failure to pay security bonding amount even when plaintiff had in forma pauperis status.

- **Defendants had a practice/policy that their fixed opinions** (Vexatious Litigant List is evidence of an individual being a vexatious litigant; The right to in forma pauperis for vexatious litigants only included a waiver of court costs and not security bonding costs; no reasonable probability did not require prima facie determinations such as demurrer, judgment on pleading etc; vexatious litigants had no right to contest reasonableness of security bonding being requested once they are determined to be a vexatious litigant and no reasonable probability to prevail etc) **was not required and neither was the knowledge and an opportunity to respond to their fixed opinion pertaining to CCP 391 proceedings as to Plaintiff and other alleged Vexatious Litigants.**

```
┌─────────────────────────────────────────────────────┐
│              FIRST CAUSE OF ACTION                    │
│                   42 USC 1983                         │
│   VIOLATION OF THE 5th and 14th AMENDMENT FEDERAL     │
│   CONSTITUTION AMENDMENT RIGHTS AS WELL AS CALIFORNIA │
│   ARTICLE 1 NUMBER 7 & 15 ILLEGAL SUBJECT AND PERSONAL│
│                   JURISDICTION                        │
└─────────────────────────────────────────────────────┘
```

**8.0** Plaintiff repeats and realleges each and every paragraphs number **1 thru 8** and incorporated into this section by reference.

**9.0 CCP 391(B)(1)** is specific that under **CCP 391(B)(1)** a vexatious litigant had 5 adverse ruling within the previous seven year time period.

**10.0 Defendants'** practice/policy to determine that I and others were a vexatious litigant by relying on California Vexatious Litigant Statute which list 1991 and 1992 as date I was a Vexatious Litigant that is prior to proceedings seven years and has not been validated as my having 5 adverse ruling in since 1995 to present is unconstitutional.

**11.0** California law **CCP 391** mandates that **Defendants** make a finding of 5 adverse ruling within proceedings seven years under **CCP 391.1.**

**11.0A Defendants** had a policy/practice in **CCP 391** proceedings not to inform Plaintiff and other alleged vexatious litigants that they had a **Fixed opinion** which included their belief that vexatious litigant list was considered evidence of an individual currently being a vexatious litigant.

**12.0 Defendants** reliance on a statue list that was void on it's face and had not verified that I had 5 adverse ruling within proceedings seven years violated California Evidence Code 352. This denied me a fair trial. . **Defendants During The Relevant Time Period** had No Right To Legal Jurisdiction Under **CCP 391** against myself and others. This is based that Court Record contains no evidence of my having 5 adverse ruling within the proceedings seven year time period..

**13.0 Defendants** aforementioned judicial process created a conclusive presumption as to the state vexatious litigant list. The law **CCP 391.1** places the burden of proof upon **Defendant** by a rebuttal presumption to determine 5

adverse ruling. **Thus Defendants Judicial process violated my Due Process and Equal Protection Rights Under The Federal Constitution.**

**14.0** As a result of **Defendants** violation of my constitutional rights **Defendants** enforced **CCP 391** which it had no legal jurisdiction thereby allowing it to dismiss numerous of my legal complaints **during the relevant time period.** I was devastated by **Defendant's** action, I was worried, fearful, anxiety.

**15.0** I seek damages as Follows: **$ 10 Million In Compensatory Damages and Unspecified Punitive Damages.**

---

**SECOND CAUSE OF ACTION**
**42 USC 1981**
**VIOLATION OF THE 5th and 14th AMENDMENT FEDERAL CONSTITUTION AMENDMENT RIGHTS AS WELL AS CALIFORNIA ARTICLE 1 NUMBER 7 & 15 ILLEGAL PERSONAL AND SUBJECT MATTER JURISDICTION**

---

**16.0** Plaintiff repeats and realleges each and every paragraphs number **1 thru 14** and incorporated into this section by reference.

**17.0 CCP 391(B)(1)** is specific that under **CCP 391(B)(1)** a vexatious litigant had 5 adverse ruling within the previous seven year time period.

**18.0 Defendants'** practice/policy to determine that I and others were a vexatious litigant by relying on California Vexatious Litigant Statute which list 1991 and 1992 was unconstitutional.

**20.0** California law **CCP 391** mandates that **Defendants** make a finding of 5 adverse ruling within proceedings seven years under **CCP 391.1.**

**20.A Defendants** had a policy/practice in **CCP 391** proceedings not to inform Plaintiff and other alleged vexatious litigants that they had a **Fixed opinion** which included their belief that vexatious litigant list was considered evidence of an individual currently being a vexatious litigant.

**21.0 Defendants** reliance on a statue list that was void on it's face and had not verified that I had 5 adverse ruling within proceedings seven years violated California Evidence Code 352. This denied me a fair trial. This denied me a fair trial. Defendants Right To Legal Jurisdiction was based on facts not on the Court

record (my having 5 adverse ruling within the proceedings seven year time period).

**21.A. Defendants'** were made aware that they were violating my constitutional rights but engaged in aforementioned process anyway.

**22.0 Defendants** aforementioned judicial process created a conclusive presumption of vexatious litigant list whereas by law **Defendant** had a rebuttal presumption to determine 5 adverse ruling under **CCP 391.1. Thus Defendants Judicial process violated my Due Process and Equal Protection Rights Under The Federal Constitution.**

**23.0** As a result of **Defendants** violation of my constitutional rights **Defendants** enforced **CCP 391** which it had no legal jurisdiction thereby allowing it to dismiss numerous of my legal complaints **during the relevant time period.** I was devastated by **Defendant's** action, I was worried, fearful, anxiety.

**24.0** I seek damages as Follows: **$ 10 Million In Compensatory Damages and Unspecified Punitive Damages.**

---

**THIRD CAUSE OF ACTION**
**42 USC 1983**
**DEFENDANTS VIOLATED MY 5TH AND 14TH**
**FEDERAL CONSTITUTION AND CALIFORNIA'S ARTCLE 1 NUMBER 7 & 15**
**RIGHT TO A HEARING ON MERITS IN CCP 391 PROCEEDING**

---

**25.0** Plaintiff realleges and repeats each and every paragraph number **1 thru 7** into this section by reference.

**26.0 CCP 391** is mandated by law to provide a hearing on the merits under no reasonable probability to prevail **During The Relevant time Period.**

**27.0 Defendants During the Relevant Time Period** had a policy and practice against Plaintiff and other alleged vexatious litigants not to have a hearing on the merits.by demurrer, Judgmnt on Pleading, Summary Judgment, default Judgment etc.

**28.0 Defendants** in making a determination of no reasonable probability as to me **During The Relevant Time Period** was not based on the legal standard that each cause of action was foreclosed as a matter of law.

**28.A. Defendants** had a policy/practice **During The Relevant Time Period** that their **fixed opinion** (that no reasonable probability did not entail a Prima facie hearing by demurrer, Judgment on Pleading etc) did not have to communicated to Plaintiff and other vexatious litigants prior to making their final determination of No Reasonable Probability to prevail.

**29.0** The legal established standard is that **Defendants** in **CCP 391** hearing were mandated to engage in Prima facie standard of no reasonable probability to prevail.

**30.0 Defendants During The Relevant time Period** in **CCP 391** hearing as to plaintiff and others did not engage in Prima facie legal standard that no reasonable probability existed as to each of my causes of actions were foreclosed as a matter of law.

**30.0A. During the relevant time** I made **Defendants** aware of their mandated duty to engage in prima facie no reasonable standard to prevail was that each cause of action must be foreclosed as a matter of law. **Defendants' knowingly disregarded their duty of care as to** aforementioned legal standard of care **During the relevant time period.**

**31.0 Defendants** used their illegal determination that no reasonable probability to prevail as a basis for security bonding. **Defendants** then used their illegal determination that I was a vexatious litigant in conjunction with their illegal No reasonable probability to prevail as a basis of awarding security bonding against plaintiff and others **During the relevant time period.**

**32.0 Defendants' illegal determination of Plaintiff** being a vexatious litigant and that no reasonable probability to prevail enabled Defendants to award security bonding in numerous **CCP 391** hearing.

**33.0** As a result of **Defendants'** illegal determination of no reasonable probability enabled **Defendants** to enforce **CCP 391** by then failing to enforce my right to informa pauperis status. Therefore my complaint was illegal dismissed by **Defendants' . I was worried, fearful, anxiety, lost my property rights.**

**34.0** .I am seeking damages of **$ 10 million dollars in compensatory damages and unspecified punitive damages.**

**FOURTH CAUSE OF ACTION**
**42 USC 1981**
**DEFENDANTS VIOLATED MY 5TH AND 14TH**
**FEDERAL CONSTITUTION AND CALIFORNIA'S ARTCLE 1 NUMBER 7 & 15**
**BY DENYING ME A HEARING ON MERITS IN CCP 391 PROCEEDING**

**35.0** Plaintiff realleges and repeats each and every paragraph number **1 thru 34**into this section by reference.

**36.0 CCP 391** is mandated by law to provide a hearing on the merits under no reasonable probability to prevail **During The Relevant time Period.**

**37.0 Defendants During the Relevant Time Period** had a policy and practice against Plaintiff not to have a hearing on the merits.

**37.A. Defendants** had a policy/practice **During The Relevant Time Period** that their **fixed opinion** (that no reasonable probability did not entail a Prima facie hearing by demurrer, Judgment on Pleading etc) did not have to communicate their **fixed opinion** to Plaintiff and other vexatious litigants prior to making their final determination of No Reasonable Probability to prevail.

**38.0 Defendants** in making a determination of no reasonable probability as to me **During The Relevant Time Period** was not based on the legal standard that each cause of action was foreclosed as a matter of law.

**39.0** The legal established standard is that **Defendants** in **CCP 391** hearing were mandated to engage in Prima facie standard of no reasonable probability to prevail.

**40.0 Defendants During The Relevant time Period** in **CCP 391** hearing as to plaintiff and others did not engage in demurrers, Judgment on the pleading and made no determination that each of my causes of actions were foreclosed as a matter of law.

**40.0A. During the relevant time** I made **Defendants** aware of their mandated duty to engage in prima facie no reasonable standard to prevail was that each cause of action must be foreclosed as a matter of law. **Defendants' knowingly disregarded their duty of care as to**

**41.0 Defendants** used their illegal determination that no reasonable probability to prevail as a basis for security bonding. **Defendants** then used their illegal determination that I was a vexatious litigant in conjunction with their illegal No reasonable probability to prevail as a basis of awarding security bonding against plaintiff and others **During the relevant time period.**

**42.0 Defendants' illegal determination of Plaintiff** being a vexatious litigant and that no reasonable probability to prevail enabled Defendants to award security bonding in numerous **CCP 391** hearing.

**43.0** As a result of **Defendants'** illegal determination of no reasonable probability enabled **Defendants** to enforce **CCP 391** by then failing to enforce my right to informa pauperis status. Therefore my complaint was illegal dismissed by **Defendants'** . **I was worried, fearful, anxiety, lost my property rights.**

**44.0** .I am seeking damages of **$ 10 million dollars in compensatory damages and unspecified punitive damages.**

---

**FIFTH CAUSE OF ACTION**
**42 USC 1983**
**DEFENDANTS VIOLATED MY 1ST, 5TH AND 14TH FEDERAL AMENDMENT CONSTITUTIONAL RIGHTS AND CALIFORNIA ARTICLE 1 AND NUMBER 5 & 15 BY DENYING MY RIGHT TO INFORMA PAUPERIS RIGHTS IN CCP 391 PROCEDURES DURING THE RELEVANT TIME PERIOD**

---

**45.0** Plaintiff repeats and realleges each paragraph numbered 1 thru 44 inclusive into this section by reference.

**46.0 CCP 391** mandates that **Defendants** have burden of proof that Plaintiff was a vexatious litigant under **CCP 391(B)(1)** by 5 adverse ruling within proceedings seven years and that my legal complaint lacked reasonable probability to prevail.

**47.0 During the relevant time period Defendants** used state vexatious litigant list which was void on it's face (listed 1991/1992 date of me being a vexatious litigant) Presently and in the past without a current determination of 5 adverse ruling within proceedings seven year period.

**48.0 During the relevant time period Defendants** failed to make determination of No Reasonable probability to prevail on grounds that each cause of action was foreclosed as a matter of law.

**48.0A During The Relevant Time Period Defendants** had a practice/policy that their **fixed opinion** ( Plaintiff and other vexatious litigants had no right to contest reasonableness of security bonding being sought by defendant and that in forma pauperis only waived court costs and did not include waiver of security bonding costs) would not be communicated to plaintiff and other alleged vexatious litigants in **CCP 391** proceedings.

**49.0 Defendants During the relevant time period** made illegal determination that I was a vexatious litigant and that my complaint had no reasonable probability to prevail. This was grounds for awarding security bonding in numerous of my lawsuits.

**50.0 Defendants' During the relevant time period** had a policy/practice as to myself and other vexatious litigants that after aforementioned unconstitutional acts in awarding security bonding without a hearing on the merits. **Defendants then awarded security bonding amount without determination of it's reasonableness.**

**50.A Defendants** were made aware that I had a constitutional right to hearing on the merits by no standard that each of my causes of actions must be foreclosed as a matter of law. They refused to consider my information.

**51.0 Defendants in CCP 391 proceedings During The Relevant time period** after awarding security bonding amounts then denied **Plaintiff and all other alleged vexatious litigants** of our right to proceed **In Forma pauperis with the right to waive both court costs and waiver of security bonding costs.**

**52.** As a direct result mine and all other alleged vexatious litigants 1st amendment and Due Process and Equal protection rights were taken from us in an unconstitutional manner. Mine and other alleged vexatious litigants Property Rights were taken away from us and our right to access to judicial process was denied to myself and others **During The Relevant time period.** I was worried, fearful, anxiety, as a result of **defendants'** aforementioned actions.

22

**53.** I seek Compensatory damages of $ 10 million dollars and unspecified Punitive damages

---

**SIXTH  CAUSE OF ACTION**
**42 USC 1981**
**DEFENDANTS VIOLATED MY 1ST, 5TH AND 14TH FEDERAL AMENDMENT**
**CONSTITUTIONAL RIGHTS AND CALIFORNIA ARTICLE 1 AND NUMBER 5**
**& 15 BY DENYING MY RIGHT TO INFORMA PAUPERIS CCP 391**
**PROCEEDING DURING THE RELOEVANT TIME PERIOD.**

---

**54.0** Plaintiff repeats and realleges each paragraph numbered 1 thru 53 inclusive into this section by reference.

**55.0 CCP 391** mandates that **Defendants** have burden of proof that Plaintiff was a vexatious litigant under **CCP 391(B)(1)** by 5 adverse ruling within proceedings seven years and that my legal complaint lacked reasonable probability to prevail.

**56.0 During the relevant time period Defendants** used state vexatious litigant list which was void on it's face (listed 1991/1992 date of me being a vexatious litigant) Presently and in the past without a current determination of 5 adverse ruling within proceedings seven year period.

**57.0 During the relevant time period Defendants** failed to make determination of No Reasonable probability to prevail on grounds that each cause of action was foreclosed as a matter of law.

**58.0 Defendants During the relevant time period** made illegal determination that I was a vexatious litigant and that my complaint had no reasonable probability to prevail. This was grounds for awarding security bonding in numerous of my lawsuits.

**58A. During The Relevant Time Period Defendants** had a practice/policy that their **fixed opinion** ( Plaintiff and other vexatious litigants had no right to contest reasonableness of security bonding being sought by defendant and that in forma pauperis only waived court costs and did not include waiver of security bonding costs) would not be communicated to plaintiff and other alleged vexatious litigants in **CCP 391** proceedings.

**59.0 Defendants' During the relevant time period** had a policy/practice as to myself and other vexatious litigants that after aforementioned unconstitutional acts in awarding security bonding without a hearing on the merits. **Defendants then awarded security bonding amount without determination of it's reasonableness.**

**59.A Defendants** were made aware that I had a constitutional right to hearing on the merits by no standard that each of my causes of actions must be foreclosed as a matter of law. They refused to consider my information.

**60.0 Defendants in CCP 391 proceedings During The Relevant time period** after awarding security bonding amounts then denied **Plaintiff and all other alleged vexatious litigants** of our right to proceed **In Forma pauperis with the right to waive both court costs and waiver of security bonding costs.**

**61.0** As a direct result mine and all other alleged vexatious litigants 1st amendment and Due Process and Equal protection rights were taken from us in an unconstitutional manner. Mine and other alleged vexatious litigants Property Rights were taken away from us and our right to access to judicial process was denied to myself and others **During The Relevant time period.** I was worried, fearful, anxiety, as a result of **defendants'** aforementioned actions.

**62.0.** I seek Compensatory damages of $ 10 million dollars and unspecified Punitive damages.

---

**SEVENTH CAUSE OF ACTION**
**42 USC 1983**
**DEFENDANTS VIOLATED MY 1ST, 5TH AND 14TH FEDERAL AMENDMENT CONSTITUTIONAL RIGHTS AND CALIFORNIA ARTICLE 1 AND NUMBER 5 & 15 BY DENYING MY RIGHT TO A FAIR TRIAL IN CCP 391 PROCEEDING DURING THE RELEVANT TIME PERIOD**

---

**63.0** Plaintiff realleges and repeats each and every numbered paragraph numbered 1 thru 62 inclusive into this section by reference.

**63.A During The Relevant Time Period Defendants** had a practice/policy that their **fixed opinion** ( **[1]** That Vexatious Litigant list was evidence of Vexatious Litigation under **CCP 391(B)(1) etc [2]** That No Reasonable standard was not

Prima facie Legal standard whereby demurrer; Judgment On Pleading etc was required **[3]** vexatious litigants had no right to contest reasonableness of security bonding being sought by defendant **[4]** in forma pauperis only waived court costs and did not include waiver of security bonding costs) would not be communicated to plaintiff and other alleged vexatious litigants in **CCP 391** proceedings.

**64.0 Defendants During The Relevant time period** in making a factual determination that Plaintiff was a vexatious litigant under **CCP 391(B)(1)** did not make a specific finding that Plaintiff had 5 adverse ruling within the proceedings seven year time period.

**65.0 Defendants** had a policy/practice **During The Relevant Time Period** to use the state of California's vexatious litigant list as a conclusive presumption as evidence that Plaintiff among others presently and in the past a Vexatious Litigant under **CCP 391(B)(1).**

**66.0** I made defendants aware that their use of Vexatious Litigant list as determination that I was a vexatious litigant **During The relevant Time period** was not evidence.

**67.0 Defendants'** use of State Vexatious Litigant List that include listing of Plaintiff from 1991/1992 presently **During The Relevant Time Period** violated **Evidence Code 352.**

**68.0** The term trial includes a trial on the law alone and or a determination of issues of fact and or law. **Defendants' During The relevant Time Period,** had a policy/practice to determine what constitutes a vexatious Litigant under **CCP 391(B)(1)** was based solely on State Vexatious Litigant list without verifying that each name on list was current and meet criteria of 5 adverse ruling under **CCP 391(B)(1) etc.** Therefore **Defendant's** violated my Due Process and Equal Protection rights by using a judicial process that lacks evidence [ state vexatious litigant list] as **Evidence** without verification of 5 adverse ruling under **CCP 391(B)(1).**

**69.0 Defendants' During The Relevant Time Period** had a policy/practice to determine No Reasonable Probability to prevail by simply stating that I had no

reasonable probability to prevail. This was done  without evidence that Plaintiffs' and others legal complaint presently were foreclosed as a matter of law as to each cause of action.

**70.0 Plaintiff** and other alleged vexatious litigants in **CCP 391 trials** where **Defendants** made a determination of our being a **Vexatious Litigant** without specific **evidence** of 5 adverse ruling under **CCP 391(B)(1) Violated Burden of Proof** therefore denying Plaintiffs and others Due Process and Equal protection rights.

**71.0 Defendants determination** of no reasonable probability to prevail without a determination that each cause of action is foreclosed as a matter of law is not the established legal standard of what constitutes no reasonable  probability to prevail. Therefore **defendants** judicial procedures pertaining to no reasonable probability  to prevail in **CCP 391** proceedings **Violated** mine and other alleged vexatious litigants  Due Process and Equal Protection rights under The Federal and State Constitutions **During the Relevant Time Period.**

**72.0** I and other vexatious litigants we were denied a fair trial as to factual determinations of **[1]** what constituted a vexatious Litigant under **CCP 391(B)(1) etc [2]**  what constituted no reasonable probability to prevail **[3]**  my right under In forma Pauperis, and **[4]**  my right of what is reasonable security bonding.

**73.0** As a result of **Defendants**  aforementioned practice /policies I was worried, fearful, anxiety when my Property Rights were illegally taken without a hearing on the merits and without **Defendants'** legal jurisdiction.

**74.0** I am seeking damages of $ 10 million in compensatory damages and unspecified in punitive damages.

---

**EIGHT   CAUSE OF ACTION**
**42 USC 1981**
**DEFENDANTS VIOLATED MY 1ST, 5TH AND 14TH FEDERAL AMENDMENT CONSTITUTIONAL RIGHTS AND CALIFORNIA ARTICLE 1 AND NUMBER 5 & 15 BY DENYING MY RIGHT TO A FAIR TRIAL IN CCP 391 PROCEEDING DURING THE RELEVANT TIME PERIOD**

---

**75.0** Plaintiff realleges and repeats each and every numbered paragraph numbered 1 thru 75 inclusive into this section by reference.

**75.0A During The Relevant Time Period Defendants** had a practice/policy that their **fixed opinion** ( **[1]** That Vexatious Litigant list was evidence of Vexatious Litigation under **CCP 391(B)(1) etc [2]** That No Reasonable standard was not Prima facie Legal standard whereby demurrer; Judgment On Pleading etc was required **[3]** vexatious litigants had no right to contest reasonableness of security bonding being sought by defendant **[4]** in forma pauperis only waived court costs and did not include waiver of security bonding costs) would not be communicated to plaintiff and other alleged vexatious litigants in **CCP 391** proceedings.

**76.0 Defendants During The Relevant time period** in making a factual determination that Plaintiff was a vexatious litigant under **CCP 391(B)(1)** did not make a specific finding that Plaintiff had 5 adverse ruling within the proceedings seven year time period.

**77.0 Defendants** had a policy/practice **During The Relevant Time Period** to use the state of California's vexatious litigant list as a conclusive presumption as evidence that Plaintiff among others presently and in the past a Vexatious Litigant under **CCP 391(B)(1).**

**78.0** I made defendants aware that their use of Vexatious Litigant list as determination that I was a vexatious litigant **During The relevant Time period** was not evidence.

**79.0 Defendants'** use of State Vexatious Litigant List that include listing of Plaintiff from 1991/1992 presently **During The Relevant Time Period** violated **Evidence Code 352.**

**80.0** The term trial includes a trial on the law alone and or a determination of issues of fact and or law. **Defendants' During The relevant Time Period,** had a policy/practice to determine what constitutes a vexatious Litigant under **CCP 391(B)(1)** was based solely on State Vexatious Litigant list without verifying that each name on list was current and meet criteria of 5 adverse ruling under **CCP 391(B)(1) etc.** Therefore **Defendant's** violated my Due Process and Equal

27

Protection rights by using a judicial process that lacks evidence [ state vexatious litigant list] as **Evidence** without verification of 5 adverse ruling under **CCP 391(B)(1).**

**81.0 Defendants' During The Relevant Time Period** had a policy/practice to determine No Reasonable Probability to prevail by simply stating that I had no reasonable probability to prevail. This was done  without evidence that Plaintiffs' and others legal complaint presently were foreclosed as a matter of law as to each cause of action.

**82.0 Plaintiff** and other alleged vexatious litigants in **CCP 391 trials** where **Defendants** made a determination of our being a **Vexatious Litigant** without specific **evidence** of 5 adverse ruling under **CCP 391(B)(1) Violated Burden of Proof** therefore denying Plaintiffs and others Due Process and Equal protection rights.

**83.0 Defendants determination** of no reasonable probability to prevail without a determination that each cause of action is foreclosed as a matter of law is not the established legal standard of what constitutes no reasonable  probability to prevail. Therefore **defendants** judicial procedures pertaining to no reasonable probability  to prevail in **CCP 391** proceedings **Violated** mine and other alleged vexatious litigants  Due Process and Equal Protection rights under The Federal and State Constitutions **During the Relevant Time Period.**

**84.0 Defendants'** aforementioned practice /policy **during the relevant time period** I and other vexatious litigants we were denied a fair trial as to factual determinations of what constituted a vexatious Litigant under **CCP 391(B)(1)** and what constituted no reasonable probability to prevail.

**85.0** As a result of **Defendants**  aforementioned practice /policies I was worried, fearful, anxiety when my Property Rights were illegally taken without a hearing on the merits and without **Defendants'** legal jurisdiction.

**86.0** I am seeking damages of $ 10 million in compensatory damages and unspecified in punitive damages.

---

**NINTH  CAUSE OF ACTION**
**42 USC 1983**

---

**DEFENDANTS VIOLATED MY 1ST, 5TH AND 14TH FEDERAL AMENDMENT CONSTITUTIONAL RIGHTS AND CALIFORNIA ARTICLE 1 AND NUMBER 5 & 15 BY HAVING FIXED OPINONS ON MATERIAL ISSUES OF FACT AND LAW THAT THEY RELIED UPON AND REFUSED TO COMMUNICATE THAT INFORMATION TO PLAINTIFF AND OTHER VEXATIOUS LITIGANTS AT OUR TRIAL IN CCP 391 PROCEDURES**

**87.0** Plaintiff repeats and realleges each and every paragraph number 1 thru 86 into this section by reference.

**88.0 Defendants had a practice/policy that their fixed opinions** (Vexatious Litigant List is evidence of an individual being a vexatious litigant; The right to in forma pauperis for vexatious litigants only included a waiver of court costs and not security bonding costs; no reasonable probability did not require prima facie determinations such as demurrer, judgment on pleading etc; vexatious litigants had no right to contest reasonableness of security bonding being requested once they are determined to be a vexatious litigant and no reasonable probability to prevail etc) **was not required and neither was the knowledge and an opportunity to respond to their fixed opinion pertaining to CCP 391 proceedings as to Plaintiff and other alleged Vexatious Litigants.**

**89.0 Defendants During The Relevant Time period** had a policy/practice in **CCP 391** proceedings pertaining to Plaintiff and other alleged vexatious litigants relied on their **Fixed Opinions** as factual determinations without communicating such knowledge to plaintiffs and other alleged vexatious litigants.

**90. Defendants** aforementioned judicial practice **During The Relevant Time Period** denied Plaintiff and all other alleged vexatious litigants in **CCP 391** Proceedings before **Defendants** of our constitutionally protected rights of a fair trial under Due Process, Equal Protection and 1st amendment rights.

**91.0 Defendants** aforementioned practice/policy not to communicate to plaintiffs and other alleged vexatious litigants of the factual and legal basis that they relied upon to make factual determinations that **[1] Plaintiff** and others were vexatious litigants under **CCP 391(B)(1) etc [2]** That No Reasonable probability existed **[3]** right to informa pauperis does not include a waiver of security bonding costs **[4]**

that vexatious litigants have no right to contest reasonableness of security bonding costs denied Plaintiff and all other alleged vexatious litigants knowledge of the factual and or legal basis prior to **Defendants'** final determinations constituted Violation of mine and all other vexatious litigants **Due Process; Equal Protection and 1st amendment rights.**

**92.0** As a result of **defendants** aforementioned judicial procedures My property rights were Illegal violated and my property was Illegally taken. As a result I was worried, fearful, scarred, had anxiety etc.

**93.** I am seeking compensatory damages of $ 10 million dollars and unspecified punitive damages.

---

**TENTH CAUSE OF ACTION**
**42 USC 1981**
**DEFENDANTS VIOLATED MY 1ST, 5TH AND 14TH FEDERAL AMENDMENT CONSTITUTIONAL RIGHTS AND CALIFORNIA ARTICLE 1 AND NUMBER 5 & 15 BY HAVING FIXED OPINONS ON MATERIAL ISSUES OF FACT AND LAW THAT THEY RELIED UPON AND REFUSED TO COMMUNICATE THAT INFORMATION TO PLAINTIFF AND OTHER VEXATIOUS LITIGANTS AT OUR TRIAL IN CCP 391 PROCEDURES**

---

**94.0** Plaintiff repeats and realleges each and every paragraph number 1 thru 86 into this section by reference.

**95.0 Defendants had a practice/policy that their fixed opinions** (Vexatious Litigant List is evidence of an individual being a vexatious litigant; The right to in forma pauperis for vexatious litigants only included a waiver of court costs and not security bonding costs; no reasonable probability did not require prima facie determinations such as demurrer, judgment on pleading etc; vexatious litigants had no right to contest reasonableness of security bonding being requested once they are determined to be a vexatious litigant and no reasonable probability to prevail etc) **was not required and neither was the knowledge and an opportunity to respond to their fixed opinion pertaining to CCP 391 proceedings as to Plaintiff and other alleged Vexatious Litigants.**

**96.0 Defendants During The Relevant Time period** had a policy/practice in **CCP 391** proceedings pertaining to Plaintiff and other alleged vexatious litigants

relied on their **Fixed Opinions** as factual determinations without communicating such knowledge to plaintiffs and other alleged vexatious litigants.

**97. Defendants** aforementioned judicial practice **During The Relevant Time Period** denied Plaintiff and all other alleged vexatious litigants in **CCP 391** Proceedings before **Defendants** of our constitutionally protected rights of a fair trial under Due Process, Equal Protection and 1st amendment rights.

**98.0 Defendants** aforementioned practice/policy not to communicate to plaintiffs and other alleged vexatious litigants of the factual and legal basis that they relied upon to make factual determinations that **[1] Plaintiff** and others were vexatious litigants under **CCP 391(B)(1) etc [2]** That No Reasonable probability existed **[3]** right to informa pauperis does not include a waiver of security bonding costs **[4]** that vexatious litigants have no right to contest reasonableness of security bonding costs denied Plaintiff and all other alleged vexatious litigants knowledge of the factual and or legal basis prior to **Defendants'** final determinations constituted Violation of mine and all other vexatious litigants **Due Process; Equal Protection and 1st amendment rights.**

**99.0** As a result of **defendants** aforementioned judicial procedures My property rights were Illegal violated and my property was Illegally taken. As a result I was worried, fearful, scarred, had anxiety etc.

**100.0** I am seeking compensatory damages of $ 10 million dollars and unspecified punitive damages.

DATE: July 25, 2008                    _Fred Whitaker_

                                       **MR. FRED A. WHITAKER**