**RECEIVED**
JUL 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

/Co Fred Whitaker
872 69th Avenue
Oakland, Ca. 94621
510-569-1343

**FILED**
JUL 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED
~~UNITED~~ STATES NORTHERN DISTRICT OF
CALIFORNIA COURT

| | |
|---|---|
| Fred A. Whitaker<br>Plaintiff<br><br>Vs<br><br>The Honorable David Ballati; etc<br>Defendants | Case No. CV 08 1618<br><br>Notice and Motion For New Trial and<br>Motion To Set Aside Court Order<br>Declarations in Support and<br>Memorandum of Points & Authorities<br>In Opposition<br><br>Date: 9/10, 2008<br>Time: 9:00am<br>Dept: 3 |

s
**NOTICE TO PETITIONER'S ATTORNEY OF RECORD:** On 9/10, **2008** a hearing for a Motion For a New Trial and a Motion To Set Aside and Vacate Court Order of 7 22 08 Hearing will be heard **at In Department** #3 on Issue of 12(b) Motion To Dismiss and Prefiling Order Required.

The Court shall consider this motion and all other papers on the file at the aforementioned hearing.

Date: July 25th, 2008

*Fred Whitaker* (signature)

Fred Whitaker

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIS MOTION
## MATERIAL FACTS
## DECLARATION

**0.0** I Fred Whitaker declare:

**1.0** Defendants filed a Motion To Dismiss that had an original court date of August 25th, 2008. Later defendants changed their court date To July 30th, 2008 without any notice to Plaintiff.

**2.0** I arranged to obtain a written stipulation with Defendant's attorney to move back the hearing date to August 25th, 2008 or later. I had informed Defendant's attorney that the diagnosis indicated a broken bone in my foot or sever arthritis that makes it difficult for me to walk/move around. This was the basis of our stipulation given that August 25th, 2008 was the original court date for only one issue and not two.

**3.0** I did not receive the written stipulation till after July 7th 2008. a week approximately after we had made the orally agreement. I mailed the ex-party application on July 9th, 2008. I received a filed copy of my Ex-Party Application with the written stipulation that was attached but court had made no decision on July 18th, 2008.

**4.0** I waited until July 22nd 2008 to call court regarding this matter. I was told a decision was made on July 22nd 2008 without any input from me.

**5.0** I Fred Whitaker declare under the penalty of perjury that the above statements are true and correct as executed In Oakland, California.

DATE: July 25th, 2008

*[signature]*

Mr. Whitaker

**6.0 PROCEEDINGS:** On the application of the party aggrieved, the verdict or decision may be vacated, in whole or in part and a new trial may be granted on all or some of the issues, on the ground of irregularity in the proceedings of the court by which either party is prevented from having a fair trial if

substantial rights of the aggrieved party are materially affected thereby **CCP 657(1).**

**7.0 DEPARTURE BY COURT FROM DUE AND ORDERLY METHOD** an irregularity in the proceedings of the court is any departure by the court from the due and orderly method of disposition of n action by which the substantial rights of a party are materially affected **Gay V Torrance 145 Cal.144, 149.**

**8.0 COURT'S PREJUDICAL EXPRESSION AND ACTION AGAINST USE OF PARTICULAR WITBESS.** An expression of prejudice by the court against the use of a particular witness, notwithstanding the competency of their testimony with such prejudice being reflected in the action of the court against the aggrieved party is an irregularity preventing the aggrieved party from having a fair trial and materially affecting their rights **Pratt V Pratt 141 Cal. 247.**

**6.0A** The term **Trial** includes a trial on the law alone and or a determination of issues of fact and or law. Thus when a court hears and determines any issue of fact or law for the purpose of determining the rights of the parties it may be considered a trial. **See Tregambo V Comannache Mill & Milling Co. 57 C. 501; Adams V Superior Court 52 C2nd 867.**

### LEGAL ARGUMENTS

> **LEGAL ARGUMENT#1: Judge Phyllis J. Hamilton July 22nd, 2008 Court Order Granting The Motion To Dismiss and The Prefiling Order Was Done With Irregular Judicial Procedures Which Violated My Due Process Right To A Fair Trial.**

**6.0** The law Under **Morgan V United States 304 US 1,26** that all litigants must be provided knowledge and an opportunity to fully present their case at a hearing .

**7.0** I filed an Ex-Party application with a written stipulation that was allowable under Local rules 7-10 and 7-12.

2

**8.0** The Court ruled I did not file any response as a basis that it could make a decision. The court's procedure not to rule upon my Ex-Party application that was submitted before the alleged July 9th, 2008 deadline to file a response. The delay was due to Defendant taking a week to respond before I could file my papers.

**9.0** My constitutional right of Due Process is clear that I be given knowledge and an opportunity to respond prior to a court's final factual determination which this court did not do.

**10.0** I had a Ex-Party stipulation before the Court which it did not sign, did not state it wanted specific grounds for a continuation. The fact that parties had agreed to a continuation must be given some consideration.

**11.0** The irregularity is that a decision on a extension of time was before this court. This Court had knowledge that the extension was by a written extension. This Court did not make a decision to grant the extension such I could have engaged in some type of response. The capacious is that on July 17th, 2008 when this court sent back my Ex-Party Motion for a continuance unsigned and without decision by court it was 8 days after original deadline to response. Given that court then mailed back unsigned decision and made decision on July 22nd, 2008 which was 5 additional days which is not a significant time frame. If the Court is rationalizing that the issue that I was late. I had a legitimate reason for being late for no response. What is any difference from being late after July 22nd, 2008 if originally the date to respond was August 4th 2008 to file my response? **CLEARLY THE COURTS ACTIONS ARE ARBITRARY AND CAPACIOUS.**

**12.0** To dismiss my case on the afore mentioned grounds is a gross abuse of it's discretion and my constitutional legal rights. This Court has taken the low road in it's judicial procedures. All litigants are entitled to a hearing on the merits. This Court may have it's own belief about the factual and legal ramifications. At the least it should allow all litigants to create a court record whereby a litigant has an opportunity to contest the court's factual and legal determinations in open court on a basis of searching for truth and justice and

3

not be blinded by what it believes to be true without the opposing party have knowledge of the factual belief of this court and an opportunity to respond.**The Court's judicial procedures is not one that is associated with democracy. It fails to allow a litigant a right to the hearing on the merits determined by both parties having an opportunity to present their views and have the court justify it's position by both parties if necessary.**

13.0   **NEW TRIAL ON GROUND OF ORDER OR ABUSE OF DISCRETION PREVENTING FAIR TRIAL:** On application of the party aggrieved the verdict or decision may be vacated, in whole or in part, and a new trial may be granted, on all or some of the issues, on the ground that there was an order of the court or abuse of discretion by which either party was prevented from having a fair trial, if substantial rights of the aggrieved party are materially affected thereby **CCP 657(1) Hays V Viscome 122 Cal.2d 135, 137-140..**

14.0   **NEW TRIAL ON GROUND OF ORDER OR ABUSE OF DISCRETION PREVENTING FAIR TRIAL:** On application of the party aggrieved the verdict or decision may be vacated, in whole or in part, and a new trial may be granted, on all or some of the issues, on the ground that there was an order of the court or abuse of discretion by which either party was prevented from having a fair trial, if substantial rights of the aggrieved party are materially affected thereby **CCP 657(1) Hays V Viscome 122 Cal.2d 135, 137-140.**

**LEGAL ARGUMENT#2 THIS COURT LACKED SUFFICIENT EVIDENCE TO SUPPORT IT'S RULING TO DENY REAL PARTY IN INTREST EX-PARTY CONTINUANCE**

15.0   Paragraphs number 1 thru 14 are repeated and realleged into this section and included reference.

16.0   The United States Supreme Court in **Morgan V United States 304 US 1,26** ruled that a court must provide parties knowledge of and an opportunity to contest the factual and or legal basis prior to it's final ruling.

4

**17.0** Petitioner had a signed written stipulation for a continuance that was mail on July 9th, 2008 after a week delay by defendant. The original filed Ex-party motion included a declaration that I have a broken foot that I am obtaining treatment for a broken foot . I indicated that I had reached an agreement with opposing counsel for a continuance and that hearing date was moved up previously from August 25th, 2008 along with another brief that was also due.

**18.0** This Court's ruling was clearly arbitrary and capacious. The original Court ruling was on August 25th, 2008. The date was moved back to July 30th, 2008 without any notice or grounds why it was done. I attempted to comply with judicial process by filing an ex-party motion for a stipulation which was affect by defendants' 1 week delay. After the delay I mailed The Ex-Party immediately on July 9th, 2008. The Court sent me a copy of its filing with no decision being made. If the court wanted a response immediately it should have stated so in copy of my ex-party motion that it send back to me. The normal procedure for court when denying any motion is to allow a few days to file the response. I was allegedly late as of July 9th, 2008 and it was July 17th, 2008 when court send me copy of my motion without any decision. **This Court in denying my motion for failure to state good cause and dismiss for a failure not to file any answer is totally irrational. How could I file any answer if I was waiting for an reply from this court which never came?**

**19.0** I am being penalized by Court's irregular judicial procedure in it's Ex-Party Motion with a signed stipulation in violation of my Constitutional due process. I had no opportunity to respond or advanced knowledge of Court's ruling.

**20.0** **NEW TRIAL ON GROUND OF INSUFFICIENCY OF EVIDENCE.** On application of the party aggrieved, the verdict or decision may be vacated, in whole or in part and a new trial may be granted, on all or some of the verdict or decision if substantial rights of the aggrieved party are materially affected thereby **CCP 657(6).**

**21.0** **JUDY'S DUTY TO SET ASIDE VERDICT/COURT ORDER IF UNJUST.**
It is the trial judge's duty to set aside the set aside the jury / their own ruling

5

whenever their conscience is impressed with the injustice thereof. **See Moore V City & County of SF 5 Cal. App.3ʳᵈ 728,738.**

## LEGAL ARGUMENT#3 THE DECISION BY THIS COURT WAS AGAINST THE LAW.

**22.0** Paragraphs 1 thru 20 are repeated and realleged and included into this section by reference.

**23.0** The local rules 7-10 inconjunction with local rule 7-12 allow any litigant to file for a stipulation. In this case a valid a stipulation was before the Court. This court did not indicate that it was not allowing my ex-Party Motion with my stipulation.

**24.0** The Constitutional under **Morgan V United States Supreme Court 304 US 1,26** states that before a final ruling is made a litigant must be given knowledge and an opportunity to respond prior to a final determination.

**25.0** This court is stating while I am waiting for a decision from the court to be granted an extension from the time for a response and that time has expired I then am deemed not to have filed any response. **This is irrational in that delays that is outside my control and which the court caused I am then denied any opportunity to file a response is arbitrary and capacious.**

**26.0** While the court does have a right of it's opinion it is unconstitutional to make such a determination where it has denied any litigant an opportunity to respond to the factual and or legal basis of it's factual and or legal determination.

**27.0 NEW TRIAL GROUND OF VERDICT OR OTHER DECISION AGAINST THE LAW.** On application by the party aggrieved, the verdict or decision may be vacated, in whole or in part and a new trial may be granted, on all or some of the issues, on the ground that the verdict or other decision is against law, if substantial rights of the aggrieved party are materially affected thereby **CCP 657(6).**

6

**28.0** Enclosed with this Notice is **[1]** My opposition to defendant's Motion To Dismiss Under Rile 12(b) **[2]** amended civil complaint **[3]** Summary Opposition to Defendant's Motion to dismiss Under Rule 12(b) **[4]** Plaintiff's Opposition To Prefiling Order and memorandum of points and authorities **[5]** Plaintiff's first declaration in opposition to motion to dismiss **[6]** Plaintiff's 2nd declaration nin opposition to dismiss.

DATE: July 25, 2008

*Fred Whitaker* (signature)

Mr. Fred Whitaker

7