**FILED**  
JUL 2 5 2008  
RICHARD W. WIEKING  
CLERK, U.S. DISTRICT COURT  
NORTHERN DISTRICT OF CALIFORNIA  

**RECEIVED**  
JUL 2 5 2008  
RICHARD W. WIEKING  
CLERK, U.S. DISTRICT COURT  
NORTHERN DISTRICT OF CALIFORNIA  

Fred A. Whitaker  
872 69th Avenue  
Oakland, Ca. 94621  

UNITED STATES NORTHERN DISTRICT OF  
CALIFORNIA COURT  

Fred A. Whitaker   Petitioner   CASE No. CV 08 1618 BZ PJH

Vs

Plaintiff's 1st declaration In Opposition To Defendant's Motion To Dismiss Under 12(b) F.R.C.P.

Vs

The Honorable David Ballati; Yolanda Northridge; Frank Roesch; Carl Morris George C. Hernandez Jr., McGuiness Richman, Nancy Davis and The Superior Court of California County of Alameda; Superior Court of San Francisco County

DATE: 9/10, 2008  
TIME: 9 am  
Dept: Courtroom #3 Floor)

1.0 **Petitioner** in 1999 made **Defendants** aware that they had a mandatory right such as [1] to make factual determinations that as a Vexatious litigant Court's duty was to have proof of 5 adverse ruling. **Defendants** including Judge Richman, Judge McGuiness among others In California Court of Appeals Court refused to address my concerns on any writs [2] No reasonable probability should be based on Demurrer, summary judgment, Judgment on Pleading etc that every cause of action must be dismissed as a matter of law [3] Right To In Forma Pauperis of waiver of both court costs and security bonding [4] Right to hearing on merits prior my case being dismissed . **Trail Court and Court of Appeal Defendants refused to address my concerns.**

2.0 **Defendants** from 1994 to 1995 denied 24 or 25 of my lawsuits. During this time **Defendants** in both Trial Court and California Court of Appeal engaged in same process I am bringing before this Court [1] Determination of vexatious litigation Under **CCP 391(B)(1)** was based on **State Vexatious Litigant list of 1991 and 1992** [2] Reasonable determination was not based on demurrer, summary judgment, judgment on merits, etc . All my complaints were not determination on basis that each cause of action was foreclosed as a matter of law. **Defendants** both in Trial court and Court of Appeal never addressed this issue. .[3] No Hearing on merits of my complaint prior to being dismissed [4] My right to in forma Pauperis was denied after security bonding established. My right to informa pauperis status did not include right to waiver of security bonding costs [5] **Defendants** refused to allow me to challenge the amount of security bonding that was brought by moving party.

3.0 In 1996 in Court of Appeal I raised issue that Beaudreau V Superior Court 121 Cal. Rptr at 585 Ruled that **CCP 391** was unconstitutional. **Defendants** then and subsequently till Presently never addressed the aforementioned case in any of my Trial proceedings, writs, appeals before California Court of Appeals address the aforementioned Stare Decisis Ruling.

1

**4.0 Defendant** assertion on page 5 line 13 that 391 provides for a hearing both before he is declared a vexatious litigant who is subject to prefiling order.

**5.-1** Prior to 1999 and after 1999 and to presently **Petitioner** was not provided any hearing on issue that I was a Vexatious Litigant. **Defendants** continued to engaged in same unconstitutional judicial procedures as before.

**6.-1 Defendant** alleges from a quote from wolf No person subject to state vexatious litigant provisions is denied the opportunity to commence any non-frivolous litigation without due process. Prior and after 1999 to present in some cases a demurrer was sought by moving party and I prevailed yet **Defendants** [Judge Richman, Judge McGuiness ] refused to allow me to continue.

**7.-1** I Judge Ford in 2005 indicated that in Four of my cases that I was not an alleged Vexatious Litigant on basis that I had valid Single Cause of action. It was not determined on basis by demurrer, Summary Judgment, Judgment on Pleading etc or that each cause of action foreclosed as a matter of law.

**8.-1** Judge Richman in 2005 overturned Judge Ford's ruling without any hearing on the merits.

**9.-1** Judge Richman in 2005 determined that I was a vexatious litigant by relying on 1991 and 1992 Court orders. My Hearing For being a Vexatious Litigant was on January 13th, 2005. Judge Richman considered matters outside the Court record did not consider any of the Stare Decisis ruling in this complaint before this court. Judge Richman determined I was a Vexatious Litigant under **CCP 391(b)(1)** even though he found no 5 adverse ruling within previous seven years. Judge McGuiness in 2005 upheld Judge Richman's ruling.

**10.-1** In 2005 thru 2008 Judge McGiness and other Judges within California Court of Appeal has continued to rely on Vexatious List and that No Reasonable Probability means simply stating so without any evidence to support it's position.

2

> **ONE OF THE MOST OUTRAGEOUS ASPECTS OF DEFENDANT'S ATTORNEY HAS FAILED TO INFORM THIS COURT OF FROM 2004 TO PRESENT ON AT LEAST FOUR DIFFERENT OCCASSIONS WHERE I PROVIDE IT WITH COPIES OF MY WRIT OF MANDATES GOING TO UNITED STATES SUPREME COURT IT NEVER RESPONDED ON SAME LEGAL AND FACTUAL ISSUES BEFORE THIS COURT. See Declaration #2.**

**11.0** I Fred A. Whitaker declare under the penalty of perjury that the aforementioned statements are true an correct as executed within The City of Oakland Within the State of California

Date:     ,  , 2008                    *Fred Whitaker*

                                          MR. FRED A. WHITAKER