**FILED**         **RECEIVED**

JUL 2 5 2008         JUL 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fred A. Whitaker
872 69th Avenue
Oakland, Ca. 94621

UNITED STATES NORTHERN DISTRICT OF
CALIFORNIA COURT

| | | |
|---|---|---|
| Fred A. Whitaker | Petitioner | CASE No. CV 08 1618 BZ PJH |
| Vs | | Plaintiff's 2nd declaration In Opposition To Defendant's Motion To Dismiss Under 12(b) F.R.C.P. |
| Vs | | |
| The Honorable David Ballati; Yolanda Northridge; Frank Roesch; Carl Morris George C. Hernandez Jr.,McGuiness Richman,Nancy Davis and The Superior Court of California County of Alameda; Superior Court of San Francisco County | | DATE: 9/10/10, 2008<br>TIME: 9 am<br>Dept: Courtroom 3 ( Floor) |

## DECLARATION

**1.0** I Fred A. Whitaker Declare;

**2.0** Plaintiff seeks to invoke the jurisdiction of this Court to obtain Declaratory Relief Regarding Validity or interpretation of CCP 391 and Injunctive Relief Against **Defendants** pertaining to Their **PRESENT & CONTINUING** Judicial Procedures of

- **[1] Continuing Failure** In **CCP 391 & 391.7** Proceedings To Identify 5 adverse ruling within Proceeding Seven Years against **Petitioner & Others** as Determination of Vexatious Litigant.
- **Continuing policy/practice** since 1994/1995 to **PRESENT** sole basis To Determine **Petitioners & others Vexatious Litigant** determination of 5 adverse ruling within proceedings seven years Under **CCP 391(B)(1)** is and was the State of California Vexatious Litigant list. This list never on a daily, quarterly and or yearly basis validated that each Name on that list As currently Having 5 adverse ruling within the proceedings seven years as required Under **CCP 391(B)(1).**
- **[2] Continuing Failure** In **CCP 391 & 391.7** Proceeding To determine No Reasonable Probability Without Making A determination that each Cause of Action was foreclosed as a Matter of Law by demurrer, Summary Judgment, Judgment on Pleading etc against **Petitioner & Others.**
- **Continuing policy/practice** since 1994/1995 to **PRESENT** In making determination against **Petitioner & Others alleged Vexatious Litigants** No Reasonable Probability by Court Order **STATED** Their was No Reasonable Probability To prevail citing no Specific Grounds that each cause of action was foreclosed as a matter of law.
- **[3] Continuing Failure** In **CCP 391 & 391.7** Proceedings to deny **Petitioner & Others** A Right To In Forma Pauperis which includes a Right To waiver of Court costs and Security bonding costs

1

- **Continuing policy/practice** since 1994/1995 to **PRESENT** in **CCP 391.3 & 391.7** proceedings denied **Petitioner's & Others** alleged Vexatious Litigant of Waiver of any Security Bonding costs even **Petitioner & others** had been granted In Forma Pauperis Status prior to that procedure.
- **[4] Continuing failure** In **CCP 391 & 391.7** Proceedings To deny **Petitioner & Others** A Right To Challenge Reasonableness of Security Bonding Cost
- **Continuing policy/practice** since 1994/1995 to **PRESENT** in **CCP 391.4 & 391.7** hearing to deny **Petitioner & others** of a right to challenge amount of Security Bonding being Raised by the moving party in the aforementioned proceedings.
- **[5] Continuing** failure in **CCP 391 & 391.7** Proceedings of a Right To Hearing Of The Merits of Our Property Rights Prior To Dismissing Our Property Rights.
- **Continuing policy/practice** since 1994/1995 to **PRESENT** in **CCP 391 & 391.7** was to dismiss **Petitioners & others** "Property Rights without a hearing on the merits.
- **[6] Continuing policy/practice** since 1994/1995 to **PRESENT** in **CCP 391 & 391.7** hearing to Fail to Consider **MANDATORY Stare Decisis Ruling** that were applicable to **CCP 391 & 391.7** procedures.

3.0 In 1991 When I Attached Constitutionality of CCP 391 the basis was that **CCP 391** application assumed that all named Vexatious Litigants proposed legal complaints were presumed to be frivolous .

4.0 Plaintiff was placed on Vexatious Litigant List in 1991. I had no opportunity to submit written nor oral opposition. In My Lawsuit against BART in 1991 Case No. 687320-0 I had no hearing on merits. In that particular case Defendant's Demurrer was overruled as to Five Causes of actions.

5.0 In 1991 I challenged constitutionality of CCP 391. My Constitutional Challenge To CCP 391 was denied. I Appealed To California and The US Supreme Court. In 1992 In My Lawsuit against BART I raised same/similar

2

legal issues because My previous challenge had never been finally ruled upon by United Supreme Cour

- Between 1995 and 2004 I filed No Lawsuits In State or Federal Courts. Nor during that time Did I Have 5 Adverse Ruling Within Any Seven Proceedings Years. **Defendant** (Judge Richman) in April of 2005 found that I did not have 5 adverse ruling within proceeding seven years. **Judge Ford** in April of 2005 Found that My Legal complaints did not meet criteria of No Reasonable Probability. Yet **Defendants** in 2005 till Present Found Me To Be a Vexatious Litigant without any Court Finding of 5 Specific adverse ruling within the proceeding seven year time period.

**PETITIONER PRESENTLY AND IN THE PAST MADE DEFENDANTS AWARE OF MANDATORY STARE DECISIS RULING THAT THEY HAVE REFUSED TO ADDRESS IN CCP 391 & 391.7 PROCEDURES**

**[1] DEFENDANTS PRESENTLY AND IN THE PAST VIOLATED STARE DECISIS COURT RULING PERTAINING TO THEIR LEGAL JURISDICTION UNDER CCP 391 & 391.7 HEARING.**

- **[1] DEFENDANTS** Since 1999 to present In Every **CCP 391** hearing have been made aware that they have a mandated duty to follow Stare Decisis Ruling on Holcomb V US Bank Nat Trust 129 Cal.4th 1501 & Stoltz V Bank of America Trust 19 Cal.Rptr2nd at 19. (5 adverse ruling within seven proceeding seven years burden upon **Defendants** to prove)
- . **Defendants'** have refused on a continuous basis against Petitioner since 1994/1995 to 1999 and from 1999 to 2004 and To Present to abide by Holcomb V US Bank Nat Trust 129 Cal.4th 1501 & Stoltz V Bank of America Trust 19 Cal.Rptr2nd at 19. (5 adverse ruling within seven proceeding seven years burden upon **Defendants** to prove)

> **[2] DEFENDANTS PRESENTLY AND IN THE PAST VIOLATED STARE DECISIS COURT RULING AS TO THEIR BURDEN OF EVIDENCE TO DETERMINE THEIR LEGAL JURISDICTION IN CCP 391 & 391.7 PROCEDURES AS TO PETITIONER AND OTHERS**

- **[2] DEFENDANTS In All Their CCP 391 & 391.7 Proceeding Since 2004 to Present Was Informed that The Vexatious Litigant Was Based Solely On the State Vexatious and Under Stare Decisis Case Law** People V Levy 228 Cal.3rd 1423 Ruled That a State List (Police List of Current Warrants) To Be Valid must be verified as to each name on that List. The same principle is Applicable To **CCP 391** state list.

- **DEFENDANTS PRESENTLY have refused in all CCP 391 & 391.7 proceedings to address whether People V Levy 228 Cal.3rd 1423 was applicable as a matter of law.**

> **[3] DEFENDANTS PRESENTLY AND IN THE PAST VIOLATED STARE DECISIS COURT RULING ON THE ISSUE OF PETITIONER AND OTHER ALLEGED VEXATIOUS LITIGANTS MANDATORY RIGHT TO HEARING ON OUR PROPERTY RIGHTS**

- **Defendants were made aware from 1995 To Present That Petitioner had Mandatory Property Interest in CCP 391 & 391.7 procedures under Stare Decisis Court Ruling By** California Supreme Court and United States Supreme Court Ruling In **Board of Regents V Roth 408 US 564; Perry V Sinderman 408 593 & Beaudreau V Superior Court of LA 121 Cal. Rptr. 590. Defendants during present time refused to address** aforementioned **Stare Decisis Court Ruling** in CCP 391 & 391.7 hearing.

> **[4] DEFENDANTS PRESENTLY AND IN THE PAST VIOLATED STARE DECISIS COURT RULING ON THE ISSUE THAT NO REASONABLE PROBABILITY MEANS THAT EACH CAUSE OF ACTION WAS EXCLUDED AS A MATTER OF LAW.**

4

- **PETITIONER MADE DEFENDANTS PRESENTLY AND IN THE PAST THEY HAD A MANDATED DUTY** To Comply **Stare Decisis Ruling of Devreaux V Latham & Watkins 32 Cal.App.4th 1571** which Court Ruled That **CCP 391** No Reasonable Probability means that each cause of action is foreclosed as a matter of law.
- **DEFENDANTS PRESENTLY AND IN THE PAST** in making a determination that No Reasonable Probability Existed In All of My Legal complaints from 1999 to present refused to address and comply with legal standard established in **Devreaux V Latham & Watkins 32 Cal.App.4th 1571**

**[5] DEFENDANTS PRESENTLY AND IN THE PAST VIOLATED STARE DECISIS COURT RULING THAT IN FORMA PAUPERIS STATUS BY ANY VEXTIOUS LITIGANT INCLUDED THE RIGHT TO WAIVE BOTH COURT COSTS AND SECURITY BONDING FEES**

- **DEFENDANTS PRESENTLY AND IN THE PAST** were made aware that they had a **MANDATORY DUTY** under **Stare Decisis Ruling** in Boddie V Connecticut **401 YS 371; Harper V Virginia State Board of Elections 383 US 663; Martin V Superior Court 176 Cal. 289; Ferguson V Hays 4 Cal. Supp 649; Connover V Hall 11 Cal.3rd 851 & Gonzales V fox 68 Cal.3rd Supp at 17** that The Right To Proceed in Forma pauperis includes both waiver of court costs and security bonding fees.
- **DEFENDANTS PRESENTLY AND IN THE PAST** has refused to consider **MANDATORY DUTY** under aforementioned **Stare Decisis Ruling** on **Petitioners & others** In Forma Pauperis rights in **CCP 391 and 391.7** hearing.

**[6] DEFENDANTS PRESENTLY AND IN THE PAST VIOLATED STARE DECISIS COURT RULING THAT IN FORMA PAUPERIS STATUS DID NOT GRANT PETITIONER & OTHERS A RIGHT TO REASONABLENESS OF SECURITY BONDING IN CCP 391 & 391.7 HEARING.**

- **DEFENDANTS PRESENTLY AND IN THE PAST** were made aware that they had a **MANDATORY DUTY** in **CCP 391 & 391.7** proceedings by **PETITIONER** and others under that **Cohen V Benficial Loan Corporation 337 US 541; Burt V Irvine 237 Cal.App.2nd 868; Rhodes V Superior Court 14 Cal.3rd at 460; Beaudreau V Superior Court 121 Cal. Rptr. 585; Beyerbach V juno Oil Co. Cal.2nd at 13 Note 10; Taliaferro V Hoggs 236 Ca2nd at 529** that all alleged Vexatious litigants have a **MANDATED LEGAL RIGHT** that a hearing on the merits include a finding on the merits and reasonableness of the expenses likely to be incurred by defendant.
- **DEFENDANTS PRESENTLY AND IN THE PAST** had a policy/practice in **CCP 391 & 391.7** procedures to deny **Petitioner & others** a right to challenge the reasonableness of the security bonding being brought by the moving party.

I Fred A. Whitaker declare under the penalty of perjury that the aforementioned statements are true and correct as executed within the State of California In the City of Oakland on

DATE: July, 2008

*Fred Whitaker*

Mr. FRED A. WHITAKER

6