**FILED**

JUL 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**RECEIVED**

JUL 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fred A. Whitaker
872 69th Avenue
Oakland, ca. 94621
510-569-1343

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| Fred A. Whitaker | Plaintiff | Case No. CV08 1618 PJH |
| Vs | | Plaintiff's Opposition To Defendant's Motion For Prefiling Order; and Memorandum And points and Authorities |
| | | Date: 9/10, 2008<br>Time: 9 am<br>Dept: #3 |
| The Honorable David Ballati;<br>, Yolanda Northridge, Frank<br>Roesch, Carl Morris, George<br>Hernandez, Nancy Davis, Richman,<br>McGiness etcs | | |

## INTRODUCTION

**Defendants' motion** is brought solely on the basis that my challenge to Judicial procedures constitutes vexatious litigation. **Defendants' Motion** alleges that courts have determined that I am a vexatious litigant by it's Exhibits A,B & E.

**Defendants' Exhibit#A & B** indicates that lawsuit is against Bay Area Rapid Transit in case 687320. with no appearance by any party.

**Defendants'** lawsuit against **BART** indicates another with a different case number of 641 237-5 & not 877320.

**Defendants'** basis that Plaintiff allegedly engaged in identical lawsuit does not state any facts that this court can determine that same legal issues were being challenged. **Defendants' motion** states if Plaintiff was given a full opportunity to fully present their case.

**Defendants'** cities various cases that were dismissed. **Defendants'** fails to state on what Judicial Process the alleged 22 cases were dismissed **Defendants** had a practice and pattern to engage in the same Illegal procedures presently that it did in 1991/1992 – **[1]** No Specific determination of 5 adverse ruling but relied on my being on Vexatious Litigant list **[2]** That legal complaint before court had no hearing on the merits by legal standard that each cause of action was foreclosed as a matter of law **[3]** Security bonding made without a right to challenge reasonableness of amount **[4]** No right to In Forma pauperis which included waiver of court costs and security bonding fees **[6]** taking of Plaintiff's Property Rights without a hearing on merits. <u>**Defendants in dismissing plaintiff's legal complaints did so by an illegal means which violated Plaintiffs 1st, 5th and 14th amendment rights**</u>

### DEFENDANTS MOTION IS PREMATURE

**Defendants** prefiling Motion is based on it's allegation that my legal complaint is frivolous based solely on allegation that I am challenging court orders. **Defendant** has not specified a court order that my legal complaint is challenging.

### LEGAL ARGUMENT

## LEGAL ARGUMENT#1 DEFENDANTS' PREFILING MOTION IS PREMATURE AND LEGALLY INSUFFICIENT AS A MATTER OF LAW..:

**Defendants'** Prefiling Motion factual basis is that it is based on allegation that my complaint is challenging a court order. **Defendant** has specified no Court order that I am challenging.

The law is clear that 12(B) Motion allegations must be accepted as true. My complaint alleges Four controversy judicial procedures that **Defendants PRESENTLY** engage in.

My Complaint alleges that **CCP 391** is unconstitutional and or that **Four Controversy Judicial Procedures Defendants PRESENTLY** engage in are Unconstitutional.

**Defendant** has presented no evidence that same grounds were addressed in both my alleged challenges to **CCP 391** legality and that I had an opportunity to fully present my case.

The legal standard of no reasonable probability to prevail is that each cause of action must be shown to be foreclosed as a matter of law. There has been no specific finding that my complaint lacks merit.

Given that No Court Ruling has been made that my legal complaint lacks merit has been done. **Defendants'** prefiling motion is premature. United States Supreme Court In **Morgan V United States 304 1,26; Palko V State of Conn. 302 US 319** determined that in any hearing or otherwise **AS A PRINCIPLE OF LAW** must afford all litigants knowledge and an opportunity to respond pertaining to the factual and or legal issues being considered by the court prior to its final determination.

Court In **Morgan** also **Ruled** that a full hearing includes not only in the technical sense but with respect to those fundamentals of fairness which is the essence of Due process in a judicial proceedings. This includes the taking of evidence and consideration of evidence to the beginning, intermediate and concluding steps in procedure.

Given **Defendants'** have failed to specify the exact court orders being challenged and the specific basis plaintiff allegedly challenged the constitutionality of **CCP 391** and whether Plaintiff was given a full opportunity to present their basis of the legal challenge to **CCP 391 Defendants have violated the PRINCIPLE OF MORGAN V UNITED STATES 304 1,26 ETC** no factual/legal basis to support it's allegations that are not on the Court record.

**LEGAL ARGUMENT#2: DEFENDANTS HAVE NOT MEET FOUR FACTORS THEY CITED IN MOLISKI V EVERGREEN DYNASTY CORP. 500 F.3RD 1047,1057**

**Defendant** has failed to abide by list factor #1. [1] Notice and an opportunity to be heard. **Defendant's** motion fails to specify what courts orders and on what specific basis I am alleged to have again challenged the legality of **CCP 391** as being unconstitutionality on the same basis. I contend without the specific information I will not have a fair opportunity to present my case before this court.

The second factor is the creation of an adequate record. **Defendants** have not provided specific court orders that I am alleging to have challenged, the specific factual and or legal basis in the past I allegedly challenged the legality of **CCP 391**. Thus there is an insufficient court record for this court to make an intelligent decision that I am engaging in frivolous actions before this court.

The third element is a finding of frivolousness or harassment by this court. **Defendant** allegations is based on past conduct. **Defendants** have failed to address any of the factual basis and the legal challenges that **CCP 391 is** unconstitutional or that the Judicial Procedures it engages in are unconstitutional..

The State and California supreme Court's determination of my actions as being frivolous involves of their acceptance of the Court record as being Correct, **Defendants** assume the Court orders that I am a Vexatious Litigant are true and correct.

> **DEFENDANTS PREFILING ORDER DISREGARD THEIR FIVE STEP UNCONSTITUTIONAL JUDICIAL PROCEDURES IN ALL CPP 391 HEARING PAST AND PRESENT.**

**Defendants** disregard the Illegality of their Judicial procedures. **Defendants' have engaged in an Five ILLEGAL JUDICIAL PROCEDURES AS FOLLOWS:**

- **FIRST STEP THAT IS UNCONSTITUTIONAL: Defendants'** sole reliance on Vexatious Litigant statute which is void on its face and fails to verify that each name on that list has on a daily, quarterly or annual basis verified to meet criteria under **CCP 391(B)(1)** . <u>As a result **Defendants** has created **AN CONCLUSIVE PRESMPTION WHERE BY LAW THEY HAD REBUTTABLE PRESUMPTION BY LAW.**</u>
- **SECOND STEP THAT IS UNCONSTITUTIONAL: Defendants** failed to have hearing on merits as required by law on **"Property Rights. <u>Defendants failed to enforce no reasonable probability standard that each cause of action must be foreclosed as a matter of law.</u>** As a result all vexatious litigants Right to a Fair Hearing was denied in **CCP 391 & 391.7 procedures.**
- **THIRD STEP THAT IS UNCONSTITUTIONAL. Defendants** determine amount of proposed security bonding without any reasonable determination. As a result all vexatious litigants are denied a fair trial.
- **FOURTH STEP THAT IS UNCONSTITUTIONAL: Defendants** determine that all vexatious litigants have no constitutional right under in Forma pauperis to waiver of both court costs and security bonding costs. <u>**As a result all vexatious litigants 1st amendment (Access to Courts); Due Process (Manner Rights determined) and Equal Protection Violation PRESENTLY EXISTS.**</u>
- **FIFTH STEP THAT IS UNCONSTITUTIONAL: Defendants** determine to dismiss all vexatious litigants legal complaint **[a]** without legal jurisdiction **[b]** without a hearing on merits **[c]** No legal challenge to reasonableness

of security bonding **[d]** Taking of all vexatious litigants Property rights without any hearing on the merits.

## THE FOURTH STEP THAT ORDER BE NARROWLY TAILORED TO PREVENT THE LITIGANTS' ABUSIVE BEHAVIOR IS NOT DONE

**Defendants** court order is generally overbroad. **Defendants** want to prevent Plaintiff from challenging legality of **CCP 391**. This is based on no specific grounds that it was challenged before. **Defendants** fails to inquire into whether Plaintiff was given an full opportunity to contest the basis of the legality of **CCP 391** being constitutional.

**Defendants Prefiling Motion** alleges that **CCP 391** is unconstitutional yet cites no specific citations that states **CCP 391** allows one to rely on vexatious litigant list as presumption conclusion.

**Defndants Prefiling Motion** cites no cases that **CCP 391** by not having a hearing on the merits prior to the taking of property is constitutional.

**Defendants Prefiling Motion** cities no cases that **CCP 391** procedures is allowed to determine no reasonable probability to profile by mere statement only and without no determination that each cause of action is foreclosed by law is constitutional.

**Defendants Prefiling Motion** cites no cases that **CCP 391** procedures allow that all vexatious litigants have no right to challenge reasonableness of security bonding statutes.

**Defendants Prefiling Motion** cites no cases that **CCP 391** procedure allows in forma pauperis status not to include a waiver of both court costs and security bonding fees.

DATE: JULY , 2008

*Fred Whitaker*

MR. WHITAKER