Fred A. Whitaker
872 69th Avenue
Oakland, Ca. 94621
510-569-1343





IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**FILED**

JUL 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRED A. WHITAKER

                    Plaintiff

Vs

The Honorable Judge David Ballati;
Yoland Northridge; Frank Roesch;
Carl Moris, George C. Hernandez ;
,McGuiness,Nancy Davis, Judge
Richman & Judge Morris; Superior
Court of Alameda and San Francisco
Counties

CV 081618 **BZ** $\mathcal{O}$ $\mathcal{J}$

Plaintiffs Opposition To Defendant's
Motion To Dismiss Under Rule 12(B)
FRCP and Memorandum of Points and
Authorities In Support

Date: , **9/10** , 2008
TIME: 9:00 AM
DEPT: Courtroom # 3

# TABLE OF CONTENTS

|  | **PAGES** |
|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | **1-23** |

**PRELIMINARY STATEMENT**      **1-2**

**LEGAL ARGUMENTS**      **2-23**

**LEGAL ARGMENT#1:** Defendants' Legal Arguments is Based Is Legally Insufficient In That it Is Based on Conclusions/Allegations And Fails To Address Factual And Legal Issues Before This Court.      **2-3**

**LEGAL ARGUMENT#2** Defendants Violated My First Amendment Due Process And Equal Protection Rights And Had No Legal Jurisdiction To Apply CCP 391 & 391.7 In Violation of My Civil Rights Therefore This Court Had Original Legal Jurisdiction      **4-9**

**LEGAL ARGUMENT#3** Defendants' Assertion That Vexatious Litigant Code Is Constitutional Is Not Supported By Established Law Nor Any Facts That Petitioner's Challenge To CCP 391 Was Properly Heard And That All Challenges That Were And Or Could Be Brought Before Defendants Were Provided An Opportunity To Gave Them Fully Addressed      **9-19**

**LEGAL ARGUMENT#4:** Defendants Position That Rooker-Feldman Doctrine That This Court Lacks Jurisdiction Not Supported By Law & facts **19-21**

**LEGAL ARGUMENT#5:** Defendants Do Not Have Quasi-Immunity Against My legal complaint Before This Court Nor Is The 11th Eleventh Amendment Further Bars Against Defendants      **21-23**

## MEMORANDUM OF POINTS AND AUTHORITIES

| | | |
|---|---|---|
| Abella V District Court of Appeal | 17  C2nd at 283 | **4,6,14** |
| Bank of America V Superior Court | 255 Cal.App.2[nd]  235 | **17,31** |
| Beaydreau V Superior Court | 14 Cal.3[rd] 448-464 | **11,12,14,15** |
| Bowes V Russell | 7 C.D.O.S. 6807-6811 | **6** |
| Bradely V Fisher | 80 US 13 | **22** |
| Burt V Irvine | 237 CA2nd 848-868 | **18** |
| Ceasar Sarausad V carol Porter | 7 C.D.O.S. 2460 | **4,5** |
| Cerrato V San Francisco Community etc | 26 F.3[rd] 968 | |
| Conover V Hall | Cal.3[rd]  842 | **18** |
| County of Sutter V Superior Court | 244 Cal.App.2[nd] 770,773-776 | **17** |
| County of Yolo V Knight | 70 Cal.431, 433-435 | **17** |
| Del Mar Beach Club Owners Assn. V Imperial Contracting Co. | 123 Cal.3[rd] 898 | **20** |
| District of Columbia Court of Appeals V | | |

| | | |
|---|---|---|
| Feldman | 460 US 462,486-487 | **20** |
| Elder V Holloway | 510 US 510 | **12,14** |
| Free V Bland | 369 US 369 | **20** |
| Gantman V United Pacific Ins. Co. | 232 Cal.App.3rd 1560 | **20** |
| Hafer V Melo | 502 US 21,26-27,390-31 | **23** |
| Kentucky V Graham | 473 US 159,165-167 | |
| Muller V Tanner | 2 CA3rd 464 | **17** |
| Rankin V Howard | 633 F.2nd 848 | **21** |
| Richetson V Richardson | 26 Cal. 149 | **17** |
| Rhodes V Superior Court | 90 Cal.App.3rd 484 | **18** |
| Roberts V Superior Court | 264 Cal.App.2nd 235 | **17** |
| Smith, Smith & Kring V Superior Court | 60 Cal.App.4th 577/578 | **3** |
| Taylor V Maddox | 366 F3rd at 1008 | **4,5** |
| Torres V Mullen | 317 F.3rd 1145-1551 | **4,5** |
| Texas Co. V bank of America | 5 Cal.2nd 35,39 | **4,6,14** |
| Turner V Raynes | 611 F2nd 92, 95 | **22** |
| Will V Michigan Dep't of State Police | 491 US 58, 63-64, 71 | **23** |
| United States V Morgan | 304 US 1,26 | **3** |

## STATUTES

### CIVIL CODE OF PROCEDURE

| | |
|---|---|
| Civil Code of Procedure 391 | **1,2,3,4,5,7,8,9,11,12,14,16,17,18** |
| Civil Code of Procedure 391(b)(1) | **1,5,6** |
| Civil Code of Procedure 391.3 | **1,6** |
| Civil Code of Procedure 391.7 | **2,3,4,5,7,8,9,14,16,17,18** |

### EVIDENCE CODE

| | |
|---|---|
| Evidence Code 352 | **7** |

### UNITED STATES CONSTITUTION

| | |
|---|---|
| United States 1st   Amendment | **4,8,10,19,20** |
| United States 5th   Amendment | **4,5,7,8,10,11,13,15,19,20** |
| United States 14th  Amendment | **4,5,7,8,10,11,13,15,19,20** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

**Defendants' Preliminary Statement** is a classic smear campaign to evade the factual and legal and constitutional issues being raised by my complaint. No where in **Defendants** response does it address any of the following issues I raised such as:

- **Defendants** Reply never address whether Established Law Has Determined That  State Vexatious Litigant list as a sole means to determine that I am a vexatious Litigant under **CCP 391(B)(1)** is a **Conclusive Presumption Under California Evidence Code.**

- **Defendants** Reply never addressed issue Whether State Vexatious Litigant list that has dates in excess of seven proceeding years are void as a matter of law.

- **Defendants** Reply never addresses issue whether State Vexatious Litigant issue Names Currently are Verified as Complying with **CCP 391(B)(1) etc**

- **Defendants** never address whether Unverified Vexatious Litigant List is invalid under Court Ruling in Levy V 228 Cal3rd 1423. which mandated that State List of names must be currently verified to be valid..

- **Defendants** Reply never addressed issue whether established law is that **CCP 391 & 391.3** mandates that **Defendants** make a finding of 5 adverse ruling within proceeding seven years.

- **Defendants** Reply never addressed issue whether the Established Law in **CCP 391**  Judicial Proceedings Is that No Reasonable Probability is that each cause of action must be foreclosed as a matter of law. ( IE; Demurrer, Summary Judgment, Judgment on the Pleading etc)

- **Defendants** reply never addressed issue whether Established Law Plaintiff's and all other Alleged Vexatious Litigants Right To In Forma

1

pauperis entails a right to waive both Court Cost and Security Bonding Fees.

- **Defendants** Reply never addressed issue Whether Plaintiff had a Right To contest reasonableness of security bonding costs.
- **Defendants** Reply never addressed issue whether Established Law Mandates a Hearing on Merits, Right To Informa Pauperis, right to contest reasonableness of security bonding prior to dismissal of Mine or any other Vexatious Litigant Legal complain are Constitutionally Protected Rights.

---

**DEFENDANTS NOTICE OF HEARING; AND MOTION TO DISMISS COMPLAINT UNDER RULE 12(B) IS LEGALLY DEFICIENT IN THAT IT IS BASED ON WRONG FACTUAL AND LEGAL PRINCIPLES OF LAW BEING RAISED.**

---

**0.0 Defendants'** assertion before this Court is That " Federal District courts do not have jurisdiction to review state Court decisions including vexatious litigant orders.

**1.0 Petitioner's Civil Complaint** before this Court does not address any specific Court orders it only seeks validity of **CCP 391** and specific Judicial procedures four Judicial Procedures that **Defendants** have **PRESENTLY AND IN THE PAST** on a continuing basis that **DEFENDANTS** have engaged in in **CCP 391 & 391.7** proceedings.

## LEGAL ARGUMENTS

---

**LEGAL ARGUMENT#1: DEFENDANTS' LEGAL ARGMENTS IS LEGALLY INSUFFICIENT IN THAT IT IS BASED ON CONCLUSIONS/ALLEGATIONS AND FAILS TO ADDRESS FACTUAL AND LEGAL ISSUES BEFORE THIS COURT.**

---

**2.0 Defendants'** complaint alleges that my complaint is based on violation of state court decisions including vexatious litigant orders.

**3.0 A Motion** To Dismiss is similar to a States Demurrer in that all well pleaded facts must be accepted as true.

**4.0** Under State Law of California Law **Smith,Smith & Kring V Superior Court 60 Cal.App.4th at 577/578 Ruled** that in motions were an attorney makes factual allegations those facts must be supported by a declaration or documented evidence… Thus the court must disregard any factual allegations that are not supported by evidence.

**5.0 Plaintiff's** Position is that **Defendants'** procedures associated with **CCP 391 & 391** procedures is Unconstitutional in that they violates My First Amendment, Due Process ;Equal protection and is discriminatory Against Plaintiff in particular and all other litigants in General by denying us a Right To a Fair Trial in **CCP 391 & 391.7** Proceeding.

**6.0 Defendants'** have sited no specific Court Order that Petitioner has identified in my complaint before this Court.

**7.0** The **United States Supreme Court** In United States Supreme Court V Western 9th Cir. 448 F2nd 627,635 Ruled that evidence a court relied upon that is not on the Court Record is Unconstitutional Under Due Process.

**8.0** Thus This Court cannot rely on **Defendants** assertion that I am challenging a specific court order because no such court order has been identified by **Defendant** and is on the Court Record before this Court.

**9.0** The **United States Supreme Court In United States V Morgan 304 US at 1,26 Ruled** that all litigants have a constitutional rights to know of the specific basis that a Court is relying on prior to making it's final determination of a litigant's legal rights.

**10.0** Therefore if **Defendant** has not specified the specific Court Orders This Legal complaint is seeking review upon Violates a Constitutional Due Process Rights Because No such order is in the Court record from which I can properly respond to as required by aforementioned **Stare decisis United States Supreme Court Ruling.**

3

**LEGAL ARGUMENT#2: DEFENDANTS VIOLATED MY FIRST AMENDMENT, DUE PROCESS AND EQUAL PROTECTION RIGHTS AND HAD NO LEGAL JURISDICTION TO APPLY CCP 391 & 391.7 IN VIOLATION OF MY CIVIL RIGHTS THEREFORE THIS COURT HAS ORIGINAL LEGAL JURISDICTION.**

**11.0   Petitioner** repeats and realleges each and every paragraph from number
1 to 11 into this section by reference.

**DEFENDANTS FIRST CONSTITUTIONAL VIOLATION OF PETITIONER'S DUE PROCESS AND EQUAL PROTECTION RIGHTS**

**12.0   Petitioner's Actual First Controversy** alleges that **Defendants** Present
and Past procedures has a mandatory right to apply Stare decisis Ruling
cited in paragraph # 16 and 17 of my complaint.

**13.0** The law is clear that all my allegations must be accepted as true in Motion
to dismiss/demurrer proceedings. Therefore **Defendants'** failure to comply
with Mandated Law [ **See Declaration** Paragraphs __*1*__ **to** __*5*__ ] raises
issue that **Defendants** had no legal Jurisdiction to apply **CCP 391(B)(1) in
391 & 391.7** proceedings.

**14.0   California Supreme Court** in Abella V District Court of Appeal C.2[nd]
supra at 283: Lack of Jurisdiction…means a Court has no jurisdiction (or
power) to act except in a particular manner or to give certain procedural
prerequisites …**See Texas Co. V Bank of America 5 Cal.2[nd] 35,39.**

**UNITED STATES SUPREME COURT IN TORRES V MULLEN 317 F3RD 1145-1551 & TAYLOR V MADDOX 366 F3RD AT 1008 RULED THAT UNREASONABLE OBJECTIVE DETERMINATIONS MUST BE SET ASIDE AS A MATTER OF LAW.**

**15.A** California Court in Cesar Sarausad V Carol Porter **7 California Daily
Opinion Service 2460** Ruled that a State Court Cannot determine a factual
issue by relying in evidence that does not appear or is contrary to the court
record citing **Torres V Mullen 317 F.3[rd] 1145-1551 & Taylor V Maddox 366
F.3[rd] at 1008.**

4

**15.0**   The law is clear that **Defendants** must comply with established law or it lacks legal jurisdiction. Therefore When **Defendants** failed to comply with **CCP 391(B)(1)** 5 adverse ruling determinations within proceeding seven years it lacked legal jurisdiction. Therefore **Defendants** had no legal authority to enforce **CCP 391(B)(1) in CCP 391 & 391.7 .** This Violated **Petitioners & all others Constitutional Right Of Due Process and Equal Protection.**

---

**PETITIONER'S COMPLAINT ALLEGES THAT DEFENDANTS FAILED TO ADDRESS ISSUE WHETHER DEFENDANTS' RELIANCE ON VEXATIOUS LITIGANT LIST WAS LEGAL UNDER COURT RULING IN PEOPLE V LEVY 228 CAL.3RD 1423 VIOLATED MY DUE PROCESS AND EQUAL PROTECTION LEGAL RIGHTS.**

---

**16.0**   **Petitioner** repeats and realleges paragraphs numbered 1 thru 16 into this section by reference.

**17.0**   Plaintiff alleged that **Defendants** used Vexatious litigant list as factual determination of **CCP 391(B)(1)** against **Plaintiff & others** (See Declaration #2 paragraphs _2_ to _5_ )

---

**DEFENDANTS SECOND CONSTITUTIONAL VIOLATION OF PETITIONERS AND OTHERS DUE PROCESS AND EQUAL PROTECTION RIGHTS**

---

**18.0**   California Court in Cesar Sarausad V Carol Porter **7 California Daily Opinion Service 2460** Ruled that a State Court Cannot determine a factual issue by relying in evidence that does not appear or is contrary to the court record citing **Torres V Mullen 317 F.3rd 1145-1551 & Taylor V Maddox 366 F.3rd at 1008.**

**19.0**   **California Evidence Code 352/ Stare Decisis** case law cited above mandates that **Defendants** prove 5 adverse ruling under **CCP 391(B)(1).** **CCP 391(B)(1)** is not a conclusive presumption as a matter of law but must be proven by **Defendants**  and thus is a rebuttable presumption as a matter of law.

20.0 **Defendants** violated **Petitioners & others Due Process Rights** by relying upon Vexatious Litigant list as 5 adverse ruling within proceedings seven years which contained no such evidence. Therefore **Defendants' Judicial Procedures** was a **UNREASONABLE FACTUAL OBJECTIVE DETERMINATION.**

**DEFENDANT PRESENTLY AND IN THE PAST HAD BURDEN OF PROVE TO DETERMINE 5 ADVERSE RULING WITHIN PROCEEDINGS SEVEN YEARS WHICH IT FAILED TO DO UNDER EVIDENCE CODE 352 BY ILLEGALY MAKING VEXATIOUS LITIGANT LIST A CONCLUSIVE PRESUMPTION OF CCP 391(B)(1) DETERMINATION**

21.0 **Defendants** under **CCP 391.3** have burden of proof and Stare decisis case law to prove under **CCP 391(B)(1)** that **Petitioner** and all others had 5 adverse ruling within proceeding seven years.

22.0 **Defendants** by creating, maintaining and enforcing the Vexatious Litigant List as a conclusive presumption and without any evidence violated mine and others **Constitutional Rights** by creating an Burden of Proof that was not authorized with established judicial procedures.

23.0 **Defendants** Violated Principle established in Abella V District Court of Appeal C.2[nd] supra at 283: Lack of Jurisdiction... ...**See Texas Co. V Bank of America 5 Cal.2[nd] 35,39.**

24.0 The United States Supreme Court In **Bowes V Russell Ruled 7 C.D.O.S. 6807-6811 Ruled** that statutory time limits are **MANDATORY** as established by legislative. **CCP 391(B)(1)** statutory of limitations is proceeding seven years as a matter of law.

**DEFENDANTS RELIANCE ON VEXATIOUS LITIGANT LIST FROM [1] 1991 & 1992 WHICH IS 16 AND 17 YEARS AS DETERMINATION OF CCP 391(B)(1) DETERMINATION IN 2008 IS BLANTLY VOID ON ITS FACE AND [2] WITHOUT CURRENT VERIFICATION THAT IT COMPLIES WITH CCP 391(B)(1) CURRENTLY (AT THE TIME OF HEARING BY MOVING PARTY/DEFENDANT)**

25.0 **Defendants** reliance on a vexatious litigant list from 1991 & 1992 is void on it's face or any other time period if there is no factual determination that

the process has not been currently updated (As of The Time of Hearing).
This is a violation of my Due Process, Equal Protection and a Right to a Fair
Trial.

**26.0   Defendants** reliance on Vexatious Litigant list which has not been
currently validated as to each name in list complying with **CCP 391(B)(1)**
**..etc** constitutes an **UNREASONABLE FACTUAL OBJECTIVE**
**DETERMINATION BY RELYING ON FACTS THAT IS NOT ON COURT**
**RECORD.**

---

**DEFENDANTS ALLEGED PROCEDURES IN CCP 391 & 391.7
PROCEEDINGS VIOLATED PETITIONERS "RIGHT TO FAIR HEARING" TO
DEFEND OUR PROPERTY RIGHTS IN VIOLATION OF OUR
CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS
THEREBY DENYING OUR CONSTITUTIONAL RIGHTS**

---

**27.0   Petitioner's Actual Second Controversy** alleges that **Defendants**
Present and Past procedures has a mandatory right to apply Stare decisis
Ruling cited in paragraph # 24 to 27 of my complaint.

**28.0**   The law is clear that all my allegations must be accepted as true in Motion
to dismiss/demurrer proceedings. Therefore **Defendants'** failure to comply
with Mandated Law [ **See Declaration** Paragraphs _2_ **to** _9_ ] raises
issue that **Defendants** had no legal right to deny a Hearing on The merits
without a determination based on standard that each cause of action must
be foreclosed as a matter of law.

**29.0   Petitioner's** complaint before this Court raised issue that I and others had
a **"Property Interest"** under established **Federal Law** [ as cited in
paragraph 25.00 of complaint].

**30.0   Petitioner's** allegation stated that **Defendants PRESENTLY** in **CCP 391**
**and 391.7** hearing denied **MANDATORY**  hearing on the merits.

**31.0   Defendants'** failure to comply with **MANDATORY** constitutionally
protected right to a Hearing on The Merits Prior To Our Property Rights
being Taken raises a constitutional right under Due Process, Equal
protection and a Right To a Fair trial.

7

**32.0** **Defendants'** Failure to **COMPLY** with **MANDATORY** no Reasonable standard of probability means that each and every of **Petitioners** causes of actions must be foreclosed as a matter of law raises Constitutional issue of Due Process and Equal Protection and a Right To a fair trial.

**DEFENDANTS PRESENTLY AND IN THE PAST POLICY/PRACTICE TO TAKE PETITIONERS AND OTHERS RIGHT TO INFORMA PAUPERIS BY DENYING OUR RIGHT TO WAIVE SECURITY BONDING COST VIOLATED OUR FIRST AMENDMENT, DUE PROCESS AND EQUAL PROTECTION RIGHTS**

**33.0** **Petitioner's Actual Third Controversy** alleges that **Defendants** Present and Past procedures has a mandatory right to apply Stare decisis Ruling cited in paragraph # 28 to 31 of my complaint.

**34.0** The law is clear that all my allegations must be accepted as true in Motion to dismiss/demurrer proceedings. Therefore **Defendants'** failure to comply with Mandated Law [ **See Declaration** Paragraphs __2__ to __5__ ] raises issue that **Defendants** had no legal right to deny **Petitioners & Others** in **CCP 391 & 391.7** to Deny all alleged Vexatious Litigants with In Forma Pauperis Status of a Right to Both Waiver of Court costs and Security Bonding Fees

**DEFENDANTS PRESENT AND PAST POLICY/PRACTICE THIRD CONSTITUTIONAL VIOLATION OF 1ST, 4TH AND 14TH AMENDMENT RIGHTS AGAINST PETITIONER AND OTHERS CONSTITUTED A DENIAL OF A FAIR TRIAL.**

**35.0** **Defendants** refusal to deny **Petitioners & others in CCP 391 & 391.7** Proceedings a right to waiver of security bonding costs denies all In Forma Pauperis alleged Vexatious Litigants of a 1st amendment Right access to Courts, Due Process and Equal Protection Rights **PRESENTLY AND IN THE PAST. This denies Petitioners Constitutionally protected rights including a Right To a Fair Trial.**.

**DEFENDANTS PRESENTLY AND IN THE PAST ENGAGED IN POLICY/PRACTICE TO DENY PETITIONER AND OTHERS A CONSTITUTIONAL RIGHT TO CONTEST REASONABLENESS OF ANY SECURITY BONDING COSTS BEING SOUGHT BY DEFENDANTS**

**36.0    Petitioner's Actual Fourth Controversy** alleges that **Defendants** Present and Past procedures has a mandatory right to apply Stare decisis Ruling cited in paragraph # 32 to 38 of my complaint.

**37.0**    The law is clear that all my allegations must be accepted as true in Motion to dismiss/demurrer proceedings. Therefore **Defendants'** failure to comply with Mandated Law [ **See Declaration** Paragraphs _2_ **to** _6_ ] raises issue that **Defendants** had no legal right to deny **Petitioner and others** to a right to contest reasonableness of security bonding costs being granted by **Defendants** in **PRESENT AND PAST CCP 391 & 391.7** hearing.

**38.0**    The law as established by **Petitioners** complaint establishes that all **alleged Vexatious Litigants including Petitioner and others** has a right to contest reasonableness of any security bonding costs prior to **Defendants** dismissing our legal complaints.

**LEGAL ARGUMENT#3: DEFENDANTS' ASSERTION THAT VEXATIOUS LITIGANT CODE IS CONSTITUTIONAL IS NOT SUPPORTED BY ESTABLISHED LAW NOR ANY FACTS  THAT PETITIONER'S CHALLENGE TO CPP 391 WAS PROPERLY HEARD AND THAT ALL CHALLENGES THAT WERE AND OR COULD BE BROUGHT BEFORE DEFENDANTS WERE PROVIDED AN OPPORTUNITY TO HAVE THEM FULLY ADDRESSED.**

**39.0    Petitioner** realleges each and every paragraph numbered 1 thru 38 into this section by reference.

**DEFENDANTS MOTION TO DISMISS CONTAINS MATERIAL MISTATEMENT OF FACT AND LAW AND FAILS TO ADDRESS THE FACTUAL AND LEGAL ISSUES BEING RAISED.**

**40.0    Defendant** alleges in her Quotation from Judge Armstrong that all is well with the judicial process of **Defendants** "if one is wrongly denied an opportunity to present a meritorious litigation by way of mandamus is immediately available by reviewing court.

**DEFENDANTS LIVES IN A FAIRLY LAND AND THAT IS THE ATTITUDE THAT HAS ENABLED DEFENDANTS INCLUDING CALIFORNIA COURT OF APPEAL FOR OVER A 40 YEAR TIME PERIOD AND CURRENTLY TO ENGAGED IN JUDICIAL PROCEDURES WHICH DISCRIMINATE AGAINST PLAINTIFF IN PARTICULAR AND ALL VEXATIOUS LITIGANTS IN GENERAL AND DENY US CONSTITUTIONALLY PROTECTED 1ST, 5TH AND 14TH AMENDMENT RIGHTS TO A FAIR TRIAL.**

**41.0    Petitioner** in 1999 made **Defendants** aware that they had a mandatory right such as **[1]** to make factual determinations that as a Vexatious litigant Court's duty was to have proof of 5 adverse ruling - **[2]** No reasonable probability should be based on Demurrer, summary judgment, Judgment on Pleading etc that every cause of action must be dismissed as a matter of law **[3]** Right To In Forma Pauperis of waiver of both court costs and security bonding **[4]** Right to hearing on merits prior my case being dismissed **Defendants** in both Trial & California First Appellate Court Refused to enforce/consider the aforementioned legal issues **See Declaration #2..**

**42.0    Defendants** from 1994 to 1995 denied 24/ 25 of my lawsuits. During this time **Defendants** in both Trial Court and California Court of Appeal engaged in same process I am bringing before this Court. **See Paragraph #41 & Declaration #2.**

**43.0** In 1996 approximately in Court of Appeal I raised issue that Beaudreau V Superior Court 121 Cal. Rptr at 585 Ruled that **CCP 391** was unconstitutional. **Defendants** then and subsequently till Present never addressed the aforementioned case in any of my Trial proceedings, writs, appeals before California Court of Appeals address the aforementioned Stare Decisis Ruling. **See Declaration #2.**

**44.0** **Defendant** assertion on page 5 line 13 that 391 provides for a hearing both before he is declared a vexatious litigant who is subject to prefiling order is a conclusion unsupported by any facts.

**45.0** Prior to 1999 and after 1999 and to presently **Petitioner** was not provided any hearing on its merit that I was a Vexatious Litigant. **Defendants** continued to engaged in same unconstitutional judicial procedures as before. **See Declaration #2**

**46.0** **Defendant** alleges from a quote from wolf No person subject to state vexatious litigant provisions is denied the opportunity to commence any non-frivolous litigation without due process. This is a conclusion unsupported by any facts. Prior and after 1999 to present in some cases a demurrer was sought by moving party and I prevailed yet **Defendants** refused to allow me to continue. **See Declaration #2. Exhibit#1**

**DEFENDANTS HAVE REFUSED TO CONSIDER THE NUMEROUS STARE DECISIS COURT RULING CITED IN MY COMPLAINT THEREFORE DENYING PETITIONER A FULL OPPORTUNITY TO HAVE AN OPPORTUNITY TO HAVE CONSTITUTIONALITY OF CCP 391 ADEQUATELY REVIEWED AND CONSIDERD BY DEFENDANTS PRESENTLY AND IN THE PAST. SEE DECLARATION #2.**

**47.0** In 1991/1992 **Plaintiff** had no knowledge of Beaudreau V Superior Court of LA 1975 14 Cal.3rd 448 nor was it every raised by trial or California's court of appeal in it's review.

**48.0** In 1996 approximately when I found out of Beaudreau supra at 14 Cal.3rd 448 **Defendants** then and has continued not to address that issue in any of my trial, writs, before **Defendants including PRESENTLY. See exhibit#2**

**FROM 1999 APPROXIMATELY TO PRESENT I INCOUNTER A MAJOR DEFECT IN THE SHEPARDIZE PROCESS WHICH I MADE DEFENDANTS AWARE OF WHICH THEY REFUSED TO ADDRESS THEREBY DENING ME OF MY CONSTITUTIONALLY PROTECTED RIGHT TO A FAIR TRIAL IN THE PAST AND PRESENTLY**

**49.0**  From 1991 thru Presently in **CCP 391** proceedings before **Defendants CCP 391 Beaudreau V Superior Court 14 Cal.3rd at 448** would never be raised in the shepardized process.

**50.0**  In **Beaudreau V Superior Court of LA County 14 Cal.3rd at 448** the Statutes before the Court where Government Code 947, and 951. Therefore in the Shepardize process since California Supreme Court Judges made no reference to **CCP 391** the ruling of **Beaudreau V Superior Court** is not part of the Shepardized ruling that pertain to **CCP 391.**

**51.0**  In 1991/1992 to Present aforementioned defect in Shepardize Process denied me a Fair trial in that Material Court Ruling were not considered by **DEFENDANTS.** . Subsequently in 1996 till **PRESENTLY** Defendants **refusal** to consider Stare Decisis Ruling Violated Legal Principle of **Elder V Holloway 510 US 510 Defendants.**

**52.0**  **Petitioner Presently** and in the past since 19969 approximately  made **Defendants** [including Judge Richman, McGuiness Davis  etc] aware that they had a mandatory right such as **[1]** to make factual determinations that as a Vexatious litigant Court's duty was to have proof of 5 adverse ruling. **[2]** No reasonable probability should be based on Demurrer, summary judgment, Judgment on Pleading etc that every cause of action must be foreclosed as a matter of law **[3]** Right To In Forma Pauperis of waiver of both court costs and security bonding **[4]** Right to hearing on merits prior my case being dismissed and to apply **Beaudreau V Superior Court 14 Cal.3rd at 448  See Declaration #2.. Defendants refused to address my aforementioned concerns.**

**53.0**  **Defendants** from 1994 to 1995 denied 24  or 25 of my lawsuits. During this time **Defendants** in both Trial Court and California Court of Appeal engaged in same process (Four Controversies) I am bringing before this Court **See Declaration #2 and paragraph # 41.**

**54.0**  In 1996 approximately in Court of Appeal I raised issue that Beaudreau V Superior Court 121 Cal. Rptr at 585 Ruled that **CCP 391** was unconstitutional. **Defendants** then and subsequently till Presently never

12

addressed the aforementioned case in any of my Trial proceedings, writs, appeals before California Court of Appeals address the aforementioned Stare Decisis Ruling. **See Declaration #2.**

**DEFENDANT'S ATTORNEY ASSERTION THAT EVERY INDIVIDUAL ALLEGED TO BE A VEXATIOUS LITIGANT IS AFORDED OPORTUNITY TO A HEARING BOTH BEFORE WE ARE DECLARED A VEXATIOUS LITIGANT AND A JUDICIAL DETERMINATION OF EACH PROPOSED LAWSUIT BY THE PREFILING REVIEW AND DENIED THE OPPORTUNITY TO COMMEMCE ANY NON-FRIVOLOUS LITIGATION WITHOUT DUE PROCESS IS NOT SUPPORTED BY FACTS NOR THE LAW**

**55.0**   Prior to 1999 and after 1999 and to presently **Petitioner** was not provided any hearing on issue that I was a Vexatious Litigant. **Defendants** continued to engaged in same unconstitutional judicial procedures as before. **See Declaration #2**

**56.0**   Prior and after 1999 to present in some cases a demurrer was sought by moving party and I prevailed yet **Defendants** refused to allow me to continue. **See Declaration #2., Exhibit#1**

**ONE OF THE MOST OUTRAGEOUS ASPECTS OF DEFENDANT'S ATTORNEY ACTIONS IN THIS PROCEEDINGS IS THAT IT HAS FAILED TO INFORM THIS COURT THAT FROM 2004 TO PRESENT ON AT LEAST FOUR DIFFERENT OCCASSIONS WHERE I PROVIDE IT WITH COPIES OF MY WRIT OF MANDATES STATING THAT CCP 391 WAS UNCONSTITUTIONAL THAT WAS GOING TO THE UNITED STATES SUPREME COURT IT NEVER RESPONDED ON SAME LEGAL AND FACTUAL ISSUES BEFORE THIS COURT. See Declaration #2.**

**A MAJOR DEFECT IN THE SHERPARDIZE PROCESS IN 1991/1992 AND PRESENTLY DENIED ME AN FULL OPPORTUNITY TO ADDRESS THE CONSTITUTIONALITY OF CCP 391 UNDER BREADEAU V SUPERIOR COURT OF LA 14 CAL.3RD 448**

**HOW PLAINTIFF IN PAST AND PRESENT CCP 391 & 391.7 HEARING HAVE BEEN DENIED A RIGHT TO A FAIR HEARING PERTAINING TO THE CONSTITUTIONALITY OF CCP 391 & 391.7**

**57.0**    In the past 1991/1992 and till 1996 **Plaintiff** had no opportunity to raise issue that **Beaudreau supra at 14 Cal.3rd 448** was relevant. Therefore I was denied a Fair Trial in that all relevant cases that could have been considered was not before the trial and Appellate Court of California First District due to possible defect in **SHEPARDIZE PROCESS.**

**58.0**    After 1996 approxumately  when I found out about defect process and raised **Beaudreau Supra** as relevant Stare decisis. **Defendants** had a Mandated Duty under **Elder V Holloway 510 US 510** to consider all Stare Decisis cases even those not cited by moving or opposing party.

**59.0**    <u>Defendants' past and PRESENT</u> Failure to consider <u>Beaudeau V Superior Court 14 Cal.3rd 448 among other Stare Decisis Ruling denied me and others of an opportunity to present a relevant statutes that addressed constitutionality of CCP 391.</u>

**DEFENDANTS ASSERTION THAT BREADEAU V SUPERIOR COURT DOES NOT MAKE CCP 391 UNCONSTITUTIONAL IS NOT SUPPORTED BY LAW – DEFENDANTS SINCE 1975 TO PRESENT HAVE FAILED TO ENFORCE/ABID BY CALIFORNIA SUPREME COURT RULING IN BREADEAU AS APPLICABLE TO CCP 391 & 391.7 HEARING**

**HOW DEFENDANTS FAILED TO ENFORCE/ABID BY CALIFORNIA SUPREME COURT RULING IN BEADREAU IN 391 & 391.7 PROCEEDING AS FOLLOWS:**

**60.** The Law Under Abella V District Court of Appeal **17 C.2nd supra at 283 Ruled: Lack of Jurisdiction ..** means a Court has no jurisdiction (or power) **to act except in a particular manner , or to hive certain procedural prerequisites.. See Texas Co. V Bank of America 5 Cal.2nd 35, 39.** <u>Therefore</u> **<u>Defendants were bound to enforce/abid by Ruling In Breadeau as of 1975.</u>**

14

- **Beaudreau Supra Note 5a,5b** mandates that all statutes Judicial Procedures that fail to provide for a hearing on the merits, reasonableness of security before complaint is dismissed violate 5th and 14th amendments which is applicable to **CCP 391 See Exhibit#1.**

- **Beaudreau Supra Note 4 457** mandates all statutes that allow deprivation of "Property Rights" that Violate Due Process which **CCP 391** is applicable **See Exhibit#1**

- **Beaudreau Supra 461** All statutes which engage in Conductions of Vinncombe 172 Cal.App.2nd at p 59 is Unconstitutional which applies to **CCP 391 See Exhibit#1.**

- **Beaudreau Supra 461** All statutes which forbid security bonding taking of property without hearing on merits consist of illegal taking of property is applicable to **CCP 391 See Exhibit#1**

- **Beaudreau Supra 462** All statutes which failed to apply Prima facie Legal requirement of no reasonable probable cause Violate Supreme Court Legal standard is applicable to **CCP 391 See Exhibit#1.**

**THE ISSUE RAISED IN MY COMPLAINT IS THAT DEFENDANTS UNDER ESTABLISHED LAW LACKED LEGAL JURISDICTION TO ENFORCE AN UNCONSTITUTIONAL STATUTE CCP 391 AND OR THAT IT WAS ENFORCING A CONSTITUTIONAL STATUTE IN AN UNCONSTITITIONAL MANNER.**

**61.0 Defendant's** has deliberately refused to address the factual and legal issues being raised in my legal complaint before this court.. **Defendants** for over a 30 year time period 1975 since California's **Supreme Court Ruled In Joyce Beaudreau V Superior Court of LA County 14 Cal.3rd 448** that all Statutes that contain provisions that constitute a taking of a litigants "Property Rights" Without Due Process Therefore violating All Litigants Litigants $1^{st},5^{th}$ and 14th amendment rights.

**62.0 Defendants** have systematically, created, maintained and enforced unconstitutional judicial procedures whereby Plaintiff and Other Alleged Vexatious Litigants Have Been Discriminated Against By **Defendants.**

**Defendants** Judicial Procedures have resulted In a Separate and Unequal Trial Process Under **CCP 391** Judicial Process. . Whereby mine and other alleged Vexatious Litigants Right To A Fair trial Have Been systematically denied by **Defendants.**

**JUDICIAL PROCEDURES DEFENDANTS FROM 1975 TILL PRESENT ENGAGED IN CCP 391 & 391.7 PROCEDURES THAT DENIED PETITIONER AND ALL OTHER ALLEGED VEXATIOUS LITIGANTS TO A FAIR TRIAL BY MAKING UNREASONABLE OBJECTIVE FACTUAL DETERMINATIONS**

- **Defendants** determined that Petitioner and others were vexatious litigants by relying on State Vexatious Litigant as evidence. This Process created an Conclusion Presumption that Vexatious Litigant list was proof of 5 adverse ruling within proceeding seven year time period.

- The Law **CCP 391.1** places a rebuttable presumption upon the Court/defendant to show that Plaintiff is a vexatious litigant by a showing. Therefore **Defendants** reliance on Vexatious Litigant list as evidence created an **Conclusion Presumption thereby** denied **Petitioner & others** a fair trial by reliance on **OBJECTIVE UNREASONABLE FACTUAL DETERMINATION.**

- **California Vexatious Litigant list** contains both names with more than seven proceedings years (mine was 16 & 17 years) and names that had not been verified to be current (5 adverse ruling within proceeding seven years) . **Therefore the Defendants' reliance on aforementioned list that was void denied me a fair trial and other vexatious litigants. Defendants' had no legal jurisidiction to enforce CCP 391 & 391.7. This denied Plaintiff and and others DUE PROCESS constitutional right. This denied me and others a Right To a Fair Trial.**

- **Defendants** determined that **Plaintiff & other** alleged Vexatious Litigants had no Right Under I Forma pauperis to waive both Court Costs & Security Bonding Costs. This is denial to fair trial in that Non-Vexatious Litigants have In Forma Pauperis right of waiver of both Court costs and security bonding. **THIS WAS AN OBJECTIVE UNREASONABLE**

16

**DETERMINATION THAT PLAINTIFF WAS NOT ENTITLED TO WAIVER OF COURT AND SECURITY COSTS.**

**DEFENDANTS SINCE 1969 TO PRESENT IN MULLER V TANNER 2 CA3RD AT 454 FAILED TO ABIDE BY IN FORMA PAUPERIS RIGHT NOT YIELDING TO NO REASONABLE PROBABILITY TO PREVAIL DETERMINATION**

**63.0 Muller V Tanner 2 CA3rd 455** The Court ruled The ability to make a showing is inconsistent with determination that there is no reasonable probability that the applicant will prevail in the litigation. The restriction and the right are complementary not conflicting. Moreover if a conflict were possible it is established that the statutory restriction would have to yield to the common law right to proceed in foma pauperis. **See Roberts V Superior Court (1968); Bank of America V Superior court (1967) 264 Cal.App.2nd 235, 238-241; County of Sutter V Superior Court 244 Cal.App.2nd 770, 773-776.See Roberts V Superior Court (1968); Bank of America V Superior court (1967) 264 Cal.App.2nd 235, 238-241; County of Sutter V Superior Court 244 Cal.App.2nd 770, 773-776.**

**64.0** Therefore **Defendants** in the past and **PRESENTLY ACTED IN A UNCONSTITUTIONAL MANNER** in **CCP 391** procedures whereby it failed to enforce no reasonable probability would not be grounds for denying a litigants Right To waiver of security bonding.

**65.0** Court In **Muller V Tanner 2 CA3rd 464 Ruled** That no reasonable probability that plaintiff will prevail is not determined by statement that no reasonable probability to prevail exists constitutes an illegal practice to allow the party to determine in his own way the existence of jurisdictional facts is Illegal **See Ricketson V Richrdson 26 Cal 149; County Of Yolo V Knight 70 Cal. 431,433-435.** Court Ruled that a statement that plaintiff has a good cause of action is a conclusion and a statement to the contrary is conclusionary and not evidence.

**66.0** THEREFORE ALL COURT ORDERS OF DEFENDANTS PRESENTLY AND IN THE PAST OF NO REASONABLE PROBABILITY TO PREVAIL IN CCP 391 HEARING IS NOT EVIDENCE BY LAW.

---

**DEFENDANTS FROM PAST TO PRESENT  HAS FAILED TO COMPLY WITH COURT RULING IN BURT V IRVINE 237 CA2ND  848 RULING OF STANDARD OF DISMISSAL PERTAINING TO DEMURRERS IN CCP 391 HEARING**

---

**71.0** Court In Burt V Irvine **237 CA2nd 848** determined that In Security Bonding Procedures that a demurrer to complaint without leave to amend is illegal if a possibility to correct defect can be cured.

**72.0** Court in Burt V Irvine **237 CA2nd 849** mandates that standard is that dismissal of complaint must be based that each cause of action are precluded as a matter of law from stating a cause of action.

**73.0** Court in Burt V Irvine **237 CA2nd 868** places burden of proof upon moving party to establish statutory condition.

**74.0** Therefore **Defendants** practice/policy in **CCP 391 & 391.7**  hearing not to make a determination that each cause of action is foreclosed as a matter of law is a violation of their mandated duty imposed by law. **Court Must Determine that Plaintiff is a Vexatious Litigant under CCP 391(B)(1).. and That No Reasonable Probability to prevail.**

**75.0** If the plaintiff is indigent m **DUE PROCESS** dictates that the security requirement be waived, even if the statute creating the right to security does not expressly provide for waiver **Conover V Hall Cal.3rd 842, 114 Cal. Rptr. 642; Rhodes V Superior Court, 90 Cal.App.3rd 484**

**76.0 Defendants**  aforementioned practice denied **Plaintiffs & others** alleged Vexatious Litigants a right to a fair trial by denying **Plaintiffs & others** right to have our **"Property Rights"** without a hearing on the merits.

**Plaintiffs & others** right to Equal protection & Due Process was denied by **Defendants** that was granted to other litigants in the same/similar situation.

**77.0** As a result of **Defendants** applying an **Unconstitutional Statute CCP 391 or Enforcing Unconstitutional Judicial procedures upon a Constitutional Statute.** The results are the same Plaintiff and others Constitutional Rights (**1st,5th and 14th amendments**) are systematically being violated in the past and presently.

**78.0 Defendants** Judicial procedures has created, maintained and enforced A SEPARATE BUT UNEQUAL JUDICIAL PROCESS **(JUDGE NULLIFICATION)** WHEREBY ALLEGED VEXATIOUS LITIGANTS CONSTITUTIONAL RIGHTS (1ST,5TH AND 14TH AMENDMENTS) HAVE DENIED MINE AND OTHERS OF OUR PROPERTY RIGHTS BY DEFENDANTS SINCE AFTER 1975 TILL  PRESENT

**LEGAL ARGUMENT#4: DEFENDANTS POSITION THAT  ROOKER-FELDMAN DOCTRINE THE DISTRICT COURT LACKS JURISDICTION NOT SUPPORTED BY LAW AND FACTS.**

**79.0 Defendants** allegation is that **Plaintiff** is attempting to have this court review state court actions.

**80.0 Plaintiffs** complaint alleges  **Four Different** Current Judicial Procedures by **Defendants alleging violation of my 1st, 4th and 14th amendment rights. .** There is no reference to any specific court order that **Plaintiff** is alleging as being challenged.

**81.** Federal Rules of Civil Procedure under Rule 12 subdivision (b) states permitting a motion to dismiss for failure of the complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action.

**PLAINTIFFS DOES HAVE LEGAL STANDARDING TO FILE MY LEGAL COMPLAINT BEFORE THIS COURT**

- **California Civil Practice 1:6 Federal Preemption:** The constitution also provides that state Judges are bound by the US Constitution,

regardless of any provision in the state constitution or laws to the contrary.[ See US Constitution ART VI]

- **California Civil Practice 1:12 Standing:** A basic defense in Civil rights involves the question of standing: Plaintiff must show that they possesses the right to sued upon. **See Gantman V United Pacific Ins. Co. 232 Cal.App.3rd 1560; Del Mar Beach Club Owners Assn. V Imerial Contacting Co. 123 Cal.App.3rd 898.** Plaintiff must show there is a justiciable controvery . **Plaintiff's Complaint alleges a Four controversies of Constitutional Rights (1st,th & 14th amendments)**

82. Federal preemption is based on the Supremacy clause, US Constitution Art VI provides that the Constitution, laws made in pursuance of the Constitution etc are the Supreme law of the land. Therefore all State judges are bound by the US Constitution regardless of any provision in the state constitution or laws to the contrary. Any State Law (**CCP 391**) however clearly a states acknowledged power, which infers with or is contrary to federal law must yield **Free V Bland 369 US 663.**

82.B To establish standing, the plaintiff must show that they possesses the right sued upon **See Gantman V United Pacific Ins. 232 Cal.App.3rd 1560; Del Mar Beach club Owners Assn. V Imperial Contracting Co. 123 Cal.App.3rd 898,** Plaintiff must show there is justiciable controversy which I do (Four).

83. Plaintiff's **MOTION IS OF ORIGINAL JURISDICTION** as Granted in District of Columbiua Court of Appeals V Feldman **460 US 462, 486-87.**

84.0 Plaintiff's **MOTION IS OF ORIGINAL JURISDICTION** concerns **CONSTITUTIONAL VIOLATIONS UNDER THE 1ST,4TH AND 14TH AMENDMENT.**

**DEFENDANT'S MOTION BY RELYING ON EXTRANEOUS MATERIAL VIOLATES 12(B) RULE THEREFORE IT SHOULD BE DISMISSED..**

**85.0** A Motion under Rile 12(B) makes it clear that on a motion under Rule 12(B)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and is disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12(b) is thus converted into Summary judgment motion, the amendment insures both parties shall be given a reasonably opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment.

**LEGAL ARGUMENT#5: DEFENDANTS DO NOT HAVE QUASI-IMMUNITY AGAINST MY LEGAL COMPLAINT BEFORE THIS COURT NOR IS THE 1TH ELEVENTH AMENDMENT FURTHER BAR AGAINST DEFENDANTS**

**DEFENDANTS DID NOT HAVE ABSOLUTE IMMUNITY BY LACKING LEGAL JURISDICTION TO ENFORCE AN UNCONSTITUTIONAL STATUTE AND OR BY ENGAGING IN UNCONSTITUTIONAL JUDICIAL PROCEDURES**

**86.0** The Court in **Rankin V Howard 633 F.2nd 848 Ruled** An absence of personal jurisdiction may be said to destroy "all jurisdiction" because the requirements of subject matter and personal jurisdiction are conjunctional. Both must be meet before a court has authority to adjudicate the rights of parties

**87.0** The Court in **Rankin V Howard 633 F.2nd 848 Ruled** If a court lacks jurisdiction over a party then it lacks all jurisdiction to adjudicate that party's rights, whether or not the subject matter is properly before it. See e.g. Kilko V Superior Court **436 US 84** It has long been a rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person .

21

**88.0** But when a judge knows that they lack jurisdiction or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction, judical immunity is lost **See Bradely V Fisher 80 US 13 Wall. At 351.**

**89.0 Turner V Raynes 611 F2nd 92,95** <u>Stump is consistent with the view that a clearly inordinate exercise of uncoferred jurisdicition by a judge –one so crass as to restablish that he embarked on it either knowingly or recklessly subjects him to personal liability.</u>

**90.0 Defendants** were made aware that Plaintiff had no 5 adverse ruling within proceeding seven years and that the method use to verify this State Vexatious Litigant List which was void on it's face and no specific 5 adverse ruling determined as required by law was knowingly or reckless. (lack of legal jurisdiction)

**91.0 Defendants** were made aware that Plaintiff had a Right to Proceed in forma paperis waiver of both Court and security bonding costs and a right to hearing on the merits(1st amendment Due process and Equal protection rights) which they denied was knowingly or reckless.

## 11TH AMENDMENT WAS NOT A BAR TO THIS PROCEEDINGS

**92.0 Defendants** were acting at all times under the color of law  but they could be sued in their personal , or individual capacity. **Defendants**  liability under personal liability as an official that they were acting under the color of law which caused the deprivation of a federal right **See Kentucy V Graham 473 US 159; 165-167.**

**93.0** The fact that the entity that employed individuals may be immune from suit does not preclude an action for damages against individuals in their personal capacity **Cerrato V san Francisco Community College Dist. 9th Cir. 1994 26 F.3rd 968.**

## DEFENDANTS IN THIS COMPLAINT BEFORE COURT BY BEING SUED IN THEIR OFFICIAL CAPACITY FOR INJUNCTIVE/DECLARATIVE RELIEF DOES NOT VIOLATE 11TH AMENDMENT.

**94.0 Defendants** as persons being Sued in their Official capacity Injunctive or Declaration relief is Appropriate **See Will V Michigan Dep't of State Police 1989 491 US 58,63-64,71.**

**95.0 Defendants** are being Sued in their Official Capacity for injunctive and or declarative relief. They are not being sued for damages in this complaint before the Court. Therefore the 11th amendment is not applicable.

---

**DEFENDANTS IF THEY WERE BEING SUED IN THEIR INDIVIDUAL CAPACITY AS PERSONS ARE NOT BARRED UNDER THE 11TH AMENDMENT UNDER 42 USC 1983 LAWSUIT**

---

**96.0** "Official capacity" is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the injury. State officers sued in their individual capacities are persons within the meaning of 42 USC 1983. The 11th amendment does not bar such suits nor are state officers absolutely immune from personal liability under 42 USC 1983 soely by virtue of the "Official nature of their acts **See Hafer V Melo 1991 502 US 21,26-27,30-31.**

**97.0** No specific intent to deprive a person of a federal right is necessary to create liability under **42 USC 1983 Monroe V Pape 365 US 167,187. Monell V Dep't of Soc. Servc. 436 US 658,663.**

**DATE:** , 2008          *Fred Whitaker*

                          **FRED WHITAKER**

# EXHIBIT#1

1  EUGENE BROWN, JR.
    MARY ELLEN GAMBINO
2  HARDIN, COOK, LOPER, ENGEL & BERGEZ
    Lake Merritt Plaza, Eighteenth Floor
3  1999 Harrison Street
    Oakland, California  94612-3508
4  Telephone:  (415) 444-3131

5  Attorneys for Defendants
    BAY AREA RAPID TRANSIT DISTRICT
6  and OFFICER ROBERT LEONG

**FILED**

JAN 24 1989

RENE C. DAVIDSON, County Clerk
By ___ Delane Wilson ___
DELANE WILLIAMS DEPUTY

170

7

8       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          IN AND FOR THE COUNTY OF ALAMEDA

10

11

12  FRED A. WHITAKER,      )    CASE NO.   641 237-5
                     )
13          Plaintiff(s),  )
                     )    **ORDER**
14      vs.            )
                     )
15  BAY AREA RAPID TRANSIT   )
    DISTRICT, et al.,       )
16                     )
          Defendant(s)  )
17  _____/

18        The demurrer of defendants Bay Area Rapid Transit

19  District and Officer Robert Leong to plaintiff's "Amendment #2

20  Complaint for Damages" was regularly heard on January 9, 1989.

21  Mary Ellen Gambino appeared for defendants Bay Area Rapid Transit

22  District and Robert Leong and plaintiff appeared for himself.

23        Satisfactory proof having been made and good cause

24  appearing,

25        IT IS ORDERED that defendants' demurrer is sustained as

26  to the Fourth Cause of Action with five days leave to amend, and

27  sustained as to the allegations of punitive damages against

28

LAW OFFICES OF
DIN, COOK, LOPER,
NGEL & BERGEZ
LAKE MERRITT PLAZA
19 HARRISON STREET
NINTEENTH FLOOR
AND, CA 94612-3508

1

171

1  defendant Bay Area Rapid Transit District without leave to amend

2  as alleged in the Seventh Cause of Action.  Further, the prayer

3  for punitive damages against defendant Bay Area Rapid Transit

4  District shall be stricken from the complaint.

5       As to all other Causes of Action, the demurrer is

6  overruled.

7  DATED:       JAN 2 4 1989

8

9                                   JUDGE OF THE SUPERIOR COURT

10  Approved as to form:

11

12  *Fred A. Whitaker*

13     FRED A. WHITAKER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF
HARDIN, COOK, LOPER,
ENGEL & BERGEZ
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND, CA 94612-3502
TELECOPIER (415) 839-7940

28

MEG:P-WHIT3/mjg
00325-04952

# EXHIBIT#2

# EXHIBIT#2

## HOW CCP 391 IS UNCONSTITUTIONAL UNDER BEAUDREAU V SUPERIOR COURT OF LOS ANGELES 1975 14 CAL.3RD 448

**DEFENDANTS SINCE 1975 TO PRESENT FAILED TO ENFORCE/ABIDE BY RULING IN BEAUDREAU NOTE 5A, 5B AS FOLLOWS:**

- **California Supreme Court in Beadreau Supra at** Note 5a,5b Ruled that Statues fail to provide for a hearing to determine whether statutory purpose is promoted by imposition of the undertaking requirement and to inquire into the merit of plaintiff's action as well as the reasonableness of the amount of the undertaking in light of defendant's probable expenses.

- **BOTH CCP 391 AND GOVERNMENT CODE 941/051 HAVE NO HEARING ON THE MERITS. CCP 391 & 391.7** is identical/similar to Government Code 941 & 951: **CCP 391.3 /391.7** have no hearing on the merits. Under **CCP 391. 391.7** the standard of no reasonable probability was not an objective determination (Demurrer, Summary Judgment, Judgment On Pleading).

- My Complaint alleges that **Defendants** Judicial Procedures in my **CCP 391 & 391.7** Hearing was Not To make a Reasonable probability To Prevail on basis that each cause of action was foreclosed as a matter of law. **Therefore Defendants failed to enforce/abide established law in CCP 391 & 391.7 Hearing Which Was My Constitutionally Protected Right Under Court Ruling In Beadreau.**

**DEFENDANTS SINCE 1975 TO PRESENT FAILED TO ENFORCE/ABID BY BEAUDREAU  NOTE 4 RULING OF  DUE PROCESS WHICH MANDATED A HEARING  ON THE MERITS PRIOR TO THE TAKING OF A LITIGANTS PROPERTY RIGHT AS CONSTITUTIONALLY PROTECTED RIGHT.**

- **California Supreme Court in Breadeau Supra** at **Note 4** raised Constitutional Due Process issue that deprivation of property within Due Process a hearing on the merits must take place before an individual is deprived of their property interest.

**BOTH CCP 391, 391.7 & GOVERNMENT CODE 941/951 STATUTES ENGAGED IN JUDICIAL PROCEDURES AS STATED IN NOTE 4 ABOVE**

- **California Supreme Court In Breadeau Supra at 457 Ruled ILLEGAL TAKING OF PROPERTY:** We have repeatedly recognized that statutes providing a procedures according to which one litigant can be forced to relinguish an interest in their property for the benefit of another effectuate a taking of property entitling the former to prior procedure safeguards – **CCP 391** has the identical procedures as Government Code 941/951

**BOTH CCP 391 & 391.7  AND GOVERNMENT 941/951 STATUTES ALL TAKE A LITIGANTS PROPERTY RIGHT PRIOR TO A HEARING ON THE MERITS WHICH CALIFORNIA SUPREME COURT IN Beadreau Supra at 458 RULED WAS ILLEGAL**

- A temporary non-final deprivation of property is none the less a deprivation in the terms of the **14th amendment** and must be proceeded by a fair hearing – **CCP 391** procedures is applicable to this Illegality.

**UNDER STARE DECISIS PROCESS DEFENDANTS MUST NOT COMPLY WITH   VINNCOMBE V STATE OF CALIFORNIA SUPRA AT 172 CAL.APP.2ND AT P 59 WHICH WAS OVERRULED BY BEADREAU  AS A MATTER OF LAW**

- **California Supreme Court In Beadreau Supra at 461** Ruled that Vinncombe V State of California supra 172 Cal.App.2d at p 59 is unconstitutional by violating Due Process Rights – **This is material Legal issue:**

- **California Court of Appeal in 1965  Ruled** That Security bonding without a hearing on the merits or have case dismiss did not violated Equal Protection Rights **In Taliaferro V Hoogs 236 CA2nd 528. California Supreme Court In Beadreau Supra at 461  OVERRULED VINNCOMBE V STATE OF CALIFORNIA 172 Cal.App.2nd at p 59 stating it violated Constitutional  Due Process on Following Principle – <u>Statutes before us we are convinced that they involve a two-fold taking of property</u>** To put it another way a plaintiff is deprived of their property whether they comply with the statute and files the demanded undertaking or refuses to comply and incurs  dismissal of their property right. If he takes the former course and secures his undertaking from Security bonding as we pointed out… he will at least be deprived of his nonrefundable premium; if he deposits money in court he will be deprived of the use of money.  On the other hand if plaintiff takes the latter course and incurs dismissal he will have suffered a taking of property . **THUS A LITIGANTS PROPERTY IS TAKEN WITHOUT A HEARING ON THE MERITS PRIOR TO THEIR PROPERTY BEING TAKEN IS A VIOLATION OF DUE PROCESS.**

- **CCP 391** engages in the identical process that **California Supreme Court ruled UnConstitutional In Breadeau** cited in above paragraph.

**DEFENDANTS FAILED TO ENFORCE/ABIDE COURT RULING IN CCP 391 & 391.7  WHICH  BEADREAU DETERMINED THAT STATUTES WHICH HAVE NO DISCRETION TO DISPENSE SECURITY BONDING UPON MERITIOUS LAWSUITS IS ILLEGAL**

- **BOTH CCP 391 & GOVERNMENT CODE 941 & 951 HAVE NO DESCRETION TO DISPENSE WITH SECURITY BONDING COST WITH MERITOUS LAWSUITS : Breadeau Supra at 464** ruled that it is illegal to impose security bonding upon meritious lawsuits.

- **CCP 391 HAS A MAJOR ADDITIONAL DEFECT CONSTITITIONAL DEFECT –** It fails to waive both court costs and waiver of security bonding

27

costs as **MANDATED BY ESTABLISHED LAW. DEFENDANTS**
Presently and in the past were informed that Boddie V Connecticut 401
US 371; Harper V Virginia State Board 383 US 663; Connover V Hall 11
Cal.3rd 851; County of Sutter 244 Cal.App.2nd 770; Bank of America V
Superior Court 255 Cal.App.2nd 575. **Defendants presently and since
1975 has refused to enforce that In Forma Pauperis status includes
waiver of both court costs and security bonding costs**

**DEFENDANTS SINCE 1975 TO PRESENT HAS REFUSED TO
ENFORCE/COMPLY WITH PRIMA FACIE LEGAL STANDARD OF NO
REASONABLE PROBABILITY IN CCP 391 & 391.7 PROCEEDINGS.**

- **BOTH CCP 391 AND 941/951 VIOLATE SUPREME COURT RULING IN
BREAUDEAU SUPRA AT 466 PRIMA FACIE LEGAL STANDARD OF
PROBABLE CAUSE** See North Georgia Finishing Inc. V Di-Chem Inc.
supra 419 US 601.

# EXHIBIT#3

English usage and the definitions found in other subdivisions of section 391, reveals that this attack is groundless.

(2) He contends that the provisions for "security," as defined in section 391, subdivision (c) (fn. 4, above), and used in sections 391.1 and 391.3 (fn. 2 above), are likewise vague and indefinite, fail to establish a basis or standard for the determination of what amount of security is to be demanded of the litigant, and thereby promote unequal protection of the law by diverse and different requirements dependent upon the whim of the particular judge. In *Beyerbach v. Juno Oil Co.* (1954) 42 Cal.2d 11 [265 P.2d 1], in upholding the constitutionality of the provisions of section 834 of the Corporations Code, which require the posting of security in a stockholder's derivative suit, the court observed: ". . . it is only *reasonable* expenses in an amount to be determined by the court on notice and hearing which plaintiff may be required to secure. [Citation.]" (42 Cal.2d at p. 24.) The stockholder's statute expressly provides, in part: "At the hearing . . . the court shall consider such evidence . . . as may be material. . . . (b) to a determination of the probable reasonable expenses, including attorney's fees, of the corporation and the moving party which will be incurred in the defense of the action. . . ." (Corp. Code, § 834, subd. (b)(2).) The vexatious litigant statute contains no such express mandate.[5] Nevertheless, the amount of the security is defined as the moving party's "reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in, or in connection with" the litigation. The statute directs that this amount shall be fixed by the court (see § 391, subd. (c) and § 391.3, fns. 2 and 4 above).

"It is a well-known principle that when attorneys' fees are requested the court does not need separate evidence to establish the reasonable value of whatever should be justly awarded, the theory being that the trial judge is competent from his own knowledge of legal practice to fix the amount of the fees. [Citations.]" (*Spencer v. Harmon Enterprises, Inc.* (1965) 234 Cal.App.2d 614, 621 [44 Cal.Rptr. 683]. See also, *Scott, Blake & Wynne v. Summit Ridge Estates, Inc.* (1967) 251 Cal.App.2d 347, 358 [59 Cal.Rptr. 587]; *Kaiser v. Easton* (1957) 151 Cal.App.2d 307, 315 [311 P.2d 108]; and *Olson v. Basin Oil Co.* (1955) 136 Cal.App.2d 543, 562 [288 P.2d 952].) The statute is not unconstitutionally vague with respect

[Dec. 1969]

[5] Code of Civil Procedure section 391.2 provides: "At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion. No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof." The "ground of the motion" is referred to in section 391.1 (see fn. 2 above).

---

to the amount of security. Whether the record supports the amount of the security fixed in this instance is discussed below.

Plaintiff asserts that the definition of "vexatious litigant" in the first paragraph of subdivision (b) of section 391 (fn. 4, *ante*) is arbitrary and unreasonable because an adverse determination or a delay in prosecuting "five litigations" might be of little significance if the litigant had successfully prosecuted a vastly greater number of actions. (3) This argument overlooks the fact that an order to furnish security may not be made in every action or proceeding commenced, maintained or pending on behalf of a "vexatious litigant," but can only be made when "the court determines . . . that there is no reasonable probability that he will prevail in the litigation against the moving defendant." It may be assumed that the trial court will recognize that success breeds success when it is proper to do so.

(4) Plaintiff's argument that the second definition of "vexatious litigant" (§ 391, subd. (b)(2)) is superfluous because relitigation is already precluded by the doctrine of res judicata is one that may more properly be addressed to the Legislature. "The vexatious litigant who attempts to relitigate actions or issues already determined against him should have no ground for complaint. His claim is already barred by other established principles of law, and his rights are in no way modified by the statute." (Comment, *The Vexatious Litigant* (1966) 54 Cal. L.Rev. 1769, 1778, fns. omitted.)

He also contends that the court in the earlier decision (236 Cal.App.2d at pp. 526-527) erroneously applied the principles enunciated in *Cohen v. Beneficial Industrial Loan Corp.* (1948) 337 U.S. 541 [93 L.Ed. 1528, 69 S.Ct. 1221] and *Beyerbach v. Juno Oil Co., supra,* 42 Cal.2d 11, to the vexatious litigant statute because the right of one party, the stockholder, to sue for the benefit of another nonconsenting party, the corporation, is of a special nature which may more appropriately be attended by burdensome conditions for the benefit of the second party, than is the case with the right of the ordinary citizen seeking relief in the courts. (See Comment, *op.cit.,* 54 Cal. L.Rev. 1769, 1779, fn. 49.) (5) It is, however, generally established that the state may set reasonable terms on which it will permit litigation in its courts. (See *County of Sutter v. Superior Court* (1966) 244 Cal. App.2d 770, 773 [53 Cal.Rptr. 424], and Comment, *op. cit.,* at p. 1777, fn. 40.) *Taliaferro v. Hoogs, supra,* demonstrates that the classification of persons to whom the statute applies, and the terms imposed are reasonable. (236 Cal.App.2d at pp. 527-529.)

Plaintiff asserts that the statute conflicts with the unquestioned right of a person to sue *in forma pauperis* (see *Isrin v. Superior Court* (1965) 63

[Dec. 1969]

Cal.2d 153, 165 [45 Cal.Rptr. 320, 403 P.2d 728], and *Martin v. Superior Court* (1917) 176 Cal. 289, 293-297 [168 P. 135, L.R.A. 1918B 313]). His standing, as a supplicant pauper, to raise this issue is not revealed by the record. Nevertheless, it is noted that in *Martin v. Superior Court, supra,* of merits, or indeed for any other form of satisfactory evidence before issuing its order allowing an action to be *commenced in forma pauperis*, . . ." (176 Cal. at p. 299.) **(6)** The ability to make such a showing is inconsistent with a determination that there is no reasonable probability that the applicant will prevail in the litigation. The restriction and the right are complementary not conflicting. Moreover, if a conflict were possible, it is established that the statutory restriction would have to yield to the common law right to proceed *in forma pauperis*. (See, *Roberts v. Superior Court* (1968) 264 Cal.App.2d 235, 238-241 [70 Cal.Rptr. 226] [undertaking on appeal from justice's court, Code Civ. Proc., §978]; *Bank of America v. Superior Court* (1967) 255 Cal.App.2d 575, 578 [63 Cal.Rptr. 366] [security for costs from a non-resident, Code Civ. Proc., § 1030]; and *County of Sutter v. Superior Court* (1966) 244 Cal.App.2d 770, 773-776 [53 Cal.Rptr. 424] [undertaking for costs in an action against a public entity, Gov. Code, § 947].)

The multitudinous and variegated "points," "propositions" and "arguments" advanced by plaintiff before this court and the trial court possibly may yield further recognizable constitutional grounds for attack on the statute. If so, they undoubtedly fall within the purview of the principles discussed above which have led to the rejection of plaintiff's attack on the validity of the code provisions. Attention is directed to the manner in which the statute was administered in this case.

*Procedural Due Process*

Plaintiff's attacks on the procedures followed in the lower court may best be reviewed in chronological order as they arose during the course of the proceedings.

On July 7, 1967 plaintiff "in suo jure" filed his "Complaint Against Attorney for Malpractice."[14] According to plaintiff defendant was served so

[Dec. 1969]

that his time to answer, demur, appear or otherwise move in response to the complaint expired on July 20, 1967. On July 21, 1967, the defendant filed his notice of motion, dated July 20, 1967, to declare the plaintiff a vexatious litigant and for security under the provisions of sections 391-391.6 of the Code of Civil Procedure, August 7, 1967 was fixed as the date for presentation and hearing on the motion. It was accompanied by points and authorities, and the defendant's declaration.[7]

On the same day plaintiff filed his request for entry of default dated as of that day, July 21, 1967. According to the declaration filed by defendant, with his subsequent notice of motion to set aside default, an entry was made in the Registry of Actions on July 21, 1967, upon the filing of the notice of motion which reveals that it was filed prior to any request for entry of default. The plaintiff's counterdeclaration does not expressly deny the fore-going, but it indicates that at 8:04 a.m., three minutes prior to the time he filed the request for entry of default, there was no paper in the file other than the complaint, and no entry in the Register of Actions, other than that relating to the filing of the complaint, and that the clerk affixed a certificate showing the entry of the default to the original complaint at 8:07 a.m.

Defendant's notice of motion to set aside default, accompanied by his declaration and points and authorities indicating reliance on the provisions of sections 391.6[6] and 473 of the Code of Civil Procedure was filed on July 26, 1967. The defendant secured an order shortening time for service, and designated the same date, August 7, 1967, as had been designated in his prior motion for presentation of this motion.

[Dec. 1969]

Case 3:08-cv-01618-PJH    Document 42    Filed 07/25/2008    Page 38 of 39

his first motion was reasonable and proper." (24 Cal.2d at pp. 278-279.) **(14)** So in this case from all that appears in the record the plaintiff acted diligently first, in requesting the court for a continuance because of his inability to attend two hearings at once, and in relying, until his motion was denied, on the reasonable belief that it would be granted, and secondly in urging that the defendant's motion for security was interposed too late. The fact that the court did not believe him and refused to give him an opportunity to be heard on the merits, should not defeat his right to have the matter reopened when all of the facts, as set forth in his subsequent declarations were before the court.

In *Riskin* the court concluded, "The discretion of the lower court in ruling upon matters under section 473 is a legal discretion, not an arbitrary one, and from the circumstances appearing we believe it is clear that the default judgment should have been set aside.' (*Id.* at p. 279.) So here the plaintiff should have been granted a hearing on the merits of defendant's motion.

The error in denying this hearing is not prejudicial if the entire record before the trial court does not establish the merit of plaintiff's contentions. Insofar as his attack upon the order relieving defendant from his default is concerned, no new facts were presented. The order made upon the respective declarations filed before August 7th should stand. With respect to the order requiring security, the record, as reviewed below, fails to sustain the order. A further hearing should be had on the merits.

**(15)** The second judge displayed a proper reticence to review the rulings of his associate. A motion for new trial "shall be heard and determined by the judge who presided at the trial; provided, however, that in case of the inability of such judge or if at the time noticed for hearing thereon he is absent from the county where the trial was had, the same shall be heard and determined by any other judge of the same court. . . ." (Code Civ. Proc., § 661.) By rule of court (rule 236) similar provisions govern the hearing of a motion to vacate a judgment under section 663 of the Code of Civil Procedure. The policy behind those provisions dictates that a motion to vacate an order should be heard by the judge who made the order whenever possible.

The plaintiff could not defeat this policy by filing a motion to disqualify pursuant to the provisions of section 170.6 of the Code of Civil Procedure. The applicable principles are set forth in *Andrews v. Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285 [48 Cal.Rptr. 646]. There this court reviewed the effect of the filing of the affidavit of prejudice, and pointed out and marshalled the precedents for the principle that ". . . since the motion for disqualification under section 170.6 'must be made before

[Dec. 1969]

the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings.' (*Jacobs* v. *Superior Court* (1959) 53 Cal.2d 187, 190 . . . [other citations omitted].)" (239 Cal.App.2d at p. 294.) See also *Schimberg* v. *Perry* (1966) 247 Cal.App.2d 436, 438 [55 Cal.Rptr. 579]; and cf. *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672, 689-690 [40 Cal.Rptr. 621].) Provisions of the section added in 1965 (Stats. 1965, ch. 1442, § 1, p. 3375; and see Stats. 1967, ch. 1602, § 2, p. 3832) may permit interposition of such a disqualification where new issues are raised despite a continuation of the original proceedings. (See, *Bull* v. *City Council* (1967) 252 Cal.App.2d 136, 146 [60 Cal.Rptr. 139].) These provisions, however, do not affect the application of the established rules to the situation presented by this case, where the litigant is seeking a hearing which would not only be a part or a continuation of the original proceedings, but more specifically would constitute a review of those proceedings.

In this case the first judge should have disregarded the challenge insofar as the motions to vacate were concerned, and the second judge, instead of disregarding the motions, should have transferred them back to the original department.

*Sufficiency of the Evidence*

**(16)** The requisites for an order to furnish security are set forth in section 391.3 (fn. 2 above). It is not, as contended by plaintiff, necessary to make findings on the issues thereby presented. (*Taliaferro v. Hoogs,* *supra,* 236 Cal.App.2d 521, 530.)

It will be assumed that defendant's declaration filed July 11, 1967, (fn. 7 above) sets forth sufficient facts to support a determination that plaintiff is a vexatious litigant as that term is defined in paragraph (1) of subdivision (b) of section 391 (fn. 4 above), and that plaintiff's declaration filed August 11, 1967, does not raise any factual issue which would materially affect such a determination.[10] There is no assertion in this case that paragraph (2) should be applied. **(17)** Plaintiff's contention that the "seven-year period" referred to in the statute can only commence with the effective date of the statute, and that "litigations" commenced prior to September 20, 1963, cannot be included in any computation under the statute is rejected. The statutory language provides no such limitation; nor is it unconstitutional to create a classification predicated upon criteria which happen to exist before the adoption of the law

[10]No attempt has been made to analyze the allegations of either declaration to determine how many, if any, of the actions referred to precisely fit the statutory definition, or to what extent the existence or status of the actions has been questioned by plaintiff's declaration. These are matters to be resolved by the trial court.

[Dec. 1969]

Case 3:08-cv-01618-PJH    Document 42    Filed 07/25/2008    Page 39 of 39

establishing those criteria. (See *People v. d'A Philippo* (1934) 220 Cal. 620, 623 [32 P.2d 962].)

**(18)** The second prerequisite is that there is no reasonable probability that the plaintiff will prevail in the litigation against the defendant. The only evidence on this point is the complaint itself and the conclusion, expressed in the statutory language, in defendant's affidavit. "An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts which must be made to appear, leaving the detail to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. . . . To hold that a bald repetition of the statute is sufficient is to strip the Court or Judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute are to be found, so to speak, by the Court or Judge from the probatory facts, stated in the affidavit, before the order for publication can be legally entered." (*Ricketson v. Richardson* (1864) 26 Cal. 149, 153. See also, *County of Yolo v. Knight* (1886) 70 Cal. 431, 433-435 [11 P. 662]; *Waco-Porter Corp. v. Superior Court* (1963) 211 Cal.App.2d 559, 567 [27 Cal.Rptr. 371]; and 2 Cal.Jur.2d, Affidavits, § 20, pp. 629-630.) In *County of Yolo v. Knight, supra,* the court held, "The statement in the affidavit that the plaintiff has a good cause of action against the defendant, and that the defendant is a necessary and proper party thereto, is a statement of opinion or belief, and not of facts." (70 Cal. at p. 435.) If the statement that a good cause of action exists is conclusionary and not evidential, a statement to the contrary can rise to no greater dignity.

**(19)** The general rules applicable to a proceeding of this nature, and the cases applying them, were set forth by this court in *Burt v. Irvine Co.* (1965) 237 Cal.App.2d 828 [47 Cal.Rptr. 392], as follows: "Under the provision of section 834 of the Corporations Code the basic question is whether or not the trial judge abused his discretion in determining that there was no reasonable possibility that the prosecution of this action would benefit the Company and its shareholders. . . .

"The burden of establishing the statutory condition is on the party moving for security. . . . Where the evidence is conflicting the implied finding of the trial court, if based on sufficient evidence, is binding upon the

[Dec. 1969]

appellate court. [Citations and footnote omitted.]" (237 Cal.App.2d 828, at pp. 867-868.) Examination of the precedents therein collected reflects that in each case where the sufficiency of the evidence was questioned, the movant had presented evidence, not conclusions, on crucial issues. The same is true in the cases arising under the vexatious litigant statute. (Cf. *Talialferro v. Hoogs* (1965) 237 Cal.App.2d 73, 74 [46 Cal.Rptr. 643] ["rehash of claims"]; and *Talialferro v. Hoogs, supra,* 236 Cal.App.2d 521, 525 ["the matters raised . . . had already been determined in many prior actions" etc.].) It is further noted that section 391.2 (fn. 5 above) requires the court, at the hearing on the motion to "consider such *evidence,* written or oral, by witnesses or affidavit, as may be material to the ground of the motion." (Italics added.)

**(20)** The judgment must fall because there was no evidence to sustain one of the two props upon which the order on which it was predicated must stand.

**(21)** Plaintiff has also attacked the sufficiency of the evidence to sustain that part of the court's order fixing the amount of security at $5,000. In upholding the constitutionality of the provisions of the statute dealing with this subject it was noted that the judge could fix the amount of the fees from his knowledge of legal practice. This, however, does not mean that he can, as was done in this case, look at a complaint and determine, without further evidence, the time and labor which will be expended to defeat the claim. Not even the nature of defendant's defense was disclosed. In *Talialferro v. Hoogs, supra,* the movant alleged "that because of the many actions (both past and pending), considerable research respecting the concluded and pending actions would be necessary" and an estimate of the expenses was suggested. (236 Cal.App.2d at p. 525.) Similar presentations are found in the cases where the amount of security under section 834 of the Corporations Code has been questioned. (See, *Beyerbach v. Juno Oil Co., supra,* 42 Cal.2d 11, 25-26; *Thomas v. Summers Gyroscope Co.* (1958) 160 Cal.App.2d 234, 245-246 [324 P.2d 893]; *Kaiser v. Easton, supra,* 151 Cal.App.2d 307, 315; and *Olson v. Basin Oil Co.* (1955) 136 Cal.App.2d 543, 561-562 [288 P.2d 952].) From all that appears in the record of this case the sum of $5,000 was picked out of thin air. This part of the original order cannot be sustained.

Plaintiff's attack on the defendant's appearance on his own behalf is twofold. It has already been pointed out that this factor did not, as contended by plaintiff, void the proceedings in which defendant himself appeared. Plaintiff then asserts that if defendant is permitted to appear personally he should not be allowed, and ergo, should not be allowed security for, attorney's fees which are not actually incurred. The "reasonable expenses, including attorney's fees and not limited to taxable costs

[Dec. 1969]