UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED A WHITAKER,

    Plaintiff,

    v.

ALAMEDA SUPERIOR COURT, et al.,

    Defendants.

_____/

No. C 08-1618 PJH

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

On July 22, 2008, the court granted defendants' motion to dismiss for lack of subject matter jurisdiction and motion for a prefiling order, and also entered judgment. In addition, the court confirmed that plaintiff was subject to a prefiling order that had originally been issued by a judge of this judicial district on August 27, 1992.

On July 25, 2008, plaintiff filed a "Motion for New Trial and Motion to Set Aside Court Order." Plaintiff asserts that defendants originally filed a motion to dismiss, which was noticed for hearing on August 25, 2008, and that defendants later "changed" the hearing date to July 30, 2008, "without any notice" to plaintiff. Plaintiff claims that he obtained agreement of defendants' counsel to "move back the hearing date" to August 25, 2008; that he did not receive the original stipulation until July 7, 2008, which he asserts was a week after he and defendants' counsel had made the agreement; that he mailed the stipulation and proposed order to the court on July 9, 2008, and that he "received a filed copy of my

Ex-Party [sic] Application with the written stipulation that was attached but the court had made no decision on July 18, 2008." He claims that he called the court on July 22, 2008, and was told that a decision had been made "without any input from" him.

Relying on California Code of Civil Procedure § 657(1), plaintiff argues that the dismissal and judgment should be vacated. Under § 657(1), "[t]he verdict may be vacated . . . and a new or further trial granted . . . for . . . [i]rregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial." Cal. Civ. P. Code § 657(1). Plaintiff argues that the granting of the motion to dismiss and the issuance of the prefiling order "was done with irregular judicial procedures" that violated his "due process right to a fair trial."

The "irregularity" asserted by plaintiff is that the court "did not make a decision to grant the [request for a continuance of the hearing date] such that [plaintiff] could have engaged in some type of response." Plaintiff contends that he is "entitled to a hearing on the merits," and that the court acted improperly in denying the request for a continuance of the hearing date, and in granting defendants' motion without allowing him an opportunity to oppose the motion.

As no trial was held in this matter, the court interprets this as a motion for reconsideration. The Federal Rules of Civil Procedure – not state rules of procedure – govern procedure in federal district courts. See U.S. for Use of Acme Granite & Tile Co. v. F. D. Rich Co. 441 F.2d 1143, 1144 (9th Cir. 1971). While the Federal Rules do not expressly allow for motions for reconsideration, a motion for reconsideration of a judgment may be brought under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th Cir. 1993) (motion for reconsideration of summary judgment is appropriately brought under either rule).

Under Rule 59(e), reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, the court committed clear error or the initial decision was manifestly unjust, or there is an

intervening change in controlling law. <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or ( 6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The court finds that plaintiff has failed to satisfy any of the Rule 59(e) or Rule 60(b) factors. He has not established that the court committed clear error or that the decision was manifestly unjust; does not assert that relief is warranted because of mistake, inadvertence, surprise, or excusable neglect; does not point to any newly-discovered evidence or any intervening change in the law; does not claim any fraud or misrepresentation by defendant; does not assert that the judgment is void; does not argue that the judgment should have no prospective application; and does not raise any other reason justifying relief from the operation of the judgment.

Plaintiff appears to be arguing that the court's decision was "manifestly unjust," because defendants were permitted to "change" the hearing date from August 25, 2008, to July 30, 2008, "without any notice to" plaintiff; because the court ruled on the motion before plaintiff had an opportunity to file an opposition; and because the court did not rule on the request for a continuance of the hearing date before it ruled on the motion. However, plaintiff's assumptions and conclusions are unwarranted.

First, it is not true that defendants simply "changed" the hearing date without notifying plaintiff. Plaintiff filed the complaint on March 26, 2008, and defendants filed a motion to dismiss on June 18, 2008, noticed for hearing on August 20, 2008. On June 19,

3

2008, the case was reassigned to the undersigned judge. The notice of reassignment advised that all matters scheduled for hearing "are vacated and should be renoticed for hearing before the judge to whom the case has been reassigned." On June 25, 2008, rather than simply filing a renotice of motion, defendants refiled the motion to dismiss, and also filed a motion for a prefiling order. In accordance with Civil Local Rule 7-2(a), the motions were noticed for hearing on July 30, 2008. Filed with the motions are copies of certificates of service of both sets of motion papers on plaintiff.

Second, the court did not arbitrarily rule on the motions before plaintiff had had an opportunity to file an opposition. Based on the noticed July 30, 2008, hearing date, plaintiff's opposition was due on July 9, 2008. Civil L.R. 7-3(a). Twelve days after that deadline, on July 17, 2008, plaintiff filed an "Ex Party [sic] Motion to Continue Motion to Dismiss," in which he stated that he had a broken bone in his foot and was unable to walk to the law library to do legal research to oppose defendants' motions. The court reviewed the first amended complaint and the motion papers, and determined that the motion was appropriate for decision without oral argument, based on the fact that the court clearly lacked subject matter jurisdiction to consider plaintiff's claims. On July 22, 2008, the court issued an order dismissing the complaint for lack of subject matter jurisdiction, and also confirming and renewing the prefiling order.

It is well-established that a district court has the authority to dismiss an action sua sponte for lack of jurisdiction. Scholastic Entertainment, Inc. v. Fox Entertainment, 336 F.3d 982, 985 (9th Cir. 2003). In its July 22, 2008, order, the court noted that plaintiff, who has been declared a vexatious litigant by the Superior Court of California and by the California Court of Appeal, "seeks a judicial declaration that the Vexatious Litigant Statute is unconstitutional, and also seeks an order requiring the Superior Court to permit him to appear in a probate matter in which he claims to hold an interest." The court found that the relief that plaintiff was seeking was "inextricably intertwined" with the state court proceedings, and that plaintiff's only challenge was to the action of the Superior Court in finding him a vexatious litigant, and in requiring that he post a security bond.

1  The court found that it lacked subject matter jurisdiction under the Rooker-Feldman
doctrine, which bars federal district courts from "exercising subject matter jurisdiction over a
suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359
F.3d 1136, 1139 (9th Cir. 2004). A federal action constitutes such a de facto appeal where
"claims raised in the federal court action are 'inextricably intertwined' with the state court's
decision such that the adjudication of the federal claims would undercut the state ruling or
require the district court to interpret the application of state laws or procedural rules."
Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). In such circumstances, "the
district court is in essence being called upon to review the state court decision." District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); see also Reusser
v. Wachovia Bank, N.A., 525 F.3d 855, 859-60 (9th Cir. 2008).

Nothing in plaintiff's motion for reconsideration alters the court's determination that it lacks jurisdiction over plaintiff's complaint. District courts do not have jurisdiction over challenges to a state court's decision in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. Feldman, 460 U.S. at 486. Plaintiff has articulated no basis upon which the court should revisit its decision.

The court finds that the motion must be DENIED. The date for the hearing on the motion, which plaintiff noticed for September 10, 2008, is VACATED.

**IT IS SO ORDERED.**

Dated: August 8, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRED A WHITAKER,

        Plaintiff,

  v.

ALAMEDA SUPERIOR COURT et al,

        Defendants.

Case Number: CV08-01618 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred A. Whitaker
872 69th Ave
Oakland, CA 94621

Dated: August 11, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk